

# United States of America

### ~~ENT~~ OF THE ARMY

| | |
|---|---|
| Washington, DC | November 30, 2017 |
| PLACE | DATE |

I HEREBY CERTIFY that the attach~~...~~ ~~...~~ue and accurate copies of files pertaining to Joshua A. Berry, a retired member of the United States **Army** ~~...~~ ~~...~~rds from the Army Review Boards Agency (ARBA) and Army Board for Correction of Military Records (A~~...~~ ~~...~~d in Arlington, Virginia, and a copy of the Army Military Human Resource Record (AMHRR) is maintained ~~...~~ ~~...~~my Human Resources Command, Fort Knox, Kentucky. The original personnel records and copies of other reco~~...~~ ~~...~~fficial temporary custody of the Military Personnel Litigation Branch, Litigation Division, Office of the Judge A~~...~~ ~~...~~l of the Army.

EDWARD BAHDI
Lieutenant Colonel, U.S. Army
Chief, Military Personnel Litigation Branch

~~...~~dministrative Record, Pages 000001-000198

I HEREBY CERTI~~...~~ ~~...~~nant Colonel Edward Bahdi, who signed the foregoing certificate, is the Chief, Military Personnel Litigatio~~...~~ ~~...~~gation Division, Office of the Judge Advocate General of the Army, and that full faith and credit should be g~~...~~ ~~...~~ification.

IN TESTIMONY WHEREOF I, Gerald B. O'Keefe.

The Administrative Assistant to the Secretary of the Army, have hereunto caused the seal of the Department of the Army to be affixed this __30th__ day of

__November__, __2017__

By _____

*Administrative Assistant.*

**RANDOLPH SWANSIGER**
**Colonel, U.S. Army**
**Chief, Litigation Division**

DA FO~~...~~ ~~...~~98 | EDITION OF 1 MAR 68 IS OBSOLETE | APD PE v1.10

## *ADMINISTRATIVE RECORD INDEX*
## *JOSHUA A. BERRY*

| TAB | DOCUMENT | DATE | PAGE |
|---|---|---|---|
| 1. | Decision Letter from Director, Army Board for Correction of Military Records (ABCMR), to Mr. Howard Berry, Re: Denial of ABCMR Docket Number AR20150019214 | November 22, 2016 | 000001 |
| 2. | Memorandum from Deputy Assistant Secretary of the Army, Review Boards, to Case Management Division, U.S. Army Review Boards Agency (ARBA), Re: ABCMR Case AR20150019214 | October 28, 2016 | 000002 |
| 3. | ABCMR Record of Proceedings  [AR20150019214] | April 7, 2016 | 000003-000010 |
| 4. | Application for Correction of Military Record under the provisions of Title 10, U.S. Code, Section 1552, with supporting documents | December 6, 2015 | 000011-000043 |
| 5. | Response letter from Adjutant General, United States Army Human Resources Command (HRC) to Mr. Howard M. Berry, Jr., Reference:  Recent Inquiry concerning award of the Purple Heart to your late son, Staff Sergeant Joshua A. Berry | April 19, 2015 | 000044-000045 |
| 6. | Memorandum from Chief, Awards and Decorations Branch to President, Army Decorations Board, Subject: Request for the Purple Heart for SGT Joshua A. Barry | March 31, 2015 | 000046-000075 |
| 7. | Letter from the Office of the Adjutant General, HRC to the Honorable Rob Portman, United States Senate, Reference: Response to February 15, 2015, inquiry concerning award of the Purple Heart to Staff Sergeant Joshua A. Barry | February 23, 2015 | 000076-000077 |
| 8. | Memorandum from the Secretary of the Army for Assistant Secretary of the Army (Manpower and Reserve Affairs), Subject: Eligibility for Purple Heart of Soldiers Killed or Wounded in Shooting at Fort Hood on 5 November 2009 | February 6, 2015 | 000078 |
| 9. | Memorandum from Under Secretary of Defense, Personnel and Readiness for Secretaries of the Military | January 15, 2015 | 000079-000081 |

# *ADMINISTRATIVE RECORD INDEX*
# *JOSHUA A. BERRY*

| | Departments and Under Secretary of Defense for Intelligence, Subject: Implementation Guidance for Statutory Changes to Purple Heart Criteria | | |
|---|---|---|---|
| 10. | Ohio Department of Health, Vital Statistics, Certificate of Death | March 4, 2013 | 000082 |
| 11. | Army Military Human Resource Record (AMHRR) formerly the Official Military Personnel File | | 000083-000198 |



**DEPARTMENT OF THE ARMY**
ARMY BOARD FOR CORRECTION OF MILITARY RECORDS
251 18TH STREET SOUTH, SUITE 385
ARLINGTON, VA 22202-3531

November 22, 2016

AR20150019214, Berry, Joshua A. (Deceased)

Mr. Howard Berry
Redacted PII

Dear Mr. Berry:

I regret to inform you that the Army Board for Correction of Military Records denied your application.

The Board considered your application under procedures established by the Secretary of the Army. I have enclosed a copy of the Board's Record of Proceedings. This decision explains the Board's reasons for denying your application.

This decision in your case is final. You may request reconsideration of this decision within one year by letter to the above address only if you can present new evidence or argument that was not considered by the Board when it denied your original application.

Sincerely,

Dennis W. Dingle
Director, Army Board for Correction
of Military Records

Enclosure

Printed on Recycled Paper



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
251 18TH STREET SOUTH, SUITE 385
ARLINGTON, VA 22202-3531

SAMR-RB

28 October 2016

MEMORANDUM FOR Case Management Division, US Army Review Boards Agency, 251 18th Street South, Suite 385, Arlington, VA 22202-3531

SUBJECT: Army Board for Correction of Military Records Record of Proceedings for Berry Joshua A. (Deceased), SSN Redacted PII AR20150019214

1. Reference the attached Army Board for Correction of Military Records of Proceedings, dated 07 April 2016, in which the majority Board members recommended partial relief of the applicant's request.

2. I have reviewed the findings, conclusions, and Board member recommendations. I find there is not sufficient evidence to grant relief. Therefore, under the authority of Title 10, United States Code, section 1552, I have determined that the facts do not support a conclusion that his injury met the criteria for a Purple Heart.

BY ORDER OF THE SECRETARY OF THE ARMY:

Encl

FRANCINE C. BLACKMON
Deputy Assistant Secretary of the Army
(Review Boards)

CF:
( ) OMPF


Printed on Recycled Paper

**000002**

ARMY BOARD FOR CORRECTION OF MILITARY RECORDS

RECORD OF PROCEEDINGS

IN THE CASE OF:  BERRY, JOSHUA ALAN

BOARD DATE:   7 APRIL 2016

DOCKET NUMBER:  AR20150019214

THE BOARD CONSIDERED THE FOLLOWING EVIDENCE:

1.  Application for correction of military records (with supporting documents provided, if any).

2.  Military Personnel Records and advisory opinions (if any).

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1.  The applicant, the father of the deceased former service member (FSM), requests that his son be awarded the Purple Heart (PH) for injuries he received during the shooting at Fort Hood (5 November 2009).  He also requests that his son's name be added to the shooting memorial at Fort Hood and that he be reimbursed for his son's funeral expenses.

2.  The applicant states that his son did what he was trained to do as a Soldier when hearing gun shots, to seek cover, which he did by diving under a desk sustaining a separated shoulder.  His injury was a direct result of a shooter firing at Soldiers near him.

3.  The applicant provides:

-   DA Form 199 (Physical Evaluation Board (PEB) Proceedings), dated 25 April 2011
-   DA Form 2173 (Statement of Medical Examination and Duty Status), dated 6 November 2009 by the attending physician and dated 30 November 2009 by his commander
-   Casualty Status Report, dated 6 November 2009, listing the FSM as a casualty with left shoulder dislocation
-   letter, dated 23 February 2015, from The Adjutant General of the Army to a U.S. Senator concerning award of the PH to the FSM
-   letter, dated 19 April 2015, from The Adjutant General of the Army to the FSM's father concerning award of the PH to the FSM

1

ABCMR Record of Proceedings (cont)                    AR20150019214

- pictures of the building the FSM was in during the shooting, showing the location of shell casings from the gun fired by the shooter
- copy of the FSM's death certificate

CONSIDERATION OF EVIDENCE:

1. On 5 November 2009, the FSM was a sergeant (SGT) assigned to Headquarters and Headquarters Battery, 1st Battalion, 6th Field Artillery, at Fort Hood, Texas. At the time of the shooting incident, the FSM had reported to building 42004, the Post Deployment Health Assessment (PDHA) building in the Soldier Readiness Processing (SRP) center (buildings 42003, 42004, 42005, 42006, and 42007). Building 42004 is next to building 42003 where most of the shooting casualties occurred. The FSM was processing for a change of station assignment to Fort Knox.

2. On 2 May 2011, a Physical Evaluation Board (PEB) found the FSM unfit for continued military service due to post-traumatic stress disorder, a left shoulder injury received during the shooting incident at Fort Hood, and degenerative arthritis of the spine and recommended a combined disability rating of 80%. He was to be placed on the temporary disability retired list (TDRL) for subsequent re-evaluation. On 31 May 2011, the FSM was promoted to staff sergeant (SSG), released from active duty at Fort Knox, and placed on the TDRL. The FSM died on 13 February 2013.

3. The PEB disability description shows that during the Fort Hood terrorist attack on 5 November 2009, the FSM locked a door and jumped behind a desk. Three shots were fired at him. During the attack, the FSM dislocated his left shoulder diving for cover. His shoulder dislocation was reduced with surgery.

4. A DA Form 2173 shows:

   a. The attending physician admitted the FSM to the Fort Hood Carl R. Darnall Army Medical Center (CRDAMC) at 1500 hours on 5 November 2009 with a left shoulder dislocation injury giving the details that the FSM's injury occurred during a mass shooting at the SRP site. The FSM was evaluated and admitted to the hospital for further care.

   b. The FSM's commander found the injury to have been incurred in line of duty. The commander documented the injury details stating that the FSM was the victim of a mass shooting at the SRP center at Fort Hood, Texas, on 5 November 2009.

2

000004

ABCMR Record of Proceedings (cont)                     AR20150019214

5. The Fort Hood Installation Adjutant General confirmed by memorandum, dated 7 December 2009, that the FSM's left shoulder dislocation was in the line of duty.

6. The FSM was entered into the Army casualty reporting system on 6 November 2009 with a diagnosis of shoulder dislocation as a result of the shooting at the Fort Hood SRP site.

7. The U.S. Army Criminal Investigation Command (CID) investigation report of the 5 November 2009 shooting at Fort Hood shows CID, Texas Rangers, and the Federal Bureau of Investigation (FBI) conducted a joint investigation of the shooting and established probable cause to believe that the shooter committed the offense of attempted murder when he shot at the FSM. Further investigation determined that the FSM sustained non-gunshot injuries while attempting to flee from the shooter's gunfire.

8. In witness statements given to the CID investigator and in a separate statement given to a Texas Ranger, the FSM stated he was in building 42004, the PDHA, in the briefing room to start clearing the installation when the shooter started shooting outside the building 42004 (see sketches for location of shell casings around building 42004). The FSM told those around him to get down on the floor and stay away from the doors and windows. He estimated that 30-40 shots were fired by the shooter outside his building. The room he was in had a set of metal double doors that led outside (see photo of outside of metal doors of building 42004 shell casing locations marked around the door). When he heard some rounds hit the metal doors near him, he leaped over a desk for cover where he dislocated his shoulder. He then heard the shooter try to kick in the doors. After the shooting ceased, he was treated by a medic and evacuated by ambulance to the hospital.

9. Photographs and sketches of the SRP center show the layout of buildings and the location of shell casings from the weapon fired by the shooter. The FSM was inside building 42004 around which there were a number of shell casings, in particular around the double metal doors at the end of building 42004 behind which the FSM was located. Building 42003 is the building the shooter was in when he started firing at victims.

10. On 31 March 2015, the U.S. Army Decorations Board considered an application for award of the PH to the FSM. They were provided the FSM's medical records, the FSM's casualty report, a witness statement from another individual who was in building 42004 stating that the shooter fired three rounds at the door of building 42004, a second witness statement from another individual who was in building 42004, pictures and diagrams of the SRP center buildings

3

ABCMR Record of Proceedings (cont)                    AR20150019214

with location of shell casings marked, and an email from the Fort Hood Staff Judge Advocate who opined that building 42004 was not shot at although he stated he did not have access to all the available information. Based on this information, the U.S. Army Decorations Board unanimously denied award of the PH to the FSM by reason that his injury was not the result of enemy action and that the FSM was not in direct contact with the shooter. The Adjutant General of the Army informed the FSM's father and a U.S. Senator by letter of the decision and informed the FSM's father that he could apply to the Army Board for Correction of Military Records if he felt the decision was unjust or unfair.

11. A memorandum from the Secretary of the Army, dated 6 February 2015, subject: Eligibility for PH of Soldiers Killed or Wounded in Shooting at Fort Hood on 5 November 2009, states:

> After conducting a review pursuant to Section 571 of the Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015 (FY15 NDAA), I have determined that the circumstances related to the 5 November 2009 shooting at Fort Hood meet the criteria for the award of the Purple Heart in 10 U.S.C. § 1129a, which Section 571(a)(1) of the FY15 NDAA added to title 10 of the U.S. Code. Consequently, I direct that the Purple Heart be awarded to all qualifying Soldiers.

12. Title 10, U.S.C., section 1129a, (PH: members killed or wounded in attacks by foreign terrorist organizations), states:

a. In General. For purposes of the award of the Purple Heart, the Secretary concerned shall treat a member of the armed forces described in subsection (b) in the same manner as a member who is killed or wounded as a result of an international terrorist attack against the United States.

b. Covered Members.

(1) A member described in this subsection is a member on active duty who was killed or wounded in an attack by a foreign terrorist organization in circumstances where the death or wound is the result of an attack targeted on the member due to such member's status as a member of the armed forces, unless the death or wound is the result of willful misconduct of the member.

(2) For purposes of this section, an attack by an individual or entity shall be considered to be an attack by a foreign terrorist organization if -

4

000006

ABCMR Record of Proceedings (cont)                                    AR20150019214

(a)  the individual or entity was in communication with the foreign terrorist organization before the attack; and

(b)  the attack was inspired or motivated by the foreign terrorist organization.

13.  Army Regulation 600-8-22 (Military Awards), effective 25 June 2015, paragraph 2-8, states in pertinent part:

a.  The PH is awarded in the name of the President of the United States and, in accordance with 10 U.S.C. 1131, effective 19 May 1998, is limited to members of the Armed Forces of the United States who, while serving under competent authority in any capacity with one of the U.S. Armed Services after 5 April 1917, have been wounded, were killed, or who have died or may hereafter die of wounds received under several circumstances, including as the result of an attack by a foreign terrorist organization as described in Title 10, U.S.C., section 1129a.

b.  A wound is defined as an injury to any part of the body from an outside force or agent sustained under one or more of the conditions listed above.  A physical lesion is not required.  However, the wound for which the award is made must have required treatment, not merely examination, by a medical officer.  Additionally, treatment of the wound will be documented in the service member's medical and/or health record.

c.  When contemplating an award of the PH, the key issue that commanders must take into consideration is the degree to which the enemy caused the injury.  The fact that the proposed recipient was participating in direct or indirect combat operations is a necessary prerequisite, but is not sole justification for award.

d.  Examples of injuries or wounds which clearly do not justify award of the PH are as follows:

- Frostbite (excluding severe frostbite requiring hospitalization from 7 December 1941 to 22 August 1951)
- Trench foot or immersion foot
- Heat stroke
- Food poisoning not caused by enemy agents
- Chemical, biological, or nuclear agents not released by the enemy
- Battle fatigue
- Disease not directly caused by enemy agents
- Accidents, to include explosive, aircraft, vehicular, and other accidental wounding not related to or caused by enemy action

000007

- Self-inflicted wounds, except when in the heat of battle and not involving gross negligence
- Post traumatic stress disorders
- Airborne (for example, parachute/jump) injuries not caused by enemy action
- Hearing loss and tinnitus (for example: ringing in the ears)
- Mild traumatic brain injury or concussions that do not either result in loss of consciousness or restriction from full duty for a period greater than 48 hours due to persistent signs, symptoms, or physical finding of impaired brain function
- Abrasions and lacerations (unless of a severity to be incapacitating)
- Bruises (unless caused by direct impact of the enemy weapon and severe enough to require treatment by a medical officer)
- Soft tissue injuries (for example, ligament, tendon or muscle strains, sprains, and so forth)
- First degree burns

e. It is not intended that such a strict interpretation of the requirement for the wound or injury to be caused by direct result of hostile action be taken that it would preclude the award being made to deserving personnel. Commanders must also take into consideration the circumstances surrounding an injury, even if it appears to meet the criteria. Note the following example: In a case such as an individual injured while making a parachute landing from an aircraft that had been brought down by enemy fire or an individual injured as a result of a vehicle accident caused by enemy fire, the decision will be made in favor of the individual and the award will be made.

14. Army Regulation 638-8 (Army Casualty Program), paragraph 8-7 provides for a death gratuity for funeral expenses for Soldiers who die within 120 days of separation, retirement, or discharge from Service, to include retirement for disability. Soldiers who die more than 120 days after separation or retirement receive VA death benefits as described in VA Pamphlet 80-10-1 (Federal Benefits for Veterans, Dependents and Survivors), chapter 7 (Burial and Memorial Benefits), which includes reimbursement of certain burial expenses, burial allowance, and plot allowance.

15. There are two memorials to the 2009 shooting at Fort Hood. One memorial is in the civilian community of Killeen, Texas, built by the civilian community over which the Army has no jurisdiction. The second memorial is in the memorial park on the Fort Hood installation and lists only the names of those killed in the 2009 shooting. This Board has no jurisdiction over either memorial. Therefore, this issue will not be discussed further in these proceedings.

000008

ABCMR Record of Proceedings (cont)                    AR20150019214

DISCUSSION:

1.  There is no question that the FSM's injury met the basic medical criteria for award of the PH.  The principal issue in this case is the degree to which the enemy (i.e., the terrorist) caused his injury.

2.  A jointly-conducted law enforcement investigation established probable cause to believe that the shooter committed the offense of attempted murder when he shot at the FSM.  Further investigation determined that the FSM sustained non-gunshot injuries while attempting to flee from the shooter's gunfire.

3.  A witness statement from another individual who was also in building 42004 in which the FSM was located and injured also shows that the shooter fired shots at the door of building 42004 corroborating the FSM's statement that shots were fired at his location.  The photographs and sketches of the location of the shell casings around building 42004 further substantiate the fact that the FSM took appropriate evasive action in the presence of enemy attack which precipitated his injury caused by diving for cover.

4.  Army Regulation 600-8-22 provides that award of the PH may be appropriate in cases involving individuals injured while making a parachute landing from an aircraft that had been brought down by enemy fire or injured as a result of a vehicle accident caused by enemy fire.

   a.  The circumstances leading to the FSM's shoulder injury do not appear to be comparable to the examples provided in the regulation.  The examples in the regulation describe circumstances under which the individual would not have control over his or her bodily well-being.

   b.  The FSM was injured as a result of his own actions when he leaped over a desk for cover.  This injury can be attributed to enemy action only to the extent that the FSM would not have had to take cover had there not been an active shooter in the area.  The terrorist, in this case, did not deploy a force or agent against the FSM that separated his shoulder.

5.  The applicant requested reimbursement of funeral expenses for the FSM.  Soldiers who die more than 120 days after placement on the TDRL are provided burial and interment allowances by the VA.  Those benefits are not within the jurisdiction of this board.

000009

ABCMR Record of Proceedings (cont)                    AR20150019214

BOARD VOTE:

_____  _____  _____  GRANT FULL RELIEF

_PAB_  _POW_  _____  GRANT PARTIAL RELIEF

_____  _____  _____  GRANT FORMAL HEARING

_____  _____  _____  DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

1.  The Board determined that the evidence presented was sufficient to warrant a recommendation for partial relief.  As a result, the Board recommends that all Department of the Army records of the individual concerned be corrected by awarding the FSM the PH for the injury he incurred on 5 November 2009.

2.  The Board further determined that the evidence presented is insufficient to warrant a portion of the requested relief.  As a result, the Board recommends denial of so much of the application that pertains to any relief in excess of that described above.

_____
CHAIRPERSON

I certify that herein is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in this case.

8

| APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552 (Please read instructions on reverse side BEFORE completing this application.) | OMB No. 0704-0003 OMB approval expires Oct 31, 2014 |
|---|---|

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to the Department of Defense, Executive Services Directorate, Information Management Division, 4800 Mark Center Drive, Suite 02G09, Alexandria, VA 22350-3... (0704-0003). Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

**PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ORGANIZATION. RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.**

**PRIVACY ACT STATEMENT**

AUTHORITY: 10 U.S.C. 1552, and E.O. 9397, as amended (SSN).
PRINCIPAL PURPOSE(S): To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record. Completed forms are covered by correction of military records SORNs maintained by each of the Services or the Defense Finance and Accounting Service.

ROUTINE USE(S): The DoD Blanket Routine Uses found at: http://privacy.defense.gov/blanket_uses.shtml apply to this collection.

DISCLOSURE: Voluntary; however, failure to provide requested information may result in a denial of your application. An applicant's SSN is used to retrieve these records and links to the member's official military personnel file and pay record.

**1. APPLICANT DATA** *(The person whose record you are requesting to be corrected.)*

| a. BRANCH OF SERVICE *(X one)* | | NAVY | AIR FORCE | | MARINE CORPS | COAST GUARD |
|---|---|---|---|---|---|---|
| X ARMY | | | | | | |

| b. NAME *(Print - Last, First, Middle Initial)* | c. PRESENT OR LAST PAY GRADE | d. SERVICE NUMBER *(if applicable)* | e. SSN |
|---|---|---|---|
| Berry, Joshua Alan | E-6 | | Redacted PII |

| 2. PRESENT STATUS WITH RESPECT TO THE ARMED SERVICES *(Active Duty, Reserve, National Guard, Retired, Discharged, Deceased)* Deceased | 3. TYPE OF DISCHARGE *(if by court-martial, state the type of court.)* Retirement | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY *(YYYYMMDD)* 20110531 |
|---|---|---|

**5. I REQUEST THE FOLLOWING ERROR OR INJUSTICE IN THE RECORD BE CORRECTED:** *(Entry required)*
My son deserved a Purple Heart for injuries sustained during the Fort Hood shooting. SSG Berry needs to have his name added to the memorial at Fort Hood. I need to be reimbursed for his funeral expenses.

**6. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST FOR THE FOLLOWING REASONS:** *(Entry required)*

My son deserves the Purple Heart because he did what he was trained to, especially after returning from Afghanistan, when after hearing gun shots, he dove under a desk. This reaction is still taught when responding to an active shooter. He sustained an injury as a direct result of MAJ Nidal Hasan's rampage of firing at Soldiers within his vicinity.

**7. ORGANIZATION AND APPROXIMATE DATE** *(YYYYMMDD)* **AT THE TIME THE ALLEGED ERROR OR INJUSTICE IN THE RECORD OCCURRED** *(Entry required)*   HHB, 1st Bn, 6th FA, 20091105

**8. DISCOVERY OF ALLEGED ERROR OR INJUSTICE**

| a. DATE OF DISCOVERY *(YYYYMMDD)* 20130515 | b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THE APPLICATION. No soldier left behind. My son was left behind. Please refer to box 14.......The Army made false statements. No one has been held accountable. |
|---|---|

**9. IN SUPPORT OF THIS APPLICATION, I SUBMIT AS EVIDENCE THE FOLLOWING ATTACHED DOCUMENTS:** *(If military documents or medical records are pertinent to your case, please send copies. If Veterans Affairs records are pertinent, give regional office location and claim number.)*

See attached medical documents

| 10. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. *(At no expense to the Government) (X one)* | X YES. THE BOARD WILL DETERMINE IF WARRANTED. | NO. CONSIDER MY APPLICATION BASED ON RECORDS AND EVIDENCE |
|---|---|---|

| 11.a. COUNSEL *(If any)* NAME *(Last, First, Middle Initial)* and ADDRESS *(Include ZIP Code)* | b. TELEPHONE *(Include Area Code)* Redacted PII |
|---|---|
| | E-MAIL ADDRESS Redacted PII |
| | d. FAX NUMBER *(Include Area Code)* |

**12. APPLICANT MUST SIGN IN ITEM 15 BELOW. If the record in question is that of a deceased or incompetent person, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY THE APPLICATION. If the application is signed by other than the applicant, indicate the name** *(print)* Howard M. Berry **and relationship by marking one box below.**

| SPOUSE | WIDOW | WIDOWER | X NEXT OF KIN | LEGAL REPRESENTATIVE | OTHER *(Specify)* |
|---|---|---|---|---|---|

| 13.a. COMPLETE CURRENT ADDRESS *(Include ZIP Code)* OF APPLICANT OR PERSON IN ITEM 12 ABOVE *(Forward notification of all changes of address.)* Redacted PII | b. TELEPHONE *(Include Area Code)* Redacted PII |
|---|---|
| | c. E-MAIL ADDRESS Redacted PII |
| | d. FAX NUMBER *(Include Area Code)* |

| 14. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM. *(U.S. Code, Title 18, Sections 287 and 1001, provide that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)* | CASE NUMBER *(Do not write in this space.)* |
|---|---|

| 15. SIGNATURE *(Applicant must sign here.)* | 16. DATE SIGNED *(YYYYMMDD)* 2015 12 06 |
|---|---|

**DD FORM 149, NOV 2012**      PREVIOUS EDITION IS OBSOLETE.      Adobe Designer 8.C

AR20150019214

Berry, Joshua Alan
Redacted PII
Receipt Date 2015/12/22

20150022892

Berry, Joshua Alan
Assigned To: Redacted PII
Record Date 2015/12/22

Ireland ACH

**PDA**

MAY 02 2011

PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS
For use of this form, see AR 635-40; the proponent agency is USAPDA

| 1. NAME (Last, First, Middle Initial) Berry, Joshua A. | | 2. RANK SGT | 3. PEBO: 98.11.08 | | BASD: 06.05.29 |
|---|---|---|---|---|---|
| 4. SOCIAL SECURITY NUMBER Redacted PII | 5. PMOS 13B20 | 6. BRANCH / COMPONENT Active Duty Regular Army | | c. Intentional misconduct, willful neglect or unauthorized absence | |

| 7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT A | | d. While entitled to basic pay (Incurred or aggravated) |
|---|---|---|
| DATE CONV\_\_ED 11.04.25 | AT (Location including ZIP Code) Washington PEB, Washington DC 20307-5001 | e. In LD in the time of national emergency or after 14 SEP 78 (Incurred or aggravated) |

8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS. EACH DISABILITY IS LISTED BELOW in descending order of significance

f. Proximate result of performing duty

| VA CODE a | DISABILITY DESCRIPTION b | g. Recommended disability percentage | | | | |
|---|---|---|---|---|---|---|
| | | c | d | e | f | g |
| 9411 | Posttraumatic stress disorder (PTSD) and major depression, moderate and recurrent. This is not a battle injury, was caused by an instrumentality of war and did not occur in a combat theater (10A/C/D-No). Soldier deployed from 30 June 2008-25 June 2009 to Afghanistan. Upon redeployment he began experiencing irritability, poor sleep, anergia, tearfulness, and anhedonia. During the Fort Hood, TX terrorist attack on 5 November 2009, the Soldier locked a door and jumped behind a desk. Three shots were fired at him. Since that time, his condition has worsened. He was an inpatient at a PTSD program, a VA partial hospitalization and an inpatient admission on a locked ward in October 2010 after becoming suicidal. Neighbors pulled guns on him after he was found walking around the neighborhood with full combat gear. He continues to have recurrent nightmares about OEF every other night, short-term memory problems, and reduced capacity to attend and concentrate. He gets lost while driving in familiar places. He is irritable, easily frustrated, and depressed. He has passive SI without intent or plan on a daily basis. His affect is constricted. He is unfitting as Soldier cannot carry and fire his weapon and his medical condition represents a decided medical risk to the health of the Soldier or other Soldiers were he to remain on active duty (DoDI 1332.38, E3.P3. 2.2.1). Condition is not yet stable for final rating. Soldier is competent to participate in board proceedings. Rated for occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking or mood due to SI, near continuous depression, spatial disorientation, difficulty adapting to stressful circumstances, inability to establish and maintain effective relationships. Rated IAW VASRD para 4.129; Soldier will be re-evaluated within 6 to 9 months of separation from service to determine if a change in rating is warranted. (MEB Dx 1-2; NARSUM; psych NARSUM; DA Form 3349) | N | Y | Y | Y | 70% |
| 5201 | Arm, limitation of motion listed as left shoulder pain chronic, post dislocation/a Hills-Sachs lesion and chronic disabling pain. This is not a battle injury and was not caused by an instrumentality of war and did not occur in a combat theater (10A/C/D-No). Soldier dislocated his left (non-dominant) shoulder diving for cover while being shot at during the Fort Hood attack on 5 November 2009. Shoulder dislocation was reduced without surgery. Pain remains 2/10 - 4-5/10, depending on activity. Pain is aggravated by reaching behind, dressing upper body. He cannot lift over 10 pounds. Examination reveals substantial tenderness along medial scapular border, anterior acromial area and AC joint. Range of motion (ROM) showed shoulder flexion to 88 degrees, and abduction to 53 degrees. There was pain with all motions. Condition is unfitting as he cannot carry and fire his weapon, evade fire, wear IBA an LBE 12 hours a day, and wear MOPP. He is unable to perform the MOS duties of a cannon crew member as he cannot lift more than 20 pounds (DoDI 1332.38, E3.P3.4.1.1). Condition is stable for rating. Rated for Loss of motion, midway between aide and shoulder. IAW VASRD 4.10, 4.40, 4.45 and 4.59, the rating includes consideration of functional loss due to factors such as pain on repeated use and painful motion, fatigability, incoordination, weakness with repetitive use and flare-ups. (MEB Dx 3; NARSUM; ortho; DA Form 3349) | N | Y | Y | Y | 20% |
| 5242 | Degenerative arthritis lumbar spine listed as degenerative disc disease w/ chronic pain. This is not a battle injury and was not caused by an | N | Y | Y | Y | 20% |

Joshua A. Berry, SGT   [Redacted PII]                    Continued...

instrumentality of war but did occur in a combat theater (10A/C-No;
10/D-Yes). Soldier injured his back in a MVA in November 2007, and
re-aggravated it when he fell during a rocket attack in 2008. The pain is
constant, located in the central lumbar area with occasional right lower
extremity radiculopathy. Pain is aggravated by prolonged weight bearing,
running, lifting more than 20 pounds. MRI March 2010 showed mild
spondylopathy at L5-S1 with mild broad based disc bulge. LE strength was
normal. Gait was normal. ROM showed forward flexion of 35 degrees and a
total of 139 degrees in all planes. Condition is unfitting as he cannot
perform cannon crew member duties as he cannot lift more than 20 pounds,
cannot carry and fire his weapon, evade fire, wear IBA an LBE 12 hours a day
or wear MOPP  (DoDI 1332.38, E3.P3.4.1.1). Condition is stable for rating.
Rated for thoracolumbar flexion greater than 30 degrees but not greater than
60 degrees. IAW VASRD 4.10, 4.40, 4.45 and 4.59, the rating includes
consideration of functional loss due to factors such as pain on repeated use
and painful motion, fatigability, incoordination, weakness with repetitive
use and flare-ups.
(MEB Dx 4; NARSUM; ortho; DA Form 3349)

The ratings were combined IAW VASRD para 4.25.

** 70 + 20 = 76 + 20 = 81 = 80% **

Based on a review of the medical evidence of record, the PEB concludes that
your medical condition prevents satisfactory performance of duty in your
grade and specialty. This condition has not stabilized to the point that a
permanent degree of severity can be determined. You are therefore placed on
the Temporary Disability Retired List (TDRL).

While on the TDRL you will be scheduled for periodic medical reexaminations
and reevaluations. To assist in future evaluations, the PEB may request
information from you concerning your medical treatment while on the TDRL.

IAW 38 CFR Part 4.129, your TDRL re-evaluation will occur within six months
of your separation from service. The date listed in Block 9 is an estimate
only; your actual re-evaluation date will be determined by HQ, USAPDA,
contingent on your actual date of separation.

When you report for your TDRL periodic medical reexamination you must
provide the examining physician copies of all medical records (civilian,
military or Department of Veterans Affairs), including pharmacy records,
documenting all treatment since placement on the TDRL. Failure to comply
with this requirement may result in termination of disability retired pay.

You must keep the U.S. Army Physical Disability Agency informed of your
current mailing address. Address changes must be reported to: Commander,
U.S. Army Physical Disability Agency, ATTN: TAPD-PDB (TDRL Section),
Building 7, Walter Reed Army Medical Center, Washington, DC 20307-5001.

Failure to report for a scheduled exam or to notify the Physical Disability
Agency of an address change will result in the suspension of retired pay.

If your disability is rated at 50% or less, you will actually receive 50% of
your retired pay base per month while on the TDRL, unless entitled to more
based on length of service. If your rating is more than 50%, you will
receive that percentage of your retired pay base up to a maximum of 75%.

Since you have service-connected medical conditions, you should contact a
Department of Veterans Affairs counselor to learn about available benefits
such as disability compensation, rehabilitation programs, insurance,
employment assistance, home loans and medical care benefits.

Disability was incurred in a combat zone or incurred during the performance
of duty in combat-related operations as designated by the Secretary of
Defense (10 USC 1212 — NDAA 2008 Sec 1646).

You are advised that a member of an armed force may not be required
to sign a statement relating to the origin, incurrence, or aggravation
of a disease or injury that he/she has.

DAVID M. TURBAN
CHIEF, OPERATIONS DIVISION

MAY 0 3 2011

APPROVED FOR THE
SECRETARY OF THE ARMY

DA FORM 199, JUN. 97

Joshua A. Berry, SGT ▉ Redacted PII ▉                    Continued...

9. THE BOARD FINDS THE SOLDIER IS PHYSICALLY UNFIT AND RECOMMENDS A COMBINED RATING OF:  80%

   AND THAT THE SOLDIER'S DISPOSITION BE: Placed on temporary disability retired list with reexamination during JAN, 2012

10. IF RETIRED BECAUSE OF DISABILITY, THE BOARD MAKES THE RECOMMENDED FINDING THAT:

   A. THE SOLDIER'S RETIREMENT IS NOT BASED ON DISABILITY FROM INJURY OR DISEASE RECEIVED IN THE LINE OF DUTY AS A DIRECT
      RESULT OF ARMED CONFLICT OR CAUSED BY AN INSTRUMENTALITY OF WAR AND INCURRING IN LINE OF DUTY DURING A PERIOD OF WAR
      AS DEFINED BY LAW.

   B. EVIDENCE OF RECORD REFLECTS THE SOLDIER WAS NOT A MEMBER OR OBLIGATED TO BECOME A MEMBER OF AN ARMED FORCE OR
      RESERVE THEREOF, OR THE NOAA OR THE USPHS ON 24 SEPTEMBER 1975.

   C. DISABILITY DID NOT RESULT FROM A COMBAT RELATED INJURY AS DEFINED IN 26 U.S.C. 104 AND FOR PURPOSES OF 10 U.S.C. 10216(G).

11. EXHIBITS (identify each)
    A. Appointing Orders        E. Commander's Statement    I. NCOER
    B. Medical Board Proceedings F. LOD                      J. Transmittal
    C. Narsum                   G. ERB                       K. Health Record
    D. Profile                  H. LES

| 12. TYPED NAME, GRADE, BRANCH OF PRESIDENT | SIGNATURE | DATE |
|---|---|---|
| CARL M. JOHNSON, COL, AG  President | | 11.04.25 |

DA FORM 199, JUN. 97

04/28/2011 13:20 FAX  5028249804        IACH MEDICAL BOARDS        + DCPEB        002/006
04/28/2011 10:51 FAX  202_____         DC PEB                   + IRELAND      004/004

Joshua A. Berry, SGT   [Redacted PII]                         Continued...

**13. ELECTION OF SOLDIER**

To: President, Physical Evaluation Board

I HAVE BEEN ADVISED OF THE FINDINGS AND RECOMMENDATIONS OF THE PHYSICAL EVALUATION BOARD, AND HAVE RECEIVED A FULL EXPLANATION OF THE RESULTS OF THE FINDINGS AND RECOMMENDATIONS AND LEGAL RIGHTS PERTAINING THERETO AND

FOR INFORMAL PROCEEDINGS ON SOLDIERS DETERMINED FIT (EXCEPT RESERVE ON THE TDRL)

_____ I CONCUR.

_____ I DO NOT CONCUR, MY WRITTEN APPEAL _____ IS ATTACHED _____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

FOR ALL OTHER INFORMAL PROCEEDINGS

_X_ I CONCUR AND WAIVE A FORMAL HEARING OF MY CASE.

_____ I DO NOT CONCUR BUT WAIVE A FORMAL HEARING. MY WRITTEN APPEAL _____ IS ATTACHED _____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

_____ I DO NOT CONCUR AND DEMAND A FORMAL HEARING _____ WITH PERSONAL APPEARANCE _____ WITHOUT PERSONAL APPEARANCE. MY STATEMENT IDENTIFYING MY ISSUES OF DISAGREEMENT WITH THE INFORMAL PEB _____ IS ATTACHED _____ IS NOT ATTACHED.

_____ I REQUEST A REGULARLY APPOINTED COUNSEL TO REPRESENT ME.

_____ I WILL HAVE COUNSEL OF MY CHOICE AT NO EXPENSE TO THE GOVERNMENT. I UNDERSTAND THAT I MUST NOTIFY MY COUNSEL AT THIS TIME OF THE PENDING HEARING. I FURTHER UNDERSTAND THAT A DELAY WILL NOT BE GRANTED MERELY BECAUSE I DID NOT CONTACT MY COUNSEL IN SUFFICIENT TIME FOR HIM OR HER TO PROPERLY PREPARE. I WILL INFORM MY COUNSEL THAT HE OR SHE SHOULD IMMEDIATELY CONTACT THE PEB TO COORDINATE FURTHER ACTIONS IN MY CASE.

| TYPED NAME & GRADE OF SOLDIER | SIGNATURE | DATE |
|---|---|---|
| Joshua A. Berry, SGT [Redacted PII] | John A. Berry | 28 April 11 |

**14. COUNSELOR'S STATEMENT**

I have informed the soldier of the findings and recommendations of the Physical Evaluation Board and explained to him/her the result of the findings and recommendations and his/her legal rights pertaining thereto. The soldier has made the election(s) shown above.

| TYPE NAME AND GRADE OF COUNSELOR | SIGNATURE | DATE |
|---|---|---|
| NIKKI TERRY GS09 | | 28 Apr 11 |

DA FORM 199, JUN. 97

Current Address: _____

Work phone number: _____

Home phone number: _____

Cell phone number: _____

Fax number: _____

Unit phone number: (Commander/TSG) _____

Army Knowledge Online (AKO) e-mail address: _____ @us.army.mil

Other e-mail address: (unit, hotmail, yahoo, etc): _____

** TRANSITION / SEPARATION POINT: _____

** (Indicate this information on all questions involving separation from service, even if the soldier concurs and waives a formal hearing.)

·If overseas, indicate the number one would have to dial in CONUS; e.g. D11-45-etc. List DSN and Commercial Phone Numbers

000015

Berry, Joshua Alan
20/Redacted PII

## PSYCHIATRIC MEDICAL BOARD EVALUATION

CLINICAL DEPARTMENT: Medical Evaluation Clinic, IACH, Fort Knox, KY

IDENTIFYING DATA: The service member is a 34-year-old separated, Caucasian, male AD US Army Reserve SGT referred for a psychiatric medical board evaluation by Dr. Giulitto for the diagnosis of PTSD. He has been in the Army 12 years, of which 4 years has been active duty, MOS 13B-Field Artillery.

SOURCES OF INFORMATION: The history was obtained from the service member, his AHLTA records, a treatment summary from his Cincinnati VAMC psychologist (Constance W. Boehner, PhD), neuropsychological testing done at the Cincinnati VAMC on 7 JUN 2010, and the *Commander's Performance and Functional Statement*. SGT Berry is considered a reliable historian.

SYNOPSIS OF EVENTS LEADING TO MEB: SGT Berry deployed to Afghanistan from JUN 2008 to JUN 2009, MOS 13B-Field Artillery. His duties included OP operations, mount/dismount patrols, gunner on a M198 Howitzer, and gun raid missions with the Howitzer. The service member witnessed a number of horrible events in Afghanistan.

In AUG 2009, about a month after SGT Berry had redeployed to Fort Hood, he was diagnosed with Dysthymia and started on Celexa and Ambien. The soldier's irritability, poor sleep, anergia, tearfulness, and anhedonia were attributed to: 1) missing his wife who was in Ohio attending nursing school and 2) a cascade of memories her absence set off about earlier losses.[1]

On 5 NOV 2009, a Fort Hood Army psychiatrist killed 12 soldiers and injured 31 more in a terrorist attack. When he heard the gunfire, SGT Berry told a nurse to lock the door and get behind a desk. The terrorist first tried to break into the room and then fired 3 bullets through the door directly at the service member. SGT Berry managed to evade the bullets by leaping behind a desk, seriously injuring his shoulder in the process.

Soon thereafter, SGT Berry PCS'd to the Fort Knox WTU. He was seen on an acute basis at the IACH-DBH in JAN 2010 and diagnosed with PTSD. Over the course of the following 10 months, SGT Berry was treated at: 1) an inpatient PTSD program in Louisville, 2) a partial hospitalization program at the Cincinnati VAMC, 3) the IACH-DBH outpatient department, and 4) on a locked psychiatric inpatient unit after he became suicidal from the stress of an unwanted separation from his wife and newborn baby. He also received neuropsychological testing for short-term memory problems that started after the Fort Hood terrorist attack.

SGT Berry was tried on a number of medications that were ineffective or caused intolerable side effects (Minipress, Depakote, Cymbalta, Klonopin, Clonidine, Elavil, Wellbutrin, and Ambien) intended to decrease his nightmares, flashbacks, and other PTSD symptoms caused by traumatic experiences in

---

[1] SGT Berry's best friend was murdered when the soldier was a teenager. Another friend died of a drug overdose and at about the same time, his maternal grandparents died within 5 days of each other. The soldier's fiancée was killed in a MVA and his mother made a suicide attempt immediately before he deployed to Afghanistan.

1

Berry, Joshua Alan
20. Redacted PII

Afghanistan and the subsequent Fort Hood terrorist shooting. He was ultimately stabilized on Tegretol, Haldol, Cogentin, Xanax, and prn Vistaril. In JUL 2010, a medical board was initiated for the soldier's orthopedic injuries.

PREMILITARY HISTORY: SGT Berry was born in Cincinnati, OH to parents who divorced when he was a baby. Both of his parents remained actively involved in the SM's life. SGT Berry is the oldest of 6 children and grew up with his mother, stepfather, a brother, and 2 sisters. He was closest to his grandparents.

SGT Berry did not like his stepfather because the man was a harsh disciplinarian who used corporal punishment. Nonetheless, the service member denied any history of abuse or neglect and described his childhood as normal. SGT Berry had a number of friends in high school but did not date. He dropped out of school his senior year after his best friend was murdered. Another friend of the service member died of a drug overdose.

After these deaths, SGT Berry began to drink a 12-pack of beer every weekend and he was arrested twice for DUIs. He never took illegal drugs and stopped abusing alcohol when he joined the Army. SGT Berry had no psychiatric or serious medical problems growing up. His mother was depressed and attempted suicide right before he went to Afghanistan. The SM has no family history of substance abuse disorders.

SGT Berry has been married for a year and 9 months. His wife left him a few weeks after their daughter was born because she could not deal with his PTSD symptoms. When the SM was on remote WTU status, he lived alone in an apartment in a dangerous neighborhood. The soldier does not have any friends currently.

MILITARY HISTORY: Please see military personnel file.

MEDICAL HISTORY: Please see MEB physical examination.

SUBSTANCE ABUSE HISTORY: No alcohol abuse since the soldier joined the Army.

PSYCHOLOGICAL TESTING: SGT Berry received neuropsychological testing at the Cincinnati VAMC on 7 JUN 2010 by Jeanne R. Schmerler, PhD. The results are summarized below:

Summary: SGT Berry presented as an alert, oriented gentleman who was referred for a neuropsychological evaluation to determine factors related to memory difficulty in the context of PTSD. The current evaluation revealed that language, processing speed, visuospatial abilities, and executive functioning were largely intact. Despite his concerns, he does not have a primary memory impairment, regardless of the modality.

In contrast, the service member had 2 areas of difficulty. First, on verbal memory testing, he had difficulty on first trial learning (encoding); and he had greater than expected difficulty spontaneously retrieving that information after a delay. The soldier's primary problem was memory encoding and retrieval. Fortunately, the use of recognition cues facilitated recall, suggesting intact consolidation. Second, his performance on measures of

2

Berry, Joshua Alan
20/ Redacted PII

attention/concentration was variable.   Finally, he was anxious, depressed, and endorsed symptoms of PTSD . . .

Because symptoms of anxiety and depression often reduce one's ability to selectively focus and sustain attention, and therefore decrease the efficiency of memory and other cognitive functions, it is very likely that SGT Berry's mood contributes to and exacerbates his cognitive complaints.   It would be important to treat these symptoms in order to determine the extent of their influence on his cognitive performance.

PRESENT CONDITION AND CURRENT FUNCTIONING:   After the Fort Hood shooting, SGT Berry developed severe PTSD symptoms including a recurrent nightmare in which he is a passenger in a Chinook helicopter under fire in Afghanistan when another passenger in the aircraft suddenly turns his gun on the service member and starts firing.   He also reported short-term memory problems and a reduced capacity to attend and concentrate.   He started getting lost while driving in familiar places. SGT Berry was irritable, easily frustrated, and depressed.   He had little appetite or energy and was unable to sleep.   He was transferred to the Fort Knox WTU soon after the shooting.

The soldier was unable to tolerate an inpatient PTSD program at a private hospital near the base and he was allowed to go on remote WTU status in order to be treated at the Cincinnati VAMC partial hospitalization program (PHP).   While he derived much benefit from the group and individual psychotherapies offered at the PHP, trials of a number of different medications (see SYNOPSIS above) were ineffective in improving the soldier's anxiety symptoms or depression.

The event that led to a dramatic improvement in SGT Berry's psychiatric status was the birth of his daughter during the summer of 2010.   He was very happy to take on his new role as a father and proudly showed other veterans in the PHP program the pictures he had of his newborn daughter.   Unfortunately, several weeks after she was born, the service member's wife sent him a text message stating that she was leaving him due to her discomfort with his ongoing symptoms of PTSD.

SGT Berry then suffered a marked deterioration in his psychiatric status that ultimately led to his being hospitalized in OCT 2010 after his neighbors pulled guns on him when they found the SM walking around the neighborhood in full combat gear.   He was discharged a week later on Tegretol, Haldol, Cogentin, Xanax, and prn Vistaril.

SGT Berry continues to have nightmares every other night, but he can now fall back to sleep a few minutes after awakening.   He is now getting about 7 hours of sleep a night.   The soldier is also coping better with his daytime flashbacks and memories.

SGT Berry's score on the PTSD Checklist Military Version (PCL-M) was 74, which falls into the severe range, but his symptoms are slowly improving.   His score on a 21-item Depression Self-Rating Scale (Komor 1999) was 58, which falls in the range for moderate depression.   The service member has passive suicidal ideation (without intent or plan) on a daily basis.   He does not abuse alcohol or drugs.

Although SGT Berry's psychiatric symptoms are slowly improving, it will be years before he is able to work again.   The service member hopes that one day he will be able to get his Associate's degree in

3

General Studies and then complete the educational requirements to teach history to students in junior high school.   He recognizes, however, that at the present time he is completely incapable of making a living due to the severity of his psychiatric symptoms.

SGT Berry has no friends at the present time.  The only people he talks to on a regular basis are his brother and his father.  The SM is very frustrated that it is taking so long for his medical board to be completed.  He hates the Army and he hates wearing his uniform.  The soldier resents the fact that he has not been allowed to go back on remote WTU status since he was hospitalized.  He wants to resume his treatment at the Cincinnati VAMC as soon as possible.

SGT Berry's occupational and social prognoses are both quite guarded.  It would be mere speculation to predict when and if this soldier will be able to work again.  The shooting at Fort Hood has left him with a profound distrust of others.  Nonetheless, SGT Berry has been able to establish a treatment relationship with his psychologist at the Cincinnati VAMC that will continue to move him in the direction of psychological health.  The sooner he is allowed to return to that treatment setting the better.

CURRENT MEDICATIONS
Tegretol ER 400 mg bid
Haldol 5 mg bid
Cogentin 1 mg q 4 hrs prn EPS
Xanax 1 mg bid
Vistaril 50 mg hs prn sleep

MENTAL STATUS EXAMINATION:  This service member was a well-groomed Caucasian male dressed in his ACU garb.  He said he hates his uniform and wants to get out of the Army as soon as possible.  He expressed frustration at how long his discharge is taking and about not being allowed to resume remote WTU status after his hospitalization.

SGT Berry was cooperative and had speech with a normal rate, rhythm, and tone.  His eye contact increased and his anxiety diminished as the interview progressed.  At times he sat still and at other times he rocked in the chair.  The soldier was fully oriented and seemed to have a vocabulary & level of general knowledge that were WNL.  He was able to grasp complex concepts.

The service member was able to spell WORLD forward but got two letters mixed up when he spelled it backwards.  He could do serial 2s.  SGT Berry's mood was "less anxious" by the end of the interview.  His affect was constricted but otherwise congruent with his report. The SM's eyes reddened and appeared to fill with tears when he was talking about losses. When he took a break to go to the bathroom and walk around, SGT Berry called his brother on the phone.

The service member's thoughts were logical and coherent and he denied hallucinations, delusions, and homicidal ideation.  He acknowledged having passive suicidal ideation on a daily basis.  Judgment and impulse control were fairly good.  Insight was limited.

4

Berry, Joshua Alan
20. Redacted PII

**DSM-IV TR DIAGNOSES:**

**Axis I** Severe PTSD (*Fails to meet retention standards IAW AR 40-501 Chapter 3-33*)
Manifested by:
A. Experienced a life threatening event to which he reacted with intense fear, helplessness, or horror
B. Re-experiencing Domain (must have at least 1)
   - Repeated disturbing memories, thoughts or images of a stressful military experience
   - Repeated disturbing dreams of a stressful military experience
   - Suddenly acting or feeling as if a stressful military experience were happening again
   - Feeling very upset when reminded of a stressful military experience
   - Having physical reactions (increased/pounding heart, SOB, sweating) when reminded of a stressful military experience
C. Avoidance Domain (must have 3 or more)
   - Avoiding thinking/talking/having feelings about a stressful military experience
   - Avoiding activities/situations that are reminders of a stressful military experience
   - Loss of interest in activities that were previously enjoyable
   - Feeling distant or cut off from other people
   - Feeling emotionally numb/unable to have loving feelings for those who are close
   - Feeling as if the future will somehow be cut short
D. Hyper-reactive Domain (must have at least 1)
   - Trouble falling or staying asleep
   - Feeling irritable or having angry outbursts
   - Having difficulty concentrating
   - Hypervigilance
   - Increased startle reflex

| | |
|---|---|
| Approximate date of onset: | 2009 |
| Premorbid disposition: | Mild – Moderate |
| Degree of Military Impairment: | Marked |
| Impairment for Social and Industrial adaptability: | Marked |
| Line of Duty: | Yes |
| Service Connectability: | DNEPTS |

**Axis I** Major Depression, moderate, recurrent (*Fails to meet retention standards IAW AR 40-501 Chapter 3-32*)
Manifested by:
   - Depressed mood
   - Anhedonia
   - Insomnia
   - Anergia
   - Decreased ability to concentrate
   - Recurrent thoughts of death or recurrent SI

| | |
|---|---|
| Approximate date of onset: | 2009 |
| Premorbid disposition: | None |

5

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

BERRY,JOSHUA ALAN                                   TRICARE
[Redacted PII]                                      ACTIVE DUTY

Consultation Results #11918821 continued.

generated once all tests are fully scored and interpreted.


/es/ JEANNE R SCHMERLER, PsyD
Clinical Neuropsychologist
Signed: 06/07/2010 16:21

Receipt Acknowledged By:
06/09/2010 09:19          /es/ LENA JEFFERSON WILSON
                             ,MD

06/08/2010 ADDENDUM                    STATUS: COMPLETED
Neuropsychological Evaluation

Diagnosis:      Post Traumatic Stress Disorder
Seen by:        Crystal Ramos, MA Neuropsychology Intern
                Jeanne Schmerler, Psy.D.

Mr. Joshua Berry is a 33-year-old, right-handed, married, Caucasian gentleman
who was seen for neuropsychological evaluation on June 7, 2010. He was referred
by Emma Bunag-Boehm, NP, OEF/OIF clinic, due to a military request for a
neuropsychological evaluation. Mr. Berry is an active duty soldier in the U.S.
Army who is currently on medical hold. He reported that he was diagnosed with
PTSD secondary to combat while serving in Afghanistan from 7/08 to 7/09. Upon
returning stateside, he reported that he was engaged in mental health treatment
at Ft. Hood for PTSD when he was involved in a terrorist shooting incident
during which he was shot at three times. Since this incident, Mr. Berry reported
difficulty with neurocognitive functioning along with an exacerbation of his
preexisting PTSD. During his clinical interview as part of this
neuropsychological evaluation, Mr. Berry denied having ever experienced a head
injury with loss of or alternation in consciousness that would be indicative of
a brain injury. He reported one incident in Afghanistan, which was documented in
his medical record, during which he fell to the ground while running for cover
from a rocket propelled grenade. He denied any loss of memory before, during, or
immediately following the incident. Currently, Mr. Berry reported experiencing
some difficulty with memory, citing specific examples of getting lost while
driving in familiar places, forgetting appointments, and misplacing things. He
also complained of decreased attention and concentration and a lower frustration
tolerance. He reported first noticing these problems after the shooting at Ft.
Hood. Despite his concerns, he remains independent of all instrumental
activities of daily living.


Medical records document a history of knee pain, back pain, tinnitus, hearing
loss, photophobia, and insomnia. Prescribed medications include clonazepam,
oxycodone, and cyclobenzaprine. Of note, Mr. Berry stated that he is not taking
the clonazepam because "it is just one more medication to remember to take". In
addition to his cognitive and medical complaints, Mr. Berry also has a history
of PTSD, bereavement, and depression. As described above, Mr. Berry was

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

BERRY, JOSHUA ALAN
Redacted PII

TRICARE
ACTIVE DUTY

Consultation Results #11918821 continued.

diagnosed with PTSD after returning from overseas. He also reported exposure to
several additional traumatic experiences including the death of his fiancée, the
murder of his best friend, and a suicide attempt made by his mother immediately
prior to his deployment. When asked about his current mood, he said,
"depressed." Mr. Berry denied any current suicidal or homicidal ideation,
intention or plan. Currently, he endorsed poor appetite, difficulty with sleep
due to recurrent nightmares (related to combat and Ft. Hood). He also stated
that he has become increasingly irritable and is easily frustrated (especially
with numbers). He described himself as a social person during high school and
prior to joining the military, but has since developed a very short fuse and
isolates himself from family. He denied having any close friends currently.

Mr. Berry began participating in the Cincinnati VA Partial Hospitalization
program three weeks ago for symptoms of PTSD at the request of the military.
Chart notes indicate that "due to nature of attack on military base, (he) is
being treated at VA to reduce PTSD trigger of being on a military base". He
acknowledged becoming very anxious on military bases after the shooting incident
at Ft. Hood, but he reported that he trusts and feel comfortable with
Connie Roehner, PhD, and Bobbie Sloan, RN, who follow him for his mental health
needs here at the VA.  He reported satisfaction with his treatment in the
partial hospitalization program. Mr. Berry smokes 3/4 pack of cigarettes per day
and he reported that he drinks approximately 2 beers per month at the local VFW.
Historically he drank considerably more, consuming 8-9 beers per day. He
acknowledged having been arrested and charged with a DUI in 2000. He denied use
of illicit substances. Mr. Berry also reported having been arrested when his
stepfather, whom he said was emotionally abusive, called the police several
times charging him with domestic violence. He reported that all of the charges
were dropped due to lack of evidence against him. He denied any current legal
problems.

Review of Mr. Berry's social history revealed he graduated high school and
completed approximately one year of college courses in computer sciences. He is
currently an E-5 sergeant in the Army, but reported that he would like to return
to school to complete his college degree upon discharge. He denied having
repeated any grades or requiring any specific learning accommodations. Mr. Berry
has been married for one year; he has two stepchildren and his wife is 8 months
pregnant.  He reported that his family (parents and 5 younger siblings) live in
the area, but he has little contact with them due to his tendency to isolate. He
reported feeling most emotional support from his father, brother and the staff
in the partial hospital program.

BEHAVIORAL OBSERVATIONS: Mr. Berry arrived on time for his scheduled
appointment. He walked with a steady gait with associated arm movements.
Casually dressed, his grooming was neat in appearance; he appeared younger than
his stated age.  Language skills were intact as was his ability to comprehend,
answer questions and follow instructions. His speech was fluent, prosodic and
normally articulated. His thought processes appeared logical and there was no
report of hallucinations or delusions. Eye contact was fair and he was easily

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|
| BERRY, JOSHUA ALAN<br>Redacted PII | TRICARE<br>ACTIVE DUTY |

Consultation Results #11918821 continued.

engaged. There was no psychomotor agitation or retardation. Mood was depressed; affect was flat. He became tearful during the clinical interview and feedback portions of the evaluation, and was noted to be very frustrated with his performance during the testing. He gave up quickly on more difficult tasks, however with encouragement and repetition, he was generally able to give additional responses. He was cooperative and able to complete all tasks presented to him.

TESTS ADMINISTERED: Wechsler Test of Adult Reading (WTAR); Neuropsychological Assessment Battery (NAB): Screening Module; Green's Word Memory Test (WMT); California Verbal Learning Test, Second Edition Standard Form (CVLT-II); Wechsler Memory Scale-IV (WMS-IV): logical memory; Rey Complex Figure; Wechsler Adult Intelligence Scale-IV (WAIS-IV): Processing Speed Index (Symbol Search, Coding) Working Memory Index (Digit Span, Letter-Number Sequencing; Verbal Fluency (FAS, Animals); Trail Making Test; Wisconsin Card Sorting Test; Minnesota Multiphasic Personality Inventory-2 (MMPI-2); Mood Assessment Scale

TEST RESULTS: Mr. Berry presented as an alert and fully oriented gentleman who had full awareness of the purpose of the evaluation. Consistent with his education and self report, he performed in the average range on a word decoding test that provided an estimate of premorbid intellectual functioning. A symptom validity test was administered to assess testing effort. Mr. Berry's performance reflected variability across subtests. This pattern raised the question of inconsistent effort, such that it brings into question the validity of his performance on other tests administered. Symptom Validity Tests (SVTs) are extremely simple tasks that are presented as more difficult than they really are. Almost any person that is reasonably cognitively intact is able to complete an SVT with few errors. Therefore, failing such tests generally suggests that the examinee is not responding to testing in a sufficiently reliable and consistent manner to allow the examiner to conclude that the test scores reflect the intended constructs the tests are designed to measure. As such, these tests must be interpreted with this in mind.

Mr. Berry's performance on the NAB, a general measure of neurocognitive functioning, was in the below average range (23rd %ile). However, there was significant inter-test scatter with scores ranging from moderately impaired (executive functioning) to superior (visuospatial); the remaining scores were scattered in between. His overall performance was most affected by his performance on tasks which required greater sustained attention and tasks requiring speed of processing. While average scores on a screening measure cannot rule out the possibility of more subtle deficits within cognitive domains, these results suggest that Mr. Berry did not demonstrate any gross deficits in language, memory, and visuospatial perception and construction abilities.

On additional testing, Mr. Berry exhibited a variable pattern of performance on measures of attention/concentration. He had no difficulty (average) on a verbal focused attention task (digits forward) and one measure of verbal sustained

```
--------------------------------------------------------
    MEDICAL RECORD          |       CONSULTATION SHEET
--------------------------------------------------------
BERRY,JOSHUA ALAN                      TRICARE
     [Redacted PII]                    ACTIVE DUTY
```

Consultation Results #11918021 continued.

attention(digit span sequencing); however, his performance fell to the low average range on another measure of sustained attention (digits backward). He also exhibited a borderline impaired-to- low average level of performance when asked to mentally manipulate numbers and letters. On visual measures requiring selective focused attention and speed, his performance was in the low average range on two separate measures. Overall, as task demands grew increasingly difficult and required greater sustained attention, his performance declined.

With regard to memory functioning, Mr. Berry was not a strong first trial learner on a word list task, but he did benefit from repetition and showed a strong learning curve over repeated trials (4, 8, 10, 10, and 11/16). He achieved average total learning and immediate recall. Although his recall after a delay was in the low average range, the use of categorical and multiple choice recognition cues enhanced recall; he correctly identified 13/16 words with no false positives. In addition, he made no intrusion errors. In contrast, immediate learning for a short story, a memory task with inherent structure was in the low average to borderline impaired range while delayed memory for the story was in the mildly impaired range. When information from the stories was presented in a recognition format, his performance improved to the low average range, correctly identifying 22/30 piece of information. Mr. Berry also demonstrated some impairment in his memory for visually presented non-verbal information as evidenced by his borderline impaired immediate and delayed memory for a previously drawn complex geometric figure. When information was presented in a recognition format, Mr. Berry's performance remained in the borderline impaired range, suggesting some difficulty with encoding of the information.

No abnormalities were observed in Mr. Berry's spontaneous speech and he demonstrated intact verbal comprehension. He displayed borderline to moderately impaired abilities to generate words when given a semantic cue and phonemic cue respectively, suggesting structure was somewhat helpful on these tasks. He had no difficulty with a confrontation naming task.

Mr. Berry had an uneven pattern of performance on measures of executive functioning. He performed as expected (average) on a timed alpha-numeric sequencing task requiring sustained attention, cognitive flexibility and visual motor tracking speed. In addition, Mr. Berry performed in the average range on a complex task requiring concept formation, hypothesis testing, and problem solving, completing 5/6 sorts; however he made numerous perseverative errors (severely impaired) suggesting difficulty learning from his errors and adjusting his responses accordingly when provided corrective feedback; he also had one failure to maintain set. His performance on tasks requiring speed of processing, rapid visual scanning, decision making and motor responding ranged from the low average range (numeric sequencing) to the severely impaired range (mazes), appearing to sacrifice speed for accuracy. His performance was notably inferior on tasks that were timed, suggesting that processing speed and attention were contributing factors to these impaired scores. Additionally, on a timed task of motor dexterity, Mr. Berry's performance was in the low average range on his

| MEDICAL RECORD | | CONSULTATION SHEET |
|---|---|---|

BERRY, JOSHUA ALAN
Redacted PII

TRICARE
ACTIVE DUTY

Consultation Results #11918821 continued.

nondominant hand and moderately impaired on his dominant hand. He was not able to maintain the expected 10% dominant hand advantage. Of note, he did report some pain due to dominant hand "trigger finger" while completing this task. Finally, he was able to copy a complex geometric figure in a well organized manner. There was no evidence of a constructional apraxia.

The MMPI-2 was administered to clarify his emotional status. An examination of the validity scales suggested a tendency to over-report symptomatology and may reflect some exaggeration of symptoms. His pattern of responding raised the question of a "cry for help"; as such, the clinical features must be interpreted with this in mind. The elevations on the clinical scales suggested that he was experiencing severe emotional distress. His ratings on the Content scales suggested that he has significant health concerns, feelings of depression and anxiety, bizarre sensory experiences, and that he feels disconnected from current life experiences. Individuals with similar profiles also report somatic symptoms such as lack of energy and difficulty with attention and concentration. Concentration can be affected by depression which can lead to worry about the efficiency of memory functioning. The pattern becomes cyclic as preoccupation with memory problems results in feeling overwhelmed, dysphoric and anxious. Individuals with similar profiles often possess insufficient resources to manage the problems of daily life and have few working defenses resulting in inadequate coping mechanisms. Consistent with his self-report, Mr. Berry endorsed 28/30 items on the Mood Assessment Scale. Themes endorsed included difficulty with memory and concentration, somatic complaints, feelings of boredom and emptiness, and feelings of worthlessness and hopelessness. He denied any current suicidal ideation.

SUMMARY: Mr. Berry presented as an alert, oriented gentleman who was referred for a neuropsychological evaluation to determine factors related to memory difficulty in the context of PTSD. The current evaluation revealed that language, processing speed, visuospatial abilities and executive functioning were largely intact. Despite his concern, he does not have a primary memory impairment, regardless of the modality. In contrast, he had two areas difficulty. First, on verbal memory testing, he had difficulty on first trial learning (encoding); and he had greater than expected difficulty spontaneously retrieving that information after a delay. His primary problem was memory encoding and retrieval. Fortunately, the use of recognition cues facilitated recall, suggesting intact consolidation. Second, his performance on measures of attention/concentration was variable. Finally, he was anxious, depressed and endorsed symptoms of PTSD.

This is not an entirely normal neuropsychological profile. Based on information available, Mr. Berry has no history of sustaining a brain injury although he did report having been exposed to explosions around him "all the time" while in Afghanistan. Research suggests that brain injuries of this mild nature typically resolve within three to six months, although lingering mild cognitive difficulties caused by such injuries injury can persist. It is unclear to what extent Mr. Berry's cognitive complaints may be related to multiple blast

| MEDICAL RECORD | CONSULTATION SHEET |

| BERRY, JOSHUA ALAN | TRICARE |
| Redacted PII | ACTIVE DUTY |

Consultation Results #11918821 continued.

exposures. Though it is possible, there also appears to be a definite psychological component to his complaints and difficulties as well, especially given his severe level of depression and anxiety in conjunction with his poor sleep, and symptoms of PTSD. However, these test results are tentative at best given his performance on tests of validity and the severity of his depression and anxiety. Because symptoms of anxiety and depression often reduce one's ability to selectively focus and sustain attention, and therefore decrease the efficiency of memory and other cognitive functions, it is very likely that Mr. Berry's mood contributes to and exacerbates his cognitive complaints. It would be important to treat these symptoms in order to determine the extent of their influence on his cognitive performance.

RECOMMENDATIONS:

1. Mr. Berry voiced concern about returning to Ft. Knox because he becomes very anxious on military bases after the shooting incident at Ft. Hood. Given that he has to report to Ft. Knox on June 14th and given his heightened level of anxiety regarding returning to base, it was strongly recommended that he have someone accompany him. He stated that he might be able to ask his brother to drive with him.

2. Mr. Berry has significant depression and anxiety related to his PTSD. He is currently involved in the partial hospital program. Given his fragile mood, continuation in and successful completion of this program is strongly recommended prior to entering a residential PTSD program where he might develop the skills he needs to effectively cope.

3. Mr. Berry would also benefit from psychopharmacological management of his mood. If not medically contraindicated the use of an antidepressant with anxiolytic properties is recommended.

4. With regard to memory functioning, several compensatory strategies may be beneficial. First, reducing environmental distractions and repeating information to be learned may enhance his ability to encode information. Second, he will function best in environments, which include external support systems, structure and utilization of cues to assist him. A referral to speech therapy is also recommended in order to learn practical strategies for improving his day to day memory, concentration, and other cognitive skills. I will defer to speech therapy for more specific treatment goals and plans.

5. Mr. Berry also endorsed severe insomnia. While this is likely secondary to his PTSD, it is important that he talk to his physician about his sleep disturbance as poor sleep can adversely impact concentration and memory.

6. He should be encouraged to engage in physical activity not only to boost his energy level but to use as a healthy coping technique as well.

7. The current test scores can serve as baseline for future comparisons as

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
This document is confidential medical information. Unauthorized disclosure or use of this
information is prohibited by law. If you are not the intended recipient of this document,
please advise us by calling immediately 513-862-2869.

BETHESDA  TRIHEALTH  GOOD SAMARITAN
CINCINNATI, OHIO

Emergency Room Report

Admit/Visit Date: 09/29/10
Name: BERRY,JOSHUA A                          Unit #: N007176548
Loc/Rm: BMCASED                               Acct #: H00119101026
Location: BMC ARROW SPRINGS EMERGENCY         DOB: 11/15/76
Dictating Physician: Spears,Bruce T. M.D.
Admitting Physician:
Primary Care Physician: PCP,None M.D.
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

This is a 33 year-old gentleman.  The police were called because of he was outside of his
house wearing full combat gear with a flak jacket on..  He stated "If I had my side-arm I
would blow my brains out tonight", but indicates to me that he got rid of all the
firearms in his house shortly after he came home from Fort Hood so that his wife would
not have to put up with them.  However, his wife then left him a little less than three
months ago for her ex-husband, and he feels that he was let down by her, by the military.
He does not understand why a major, who is a physician, did all the shootings in Fort
Hood and he was personally involved in this.  He dislocated his shoulder when he was
diving behind the desk to void getting shot.  The reason he was wearing the flak jacket
in full military uniform is because "I do not feel safe anywhere".  He went through a
litmus of the situations he was in Afghanistan and Fort Hood issues and basically states
that he had does not trust anyone.  His superiors are not trustworthy.  He basically does
not see much point in living.  He did write a suicide note that basically used the F word
profusely and small portion of it focused on his wife's disappointed with her.  He said
he is not angry he is just totally disappointed.  He is not homicidal in any way.

REVIEW OF SYSTEMS:  He denies any new acute medical problems.  He has chronic shoulder
and back pain related to the Fort Hood incident and Afghanistan respectively, but it is
not changed from usual.  Said the only thing that is different he is a little more
anxious.  He denies any headache, chest pain, breathing difficulty, GI symptoms,
abdominal pain and systems otherwise all reviewed negative.

PAST MEDICAL HISTORY:  Panic attacks, depression.  He has PTSD related to the incidences
noted above.  He has no longstanding medical disorders other than as noted there.

ALLERGIES:  He said he is not allergic anything.

He is receiving psychiatric therapy three hours daily at the VA Hospital Monday through
Friday.  He has gone through a eight hour a day class on coping skills which he has
completed and has appointments in the morning to an MRI of his shoulder as has two
appointments with different optometry personnel as well, and he is worried about the
outcome of some of these.

SOCIAL HISTORY:  He denies drinking or any drug use.

PHYSICAL EXAMINATION:

GENERAL:  On exam he is alert, appears very sad.  He has poor eye contact with the
examiner, stares at the floor and talks slowly but does various his voice and flexes
appropriately to go along with what he is talking about.

PAGE 13/17            BNORTH MED REC            5138651392       EP:E9  810Z/1Z/01

A                                5A

**STATEMENT OF MEDICAL EXAMINATION AND DUTY STATUS**
For use of this form, see AR 600-8-4, the proponent agency is DCS, G-1

| THRU: (Include ZIP Code) | TO: (Include ZIP Code) | FROM: (Include ZIP Code) |
|---|---|---|
| COMMANDER | COMMANDER | COMMANDER |
| HHB 1-6 FA, 1ST BD | HQ, USAG, IMCOM BLDG 126 | CARL R. DARNALL ARMY MED CEN |
| FT HOOD, TX 76544 | FT HOOD, TX 76544 | FT HOOD, TX 76544 |

| 1. NAME OF INDIVIDUAL EXAMINED (Last, First, and Middle Initial) | | 2. SSN | 3. GRADE |
|---|---|---|---|
| BERRY, JOSHUA A. | | Redacted PII | SGT |

| 4. ORGANIZATION AND STATION | ACCIDENT INFORMATION | | |
|---|---|---|---|
| HHB 1-6 FA, 1ST BD | a. | b. DATE | c. PLACE (City and State) |
| FT HOOD, TX 76544 | | 05 NOV 09 | FT HOOD, TX |

**SECTION I - TO BE COMPLETED BY ATTENDING PHYSICIAN OR HOSPITAL PATIENT ADMINISTRATOR**

| 5. INDIVIDUAL WAS | ☐ OUT-PATIENT | 6. NAME OF HOSPITAL OR TREATMENT FACILITY | ☐ CIVILIAN | ☒ MILITARY |
|---|---|---|---|---|
| ☒ ADMITTED  ☐ DEAD ON ARRIVAL | | CRDAMC | | |

| 7. HOUR AND DATE ADMITTED | 8. HOUR AND DATE EXPIRED |
|---|---|
| 07 NOV 09 @ 1 RH | |

9. NATURE AND EXTENT OF   ☒ INJURY   ☐ DISEASE   ☐      RESULTING IN DEATH (Explain)
**LEFT SHOULDER DISLOCATION**

11. MEDICAL OPINION   a. INDIVIDUAL ☐ WAS ☐ WAS NOT UNDER THE INFLUENCE OF ☐ ALCOHOL ☐ DRUGS (Specify):
   b. INDIVIDUAL ☐ WAS ☐ WAS NOT MENTALLY SOUND (Attach Psychiatric evaluation if appropriate)
   c. INJURY ☐ IS ☐ IS NOT LIKELY TO RESULT IN A CLAIM AGAINST THE GOVERNMENT FOR FUTURE MEDICAL CARE.
   d. INJURY ☐ WAS ☐ WAS NOT INCURRED IN LINE OF DUTY. BASIS FOR OPINION:

ITEMS A-D WAS UNKNOWN WHEN THIS REPORT WAS INITIATED.

| 12. THE FOLLOWING DISABILITY MAY RESULT | 13. DATE OF INJURY | 13. ALC NO. OF BW ALCOHOL/DRUGS IN BLOOD |
|---|---|---|
| ☒ TEMPORARY ☐ PERMANENT PARTIAL ☐ PERMANENT TOTAL | ☐ YES ☒ NO | |

14. DETAILS OF ACCIDENT OR HISTORY OF DISEASE (Item, where, when)
SM's INJURY OCCURRED DURING A MASS SHOOTING AT THE SRP SITE. SM WAS EVALUATED AND ADMITTED TO SWMC EAST FOR FURTHER CARE.

| 15. DATE | 16. TYPED OR PRINTED NAME OF ATTENDING PHYSICIAN OR PATIENT ADMINISTRATOR | 16. SIGNATURE |
|---|---|---|
| 06 NOV 09 | CAROL D. LEWIS, CASUALTY ASST., PAD | Carol D. Lewis |

**SECTION II - TO BE COMPLETED BY UNIT COMMANDER OR FIRST SERGEANT**

| 18. DUTY STATION | 19a. HOUR AND DATE OF ABSENCE | | |
|---|---|---|---|
| ☒ PRESENT FOR DUTY   ☐ ABSENT WITHOUT AUTHORITY | 19a. FROM | 19b. TO | |
| ☐ ABSENT WITH AUTHORITY  ☐ ON PASS  ☐ ON LEAVE | | | |
| ☐ AWOL ☐ OTHER | | | |

20. ABSENCE WITHOUT AUTHORITY MATERIALLY INTERFERED WITH THE PERFORMANCE OF MILITARY DUTY (Explain in Item 30)

| 21. INDIVIDUAL WAS ON | 22. HOUR AND DATE TRAINING | | |
|---|---|---|---|
| ☒ ACTIVE DUTY ☐ ACTIVE DUTY FOR TRAINING | 22a. BEGAN | 22b. ENDED | |
| ☐ INACTIVE DUTY TRAINING | | | |

| 23. INDIVIDUAL BEING OR MILITARY RECEIVED PROCESSING ☐ DIRECTLY TO TRAINING   ☐ DIRECTLY FROM TRAINING | | | |
|---|---|---|---|
| 24. MODE OF TRANSPORTATION | 25. HOUR BEGINNING TRAVEL | 26. DISTANCE INVOLVED | 27. NORMAL TIME FOR TRAVEL |

28. DUTY STATUS AT TIME OF DEATH IF DIFFERENT FROM TIME OF INJURY OR CONTRACTION OF DISEASE
   ☐ PRESENT FOR DUTY      ☐ ABSENT WITH AUTHORITY      ☐ ABSENT WITHOUT AUTHORITY

30. DETAILS OF ACCIDENT - REMARKS (If additional space is needed, continue on reverse) (Attach statement as necessary)

SGT Berry was the victim of a mass shooting at the Soldier
Readiness Processing Center at Fort Hood, Texas on 5 November
2009.

| 31. FORMAL LINE OF DUTY INVESTIGATION REQUIRED | 32. INJURY IS CONSIDERED TO HAVE BEEN INCURRED IN LINE OF |
|---|---|
| ☒ YES  ☐ NO | DUTY (Not applicable as checked) ☒ YES  ☐ NO |

| 33. DATE | 34. TYPED NAME AND GRADE OF UNIT COMMANDER OR UNIT ADVISER | 35. SIGNATURE |
|---|---|---|
| 30 Nov 2009 | MC Caughlin, David C   MAJ | Paul C. McCaughlin |

DA FORM 2173, OCT 1972      REPLACES DA FORM 2173, 1 JAN 68, WHICH IS OBSOLETE      APD PE v1.00ES



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U. S. Army Garrison
Installation Management Command
FORT HOOD, TEXAS 76544-5016

REPLY TO
ATTENTION OF

DEC  7 2009

IMWE-HOD-HR-CAC-LOD   (600-8-4)

MEMORANDUM FOR Commander, United States Army Enlisted Records and
Evaluation Center, Fort Benjamin Harrison, Indiana 46249-5301

SUBJECT:  Line of Duty Investigation - INJURY - BERRY, Joshua A.,
Redacted PII  SGT

APPROVED FOR A DISLOCATION OF THE LEFT SHOULDER ONLY

Reviewed for completeness:  IN LINE OF DUTY.

BY AUTHORITY OF THE SECRETARY OF THE ARMY  (AR 600-8-4):

Encl

MARLEAN C. DRUCE
Installation Adjutant General

CF:
Cdr, 3/1 Inf
Cdr, HHB, 1-6 FA
SGT Joshua Berry
CRDAMC, PAD/Casualty

000029

3A

## STATEMENT OF MEDICAL EXAMINATION AND DUTY STATUS
For use of this form, see AR 600-8-4, the proponent agency is DCS, G-1.

| THRU: (Include ZIP Code) | TO: (Include ZIP Code) | FROM: (Include ZIP Code) |
|---|---|---|
| COMMANDER<br>HHB 1-6 FA, 1ST ID<br>FT HOOD, TX 76544 | COMMANDER<br>HQ, USAG, IMCOM BLDG 126<br>FT HOOD, TX 76544 | COMMANDER<br>CARL R. DARNALL ARMY MED CEN<br>FT HOOD, TX 76544 |

| 1. NAME OF INDIVIDUAL EXAMINED (Last, First, and Middle Initial) | 2. SSN | 3. GRADE |
|---|---|---|
| BERRY, JOSHUA A. | Redacted PII | SGT |

| 4. ORGANIZATION AND STATION | 5. | ACCIDENT INFORMATION | |
|---|---|---|---|
| HHB 1-6 FA, 1ST ID<br>FT L. OD, TX 76544 | | a. DATE<br>05 NOV 09 | b. PLACE (City and State)<br>FT HOOD, TX |

**SECTION I - TO BE COMPLETED BY ATTENDING PHYSICIAN OR HOSPITAL PATIENT ADMINISTRATOR**

| 6. INDIVIDUAL WAS  ☐ OUT PATIENT<br>☒ ADMITTED  ☐ DEAD ON ARRIVAL | 7. NAME OF HOSPITAL OR TREATMENT FACILITY<br>CRDAMC | ☐ CIVILIAN  ☒ MILITARY |
|---|---|---|

| 8. HOUR AND DATE ADMITTED<br>05 NOV 09 @ 1500 | 9. HOUR AND DATE EXAMINED |
|---|---|

| 10. NATURE AND EXTENT OF  ☒ INJURY  ☐ DISEASE  ☐  RESULTING IN DEATH (Explain) |
|---|
| LEFT SHOULDER DISLOCATION |

11. MEDICAL OPINION:   a.  INDIVIDUAL ☐ WAS  ☐ WAS NOT UNDER THE INFLUENCE OF ☐ ALCOHOL  ☐ DRUGS (Specify):
  b.  INDIVIDUAL ☐ WAS  ☐ WAS NOT MENTALLY SOUND  (Attach Psychiatric evaluation if appropriate).
  c.  INJURY ☐ IS  ☐ IS NOT LIKELY TO RESULT IN A CLAIM AGAINST THE GOVERNMENT FOR FUTURE MEDICAL CARE.
  d.  INJURY ☐ WAS  ☐ WAS NOT INCURRED IN LINE OF DUTY.  BASIS FOR OPINION:

ITEMS A-D WAS UNKNOWN WHEN THIS REPORT WAS INITIATED.

| 12. THE FOLLOWING DISABILITY MAY RESULT<br>☒ TEMPORARY ☐ PERMANENT PARTIAL  ☐ PERMANENT TOTAL | 13. BLOOD ALCOHOL<br>TEST MADE<br>☐ YES  ☒ NO | 14. NO. OF MG ALCOHOL/100 ML BLOOD |
|---|---|---|

| 15. DETAILS OF ACCIDENT OR HISTORY OF DISEASE (how, where, when) |
|---|
| SM's INJURY OCCURRED DURING A MASS SHOOTING AT THE SRP SITE. SM WAS EVALUATED AND ADMITTED TO S<br>EAST FOR FURTHER CARE. |

| 16. DATE<br>06 NOV 09 | 17. TYPED OR PRINTED NAME OF ATTENDING<br>PHYSICIAN OR PATIENT ADMINISTRATOR<br>CAROL D. LEWIS, CASUALTY ASST., PAD | 18. SIGNATURE |
|---|---|---|

**SECTION II - TO BE COMPLETED BY UNIT COMMANDER OR UNIT ADVISER**

| 19. DUTY STATION<br>☒ PRESENT FOR DUTY  ☐ ABSENT WITHOUT AUTHORITY<br>☐ ABSENT WITH AUTHORITY:  ☐ ON PASS  ☐ ON LEAVE | 20. | HOUR AND DATE OF ABSENCE |
|---|---|---|
| | a. FROM | b. TO |

21. ABSENCE WITHOUT AUTHORITY MATERIALLY INTERFERRED WITH THE PERFORMANCE OF MILITARY DUTY  (Explain in item 30 type of duty missed, hours of duty, and how it did or did not interfere with performance)
☐ YES  ☐ NO

| 22. INDIVIDUAL WAS ON<br>☒ ACTIVE DUTY  ☐ ACTIVE DUTY FOR TRAINING<br>☐ INACTIVE DUTY TRAINING | 23. | HOUR AND DATE TRAINING |
|---|---|---|
| | a. BEGAN | b. ENDED |

| 24. RESERVIST DIED OF INJURIES RECEIVED PROCEEDING  ☐ DIRECTLY TO TRAINING | ☐ DIRECTLY FROM TRAINING |
|---|---|

| 25. MODE OF TRANSPORTATION | 26. HOUR BEGINNING TRAVEL | 27. DISTANCE INVOLVED | 28. NORMAL TIME FOR TRAVEL |
|---|---|---|---|

| 29. DUTY STATUS AT TIME OF DEATH IF DIFFERENT FROM TIME OF INJURY OR CONTRACTION OF DISEASE<br>☐ PRESENT FOR DUTY  ☐ ABSENT WITH AUTHORITY  ☐ ABSENT WITHOUT AUTHORITY |
|---|

30. DETAILS OF ACCIDENT - REMARKS  (If additional space is needed, continue on reverse) (Attach inclosures as necessary)

SGT Berry was the victim of a mass shooting at the Soldier
Readiness Processing Center at Fort Hood, Texas on 5 November
2009.

| 31. FORMAL LINE OF DUTY INVESTIGATION REQUIRED<br>☒ YES  ☐ NO | 32. INJURY IS CONSIDERED TO HAVE BEEN INCURRED IN LINE OF<br>DUTY (Not applicable on deaths)  ☒ YES  ☐ NO |
|---|---|

| 33. DATE<br>30 Nov 2009 | 34. TYPED NAME AND GRADE OF UNIT COMMANDER OR<br>UNIT ADVISER<br>McCaughrin, David C. MAJ | 35. SIGNATURE |
|---|---|---|

| DA FORM 2173, OCT 1972 | REPLACES DA FORM 2173, 1 JUN 66, WHICH IS OBSOLETE. | APD PE v2.01ES |
|---|---|---|

000030

RCS: DAPCX-543   FOR OFFICIAL USE ONLY   PCN: ZL9-CR1

## CASUALTY STATUS REPORT

Case Nr:  417000        Name:  Berry, Joshua Alan        Service:  United States Army

**CASUALTY INFORMATION**

Conflict Type:

Operation Incident:

Multi Cas Event: Mass Shooting SRP site, Fort Hood, TX

Event Type:

Personnel Type: Regular        Affiliation: Active Duty        Category: Obligated/Voluntary Service

CAC/BASE: Ft. Hood CAC        Incident Type: Hostile

Casualty Status: NSI Ill/Injury        Cas Category:        Dod Grp:

Inflicting Force: Unknown        TNG/Duty: No

Reason: Gunshot Wound

| Incident Date/Time | Place | | Death Date/Time | Place |
|---|---|---|---|---|
| 2009/11/05 16:28 | Fort Hood, TX | | | |

Vehicle Group:

Vehicle:

Armor Level:

Position in Vehicle:        Vehicle Ownership:

Date DD93 Prepared: 2009/12/03        Data Reviewed: 2009/12/03        Body Rcvrd: No

Treatment Facility Type:

**CASUALTY TEXT INFORMATION**

CIRCUMSTANCES:(06-NOV-09)  DES reported that there are twelve KIA, (Includes one Soldier shooter) and 31 wounded.  Shooting SRP site, more information to follow upon receipt of SIR.

DIAGNOSIS:(06-NOV-09)  Left Shoulder dislocation.

000031

33980

RCS: DAPCX-543  PCN: ZL9-CR1

## CASUALTY STATUS REPORT

Case Nr:   417000          Name:   Berry, Joshua Alan          Service:   United States Army

| TRACKING INFORMATION | Report Dt/Tm: 2009/11/05 15:28   OPS Interim Dt/Tm: 2009/11/06 21:28  OPS Closed Dt: 2009/11/06 |
|---|---|
| | Received Dt/Tm:2009/11/06 08:23                                             COD Closed Dt: |

| PERSONAL INFORMATION | Sex: Male | Religion: No Religious Preference | |
|---|---|---|---|
| | Race: White | Ethnic Group: Other | |
| **DOB:** Redacted PII | **POB:** Redacted PII | **HOR:** Redacted PII | |
| **Casualty's Marital Status** | **Effective Date** | **Parent's Information** | |
| Never Married | | Marital Status: | Status Date: |
| | | Cust of Service Member: | Div Decree Date: |

### NOK SUMMARY INFORMATION

| Name | Nok Nr. | SUC | DOB | Relation | Notif Date/Time | Deceased? | Dth Gratuity Amount Paid | Date Paid |
|---|---|---|---|---|---|---|---|---|
| Berry, H Redacted PII  Redacted PII | 1 | P | Redacted PII | Father | 2009/11/06 00:00 | Living | | |
| Mullen, P Redacted PII  Redacted PII | 2 | P | Redacted PII | Mother | 2009/11/06 00:00 | Living | $0.00 | |
| Berry, C Redacted PII | 3 | P | | Daughter | | | | |

| DEATH GRATUITY REMARKS |
|---|

| AO INFORMATION | Grade of Rank | Organization/Unit | Contact Information |
|---|---|---|---|
| Name | | | |

RCS: DAPCX-543

FOR OFFICIAL USE ONLY

PCN: ZL9-CR1

## CASUALTY STATUS REPORT

Case Nr:  417000　　　　　　Name:  Berry, Joshua Alan　　　　　Service:  United States Army

| SERVICE MEMBER INFORMATION | Rank: SGT | Service: United States Army | | |
|---|---|---|---|---|
| | Grade: E05 | Component: Regular | | |
| | PMOS: 13D2O | DMOS: 13D2O | Basic Branch: Field Artillery | |
| | CMF: Field Artillery | | | |
| | Unit: HHB, 1st Battalion, 6th Field Artillery, Fort Hood, TX | | | |

Higher Command:

Duty Status: PDY　　　　　Start Dt:　　　　　End Dt:　　　　　UIC/PAS: WAF6T0

PEBD: 1998/11/08　　BASD/ADBD: 2006/05/29　　　Basic Pay:

| RESERVE TRAINING DATES: | Trning Type: | Trng Start Dt: | Trng End Dt: |
|---|---|---|---|

| POSTHUMOUS PROMOTION INFORMATION | Date Recommended For Promotion | Rank Recommended | Posthumous Promotion Rank | Higher Rank Held |
|---|---|---|---|---|

Printed On 1/8/2015 10:51:16 AM

000033

RCS: DAPCX-543



PCN: ZL9-CR1.

## CASUALTY STATUS REPORT

Case Nr:   417000          Name:   Berry, Joshua Alan          Service:   United States Army

| PERSONAL PROTECTIVE EQUIPMENT |
|---|

**No Data Found**

DCIPS Case Management

Page 1 of 1



000035



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE, DEPT 400
FORT KNOX, KY 40122-5400

APR 1 9 2015

Office of the The Adjutant General

Mr. Howard M. Berry, Jr.
~~Redacted PII~~

Dear Mr. Berry:

This is in response to your recent inquiries concerning award of the Purple Heart to your late son, Staff Sergeant Joshua A. Berry.

I am unable to authorize award of the Purple Heart. My staff has on several occasions reviewed the available documentation concerning the circumstances surrounding the event and concluded that your son's injures did not meet the regulatory criteria for awarding the Purple Heart. With the interest of providing an impartial perspective, I directed that a board of four Combat Arms Soldiers, two Colonels and two Sergeants Major with no prior knowledge of your son's injuries, review his case. The board reviewed all available documentation and unanimously voted not to authorize the Purple Heart. Considering the recommendation of this board and my personal review of the documentation, I must uphold the past decisions not to award the Purple Heart to your son.

I understand that you may feel that this decision is unfair or unjust; if so, you may petition the Army Board for Correction of Military Records (ABCMR) for relief. The ABCMR, which acts on behalf of the Secretary of the Army, has final administrative authority over matters of this nature. To make an appeal, you must submit the enclosed DD Form 149 (Application for Correction of Military) to the following address:
Army Review Boards Agency, ATTN: ABCMR, 251 18th Street South, Suite 385, Arlington, Virginia 22202-3531.

Should you pursue this course of action, please provide a copy of this response and Brigadier General MacEwen's previous response to Senator Rob Portman, dated February 23, 2015 (copy enclosed), to demonstrate that you have exhausted your administrative options with the U.S. Army Human Resources Command. The ABCMR adjudicates each request on its own merits and the burden of proof falls with the requestor; accordingly, you should provide the ABCMR with any and all official documentation which may support your request. Additional information concerning the ABCMR can be found at: http://arba.army.pentagon.mil/abcmr-overview.cfm.

-2-

If you do not possess the U.S. Army criminal investigation concerning the event, I recommend that you submit a Freedom of Information Act (FOIA) request to the U.S. Army Criminal Investigation Command. I have enclosed the Command's FOIA form for your use. The completed form can be e-mailed to: usamry.usacidc-foia@mail.mil, or mailed to: U.S. Army Crime Records Center, ATTN: CICR-FP, Russell Knox Building, 27130 Telegraph Road, Quantico, Virginia 22134-2253. Additional information can be found on the Command's website at: http://www.cid.army.mil/.

While this response is not favorable, it in no way detracts from Staff Sergeant Berry's faithful and dedicated service to our Nation. Should you have any additional questions or require assistance, please contact the Awards and Decorations Branch Chief, Lieutenant Colonel Wil B. Neubauer at 502-613-8547, or wil.b.neubauer.mil@mail.mil.

Sincerely,

James T. Iacocca
Brigadier General, U.S. Army
The Adjutant General

Enclosures

Sir,

Please feel free to contact me if I can provide any assistance as you work with the Army Board For Correction of Military Records. I deeply regret the death of your son and the circumstances that led to it.

Sincerely,
Jim Iacocca



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE, DEPARTMENT 400
FORT KNOX, KY  40122-5400

**FEB 2 3 2015**

Office of The Adjutant General

The Honorable Rob Portman
United States Senate
ATTN:  Mr. Tyler N. Brace
448 Russell Senate Office Building
Washington, D.C.  20510-0001

Dear Senator Portman:

This is in response to your February 16, 2015, inquiry concerning award of the Purple Heart to Staff Sergeant Joshua A. Berry.

I sympathize with Sergeant Berry's family for their loss and understand his father's desire to have his son recognized for his service.  Under the National Defense Authorization Act for Fiscal Year 2015, Congress mandated that the Purple Heart be authorized to members of the Armed Forces who were killed or wounded in an attack inspired or motivated by a foreign terrorist organization in circumstances where the death or wound is the result of an attack targeted on an active duty member of the Armed Forces, unless the death or wound is the result of willful misconduct of the member.  Congress ordered that the Secretaries of the Armed Forces conduct a review of each death or wounding of members of the Armed Forces that occurred between September 11, 2001 and the date of the enactment of the Act.

The Secretary of the Army conducted a review of the Fort Hood incident on November 5, 2009, and authorized award of the Purple Heart to those who qualified.  In the case of Sergeant Berry, official documentation shows that his injuries received on this day were not related to the attack or caused by the assailant.  Evidence shows that he was in a building adjacent to where the attack occurred and that the assailant did not enter or fire at the building he occupied.  As Sergeant Berry was not wounded as a direct result of the assailant's actions, the Purple Heart cannot be authorized under the provisions of the Act.

Although this response is not favorable, it in no way diminishes our gratitude for Sergeant Berry's faithful and dedicated service to our Nation.  Thank you for your support of him and his family in this matter, as well as your continued support of our Veterans and the men and women serving in the Army today.

-2-

Should you have any additional questions, please contact me directly at (502) 613-8001 or david.k.macewen.mil@mail.mil. My staff point of contact is Lieutenant Colonel Wil B. Neubauer, who may be reached at (502) 613-8547 or wil.b.neubauer.mil@mail.mil.

Sincerely,

David K. MacEwen
Brigadier General, U.S. Army
The Adjutant General









000043



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE, DEPT 400
FORT KNOX, KY  40122-6400

APR 1 9 2015

Office of the The Adjutant General

Mr. Howard M. Berry, Jr.
Redacted PII

Dear Mr. Berry:

This is in response to your recent inquiries concerning award of the Purple Heart to your late son, Staff Sergeant Joshua A. Berry.

I am unable to authorize award of the Purple Heart. My staff has on several occasions reviewed the available documentation concerning the circumstances surrounding the event and concluded that your son's injures did not meet the regulatory criteria for awarding the Purple Heart. With the interest of providing an impartial perspective, I directed that a board of four Combat Arms Soldiers, two Colonels and two Sergeants Major with no prior knowledge of your son's injuries, review his case. The board reviewed all available documentation and unanimously voted not to authorize the Purple Heart. Considering the recommendation of this board and my personal review of the documentation, I must uphold the past decisions not to award the Purple Heart to your son.

I understand that you may feel that this decision is unfair or unjust; if so, you may petition the Army Board for Correction of Military Records (ABCMR) for relief. The ABCMR, which acts on behalf of the Secretary of the Army, has final administrative authority over matters of this nature. To make an appeal, you must submit the enclosed DD Form 149 (Application for Correction of Military) to the following address: Army Review Boards Agency, ATTN: ABCMR, 251 18th Street South, Suite 385, Arlington, Virginia  22202-3531.

Should you pursue this course of action, please provide a copy of this response and Brigadier General MacEwen's previous response to Senator Rob Portman, dated February 23, 2015 (copy enclosed), to demonstrate that you have exhausted your administrative options with the U.S. Army Human Resources Command. The ABCMR adjudicates each request on its own merits and the burden of proof falls with the requestor; accordingly, you should provide the ABCMR with any and all official documentation which may support your request. Additional information concerning the ABCMR can be found at: http://arba.army.pentagon.mil/abcmr-overview.cfm.

-2-

If you do not possess the U.S. Army criminal investigation concerning the event, I recommend that you submit a Freedom of Information Act (FOIA) request to the U.S. Army Criminal Investigation Command. I have enclosed the Command's FOIA form for your use. The completed form can be e-mailed to: usamry.usacidc-fola@mail.mil, or mailed to: U.S. Army Crime Records Center, ATTN: CICR-FP, Russell Knox Building, 27130 Telegraph Road, Quantico, Virginia 22134-2253. Additional information can be found on the Command's website at: http://www.cid.army.mil/.

While this response is not favorable, it in no way detracts from Staff Sergeant Berry's faithful and dedicated service to our Nation. Should you have any additional questions or require assistance, please contact the Awards and Decorations Branch Chief, Lieutenant Colonel Wil B. Neubauer at 502-613-8547, or wil.b.neubauer.mil@mail.mil.

Sincerely,

James T. Iacocca
Brigadier General, U.S. Army
The Adjutant General

Enclosures

Sir,
Please feel free to contact me if I can provide any assistance, as you work with the Army Board For Correction of Military Records. I deeply regret the death of your son and the circumstances that led to it.

Sincerely,
Jim Iacocca



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE, DEPARTMENT 480
FORT KNOX, KY 40122-5406

AHRC-PDP-A                                                    31 March 2015

MEMORANDUM FOR PRESIDENT, ARMY DECORATIONS BOARD

SUBJECT: Request for the Purple Heart for SGT Joshua A. Berry

1. Purpose: To obtain the Army Decorations Board's determination on the enclosed award recommendation.

2. Previous decoration for this action:  none

3. Enclosed are the casualty status report and validation of medical records in AHLTA by HRC, Surgeon.

4. Recommendation: That the Army Decorations Board review the case and decide whether the award will be approved or disapproved.

FOR THE COMMANDER:

Encl

WIL B. NEUBAUER
LTC, AG
Chief, Awards and Decorations Branch

precedence for wear of these awards is stated in AR 670-1, paragraph 29-6 and in paragraphs 1-41 and 1-42 of this regulation.

## Section II
## Individual Department of Defense Decorations

### 2-3. Defense Distinguished Service Medal
The Defense Distinguished Service Medal was established by Executive Order 11545, 9 July 1970. It is awarded by the Secretary of Defense to officers of the Armed Forces of the United States whose exceptional performance of duty and contributions to national security or defense have been at the highest levels. The prescribing directive for the Defense Distinguished Service Medal is DOD 1348.33-M.

### 2-4. Defense Superior Service Medal
The Defense Superior Service Medal was established by Executive Order 11904, 6 February 1976. It is awarded by the Secretary of Defense to members of the Armed Forces of the United States who after 6 February 1976, rendered superior meritorious service in a position of significant responsibility. The prescribing directive for the Defense Superior Service Medal is DOD 1348.33-M.

### 2-5. Defense Meritorious Service Medal
The Defense Meritorious Service Medal was established by Executive Order 12019, 3 November 1977. It is awarded in the name of the Secretary of Defense to members of the Armed Forces of the United States who, after 3 November 1977, distinguished themselves by noncombat meritorious achievement or service. The prescribing directive for the Defense Meritorious Service Medal is DOD 1348.33-M.

### 2-6. Joint Service Commendation Medal
The Joint Service Commendation Medal was authorized by the Secretary of Defense on 25 June 1963 and implemented by DOD 1348.33-M. It is awarded in the name of the Secretary of Defense to members of the Armed Forces of the United States who, after 1 January 1963, distinguished themselves by meritorious achievement or service. The prescribing directive for the Joint Service Commendation Medal is DOD 1348.33-M.

### 2-7. Joint Service Achievement Medal
The Joint Service Achievement Medal was authorized by the Secretary of Defense on 3 August 1983 and implemented by DOD 1348.33-M. It is awarded in the name of the Secretary of Defense to members of the Armed Forces of the United States below the grade of O-6 who, after 3 August 1983, distinguished themselves by outstanding performance of duty and meritorious achievement. The prescribing directive for the Joint Service Achievement Medal is DOD 1348.33-M.

### 2-8. Purple Heart
a. The Purple Heart was established by General George Washington at Newburgh, New York, on 7 August 1782, during the Revolutionary War. It was reestablished by the President of the United States per War Department General Orders 3, 1932 and is currently awarded pursuant to Executive Order 11016, 25 April 1962; Executive Order 12464, 23 February 1984; Public Law 98-525, 19 October 1984 amended by Public Law 100-48, 1 June 1987; Public Law 103-160, 30 November 1993; Public Law 104-106, 10 February 1996; and Public Law 105-85, 18 November 1997.

b. The Purple Heart is awarded in the name of the President of the United States and per 10 USC 1131, effective 19 May 1998, is limited to members of the Armed Forces of the United States who, while serving under component authority in any capacity with one of the U.S. Armed Services after 5 April 1917, has been wounded or killed, or who has died or may hereafter die after being wounded—

(1) In any action against an enemy of the United States.

(2) In any action with an opposing armed force of a foreign country in which the Armed Forces of the United States are or have been engaged.

(3) While serving with friendly foreign forces engaged in an armed conflict against an opposing armed force in which the United States is not a belligerent party.

(4) As the result of an act of any such enemy of opposing Armed Forces.

(5) As the result of an act of any hostile foreign force.

(6) After 28 March 1973, as the result of an international terrorist attack against the United States or a foreign nation friendly to the United States, recognized as such an attack by the Secretary of Army, or jointly by the Secretaries of the separate armed services concerned if persons from more than one service are wounded in the attack.

(7) After 28 March 1973, as the result of military operations while serving outside the territory of the United States as part of a peacekeeping force.

(8) Members killed or wounded in action by friendly fire. In accordance with 10 USC 1129 for award of the Purple

000047

Heart, the Secretary of the Army will treat a member of the Armed Forces described in (a), below, in the same manner as a member who is killed or wounded in action as the result of an act of an enemy of the United States.

(a). A member described in this subsection is a member who is killed or wounded in action by weapon fire while directly engaged in armed conflict, other than as the result of an act of an enemy of the United States, unless (in the case of a wound) the wound is the result of willful misconduct of the member.

(b) This section applies to members of the Armed Forces who are killed or wounded on or after 7 December 1941. In the case of a member killed or wounded, as described in paragraph 2–8b above, on or after 7 December 1941 and before 30 November 1993, the Secretary of the Army will award the Purple Heart under provisions of paragraph 2–8a above in each case which is known to the Secretary before such date or for which an application is made to the Secretary in such manner as the Secretary requires.

c. While clearly an individual decoration, the Purple Heart differs from all other decorations in that an individual is not "recommended" for the decoration; rather he or she is entitled to it upon meeting specific criteria.

d. A Purple Heart is authorized for the first wound suffered under conditions indicated above, but for each subsequent award an Oak Leaf Cluster will be awarded to be worn on the medal or ribbon. Not more than one award will be made for more than one wound or injury received at the same instant or from the same missile, force, explosion, or agent.

e. A wound is defined as an injury to any part of the body from an outside force or agent sustained under one or more of the conditions listed above. A physical lesion is not required, however, the wound for which the award is made must have required treatment by medical personnel and records of medical treatment for wounds or injuries received in action must have been made a matter of official record.

f. When contemplating an award of this decoration, the key issue that commanders must take into consideration is the degree to which the enemy caused the injury. The fact that the proposed recipient was participating in direct or indirect combat operations is a necessary prerequisite, but is not sole justification for award.

g. Examples of enemy-related injuries which clearly justify award of the Purple Heart are as follows:

(1) Injury caused by enemy bullet, shrapnel, or other projectile created by enemy action.

(2) Injury caused by enemy placed mine or trap.

(3) Injury caused by enemy released chemical, biological, or nuclear agent.

(4) Injury caused by vehicle or aircraft accident resulting from enemy fire.

(5) Concussion injuries caused as a result of enemy generated explosions.

h. Examples of injuries or wounds which clearly do not justify award of the Purple Heart are as follows:

(1) Frostbite or trench foot injuries.

(2) Heat stroke.

(3) Food poisoning not caused by enemy agents.

(4) Chemical, biological, or nuclear agents not released by the enemy.

(5) Battle fatigue.

(6) Disease not directly caused by enemy agents.

(7) Accidents, to include explosive, aircraft, vehicular, and other accidental wounding not related to or caused by enemy action.

(8) Self-inflicted wounds, except when in the heat of battle and not involving gross negligence.

(9) Post traumatic stress disorders.

(10) Jump injuries not caused by enemy action.

i. It is not intended that such a strict interpretation of the requirement for the wound or injury to be caused by direct result of hostile action be taken that it would preclude the award being made to deserving personnel. Commanders must also take into consideration the circumstances surrounding an injury, even if it appears to meet the criteria. Note the following examples:

(1) In a case such as an individual injured while making a parachute landing from an aircraft that had been brought down by enemy fire; or, an individual injured as a result of a vehicle accident caused by enemy fire, the decision will be made in favor of the individual and the award will be made.

(2) Individuals injured as a result of their own negligence; for example, driving or walking through an unauthorized area known to have been mined or placed off limits or searching for or picking up unexploded munitions as war souvenirs, will not be awarded the Purple Heart as they clearly were not injured as a result of enemy action, but rather by their own negligence.

j. During wartime the senior Army commander in the combat theater can award the Purple Heart as approval authority when delegated by the Secretary of the Army. The National Personnel Records Center, 9700 Page Avenue, St. Louis, MO 63132–5100, awards the Purple Heart to any member of the Army, who during World War I, was awarded a Meritorious Service Citation Certificate signed by the Commander in Chief, American Expeditionary Forces, or who was authorized to wear wound chevrons, upon written application. Approval authority for the Purple Heart for Army personnel wounded or killed as the result of an international terrorist attack is the Secretary of the Army. All other requests for award of the Purple Heart are processed by the Commander, USAHRC (AHRC–PDO–PA). The

000048

following types of requests for award of the Purple Heart will be forwarded to the Commander, USAHRC, AHRC–PDO–PA, 200 Stovall Street, Alexandria, VA 22332–0471:

(1) Any member of the Army who was awarded the Purple Heart for meritorious achievement or service, as opposed to wounds received in action, between 7 December 1941 and 22 September 1943, may apply for award of an appropriate decoration instead of the Purple Heart.

(2) For those who became Prisoners of War during World War II, the Korean War and before and after 25 April 1962, the Purple Heart will be awarded to individuals wounded while prisoners of foreign forces, upon submission by the individual to the Department of the U.S. Army of an affidavit that is supported by a statement from a witness, if this is possible.

(3) Any member of the U.S. Army who believes that he or she is eligible for the Purple Heart, but through unusual circumstances no award was made, may submit an application through military channels, to the Commander, USAHRC, AHRC–PDO–PA. The application will include complete documentation, to include evidence of medical treatment, pertaining to the wound.

*k.* The following rules apply for processing award of the Purple Heart:

(1) The statutory time limits pertaining to award of military decorations does not apply to the Purple Heart. The Purple Heart may be awarded at anytime after submission of documented proof that criteria have been met.

(2) Approved awards of the Purple Heart require the publication of permanent orders according to AR 600–8–105, citing each recipient. A DA Form 4980–10 (The Purple Heart Medal Certificate) will include the following information: The recipient's name and grade, date wounded in action, and date certificate is signed. All Purple Heart Medal certificates will bear the signature and signature block of the Secretary of the Army on the right side. During wartime, the signature and signature block of the commander authorized to award the Purple Heart will be on the left side. All other Purple Hearts awarded will bear the signature and signature block of The Adjutant General of the Army.

(3) Each approved award of the Purple Heart must exhibit all of the following factors: wound, injury or death must have been the result of enemy or hostile act; international terrorist attack; or friendly fire (as defined in paragraph b(8) above) the wound or injury must have required treatment by medical officials; and the records of medical treatment must have been made a matter of official Army records.

(4) Recommendations for award of the Purple Heart based on alleged international terrorist attacks must be accompanied by a written evaluation from the MACOM security and intelligence staff officer indicating that international terrorist activity was involved. Should any enclosures be classified the prescribed security measures will be followed. This requirement is in addition to the other eligibility criteria. HQ, USAHRC (AHRC–PDO–PA) will confirm the international terrorist report with the Office of the Deputy Chief of Staff, G–2 (ODCS, G–2) prior to forwarding the Purple Heart recommendations to the Secretary of the Army for final decision.

*l.* The Defense of Freedom Medal, established on 4 October 2001, is the civilian equivalent to the Purple Heart awarded to U.S. military personnel. Refer to AR 672–20 for criteria and requirements for the Defense of Freedom Medal .

## Section III
## Department of Defense Service Medals and Ribbons

### 2–9. Prisoner of War Medal

*a.* The POW Medal is authorized by Public Law 99–145, 10 USC 1128, 8 November 1985, as amended by, 10 USC 1128, 1989. It is authorized for any person who, while serving in any capacity with the U.S. Armed Forces, was taken prisoner and held captive after 5 April 1917.

*b.* The POW Medal is to be issued only to those U.S. military personnel and other personnel granted creditable U.S. military service, who were taken prisoner and held captive—

(1) While engaged in an action against an enemy of the United States.

(2) While engaged in military operations involving conflict with an opposing foreign force.

(3) While serving with friendly forces engaged in an armed conflict against an opposing armed force in which the United States is not a belligerent party.

(4) By foreign armed forces that are hostile to the United States, under circumstances which the Secretary concerned finds to have been comparable to those under which persons have generally been held captive by enemy armed forces during periods of armed conflict.

*c.* U.S. and foreign civilians who have been credited with U.S. military service which encompasses the period of captivity are also eligible for the medal. The Secretary of Defense authorized on 27 January 1990, the POW Medal for the Philippine Commonwealth Army and Recognized Guerrilla Unit Veterans who were held captive between 7 December 1941 and 26 September 1945.

*d.* For purposes of this medal, past armed conflicts are defined as World War I, World War II, Korean War, Vietnam Conflict, Grenada, Panama, Southwest Asia Conflict, and Somalia. Hostages of terrorists and persons detained by governments with which the United States is not engaged actively in armed conflict are not eligible for the medal. For the procedures to award the POW Medal for Afghanistan and Iraq see subparagraph j.

000049

Neubauer, Wil B LTC USARMY HRC (US)

| | |
|---|---|
| **From:** | MacEwen, David K BG USARMY HRC (US) |
| **Sent:** | Saturday, January 24, 2015 8:50 AM |
| **To:** | Neubauer, Wil B LTC USARMY HRC (US) |
| **Subject:** | FW: Fort hood Victims (UNCLASSIFIED) |
| **Attachments:** | SSG BAI.pdf; A000724-A000725  PFC BIRCH Brendan.pdf; A012932-A012935  Birch Brendan.pdf; A014910-A014914  Lechner Michael.pdf; Lechner Michael F - DEIDS.pdf; Lechner Michael F  - DEIDS BACK.pdf |

Classification: UNCLASSIFIED
Caveats: NONE


-----Original Message-----
From: Mulligan, Michael E COL USARMY HQDA OTJAG (US)
Sent: Friday, January 23, 2015 6:50 PM
To: MacEwen, David K BG USARMY HRC (US)
Subject: Fort hood Victims (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: NONE

Sir,

To follow up from our conversation today.

Did some checking and found the attached docs.  I know there is more but I don't have full access to my drive at this time.

SSG Bai: Was in Building 42003 but escaped w/o getting shot.

SGT Berry: Was not in Building 42003 but an adjacent building.  No ballistic evidence Hasan shot at the building.  He never entered the building.

PFC Birch: Was not in Building 42003 but was in the main SRP (Sports Dome)during the shooting.  Someone entered the Sports Dome and yelled out that the shooter was coming.  During the ensuing rush to the doors, Birch appears to have suffered a laceration on his forehead when he was pushed into something.

SGT Lechner: TX Ranger interview notes show he was in Main SRP (Sports Dome) Medical records from  6 Nov reflect that he was in the "SRP yesterday during attack...was thrown down, trampled and injured left shoulder."

v/r

COL Mulligan

Classification: UNCLASSIFIED
Caveats: NONE

1

000050

507-109                                                    NSN 7540-00-634-4120

| MEDICAL RECORD | Report on or Continuation of S.F. |
|---|---|
| | (Strike out one line) (Specify type of examination or date) |

(Sign and Date)

DATE: 8 Jan 2015     ACTION: Medical Opinion     USER: R. Freeman

COMMENTS:

RE: Medical Evaluation for Awarding the Purple Heart (PH) Medal due to Injuries Suffered from Combat. Please note that DoD criteria for awarding the PH is not the same criteria VA Hospitals use for diagnosis of medical conditions.

CONDITION: Shoulder dislocation
DATE OF INJURY: 5 NOV 2009
Medical documentation review DOES NOT support a relationship of combat to injury.
--a) Medical documentation: Record does NOT relate the injury to combat exposure.
--b) Medical Officer: Statements linking the injury to the event were NOT found.
-----(Note: Medical documentation from enlisted medical staff are not sufficient.)
--c) Severity: Records show that the condition is severe enough to merit award.

There are no medical records in AHLTA dated 05 NOV 09.
Medical record dated 09 NOV 09 states patient being assessed for PTSD.
Soldier had anxiety and depressive symptoms prior to Fort Hood shooting incident as recorded in the medical record.
Medical record dated 17 FEB 10 states patient complaint of left shoulder pain since falling onto a table, then the floor during the Ft. Hood shooting incident. Pain 6/10 when abducting his arm.
MRI of left shoulder dated 15 MAR 10 showed no rotator cuff tendon tear, focal tendinopathy, and possible prior anterior shoulder dislocation.

DISPOSITION: [            ]     [            ]

| P | U | L | H | E | S |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

ACTION: [            ]

Randall J. Freeman, LTC, MC, Command Surgeon

FREEMAN.RANDALL.JULIAN [Redacted PII]     8 Jan 2015

Name in the dropdown box to the left must match digital signature

Physical Review Board
Human Resource Center of Excellence
Ft Knox, KY 40122-5140          (Continue on reverse side)

| PATIENT'S IDENTIFICATION (For typed or written entries give: Name - last, first, middle; grade; rank; rate; hospital or medical facility) | REGISTER NO. | WARD NO. |
|---|---|---|
| NAME  SSG BERRY, JOSHUA A. | REPORT ON | OR CONTINUATION OF |
| SSN:  [Redacted PII] | Medical Record | |

AHRC MAR 2011

Standard form 507 (rev. 7-91)
Prescribed by GSA/ICMR, FMR (41 CFR) 201-9.202-1

U.S. GOVERNMENT PRINTING OFFICE: 2000-560-042/20030

000051

000052





0814-09-CID034-68261

FOR OFFICIAL USE ONLY
LAW ENFORCEMENT SENSITIVE

A000664



ℙ.

Term Rouser KBchesta lout

①

0814-09 CID034-68264

Date: 11/08/2019 ___ Time: 84Hm ___ Location: 5300 Loiko Loop, Kileen, TX
Last: Puckett · ___ FN: Anou ___ MN: Kyle ___ : ___ Ext:
Race: W ___ Sex: M ___ DOB: Redacted PII ___ Age:
Hair: BRN ___ Eyes: BRN ___ Height: 506 ___ Weight: 165
DL No: Redacted PII ___ State: KY ___ SSN: Redacted PII
AKA(s): ___ Redacted PII (cell)
Business Name: US Army ___ Phone: Redacted PII (H)
Address: ___ City: ___ Zip:
Home Address: Redacted PII ___ City: Redacted PII ___ Zip: Redacted PII
Phone:

On 11/5/2009, I was at work in DiVarsy Barry. Sometime between 1:10 pm and 1:30 pm
I heard gunshots @ Mrs. Rm building 42003. I then saw soldiers running out of the doors
of building 42003, they were going left and right out of the doors. A soldier came out of
the building and he couldn't walk so we drug him into my building. Just prior to this
I saw a soldier (I thought a white male, about 5 Foot 8 or 9 inches, 225 Pounds) with a pistol in
his right hand. This soldier positioned well performed the final three rounds at the door
to our building, as he quickly walked east to west toward the SRC building. I focused
in on the gun and the shell casings as they fell in the ground. Once the shooter was gone
I went into building 42003 to help. I first saw Mr. Cahill lying just inside the door dead.
I went around to the south-east corner of the building and saw two more soldiers lying
on the ground. I started trying to help one of them an older female. First Lieutenant Pacheco-Hos
told me the soldier was dead so I went into the main waiting area to help. We treated
the wounded the best we could and loaded one soldier on a table to use as a stretcher.
We carried the soldier (a white male) outside and they set him down. I went back
inside building 42003 and continued to carry wounded soldiers outside. One of these was
a large black female soldier. We took the soldier to the north side of building 42004 where
some other casualties were being treated. While we were there we heard more gun fire
but I don't know where it was coming from. For Official Use Only. ___ Exhibit ___
Law Enforcement Sensitive ___ A000662

000055

(2)

0814-09-CID034-68264

| | | |
|---|---|---|
| Date: 11/09/2009 | Time: 844a | Location: 5389 Lotka Loop Killeen |
| Last: Puckett | FN: Aaron | MN: | : | Ext: |

Race: _____ Sex: _____ DOB: _____ Age: _____
Hair: _____ Eyes: _____ Height: _____ Weight: _____
DL No: _____ State: _____ SSN: _____
AKA(s): _____

Business Name: _____ Phone: _____
Address: _____ City: _____ Zip: _____
Home Address: _____ City: _____ Zip: _____
Phone: _____

I started treating a hispanic male soldier at this location. I held the IV bag and we
carried him to the front of the SRC building and passed him to EMS personnel.
I started to go back to building 42004 but then I saw there was alot of people
already over there helping so I just stayed at the SRC building. They put us in
a big briefing room and held us there. Eventually some investigators came in and interviewed
us, they wrote some notes and took my phone numbers. They released us and I spent the
night on post not going home.

FOR OFFICIAL USE ONLY
LAW ENFORCEMENT SENSITIVE

R4A000663

FD-302 (Rev. 10-6-95)

13

- 1 -

FEDERAL BUREAU OF INVESTIGATION

Date of transcription    11/12/2009

KEVIN ALLEN TIJERINA (TIJERINA), born Redacted PII , Social
Security Account Number Redacted PII , 5786 Waine Wright Avenue #316,
Fort Hood, Texas 76544, cellular telephone number Redacted PII
work cellular telephone number Redacted PII was advised of the
identities of the interviewing Agents and the purpose of the
interview.  TIJERINA then provided the following information:

TIJERINA advised that prior to this interview, he had
provided a written statement to the Fort Hood Army Criminal
Investigations Division (CID).

On 11/05/2009 at 0830, TIJERINA parked his 2003 Acura RSX
Type-S CA license plate number 6CQW057 in a parking lot near the
Post Deployment Health Reassessment (PDHRA) building located at
42004 Battalion Avenue, Fort Hood Army Base, Killeen, Texas.
TIJERINA left for lunch at 1200 and returned at 1300 and parked in
the same parking lot.

Soon after TIJERINA returned from lunch he heard gun
shots.  TIJERINA did not see the shooter.  TIJERINA pulled an
injured solider in through the door of the PDHRA building and took
the injured solider to his office where he and a nurse started
treating the solider's injuries.  After the injured solider was
stabilized, TIJERINA left the PDHRA building to go help other
people who had been injured after the shooting had stopped.
TIJERINA transported injured personnel in a white supply van.

TIJERINA did not see the shooter until he was identified
by CID or Fort Hood Police as the shooter.  TIJERINA mentioned a
second shooter but did not see anyone.

TIJERINA did not take any pictures or videos but may have
observed someone with a camera phone out.  TIJERINA could not say
for sure whether or not the person was taking pictures of the
incident and could not identify the individual.  TIJERINA did
observe some "professional photographers" referring to the news
crew, taking pictures.

A copy of the interview notes will be maintained in the
1-A section of this file.

Investigation on    11/09/2009    at  Fort Hood Army Base, Killeen, Texas
                                                                          A001602
.File # 415F-SA-61852 -Crim- 47                        Date dictated

"SSG Tijerina, Kevin A. 0814-09-CID094- [Redacted PII] 0869709310094-0826 [Redacted PII] P053237

I returned from lunch @ approx. 1300. I entered my building (42004) and heard gunfire. Personnel were running in and out of the office so I directed people to get away from the windows and glass doors while SSG Puckett, AARON K. secured them. Also at that time I was working on a patient with multiple gunshot wounds. I drug him to my office and worked on him. Ms. Lesaur was assisting me with the patient along with Mr. McEvers. (stable) after determining that the patient was safe and secure I ran to SRP Building 42003 to help triage and manage patients there. I passed out medical supplies and worked on patients. SGT Alvarado, Juan and I then started to transport patients outside to be further triaged. After hearing about an ambulance shortage SGT Alvarado and I got the supply van and drove to the triage point and started loading up ambulatory patients. At that time SPC Mangum, Atwood came to assist SGT Alvarado and I. We drove 3 casualties to the Hospital and grabbed more litters and returned to the triage area to further assist. After that, I had personnel that were unaccounted for so Lt. Brown, Jonathan and I went to go look for them. I secured an aid bag and got some MP's to go secure my building. After that we were told to meet in the SPORTS dome Building 42000.

1645, 5 NOV 09

For Official Use Only
Law Enforcement
Sensitive

Exhibit_____

A000311

000058

Ireland ACH

**PDA**

MAY 0 2 2011

PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS
For use of this form, see AR 635-40; the proponent agency is USAPDA

| 1. NAME (Last, First, Middle Initial) Berry, Joshua A. | | 2. RANK SGT | 3. PEBD: 98.11.08 | BASD: 06.05.29 |
|---|---|---|---|---|

| 4. SOCIAL SECURITY NUMBER Redacted PII | 5. PMOS 13B20 | 6.BRANCH / COMPONENT Active Duty Regular Army | c. Intentional misconduct, willful neglect or unauthorized absence |
|---|---|---|---|

7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT A

| DATE CONVENED 11.04.25 | AT (Location including ZIP Code) Washington PEB, Washington DC 20307-5001 |
|---|---|

d. While entitled to basic pay (Incurred or aggravated)

e. In LD in the time of national emergency or after 14 SEP 78 (Incurred or aggravated)

f. Proximate result of performing duty

8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS. EACH DISABILITY IS LISTED BELOW in descending order of significance

| VA CODE a | DISABILITY DESCRIPTION b | g. Recommended disability percentage | | | | |
|---|---|---|---|---|---|---|
| | | c | d | e | f | g |
| 9411 | Posttraumatic stress disorder (PTSD) and major depression, moderate and recurrent. This is not a battle injury, was caused by an instrumentality of war and did not occur in a combat theater (10A/C/D-No). Soldier deployed from 30 June 2008-25 June 2009 to Afghanistan. Upon redeployment he began experiencing irritability, poor sleep, anergia, tearfulness, and anhedonia. During the Fort Hood, TX terrorist attack on 5 November 2009, the Soldier locked a door and jumped behind a desk. Three shots were fired at him. Since that time, his condition has worsened. He was an inpatient at a PTSD program, a VA partial hospitalization and an inpatient admission on a locked ward in October 2010 after becoming suicidal. Neighbors pulled guns on him after he was found walking around the neighborhood with full combat gear. He continues to have recurrent nightmares about OEF every other night, short-term memory problems, and reduced capacity to attend and concentrate. He gets lost while driving in familiar places. He is irritable, easily frustrated, and depressed. He has passive SI without intent or plan on a daily basis. His affect is constricted. Condition is unfitting as Soldier cannot carry and fire his weapon and his medical condition represents a decided medical risk to the health of the Soldier or other Soldiers were he to remain on active duty (DoDI 1332.38, E3.P3. 2.2.1). Condition is not yet stable for final rating. Soldier is competent to participate in board proceedings. Rated for occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking or mood due to SI, near continuous depression, spatial disorientation, difficulty adapting to stressful circumstances, inability to establish and maintain effective relationships. Rated IAW VASRD para 4.129; Soldier will be re-evaluated within 6 to 9 months of separation from service to determine if a change in rating is warranted. (MEB Dx 1-2; NARSUM; psych NARSUM; DA Form 3349) | N | Y | Y | Y | 70% |
| 5201 | Arm, limitation of motion listed as left shoulder pain chronic, post dislocation/s Hills-Sachs lesion and chronic disabling pain. This is not a battle injury and was not caused by an instrumentality of war and did not occur in a combat theater (10A/C/D-No). Soldier dislocated his left (non-dominant) shoulder diving for cover while being shot at during the Fort Hood attack on 5 November 2009. Shoulder dislocation was reduced without surgery. Pain remains 2/10 - 4-5/10, depending on activity. Pain is aggravated by reaching behind, dressing upper body. He cannot lift over 10 pounds. Examination reveals substantial tenderness along medial scapular border, anterior acromial area and AC joint. Range of motion (ROM) showed shoulder flexion to 88 degrees, and abduction to 53 degrees. There was pain with all motions. Condition is unfitting as he cannot carry and fire his weapon, evade fire, wear IBA an LBE 12 hours a day, and wear MOPP. He is unable to perform the MOS duties of a cannon crew member as he cannot lift more than 20 pounds (DoDI 1332.38, E3.P3.4.1.1). Condition is stable for rating. Rated for loss of motion, midway between side and shoulder. IAW VASRD 4.10, 4.40, 4.45 and 4.59, the rating includes consideration of functional loss due to factors such as pain on repeated use and painful motion, fatigability, incoordination, weakness with repetitive use and flare-ups. (MEB Dx 3; NARSUM; ortho; DA Form 3349) | N | Y | Y | Y | 20% |
| 5242 | Degenerative arthritis lumbar spine listed as degenerative disc disease w/ chronic pain. This is not a battle injury and was not caused by an | N | Y | Y | Y | 20% |

DA FORM 199, JUN. 97

Joshua A. Berry, SGT [REDACTED]                    Continued...

instrumentality of war but did occur in a combat theater (10A/C-No;
10/B-Yes).  Soldier injured his back in a MVA in November 2007, and
re-aggravated it when he fell during a rocket attack in 2008.  The pain is
constant, located in the central lumbar area with occasional right lower
extremity radiculopathy.  Pain is aggravated by prolonged weight bearing,
running, lifting more than 20 pounds.  MRI March 2010 showed mild
spondylopathy at L5-S1 with mild broad based disc bulge.  LE strength was
normal.  Gait was normal.  ROM showed forward flexion of 35 degrees and a
total of 139 degrees in all planes.  Condition is unfitting as he cannot
perform cannon crew member duties as he cannot lift more than 20 pounds,
cannot carry and fire his weapon, evade fire, wear IBA an LBE 12 hours a day
or wear MOPP  (DoDI 1332.38, E3.P3.4.1.1).  Condition is stable for rating.
Rated for thoracolumbar flexion greater than 30 degrees but not greater than
60 degrees.  IAW VASRD 4.10, 4.40, 4.45 and 4.59, the rating includes
consideration of functional loss due to factors such as pain on repeated use
and painful motion, fatigability, incoordination, weakness with repetitive
use and flare-ups.
(MEB Dx 4; NARSUM; ortho; DA Form 3349)

The ratings were combined IAW VASRD para 4.25.

** 70 + 20 = 76 + 20 = 81 = 80% **

Based on a review of the medical evidence of record, the PEB concludes that
your medical condition prevents satisfactory performance of duty in your
grade and specialty. This condition has not stabilized to the point that a
permanent degree of severity can be determined. You are therefore placed on
the Temporary Disability Retired List (TDRL).

While on the TDRL you will be scheduled for periodic medical reexaminations
and reevaluations.  To assist in future evaluations, the PEB may request
information from you concerning your medical treatment while on the TDRL.

IAW 38 CFR Part 4.129, your TDRL re-evaluation will occur within six months
of your separation from service.  The date listed in Block 9 is an estimate
only; your actual re-evaluation date will be determined by HQ, USAPDA,
contingent on your actual date of separation.

When you report for your TDRL periodic medical reexamination you must
provide the examining physician copies of all medical records (civilian,
military or Department of Veterans Affairs), including pharmacy records,
documenting all treatment since placement on the TDRL.  Failure to comply
with this requirement may result in termination of disability retired pay.

You must keep the U.S. Army Physical Disability Agency informed of your
current mailing address.  Address changes must be reported to: Commander,
U.S. Army Physical Disability Agency, ATTN: TAPD-PDB (TDRL Section),
Building 7, Walter Reed Army Medical Center, Washington, DC 20307-5001.

Failure to report for a scheduled exam or to notify the Physical Disability
Agency of an address change will result in the suspension of retired pay.

If your disability is rated at 50% or less, you will actually receive 50% of
your retired pay base per month while on the TDRL, unless entitled to more
based on length of service. If your rating is more than 50%, you will
receive that percentage of your retired pay base up to a maximum of 75%.

Since you have service-connected medical conditions, you should contact a
Department of Veterans Affairs counselor to learn about available benefits
such as disability compensation, rehabilitation programs, insurance,
employment assistance, home loans and medical care benefits.

Disability was incurred in a combat zone or incurred during the performance
of duty in combat-related operations as designated by the Secretary of
Defense (10 USC 1212 -- NDAA 2008 Sec 1646).

You are advised that a member of an armed force may not be required
to sign a statement relating to the origin, incurrence, or aggravation
of a disease or injury that he/she has.

for  DAVID M. TURBAN
CHIEF, OPERATIONS DIVISION

MAY 0 3 2011

APPROVED FOR THE
SECRETARY OF THE ARMY

DA FORM 199, JUN. 97

Joshua A. Berry, SGT [REDACTED]                              Continued...

9. THE BOARD FINDS THE SOLDIER IS PHYSICALLY UNFIT AND RECOMMENDS A COMBINED RATING OF:   80%

   AND THAT THE SOLDIER'S DISPOSITION BE: Placed on temporary disability retired list with reexamination during JAN, 2012

10. IF RETIRED BECAUSE OF DISABILITY, THE BOARD MAKES THE RECOMMENDED FINDING THAT:

   A. THE SOLDIER'S RETIREMENT IS NOT BASED ON DISABILITY FROM INJURY OR DISEASE RECEIVED IN THE LINE OF DUTY AS A DIRECT
      RESULT OF ARMED CONFLICT OR CAUSED BY AN INSTRUMENTALITY OF WAR AND INCURRING IN LINE OF DUTY DURING A PERIOD OF WAR
      AS DEFINED BY LAW.

   B. EVIDENCE OF RECORD REFLECTS THE SOLDIER WAS NOT A MEMBER OR OBLIGATED TO BECOME A MEMBER OF AN ARMED FORCE OR
      RESERVE THEREOF, OR THE NOAA OR THE USPHS ON 24 SEPTEMBER 1975.

   C. DISABILITY DID NOT RESULT FROM A COMBAT RELATED INJURY AS DEFINED IN 26 U.S.C. 104 AND FOR PURPOSES OF 10 U.S.C. 10216(G).

11. EXHIBITS (identify each)
    A. Appointing Orders          E. Commander's Statement     I. NCOER
    B. Medical Board Proceedings  F. LOO                       J. Transmittal
    C. Narsum                     G. ERB                       K. Health Record
    D. Profile                    H. LES

12. TYPED NAME, GRADE, BRANCH OF PRESIDENT       SIGNATURE                          DATE

    CARL M. JOHNSON, COL, AG  President                                             11.04.25

DA FORM 199, JUN. 97

04/28/2011 13:20 FAX  5026248804          IACH MEDICAL BOARDS       → DCPEB          ☑002/005
04/28/2011 10.51 FAX  5026248804          UC PEB                    → IHELAND        ☑004/004

· Joshua A. Berry, SGT  Redacted PII                                    Continued...

| 13. ELECTION OF SOLDIER |
|---|

TO: President, Physical Evaluation Board

    I HAVE BEEN ADVISED OF THE FINDINGS AND RECOMMENDATIONS OF THE PHYSICAL EVALUATION BOARD, AND HAVE RECEIVED A FULL EXPLANATION OF THE RESULTS OF THE FINDINGS AND RECOMMENDATIONS AND LEGAL RIGHTS PERTAINING THERETO AND

    FOR INFORMAL PROCEEDINGS ON SOLDIERS DETERMINED FIT (EXCEPT MEMBERS ON THE TDRL)

    _____  X CONCUR.

    _____  I DO NOT CONCUR. MY WRITTEN APPEAL _____ IS ATTACHED _____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

    FOR ALL OTHER INFORMAL PROCEEDINGS

    _XB_  I CONCUR AND WAIVE A FORMAL HEARING OF MY CASE.

    _____  I DO NOT CONCUR BUT WAIVE A FORMAL HEARING. MY WRITTEN APPEAL _____ IS ATTACHED _____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

    _____  I DO NOT CONCUR AND DEMAND A FORMAL HEARING _____ WITH PERSONAL APPEARANCE _____ WITHOUT PERSONAL APPEARANCE. MY STATEMENT IDENTIFYING MY ISSUES OF DISAGREEMENT WITH THE INFORMAL PEB _____ IS ATTACHED _____ IS NOT ATTACHED.

    _____  I REQUEST A REGULARLY APPOINTED COUNSEL TO REPRESENT ME.

    _____  I WILL HAVE COUNSEL OF MY CHOICE AT NO EXPENSE TO THE GOVERNMENT. I UNDERSTAND THAT I MUST NOTIFY MY COUNSEL AT THIS TIME OF THE PENDING HEARING. I FURTHER UNDERSTAND THAT A DELAY WILL NOT BE GRANTED MERELY BECAUSE I DID NOT CONTACT MY COUNSEL IN SUFFICIENT TIME FOR HIM OR HER TO PROPERLY PREPARE. I WILL INFORM MY COUNSEL THAT HE OR SHE SHOULD IMMEDIATELY CONTACT THE PEB TO COORDINATE FURTHER ACTIONS IN MY CASE.

| TYPED NAME & GRADE OF SOLDIER | SIGNATURE | DATE |
|---|---|---|
| Joshua A. Berry, SGT  Redacted PII | John a Berry | 28 April 11 |

| 14. COUNSELOR'S STATEMENT |
|---|

    I have informed the soldier of the findings and recommendations of the Physical Evaluation Board and explained to his/her the result of the findings and recommendations and his/her legal rights pertaining thereto. The soldier has made the election(s) shown above.

| TYPED NAME AND GRADE OF COUNSELOR | SIGNATURE | DATE |
|---|---|---|
| MIKKI TERRY GS09 | | 28 Apr 11 |

DA FORM 199, JUN. 97

Current Address: _____

Work phone number: _____

Home phone number: _____

Cell phone number: _____

Fax Number: _____

Unit phone number: (Commander/1SG) _____

Army KnowLedge OnLine (AKO) e-mail address: _____ @us.army.mil

Other e-mail address: (unit, hotmail, yahoo, etc): _____ ,

** TRANSITION / SEPARATION POINT: _____

** (Indicate this information on all elections involving separation from service, even if the soldier concurs and waives a formal hearing.)

If overseas, indicate the number one would have to dial in CONUS; e.g. 011-49-etc.
List DSN and Commercial Phone Numbers



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U. S. Army Garrison
Installation Management Command
FORT HOOD, TEXAS 76544-5016

REPLY TO
ATTENTION OF

IMWE-HOD-HR-CAC-LOD    (600-8-4)

DEC  7 2009

MEMORANDUM FOR Commander, United States Army Enlisted Records and
Evaluation Center, Fort Benjamin Harrison, Indiana 46249-5301

SUBJECT:  Line of Duty Investigation – INJURY – BERRY, Joshua A.,
[Redacted PII]  SGT

APPROVED FOR A DISLOCATION OF THE LEFT SHOULDER ONLY

Reviewed for completeness:  IN LINE OF DUTY.

BY AUTHORITY OF THE SECRETARY OF THE ARMY  (AR 600-8-4):

Encl

MARLEAN C. DRUCE
Installation Adjutant General

CF:
Cdr, 3/1 Inf
Cdr, HHB, 1-6 FA
SGT Joshua Berry
CRDAMC, PAD/Casualty



5A

A

## STATEMENT OF MEDICAL EXAMINATION AND DUTY STATUS
For use of this form, see AR 600-8-4, the proponent agency is DCS, G-1.

| THRU: (Include ZIP Code) | TO: (Include ZIP Code) | FROM: (Include ZIP Code) |
|---|---|---|
| COMMANDER<br>HHB 1-6 FA, 1ST ID<br>FT HOOD, TX 76544 | COMMANDER<br>HQ, USAG, IMCOM BLDG 126<br>FT HOOD, TX 76544 | COMMANDER<br>CARL R. DARNALL ARMY MED CEN<br>FT HOOD, TX 76544 |

| 1. NAME OF INDIVIDUAL EXAMINED (Last, First, and Middle Initial)<br>BERRY, JOSHUA A. | 2. SSN<br>Redacted PII | 3. GRADE<br>SGT |
|---|---|---|

| 4. ORGANIZATION AND STATION<br>HHB 1-6 FA, 1ST ID<br>FT HOOD, TX 76544 | 5. ACCIDENT INFORMATION | |
|---|---|---|
| | a. DATE<br>05 NOV 09 | b. PLACE (City and State)<br>FT HOOD, TX |

### SECTION I - TO BE COMPLETED BY ATTENDING PHYSICIAN OR HOSPITAL PATIENT ADMINISTRATOR

| 6. INDIVIDUAL WAS | ☐ OUT PATIENT | 7. NAME OF HOSPITAL OR TREATMENT FACILITY | ☐ CIVILIAN ☒ MILITARY |
|---|---|---|---|
| ☒ ADMITTED ☐ DEAD ON ARRIVAL | | CRDAMC | |

| 8. HOUR AND DATE ADMITTED<br>05 NOV 09 @ 1500 | 9. HOUR AND DATE EXAMINED |
|---|---|

10. NATURE AND EXTENT OF  ☒ INJURY  ☐ DISEASE  ☐  RESULTING IN DEATH (Explain)
LEFT SHOULDER DISLOCATION

11. MEDICAL OPINION: a. INDIVIDUAL ☐ WAS  ☐ WAS NOT UNDER THE INFLUENCE OF ☐ ALCOHOL  ☐ DRUGS (Specify):

b. INDIVIDUAL ☐ WAS  ☐ WAS NOT MENTALLY SOUND  (Attach Psychiatric evaluation if appropriate).

c. INJURY ☐ IS  ☐ IS NOT LIKELY TO RESULT IN A CLAIM AGAINST THE GOVERNMENT FOR FUTURE MEDICAL CARE.

d. INJURY ☐ WAS  ☐ WAS NOT INCURRED IN LINE OF DUTY.  BASIS FOR OPINION:

ITEMS A-D WAS UNKNOWN WHEN THIS REPORT WAS INITIATED.

| 12. THE FOLLOWING DISABILITY MAY RESULT<br>☒ TEMPORARY ☐ PERMANENT PARTIAL ☐ PERMANENT TOTAL | 13. BLOOD ALCOHOL TEST MADE<br>☐ YES ☒ NO | 14. NO. OF MG ALCOHOL/100 ML BLOOD |
|---|---|---|

15. DETAILS OF ACCIDENT OR HISTORY OF DISEASE  (how, where, when)
SM's INJURY OCCURRED DURING A MASS SHOOTING AT THE SRP SITE.  SM WAS EVALUATED AND ADMITTED TO 5
EAST FOR FURTHER CARE.

| 16. DATE<br>06 NOV 09 | 17. TYPED OR PRINTED NAME OF ATTENDING PHYSICIAN OR PATIENT ADMINISTRATOR<br>CAROL D. LEWIS, CASUALTY ASST., PAD | 18. SIGNATURE |
|---|---|---|

### SECTION II - TO BE COMPLETED BY UNIT COMMANDER OR UNIT ADVISER

| 19. DUTY STATION<br>☒ PRESENT FOR DUTY ☐ ABSENT WITHOUT AUTHORITY<br>☐ ABSENT WITH AUTHORITY ☐ ON PASS ☐ ON LEAVE | 20. HOUR AND DATE OF ABSENCE | |
|---|---|---|
| | a. FROM | b. TO |

21. ABSENCE WITHOUT AUTHORITY MATERIALLY INTERFERRED WITH THE PERFORMANCE OF MILITARY DUTY  (Explain in item 30 type of duty missed, hours of delay, and how it did or did not interfere with performance)
☐ YES  ☐ NO

| 22. INDIVIDUAL WAS ON<br>☒ ACTIVE DUTY ☐ ACTIVE DUTY FOR TRAINING<br>☐ INACTIVE DUTY TRAINING | 23. HOUR AND DATE TRAINING | |
|---|---|---|
| | a. BEGAN | b. ENDED |

| 24. RESERVIST DIED OF INJURIES RECEIVED PROCEEDING | ☐ DIRECTLY TO TRAINING | ☐ DIRECTLY FROM TRAINING |
|---|---|---|
| 25. MODE OF TRANSPORTATION | 26. HOUR BEGINNING TRAVEL | 27. DISTANCE INVOLVED | 28. NORMAL TIME FOR TRAVEL |

29. DUTY STATUS AT TIME OF DEATH IF DIFFERENT FROM TIME OF INJURY OR CONTRACTION OF DISEASE
☐ PRESENT FOR DUTY  ☐ ABSENT WITH AUTHORITY  ☐ ABSENT WITHOUT AUTHORITY

30. DETAILS OF ACCIDENT - REMARKS  (If additional space is needed, continue on reverse) (Attach inclosures as necessary)

SGT Berry was the victim of a mass shooting at the Soldier
Readiness Processing Center at Fort Hood, Texas on 5 November
2009.

| 31. FORMAL LINE OF DUTY INVESTIGATION REQUIRED<br>☒ YES ☐ NO | 32. INJURY IS CONSIDERED TO HAVE BEEN INCURRED IN LINE OF DUTY (Not applicable on deaths)  ☒ YES ☐ NO | |
|---|---|---|
| 33. DATE<br>30 Nov 2009 | 34. TYPED NAME AND GRADE OF UNIT COMMANDER OR UNIT ADVISER<br>McCaughrin, David C.  MAJ | 35. SIGNATURE |

DA FORM 2173, OCT 1972     REPLACES DA FORM 2173, 1 JUN 66, WHICH IS OBSOLETE     APD PE V2.01ES

33980

RCS: DAPCX-543

 FOR OFFICIAL USE ONLY

PCN: ZL9-CR1

## CASUALTY STATUS REPORT

Case Nr:  417060

Name:  Berry, Joshua Alan

Service:  United States Army

| TRACKING INFORMATION | |
|---|---|
| Report Dt/Tm: 2009/11/05 15:28 | OPS Interim Dt/Tm: 2009/11/06 21:28   OPS Closed Dt: 2009/11/06 |
| Received Dt/Tm:2009/11/06 09:23 | COD Closed Dt: |

**PERSONAL INFORMATION**

Sex: Male

Religion: No Religious Preference

Race: White

Ethnic Group: Other

DOB: Redacted PII

POB: Redacted PII

HOR: Redacted PII

Casualty's Marital Status   Effective Date

Parent's Information

Never Married

Marital Status:

Status Date:

Cust of Service Member:

Div Decree Date:

**NOK SUMMARY INFORMATION**

| Name | Nok Nr. | SUC | DOB | Relation | Notif Date/Time | Deceased? | Dth Gratuity Amount Paid | Date Paid |
|---|---|---|---|---|---|---|---|---|
| Berry, H Redacted PII Redacted PII | 1 | P | Redacted PII | Father | 2009/11/06 00:00 | Living | | |
| Mullen, F Redacted PII Redacted PII | 2 | P | Redacted PII | Mother | 2009/11/06 00:00 | Living | $0.00 | |
| Berry, C Redacted PII | 3 | P | | Daughter | | | | |

**DEATH GRATUITY REMARKS**

**AO INFORMATION**

Name

Grade of Rank

Organization/Unit

Contact Informaton

Printed On 12/16/2014 11:02:23 AM

**000065**

RCS: DAPCX-643  FOR OFFICIAL USE ONLY PCN: ZL9-CR1

## CASUALTY STATUS REPORT

Case Nr:   417000     Name:   Berry, Joshua Alan     Service:   United States Army

---

### CASUALTY INFORMATION

**Conflict Type:**

**Operation Incident:**

**Multi Cas Event:** Mass Shooting SRP site, Fort Hood, TX

**Event Type:**

**Personnel Type:** Regular     **Affiliation:** Active Duty     **Category:** Obligated/Voluntary Service

**CAC/BASE:** Ft. Hood CAC     **Incident Type:** Hostile

**Casualty Status:** NSI Ill/Injury     **Cas Category:**     **Dod Grp:**

**Inflicting Force:** Unknown     **TNG/Duty:** No

**Reason:** Gunshot Wound

| Incident Date/Time | Place | | Death Date/Time | Place |
|---|---|---|---|---|
| 2009/11/05 15:28 | Fort Hood, TX | | | |

**Vehicle Group:**

**Vehicle:**

**Armor Level:**

**Position In Vehicle:**     **Vehicle Ownership:**

**Date DD93 Prepared:** 2008/12/03     **Date Reviewed:** 2008/12/03     **Body Rcvrd:** No

**Treatment Facility Type:**

---

### CASUALTY TEXT INFORMATION

**CIRCUMSTANCES:**(06-NOV-09)  DES reported that there are twelve KIA, (includes one Soldier shooter) and 31 wounded.  Shooting SRP site, more information to follow upon receipt of SIR.

**DIAGNOSIS:**(06-NOV-09) Left Shoulder dislocation.

RCS: DAPCX-543

FOR OFFICIAL USE ONLY

PCN: ZL9-CR1

## CASUALTY STATUS REPORT

Case Nr:  417000          Name:  Barry, Joshua Alan          Service:   United States Army

---

| SERVICE MEMBER INFORMATION | | |
| --- | --- | --- |

**Rank:** SGT          **Service:** United States Army

**Grade:** E05          **Component:** Regular

**PMOS:** 13D2O          **DMOS:** 13D2O          **Basic Branch:** Field Artillery

**CMF:** Field Artillery

**Unit:** HHB, 1st Battalion, 9th Field Artillery, Fort Hood, TX

Higher Command:

**Duty Status:** PDY          **Start Dt:**          **End Dt:**          **UIC/PAS:** WAF6T0

**PEBD:** 1998/11/08          **BASD/ADBD:** 2006/05/29          **Basic Pay:**

---

| RESERVE TRAINING DATES: | |
| --- | --- |

**Trng Type:**          **Trng Start Dt:**          **Trng End Dt:**

---

| POSTHUMOUS PROMOTION INFORMATION | Date Recommended For Promotion | Rank Recommended | Posthumous Promotion Rank | Higher Rank Held |
| --- | --- | --- | --- | --- |

Printed On 1/8/2015 10:51:18 AM

000067

RCS: DAPCX-543



PCN: ZL9-CR1.

## CASUALTY STATUS REPORT

Case Nr:   417000                     Name:   Berry, Joshua Alan                     Service:   United States Army

| PERSONAL |
| PROTECTIVE |
| EQUIPMENT |

No Data Found

Printed On 12/18/2014 11:02:23 AM

000068

DCIPS Case Management

FOR OFFICIAL USE ONLY. INFORMATION IS PROTECTED BY THE PRIVACY ACT AND DOD 5400.11-R

**DCIPS Case Management** Version: 8.0.0.0

Main | Portal | Help | Logoff
Logged in: LISA.M.HOOKS | Production

| Main | Casualty | Next of Kin | CAO | Journal | Benefits/Entitlements | Mortuary Affairs | Claims | RFAD | Personal Effects | File Attachments |

**Casualty WorkSet**

Name:
SGT Berry, [Redacted]

Case:
417000

SSN:
Redacted PII

Status:
NSI III/Injury
1/14

Incident Date:
05-Nov-2009 15:28

Incident Location:
Fort Hood, Texas

**Casualty Text**

**Casualty Remarks**

Class | Circumstances | Diagnosis | Biography

[05-NOV-09] -- Left shoulder dislocation.

Remarks



## ARMY DECORATIONS BOARD MEMBER VOTE SHEET

### PART 1 - GENERAL DATA

**RECOMMENDED AWARD: PURPLE HEART**
**NAME: BERRY, JOSHUA A.**
**COMMAND: 6TH FIELD ARTILLERY REGIMENT**
**RANK: SGT**
**SSN:** Redacted PII

### PART 2 - BOARD MEMBER'S RECOMMENDATION:

☐ Approve the award.
☒ Disapprove the award.

**Comments**

Not a result of ENEMY ACTION.

# ARMY DECORATIONS BOARD MEMBER VOTE SHEET

## PART 1 - GENERAL DATA

**RECOMMENDED AWARD: PURPLE HEART**
**NAME: BERRY, JOSHUA A.**
**COMMAND: 6TH FIELD ARTILLERY REGIMENT**
**RANK: SGT**
**SSN:** Redacted PII

## PART 2 - BOARD MEMBER'S RECOMMENDATION:

☐ Approve the award.
☒ Disapprove the award.

**Comments**

SM was not in direct contact so by his own negligence he was not careful on where he dove for cover.

**ARMY DECORATIONS BOARD MEMBER VOTE SHEET**

**PART 1 - GENERAL DATA**

RECOMMENDED AWARD:  PURPLE HEART
NAME:  BERRY, JOSHUA A.
COMMAND: 6TH FIELD ARTILLERY REGIMENT
RANK:  SGT
SSN:  X Redacted PII

**PART 2 - BOARD MEMBER'S RECOMMENDATION:**

☐ Approve the award.

☒ Disapprove the award.

**Comments**

**ARMY DECORATIONS BOARD MEMBER VOTE SHEET**

**PART 1 - GENERAL DATA**

**RECOMMENDED AWARD:  PURPLE HEART**
**NAME:  BERRY, JOSHUA A.**
**COMMAND: 6TH FIELD ARTILLERY REGIMENT**
**RANK:  SGT**
**SSN:** Redacted PII

**PART 2 - BOARD MEMBER'S RECOMMENDATION:**

☐ Approve the award.
☑ Disapprove the award.

**Comments**

**ARMY DECORATIONS BOARD PRESIDENT SUMMARY SHEET** | **Date:**

APR 0 1 2015

1.  The Army Decorations Board met to consider the following award recommendation:

**RECOMMENDED AWARD: PURPLE HEART**
**NAME: BERRY, JOSHUA A.**
**COMMAND: 6TH FIELD ARTILLERY REGIMENT**
**RANK: SGT**
**SSN:** Redacted PII

2.  The Army Decorations Board by a ☐ majority ☒ unanimous vote recommends:

☐ Approve the award.

☒ Disapprove the award.

**Or:**

☐   The Army Decorations Board is unable to reach a majority decision.

4.  **Comments**



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE, DEPARTMENT 400
FORT KNOX, KY  40122-5400

**FEB 2 3 2015**

Office of The Adjutant General

The Honorable Rob Portman
United States Senate
ATTN:  Mr. Tyler N. Brace
448 Russell Senate Office Building
Washington, D.C.  20510-0001

Dear Senator Portman:

   This is in response to your February 16, 2015, inquiry concerning award of the Purple Heart to Staff Sergeant Joshua A. Berry.

   I sympathize with Sergeant Berry's family for their loss and understand his father's desire to have his son recognized for his service.  Under the National Defense Authorization Act for Fiscal Year 2015, Congress mandated that the Purple Heart be authorized to members of the Armed Forces who were killed or wounded in an attack inspired or motivated by a foreign terrorist organization in circumstances where the death or wound is the result of an attack targeted on an active duty member of the Armed Forces, unless the death or wound is the result of willful misconduct of the member.  Congress ordered that the Secretaries of the Armed Forces conduct a review of each death or wounding of members of the Armed Forces that occurred between September 11, 2001 and the date of the enactment of the Act.

   The Secretary of the Army conducted a review of the Fort Hood incident on November 5, 2009, and authorized award of the Purple Heart to those who qualified.  In the case of Sergeant Berry, official documentation shows that his injuries received on this day were not related to the attack or caused by the assailant.  Evidence shows that he was in a building adjacent to where the attack occurred and that the assailant did not enter or fire at the building he occupied.  As Sergeant Berry was not wounded as a direct result of the assailant's actions, the Purple Heart cannot be authorized under the provisions of the Act.

   Although this response is not favorable, it in no way diminishes our gratitude for Sergeant Berry's faithful and dedicated service to our Nation.  Thank you for your support of him and his family in this matter, as well as your continued support of our Veterans and the men and women serving in the Army today.

-2-

Should you have any additional questions, please contact me directly at (502) 613-8001 or david.k.macewen.mil@mail.mil.  My staff point of contact is Lieutenant Colonel Wil B. Neubauer, who may be reached at (502) 613-8547 or wil.b.neubauer.mil@mail.mil.

Sincerely,

David K. MacEwen
Brigadier General, U.S. Army
The Adjutant General



**SECRETARY OF THE ARMY**
WASHINGTON

0 6 FEB 2015

MEMORANDUM FOR Assistant Secretary of the Army (Manpower and Reserve Affairs)

SUBJECT: Eligibility for Purple Heart of Soldiers Killed or Wounded in Shooting at Fort Hood on 5 November 2009

1. After conducting a review pursuant to Section 571 of the Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015 (FY15 NDAA), I have determined that the circumstances related to the 5 November 2009 shooting at Fort Hood meet the criteria for the award of the Purple Heart in 10 U.S.C. § 1129a, which Section 571(a)(1) of the FY15 NDAA added to title 10 of the U.S. Code. Consequently, I direct that the Purple Heart be awarded to all qualifying soldiers.

2. I have also determined that the circumstances of this attack meet the eligibility criteria for the award of the Secretary of Defense Medal for the Defense of Freedom. Pursuant to my delegated authority, I direct that the Secretary of Defense Medal for the Defense of Freedom be awarded to all qualifying Army civilians and contractors.

3. In accordance with Section 571, please notify the Assistant Secretary of Defense (Readiness and Force Management) of my determination and, in coordination with the Deputy Chief of Staff, G-1, ensure that the Purple Heart or Medal for the Defense of Freedom is awarded to all qualifying personnel as soon as possible.

*SDMDF is for Civilians.*

John M. McHugh

CF:    Chief
       Deput
       Chief, Legislative Liaison
       Chief, Public Affairs

**000078**



PERSONNEL AND
READINESS

**UNDER SECRETARY OF DEFENSE**
4000 DEFENSE PENTAGON
WASHINGTON, D.C. 20301-4000

JAN 1 5 2015

MEMORANDUM FOR SECRETARIES OF THE MILITARY DEPARTMENTS
        UNDER SECRETARY OF DEFENSE FOR INTELLIGENCE

SUBJECT: Implementation Guidance for Statutory Changes to Purple Heart Criteria

   The Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for 2015, which was recently enacted, modifies the criteria for award of the Purple Heart and requires each Military Department to publish implementing guidance and to conduct a review of potentially qualifying incidents since September 11, 2001, to determine eligibility for the Purple Heart.

   Title 10, United States Code, section 1129a, as amended by the Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015, section 571 (Attachment 1), "Medals for Members of the Armed Forces and Civilian Employees of the Department of Defense Who were Killed or Wounded in an Attack by a Foreign Terrorist Organization," expands Purple Heart eligibility to members of the Armed Forces targeted in an attack due to such member's status in the Armed Forces, provided the attacker was in communication with a foreign terrorist organization before the attack, and the attack was inspired or motivated by the foreign terrorist organization. Section 571 is retroactive to September 11, 2001.

   Attachment 2 to this memo provides implementing guidance for section 571. The Military Departments will work with the intelligence community to make eligibility determinations in all incidents since September 11, 2001, that are deemed to relate to this provision. It is imperative that we work quickly and in concert to ensure our Service members receive the recognition to which they are entitled.

   As required by Executive Order 11016, "Authorizing Award of the Purple Heart," the Military Departments shall submit drafts of their implementation guidance to my office for approval by February 13, 2015. This will ensure uniformity in how we interpret the specific requirements of the statutory changes to Purple Heart criteria.

   If you have any questions regarding this matter, please contact my lead for awards and decorations, Mr. Carl Johnson, at 703-697-4615 or carl.d.johnson3.civ@mail.mil.

                                          Jessica L. Wright

Attachments:
As stated

000079

cc:
Assistant Secretary of the Army for Manpower and Reserve Affairs
Assistant Secretary of the Navy for Manpower and Reserve Affairs
Assistant Secretary of the Air Force for Manpower and Reserve Affairs
Chief of Staff, U.S. Army
Chief of Naval Operations
Chief of Staff, Air Force
Commandant of the Marine Corps
Chief of the National Guard Bureau
Deputy Chief of Staff for Personnel, U.S. Army
Director, Navy Staff
Deputy Chief of Staff, Manpower, Personnel and Services, U.S. Air Force
Deputy Commandant for Manpower and Reserve Affairs, U.S. Marine Corps
Director, Defense Combating Terrorism Center
Director, Defense Intelligence Agency

000080

Attachment 2

- o   For any attack that results in a favorable Purple Heart determination in which a civilian employee of the Department of Defense or civilian contractor was also killed or wounded, the Military Department Secretary concerned shall, during the review process, determine if award of the Medal for the Defense of Freedom to that civilian employee or civilian contractor is warranted pursuant to applicable eligibility criteria.

- o   Notify the office of the ASD(R&FM) of the outcome of each review, prior to public announcement.

- To assist in making a Purple Heart determination pursuant to section 1129a, title 10, U.S.C., the Military Department Secretary concerned may request an intelligence assessment from the Defense Intelligence Agency's Defense Combating Terrorism Center (DCTC). The DCTC assessment of an attack by an individual or entity will assess whether:  1) The individual or entity was in communication with the foreign terrorist organization before the attack; and, 2) The attack was inspired or motivated by the foreign terrorist organization. The assessment shall include supporting citations and rationale.  The DCTC shall comply with each such request.

- This guidance will be incorporated in DoD Manual 1348.33, Volume 3, *Manual of Military Decorations and Awards,* during the next revision to the manual.

WARREN CO. HEALTH DEPT Fax:513-695-2941        Dec 30 2015 01:58pm  P002/002

Ohio Department of Health

Reg. Dist. No.        83

Primary Reg. Dist. No. 8300

Registrar's No.   **Redacted PII**

VITAL STATISTICS

**CERTIFICATE OF DEATH**

Type or print in permanent blue or black ink

State File No. **Redacted PII**

| | | |
|---|---|---|
| 1.Decedent's Legal Name (Include AKA's if any)(First, Middle, LAST, suffix)<br>JOSHUA A BERRY | 2. Sex<br>Male | 3. Date of Death (Mo/Day/Year)<br>February 13, 2013 |

| 4. Social Security Number<br>**Redacted PII** | 5a. Age<br>(Years)<br>36 | 5b. Under 1 Year<br>Months / Days | 5c. Under 1 day<br>Hours / Minutes | 6. Date of Birth (Mo/Day/Year)<br>**Redacted PII** | 7. Birthplace (City and State or Foreign Country)<br>**Redacted PII** |
|---|---|---|---|---|---|

| 8a. Residence State<br>**Redacted PII** | 8b. County<br>**Redacted PII** | 8c. City or Town<br>**Redacted PII** | |
|---|---|---|---|
| 8d. Street and Number<br>**Redacted PII** | 8e. Apt. No.<br>**Redacted PII** | 8f. Zipcode<br>**Redacted PII** | 8g. Inside City Limits?<br>No |

| 9. Ever in US Armed Forces?<br>Yes | 10. Marital Status at Time of Death<br>Divorced (and not remarried) | 11. Surviving Spouse's Name (If wife, give name prior to first marriage) |
|---|---|---|

| 12. Decedent's Education<br>COLLEGE, BUT NO DEGREE | 13. Decedent of Hispanic Origin<br>No | 14. Decedent's Race<br>White |
|---|---|---|

| 15. Father's Name<br>**Redacted PII** | 16. Mother's Name (prior to first marriage)<br>**Redacted PII** |
|---|---|

| 17a. Informant's Name<br>**Redacted PII** | 17b. Relationship to Decedent<br>**Redacted PII** | 17c. Mailing Address:   (Street and Number, City, State, Zip Code)<br>**Redacted PII** |
|---|---|---|

| 18a. Place of Death<br>Decedent's Home | | |
|---|---|---|
| 18b. Facility Name (if not institution, give street & number)<br>**Redacted PII** | 18c. City or Town, State and Zip Code<br>**Redacted PII** | 18d. County of Death<br>**Redacted PII** |

| 19. Signature of Funeral Service Licensee or Other Agent<br>*Darrell W. Schneider* | 20. License Number (of licensee)<br>006713 | 21. Name and Complete Address of Funeral Facility<br>VORHIS & RYAN FUNERAL HOME |
|---|---|---|
| 22a. Method of Disposition<br>Burial | 22b. Date of Disposition<br>February 16, 2013 | 5501 MONTGOMERY RD |
| 22c. Place of Disposition (Name of Cemetery, Crematory, or other place)<br>Gate of Heaven Cemetery | 22d. Location (City/Town and State)<br>MONTGOMERY, OH | NORWOOD, OH 45212 |

| 23. Registrar's Signature<br>*Marie Jensen* | | 24. Date Filing<br>March 4, 2013 |
|---|---|---|
| 25a. Name of Person Issuing Burial Permit<br>CROWE, TRACY | 25b. District No.<br>3100 | 25c. Date Burial Permit Issued<br>February 15, 2013 |

| 26a. Certifier<br>(Check only one) | ☐ Certifying Physician...<br>☐ Coroner...<br>☐ Medical Examiner... | |
|---|---|---|
| 26b. Time of Death<br>1525 | 26c. Date Pronounced Dead (Mo/Day/Year)<br>02/13/2013 | 26d. Was case referred to coroner?<br>Yes |
| 26e. Signature and Title of Certifier<br>*Russell Uptegrove* MD | 26f. License number<br>35.077297 | 26g. Date Signed<br>2-22-13 |
| 26h. Name (First, Middle) and Title of Person who Completed Cause of Death<br>UPTEGROVE, RUSSELL LOUIS, 406 JUSTICE DR., SUITE 313 LEBANON, OH 45036 | | |

| 27. Part I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line. Type or print in permanent blue or black ink. | | Approximate interval Onset to Death |
|---|---|---|
| Immediate Cause<br>(Final disease or condition resulting in death) | a. Hanging | UNKNOWN |
| Sequentially list conditions, if any, leading to immediate cause. | b. Due to (or as Consequence of) | |
| Enter Underlying Cause | c. Due to (or as Consequence of) | |
| (Disease or injury that initiated events resulting in death) | d. Due to (or as Consequence of) | |

| Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 28a. Was An Autopsy Performed?<br>No | 28b. Were Autopsy Findings Available Prior To Completion Of Cause of Death?<br>Not Applicable |
|---|---|---|

| 30. Did Tobacco Use Contribute to Death?<br>No | 31. If Female, Pregnancy Status<br>NOT APPLICABLE. | 32. Manner of Death<br>Suicide. |
|---|---|---|

| 33a. Date of Injury (Mo/Day/Year)<br>UNKNOWN | 33b. Time of Injury<br>00:00 | 33c. Place of Injury (e.g., Decedent's home, construction site, restaurant, wooded area)<br>Residence | 33d. Injury at Work?<br>No |
|---|---|---|---|
| 33e. Location of Injury (Street and Number or Rural Route Number, City or Town, State)<br>**Redacted PII** | | | |
| 33f. Describe How Injury Occurred:<br>Deceased hung himself | | 33g. If Transportation Injury, Specify: | |

HEA 2724  Rev. 01/07

GOVERNING USE ONLY

**000082**

CAUTION: NOT TO BE USED FOR IDENT. ....ATION PURPOSES          ANY ALTERATIC... .. IN SHADED AREAS RENDER FORM VOID

## CORRECTION TO DD FORM 214,
## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle) BERRY, JOSHUA ALAN | 2. DEPARTMENT, COMPONENT AND BRANCH ARMY/RA/ | 3. SOCIAL SECURITY NUMBER (Also, Service Number if applicable) |
|---|---|---|
| 4. MAILING ADDRESS (Include ZIP Code) Redacted PII | | Redacted PII |

5. ORIGINAL DD FORM 214 IS CORRECTED AS INDICATED BELOW:

| ITEM NO. | CORRECTED TO READ |
|---|---|
| | SEPARATION DATE ON DD FORM 214 BEING CORRECTED: 2011/05/31 |
| 4a | SSG |
| 4b | E06 |
| 12i | 2011 05 31//NOTHING FOLLOWS |

| 6. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality) | OH | OFFICE OF VETERANS AFFAIRS | X | YES | | NO |
|---|---|---|---|---|---|---|
| 8. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | | | X | YES | | NO |

| 7. DATE (YYYYMMDD) | 8. OFFICIAL AUTHORIZED TO SIGN | | | |
|---|---|---|---|---|
| | a. TYPED NAME (Last, First, Middle Initial) | b. GRADE | c. TITLE | d. SIGNATURE |
| 20150401 | NAOMI J ROBERTS | GS07 | HUMAN RESOURCE ASSISTANT | ESIGNED BY: ROBERTS.NAOMI.JARUSHA.1 Redacted PII |

**DD FORM 215, AUG 2009**          PREVIOUS EDITION IS OBSOLETE.          **SERVICE-2**
GENERATED BY TRANSPROC

000083

**CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES**

**THIS IS AN IMPORTANT RECORD. SAFEGUARD IT.**

**ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID**

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle) BERRY, JOSHUA ALAN | 2. DEPARTMENT, COMPONENT AND BRANCH ARMY/RA | 3. SOCIAL SECURITY NUMBER Redacted PII |
|---|---|---|

| 4a. GRADE, RATE OR RANK SGT | b. PAY GRADE E05 | 5. DATE OF BIRTH (YYYYMMDD) Redacted PII | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) 00000000 |
|---|---|---|---|

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY GAHANNA, OHIO | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) Redacted PII |
|---|---|

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND WT CO A WARRIORS FT KNOX MC | b. STATION WHERE SEPARATED FORT KNOX, KY 40121 |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED N/A | 10. SGLI COVERAGE   NONE AMOUNT: $ 400,000.00 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty.  List additional specialty numbers and titles involving periods of one or more years.) 13B2O CANNON CREWMEMBER - 4 YRS 7 MOS//91B2O WHEELED VEHICLE MECHA - 4 YRS 7 MOS//NOTHING FOLLOWS | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a. DATE ENTERED AD THIS PERIOD | 2006 | 11 | 08 |
| | b. SEPARATION DATE THIS PERIOD | 2011 | 05 | 31 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 0004 | 06 | 23 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 0000 | 06 | 08 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 0007 | 05 | 22 |
| | f. FOREIGN SERVICE | 0000 | 11 | 26 |
| | g. SEA SERVICE | 0000 | 00 | 00 |
| | h. INITIAL ENTRY TRAINING | 0000 | 00 | 00 |
| | i. EFFECTIVE DATE OF PAY GRADE | 2008 | 01 | 01 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) AFGHANISTAN CAMPAIGN MEDAL W/ CAMPAIGN STAR //ARMY COMMENDATION MEDAL (4TH AWARD)//ARMY ACHIEVEMENT MEDAL (2ND AWARD)//ARMY GOOD CONDUCT MEDAL//ARMY RESERVE COMPONENTS ACHIEVEMENT MEDAL (2ND AWARD)//NATIONAL DEFENSE SERVICE MEDAL (2ND AWARD)//GLOBAL WAR ON TERRORISM SERVICE//CONT IN BLOCK 18 | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) COMBAT LIFE SAVERS CRS, 1 WEEK, 2008//PR LDRSHP DEV CRS, 2 WEEKS, 2007//NOTHING FOLLOWS |
|---|---|

| | | YES | NO |
|---|---|---|---|
| 15a. COMMISSIONED THROUGH SERVICE ACADEMY | | X | NO |
| b. COMMISSIONED THROUGH ROTC SCHOLARSHIP (10 USC Sec. 2107b) | | X | NO |
| c. ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap. 109) (If Yes, years of commitment:  NA ) | | X | NO |

| 16. DAYS ACCRUED LEAVE PAID 0 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |
|---|---|---|---|

18. REMARKS ////////////////////////////////////////////////////////////////////////////////////////
SERVED IN A DESIGNATED IMMINENT DANGER PAY AREA//SERVICE IN AFGHANISTAN
20080630-20090625//MEMBER HAS COMPLETED FIRST FULL TERM OF SERVICE//U.S. FLAG ISSUED//
CONT FROM BLOCK 13: MEDAL//NON COMMISSIONED OFFICER PROFESSIONAL DEVELOPMENT RIBBON//ARMY
SERVICE RIBBON//OVERSEAS SERVICE RIBBON//NATO MEDAL//COMBAT ACTION BADGE//DRIVER AND
MECHANIC  BADGE W/DRIVER-WHEELED VEHICLE(S) CLASP//NOTHING FOLLOWS

The information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) Redacted PII | b. NEAREST RELATIVE (Name and address - Include ZIP Code) Redacted PII |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality)   OH   OFFICE OF VETERANS AFFAIRS | X YES | NO |
|---|---|---|

| a. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | X YES | NO |
|---|---|---|

| 21.a. MEMBER SIGNATURE ESIGNED BY: BERRY.JOSHUA .ALAN. Redacted PII | b. DATE (YYYYMMDD) 20110520 | 22.a. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title, signature) ESIGNED BY: CULPEPPER.JOLENE. Redacted PII JOLENE CULPEPPER, ACTING CHIEF, TRANS CTR | b. DATE (YYYYMMDD) 20110520 |
|---|---|---|---|

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION RETIREMENT | 24. CHARACTER OF SERVICE (Include upgrades) HONORABLE |
|---|---|

| 25. SEPARATION AUTHORITY AR 635-40, PARA 4-24B (2) | 26. SEPARATION CODE SFK | 27. REENTRY CODE 4 |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION DISABILITY, TEMPORARY |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) NONE | 30. MEMBER REQUESTS COPY 4 (Initials)  JAB |
|---|---|

**DD FORM 214, AUG 2009**   PREVIOUS EDITION IS OBSOLETE.
GENERATED BY TRANSPROC

**SERVICE - 2**

## PRESEPARATION COUNSELING CHECKLIST
## FOR ACTIVE COMPONENT SERVICE MEMBERS
*(Please read Privacy Act Statement below before completing this form.)*

### SECTION I - PRIVACY ACT STATEMENT

**AUTHORITY:** 10 USC 1142, E.O. 9397.
**PRINCIPAL PURPOSE(S):** To record preseparation services and benefits requested by and provided to Service members; to identify preseparation counseling areas of interest as a basis for development of an Individual Transition Plan (ITP). The signed preseparation counseling checklist will be maintained in the Service member's official personnel file. Title 10, USC 1142, requires that not later than 90 days before the date of separation, preseparation counseling for Service members be made available.
**ROUTINE USE(S):** None.
**DISCLOSURE:** Voluntary; however, it will not be possible to initiate preseparation services or develop an Individual Transition Plan (ITP) for a Service member if the information is not provided.

### SECTION II - PERSONAL INFORMATION *(To be filled out by all applicants)*

| 1. NAME *(Last, First, Middle Initial)*  BERRY , JOSHUA | 2. SSN  Redacted PII | 3. GRADE  E5 |
|---|---|---|

| 4. SERVICE *(X one)* | | 5. DUTY STATION | 6. ANTICIPATED DATE OF SEPARATION *(YYYYMMDD)* | I am *(X one)* |
|---|---|---|---|---|
| X ARMY | AIR FORCE | fort knox | | Retiring |
| MARINE CORPS | COAST GUARD | | 01/30/2011 | X Separating Voluntarily |
| NAVY | | | | Separating Involuntarily |

| 7. DATE CHECKLIST PREPARED *(YYYYMMDD)*  2010-03-16 | 7.a. Place an X in this box ONLY if you have less than 90 days remaining on active duty before separation or retirement. Please read the following instructions: If voluntarily separating or retiring and you have less than 90 days remaining on active duty before your separation or retirement, why was your preseparation counseling not conducted earlier? Please go to Section V - REMARKS and check the response that best describes the reason why preseparation counseling was not conducted earlier. |
|---|---|

### SECTION III. ALL TRANSITIONING SERVICE MEMBERS MUST READ INSTRUCTIONS, SIGN AND DATE.

a.  Items checked "YES" are mandatory for Service member to receive further information or counseling, or attend additional workshops, briefings, classes, etc. Service members that check "YES" in Item 11.a. will be released by Commanders to attend the appropriate workshop, briefing, etc. in its entirety.

b.  Shaded Areas: Areas that are shaded mean (1) the information is not applicable or (2) the information is referring to a Web site address and the URL requires no explanation. For example: 11.b. is shaded under SPOUSE because DD Form 2586 does not apply to spouses. Items 11.f.(1) and (2) are shaded because they refer to Web site addresses and they require no explanation.

c.  POST GOVERNMENT (MILITARY) SERVICE EMPLOYMENT RESTRICTION COUNSELING (Item 19): Service members cannot decline this counseling. It is required prior to separation. Therefore, no blocks exist to allow Service members the option of checking "YES", "NO", or "NA". Transition/Command Career Counselors shall refer separating and retiring Service members to an installation legal office (Staff Judge Advocate or Counsel's Office) to ensure they receive a post government (military) employment restrictions briefing or counseling from an ethics official.

d.  I was offered preseparation counseling on the above date (Item 7) on my transition benefits and services as appropriate. I understand that this preseparation counseling is provided to assist my transition process as required by Title 10, USC, Chapter 58, Section 1142.

e.  I have checked those items where I desire further information or counseling. I have also been advised where to obtain assistance in developing an Individual Transition Plan (ITP).

f.  I X accept ☐ decline *(X appropriate block)* preseparation counseling. *(If you check the "decline" box, you are declining preseparation counseling only on those items on this checklist where you have the option of declining.)* Sign and date the checklist.

| 8a. SERVICE MEMBER SIGNATURE  *(signature)* | b. DATE *(YYYYMMDD)*  2011 05 12 | 9a. TRANSITION COUNSELOR SIGNATURE  *(signature)* | b. DATE *(YYYYMMDD)*  2011 05 12 |
|---|---|---|---|

**SECTION IV.** Please indicate *(by checking YES or NO)* whether you (or your spouse if applicable) desire counseling for the following services and benefits. All benefits and services checked YES should be used in developing your ITP. The following services and benefits are available to all Service members, unless otherwise specified:

| | SERVICE MEMBER | | | SPOUSE | | | REFERRED TO |
|---|---|---|---|---|---|---|---|
| | YES | NO | N/A | YES | NO | N/A | |
| **10. EFFECTS OF A CAREER CHANGE** | | X | | | | | |
| **11. EMPLOYMENT ASSISTANCE** | | | | | | | |
| a. Dept. of Labor sponsored Transition Assistance Workshops and Service sponsored Transition Seminars/Workshops | | X | | | | | |
| b. Use of DD Form 2586 (Verification of Military Experience and Training) | | X | | | | | |
| (1) Do you want a copy of your Verification of Military Experience and Training (VMET) Document? If yes, go to http://www.dmdc.osd.mil/vmet to print your VMET document and cover letter. | X | | | | | | |
| c. DoD Job Search Web site   http://www.dod.jobsearch.org | X | | | | | | |
| d. Transition Bulletin Board (TBB) and Public and Community Service Opportunities  http://www.dmdc.osd.mil/ot/ | | X | | | | | |
| e. Teacher and Teacher's Aide Opportunities/Troops to Teachers http://www.proudtoserveagain.com | X | | | | | | |
| f. Federal Employment Opportunities | X | | | | | | |
| (1) http://www.usajobs.com | | | | | | | |
| (2) http://www.go-defense.com | | | | | | | |
| g. Hiring Preference in Non-Appropriated Fund (NAF) jobs (Eligible Involuntary Separatees) | | X | | | | | |

DD FORM 2648, JUN 2005          PREVIOUS EDITION IS OBSOLETE.          Page 1 of 3 Pages

000085

| PRESEPARATION COUNSELING CHECKLIST FOR ACTIVE COMPONENT SERVICE MEMBERS | NAME (Last, First, Middle Initial) BERRY , JOSHUA | | | | | | SSN Redacted PII |

| SECTION IV (Continued) | SERVICE MEMBER | | | SPOUSE | | | REFERRED TO |
|---|---|---|---|---|---|---|---|
| | YES | NO | N/A | YES | NO | N/A | |
| **11. EMPLOYMENT ASSISTANCE** (Continued) | | | | | | | |
| h. State Employment Agencies/America's Job Bank | X | | | | | | |
| (1) http://www.ajb.org | | | | | | | |
| i. Career One Stop http://www.careeronestop.org | | X | | | | | |
| **12. RELOCATION ASSISTANCE** *NOTE: Status of Forces Agreement limitations apply for overseas Service members. | | | | | | | |
| a. Permissive (TDY/TAD) and Excess leave | | X | | | | | |
| *b. Travel and transportation allowances | | X | | | | | |
| **13. EDUCATION/TRAINING** | | | | | | | |
| a. Education benefits (Montgomery GI Bill, Veterans Educational Assistance Program, Vietnam-era, etc.) | X | | | | | | |
| (1) http://www.gibill.va.gov | | | | | | | |
| b. Workforce Investment Act (WIA) | | X | | | | | |
| c. Additional education or training options | | X | | | | | |
| (1) Small Business Administration http://www.sba.gov | | X | | | | | |
| d. Licensing, Certification and Apprenticeship Information | | X | | | | | |
| (1) Department of Labor http://www.acinet.org | | | | | | | |
| (2) U.S. Army https://www.cool.army.mil | | | | | | | |
| (3) U.S. Military Apprenticeship Program https://www.cnet.navy.mil/usmap/ | | | | | | | |
| (4) DANTES http://www.dantes.doded.mil/dantes_web/danteshome.asp | | | | | | | |
| e. Defense Activity for Non-Traditional Educational Support http://www.dantes.doded.mil/dantes_web/danteshome.asp | | X | | | | | |
| **14. HEALTH AND LIFE INSURANCE** | | | | | | | |
| a. Transitional Health Care Benefit - for Eligibility Criteria and additional information go to: http://www.tricare.osd.mil or http://www.tricare.osd.mil/Factsheets/viewfactsheet.cfm | X | | | | | | |
| b. Option to purchase 18-month conversion health insurance. Concurrent pre-existing condition coverage with purchase of conversion health insurance. http://www.tricare.osd.mil/chcbp | X | | | | | | |
| c. Veterans' Group Life Insurance (VGLI) http://www.insurance.va.gov | | X | | | | | |
| d. Veterans Centers http://www.va.gov/rcs | | X | | | | | |
| **15. FINANCES** | | | | | | | |
| a. Financial Management (TSP, Retirement, SBP) | | X | | | | | |
| b. Separation pay (Eligible Involuntary Separatees) | X | | | | | | |
| c. Unemployment compensation | X | | | | | | |
| d. Other financial assistance (VA Loans, SBA Loans, and other government grants and loans) | X | | | | | | |
| **16. RESERVE AFFILIATION** | | X | | | | | |
| **17. VETERANS BENEFITS BRIEFING** | X | | | | | | |
| **18. DISABLED VETERANS BENEFITS** | | | | | | | |
| a. Disabled Transition Assistance Program (DTAP) | X | | | | | | |
| b. VA Disability Benefits http://www.va.gov | X | | | | | | |

**19. POST GOVERNMENT (MILITARY) SERVICE EMPLOYMENT RESTRICTION COUNSELING**
Information on post government (military) employment counseling (restrictions on employment, imposed by statute and regulation) shall be conducted by Services as appropriate. Transition/Command Career Counselors shall refer separating and retiring Service members to an installation legal office (Staff Judge Advocate or Counselor's Office) to ensure they receive a post government (military) employment restrictions briefing or counseling from an ethics official.

**20. INDIVIDUAL TRANSITION PLAN (ITP)**

a. As a separating Service member, after receiving basic preseparation counseling information and completing this checklist, you and your spouse (if applicable) are entitled to receive assistance in developing an Individual Transition Plan (ITP) based on the areas of interest you have identified on this checklist. The preseparation counseling checklist addresses a variety of transition services and benefits to which you may be entitled. Each individual is strongly encouraged to take advantage of the opportunity to develop an ITP. The purpose of the ITP is to identify educational, training, and employment objectives and to develop a plan to help you achieve those objectives. It is the Military Department's responsibility to offer Service members the opportunity and assistance to develop an ITP. It is the Service member's responsibility to develop an ITP based on his/her specific objectives and the objectives of his or her spouse, if appropriate.

| b. Based upon information received during Preseparation Counseling, do you desire assistance in developing your ITP? If yes, the Transition staff/Command Career Counselor is available to assist you. | SERVICE MEMBER | | | SPOUSE | | | |
|---|---|---|---|---|---|---|---|
| | YES | NO | N/A | YES | NO | N/A | |
| | | X | | | | | |

DD FORM 2648, JUN 2005

Page 2 of 3 Pages

000086

| PRESEPARATION COUNSELING CHECKLIST FOR ACTIVE COMPONENT SERVICE MEMBERS | NAME *(Last, First, Middle Initial)* BERRY , JOSHUA | SSN Redacted PII |
| --- | --- | --- |

**SECTION V - REMARKS** *(Attach additional pages if necessary)*

Complete the following ONLY if you placed an X in Item 7a.  See page 1, Section II, Item 7a.

**21.  My counseling was conducted 89 days or less before my separation or retirement because:**  *(X one)*

| | |
| --- | --- |
| | MISSION REQUIREMENTS |
| | PERSONAL REASONS |
| | MEDICAL SEPARATION |
| | LEGAL SEPARATION |
| | CHANGE IN CAREER DECISION |
| | OTHER *(Please provide a brief explanation)* |

**DD FORM 2648, JUN 2005**

000087

DEPARTMENT OF THE ARMY
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, US ARMY GARRISON COMMAND, FORT KNOX
26 PERSHING DRIVE
FORT KNOX, KENTUCKY 40121-4215

ORDERS 131-0154                                          11 May 2011

BERRY, JOSHUA ALAN ▊Redacted PII▊ SGT CO A WARRIOR TRANSITION BN (W2LA22) FORT KNOX
KY 40121

The following order is amended as indicated.

So much of:  Orders 130-0169, US ARMY GARRISON CMD FT KNOX FT KNOX KY 40121, 10
   May 2011
Pertaining to:  RETIREMENT OF BERRY, JOSHUA ALAN ▊Redacted PII▊ SGT CO A WARRIOR
TRANSITION BN (W2LA22) FORT KNOX KY 40121

As reads:  RETIRED GRADE OF RANK: SGT
How changed:  IS AMENDED TO READ: RETIRED GRADE OF RANK: SSG

Auth:  AR 635-40
Format:  700

FOR THE COMMANDER:

```
*****************************
*         OFFICIAL COPY         *
*   HQ, US ARMY GARRISON   *
*           FORT KNOX           *
*****************************
```
MICHAEL G. CARROLL
ADJUTANT GENERAL

DISTRIBUTION:
SGT BERRY (1)
CDR, WTB (1)
IMSE-KNX-HRMP  (1)

DEPARTMENT OF THE ARMY
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, US ARMY GARRISON COMMAND, FORT KNOX
26 PERSHING DRIVE
FORT KNOX, KENTUCKY 40121-4215

ORDERS 130-0169                                    10 May 2011

1. BERRY, JOSHUA ALAN ▇Redacted PII▇ SGT CO A WARRIOR TRANSITION BN (W2LA22) FORT
KNOX KY 40121

You are reassigned as shown for separation processing.

Assigned to: US ARMY TRANSITION CENTER (W6CD03) FORT KNOX KY 40121
Reporting date: 20 May 2011
Additional instructions: a.  Official travel arrangements purchased through a
    commercial travel office/travel agency not under contract to the government
    is not reimbursable.  b.  Dependents: Yes.  c.  Survivor Benefit Plan (SBP)
    must be completed prior to your retirement date.  d.  You are authorized
    shipment of household goods.  e.  All Soldiers are required to be in
    military uniform to out-process.  f.  By public law, all Soldiers separating
    from active duty must have completed the mandated preseparation counseling
    (DD Form 2648).  g.  If you are located over 50 miles from a transition
    center, you may enroll through the Army Career Alumni Program (ACAP) remote
    site at the following address:
    www.acap.army.mil/transitioner/remote_clients/index.cfm Additional
    information may be obtained by calling (571) 226-5043.

FOR ARMY USE
Auth:  AR 635-40
18 years act Federal svc on 1 Nov 81:  No
HOR:  NORWOOD OH
Scheduled date of separation:  31 May 2011
MDC:  7BE1
Place EAD or OAD: ▇Redacted PII▇
Comp:  REGULAR
SPD:  SFK1
PEBD:  Not applicable
Format:  430

2. BERRY, JOSHUA ALAN ▇Redacted PII▇ SGT CO A WARRIOR TRANSITION BN (W2LA22) FORT
KNOX KY 40121

You are released from assignment and duty because of physical disability
incurred while entitled to basic pay and under conditions that permit your
placement on the Temporary Disability Retired List.

Effective date of retirement:  31 May 2011
Date placed on retirement list:  01 June 2011
Retired grade of rank:  SGT
Current grade effective date:  1 January 2008
Authorized place of retirement:  US ARMY TRANSITION CENTER (W6CD03) FORT KNOX
    KY 40121
Requested place of retirement:  Not applicable
Percentage of disability:  80
DOB: ▇Redacted PII▇
Sex:  M
Retirement type and allotment code:  TEMP DISABILITY/6

ORDERS 130-0169      HQ, US ARMY GARRISON  COMMAND, FORT KNOX      10 May 2011

Component:  RA
Statute authorizing retirement:    1202
Other eligible laws:    1372
Disability retirement:  5 years, 1 months, 1 days
Section 1405:  5 years, 8 months, 7 days
Basic Pay:  12 years, 6 months, 23 days
Date initially entered military: 29 March 1995
Completed over 4 years of active service as Enl or WO:  Yes
Disability is based on injury or disease received in the line of duty as a
    direct result of armed conflict or caused by an instrumentality of war and
    incurred in the line of duty during a period of war as defined by law:  No
Disability resulted from a combat related injury as defined in 26 USC 104:  No
Member of an Armed Force on 24 Sep 75:  No
Significant awards:  No
Additional instructions:  a.  You are authorized up to one year to complete
    selection of a home and complete travel in connection with this action.  b.
    Mentally competent: Yes.
PEBD: ' Not applicable
Format:  610

FOR THE COMMANDER:

```
****************************
*        OFFICIAL COPY        *
*  HQ, US ARMY GARRISON  *
*          FORT KNOX          *
****************************
```
MICHAEL G. CARROLL
ADJUTANT GENERAL


DISTRIBUTION:
SGT BERRY (1)
CDR, WTB (1)
IMSE-KNX-HRMP  (1)
ATZK-CSM-R (1)

2

000090

Please read the instructions before completing this form.

# Servicemembers' Group Life Insurance Election and Certificate

| Use this form to: (check all that apply) ☑ Name or update your beneficiary ☐ Reduce the amount of your insurance coverage ☐ Decline insurance coverage | **Important:** This form is for use by Active Duty and Reserve members. This form does not apply to and cannot be used for any other Government Life Insurance. |

| Last name   First name   Middle name | Rank, title or grade | Social Security Number |
|---|---|---|
| BERRY, JOSHUA ALAN | SGT | Redacted PII |

| Branch of Service (Do not abbreviate)   Army | Current Duty Location   W2LA22 |
|---|---|

## Amount of Insurance

By law, you are automatically insured for $400,000. *If you want $400,000 of insurance*, skip to *Beneficiary(ies) and Payment Options*. *If you want less than $400,000* of insurance, please check the appropriate block below and write the amount desired and your initials. Coverage is available in increments of $50,000. *If you do not want any insurance*, check the appropriate block below and write (in your own handwriting), "I do not want insurance at this time."

Declining SGLI coverage also cancels all family coverage and traumatic injury protection under the SGLI program.

☑ I want coverage in the amount of $ 400,000     Your initials Redacted

☐ _____
(Write "I do not want insurance at this time.")

*Note: Reduced or refused insurance can only be restored by completing form SGLV 8285 with proof of good health and compliance with other requirements. Reduced or refused insurance will also affect the amount of Veterans' Group Life Insurance you can convert to upon separation from service.*

## Beneficiary(ies) and Payment Options

I designate the following beneficiary(ies) to receive payment of my insurance proceeds. I understand that the principal beneficiary(ies) will receive payment upon my death. If all principal beneficiaries predecease me, the insurance will be paid to the contingent beneficiary(ies).

| Complete Name (first, middle, last) and Address of each beneficiary | Social Security Number (if known) | Relationship to you | Share to each beneficiary (Use %, $ amounts or fractions) | Payment Option (Lump sum or 36 equal monthly payments) |
|---|---|---|---|---|
| **Principal** | | | | |
| 1. Redacted PII | Redacted PII | DAUGHTER | 100% | 36 MONTHS |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| Additional Principals on page 4 (check if applicable) | | | | |
| **Contingent** | | | | |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| Additional Contingents on page 4 (check if applicable) | | | | |

I HAVE READ AND UNDERSTAND the instructions on pages 2 and 3 of this form. I ALSO UNDERSTAND that:
- *This form cancels any prior beneficiary or payment instructions.*
- The proceeds will be paid to beneficiaries as stated in #6 above, unless otherwise stated above.
- If I have legal questions about this form, I may consult with a military attorney at no expense to me.
- I cannot have combined SGLI and VGLI coverages at the same time for more than $400,000.
- If I am married or if I get married after completing this form, *my spouse is automatically covered under Family SGLI* for which premiums will be deducted from my pay, unless I decline Family SGLI coverage by completing SGLV 8286A. For Family SGLI premium deductions, my spouse MUST be registered in DEERS. Failure to do so will result in debts owed for unpaid premiums.

| SIGN HERE IN INK ➤ BERRY.JOSHUA.ALAN.1077549290 [digital signature] (Your signature. Do not print.) | Date: 20110510 |
|---|---|

Do not write in space below. For official use only.

| RECEIVED BY: SMITH.GREGORY.W [digital signature] ILLIAM.1100214616 | RANK, TITLE OR GRADE CIV/GS6 | ORGANIZATION WTB S1 | DATE RECEIVED 20110510 |
|---|---|---|---|

SGLV 8286, May 2009     Copy 1 - Member's Official Personnel File     Copy 2 - To Member     Copy 3 - To Active or Reserve Component of Uniformed Service

p. 2

# RECORD OF EMERGENCY DATA

## PRIVACY ACT STATEMENT

**AUTHORITY:** 5 USC 552, 10 USC 655, 1475 to 1480 and 2771, 38 USC 1970, 44 USC 3101, and EO 9397 (SSN).
**PRINCIPAL PURPOSES:** This form is used by military personnel and Department of Defense civilian and contractor personnel, collectively referred to as civilians, when applicable.  For military personnel, it is used to designate beneficiaries for certain benefits in the event of the Service member's death.  It is also a guide for disposition of that member's pay and allowances in case of capture, missing or interned.  It also shows names and addresses of the person(s) the Service member desires to be notified in case of emergency or death.  For civilian personnel, it is used to expedite the notification process in the event of an emergency and/or the death of the member.  The purpose of soliciting the SSN is to provide positive identification.  All items may not be applicable.
**ROUTINE USES:** None.
**DISCLOSURE:** Voluntary; however, failure to provide accurate personal identifier information and other solicited information will delay notification and the processing of benefits to designated beneficiaries if applicable.

| INSTRUCTIONS TO SERVICE MEMBER | INSTRUCTIONS TO CIVILIANS |
|---|---|
| This extremely important form is to be used by you to show the names and addresses of your spouse, children, parents, and any other person(s) you would like notified if you become a casualty (other family members or fiance), and, to designate beneficiaries for certain benefits if you die. IT IS YOUR RESPONSIBILITY to keep your Record of Emergency Data up to date to show your desires as to beneficiaries to receive certain death payments, and to show changes in your family or other personnel listed, for example, as a result of marriage, civil court action, death, or address change. | This extremely important form is to be used by you to show the names and addresses of your spouse, children, parents, and any other person(s) you would like notified if you become a casualty. Not every item on this form is applicable to you. This form is used by the Department of Defense (DoD) to expedite notification in the case of emergencies or death. It does not have a legal impact on other forms you may have completed with the DoD or your employer. |

**IMPORTANT: This form is divided into two sections: Section 1 - Emergency Contact Information and Section 2 - Benefits Related Information.  READ THE INSTRUCTIONS ON PAGES 3 AND 4 BEFORE COMPLETING THIS FORM.**

## SECTION 1 - EMERGENCY CONTACT INFORMATION

| 1. NAME (Last, First, Middle Initial) | 2. SSN |
|---|---|
| BERRY, JOSHUA ALAN | Redacted PII |

| 3a. SERVICE/CIVILIAN CATEGORY | b. REPORTING UNIT CODE/DUTY STATION |
|---|---|
| [X] ARMY   [ ] NAVY   [ ] MARINE CORPS   [ ] AIR FORCE   [ ] DoD   [ ] CIVILIAN   [ ] CONTRACTOR | W2LA22  /  ET KNOX |

| 4a. SPOUSE NAME (If applicable) (Last, First, Middle Initial) | b. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER |
|---|---|
| Redacted PII | Redacted PII |
| [ ] SINGLE   [ ] DIVORCED   [ ] WIDOWED | |

| 5. CHILDREN a. NAME (Last, First, Middle Initial) | b. RELATIONSHIP | c. DATE OF BIRTH (YYYYMMDD) | d. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER |
|---|---|---|---|
| Redacted PII | DAUGHTER | Redacted PII | |
| | | | |
| | | | |
| | | | |

| 6a. FATHER NAME (Last, First, Middle Initial) | b. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER |
|---|---|
| Redacted PII | Redacted PII |

| 7a. MOTHER NAME (Last, First, Middle Initial) | b. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER |
|---|---|
| Redacted PII | |

| 8a. DO NOT NOTIFY DUE TO ILL HEALTH | b. NOTIFY INSTEAD |
|---|---|
| None | None |

| 9a. DESIGNATED PERSON(S) (Military only) | b. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER |
|---|---|
| None | |

**10. CONTRACTING AGENCY AND TELEPHONE NUMBER** (Contractors only)

**DD FORM 93, JAN 2008**   PREVIOUS EDITION IS OBSOLETE.   Adobe 7.0 Professional

FILE COPY

### SECTION 2 - BENEFITS RELATED INFORMATION

| 11a. BENEFICIARY(IES) FOR DEATH GRATUITY (Military only) | b. RELATIONSHIP | c. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER | d. PERCENTAGE |
|---|---|---|---|
| Redacted PII | WIFE | Redacted PII | 100 |

| 12a. BENEFICIARY(IES) FOR UNPAID PAY/ALLOWANCES (Military only) NAME AND RELATIONSHIP | b. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER | c. PERCENTAGE |
|---|---|---|
| Redacted PII | Redacted PII | 100 |

| 13a. PERSON AUTHORIZED TO DIRECT DISPOSITION (PADD) (Military only) NAME AND RELATIONSHIP | b. ADDRESS (Include ZIP Code) AND TELEPHONE NUMBER |
|---|---|
| Redacted PII | Redacted PII |

**14. CONTINUATION/REMARKS**

Location of Will/Valuable Papers: NONE.
General Remarks: PADD: Redacted PII
20110510 THIS SOLDIER WAS COUNSELED REGARDING THIS UNUSUAL PADD DESIGNATION.

| 15. SIGNATURE OF SERVICE MEMBER/CIVILIAN (Include rank, rate, or grade if applicable) | 16. SIGNATURE OF WITNESS (Include rank, rate, or grade as appropriate) | 17. DATE SIGNED (YYYYMMDD) |
|---|---|---|
| BERRY.JOSHUA.ALAN.1 Redacted PII RANK: SGT | SMITH.GREGORY.WILLY AM. Redacted PII RANK: GREGORY W. SMITH, GS6 | 20110510 |

DD FORM 93 (BACK), JAN 2008





000093

000004

# ENLISTED RECORD BRIEF

| BRIEF DATE | NAME | RANK - DOR | | PMOS | | SSN | | COMPONENT |
|---|---|---|---|---|---|---|---|---|
| 20110503 | BERRY, JOSHUA ALAN | SGT | 20080101 | 13B | | Redacted PII | | REGULAR |

## SECTION I – Assignment Information

| OS/Deployment/Combat Duty | #S - | 1 |
|---|---|---|
| CT MO TS TI | #L | 4 |

| Start-End Data | CT | MO | TS | TI | # | I | M |
|---|---|---|---|---|---|---|---|
| 20080203-20090626 | AF | 12 | 3 | 0 | C:1 | 12 | 12 |
| | | | | | Q:0 | 0 | 0 |
| | | | | | R:1 | 12 | 12 |
| | | | | | TOT: 24 | | |

| Dwell Time | | DEROS |
|---|---|---|
| Start | 20090625 | DROS |

| Month - Days | 22 Mo 16 Days |
|---|---|
| Date Dependents Arrived OS | |

| PMOS | 13B | SQI | 0 |
| SMOS | 91B | PDSI/VRMO | / |
| Bonus MOS | | ASI | 00 |

| Bonus Enlist Elig Dt | |
| Promotion Points/YRMO | 269 | 201104 |
| Prev Promotion Points/YRMO | 269 | 201104 |
| Prom Seq# | | Prom Select Dt |
| Promotion MOS | 13B3 |

| ASVAB | Test # / Dt | ASVAB 10 | / 20050201 |
| GT | 103 | ELEC | 102 | FOOD | 102 | TECH | 103 |
| ADMIN | 103 | FA | 102 | COMMO | 102 | |
| CMBT | 103 | MECH | 102 | MAINT | 102 | |
| Delay Separation Reason | L/ |
| AEA / Dt | |
| Flag Code | | Flag Start Dt | | Flag Expiration Dt |

## SECTION II – Assignment Information

| PSI Status | SECRET | Fld Det PS Stat | NONE |
|---|---|---|---|
| PSI Invest INIT | | 20060107 |
| PSI Invest Compl | | 20070206 |

### SECTION V – Foreign Language

| Language | Read | Listen | Speak |
|---|---|---|---|

| DLAB | | |
|---|---|---|

### SECTION VI – Military Education

| MEL/IMES WARRIOR LDR/GRADUATED | | Year |
|---|---|---|
| Course | | |
| COMBAT LIFE SAVERS CRS | | 2008 |
| WARRIOR LEADER CRS | | 2007 |

| BMQ 20070500DA FORM 5095-R(M16)/37 |
|---|

### Correspondence CRS Total # Hrs

## SECTION IX – Assignment Information

| ASGT | FROM | MOUNT/INO | ORGANIZATION | STATION | LOC | COMID | DUTY TITLE | DMOS | ASI | LANG |
|---|---|---|---|---|---|---|---|---|---|---|
| Current | 20100518 | WSLAX22 | WT CO A/WARRIORS FT KN | FT KNOX | US | RC | WARRIOR IN TRANSITION | 13B20 | 00 | YY |
| 1st Prev | 20091008 | WAFRA0 | 010008FARGT BTRY A | FT KNOX | US | FC | AMMUNITION SERGEANT | 13B20 | 00 | YY |
| 2nd Prev | 20091204 | WACVYA | 030001IN BDE REPL | FT KNOX | US | FC | INCOMING PERSONNEL | 13B20 | 00 | YY |
| 3rd Prev | 20091008 | WACVHD | 030001INHHC NEAR | FT HOOD | US | FC | INCOMING PERSONNEL | 13B20 | 00 | |
| 4th Prev | 20090904 | WAFTD | 010008FARGT HHT | FT HOOD | US | FC | INCOMING PERSONNEL | 13B20 | 00 | |
| 5th Prev | 20090404 | WAFRA0 | 010008FARGT BTRY A | FT HOOD | US | FC | GUNNER | 13B20 | 00 | |
| 6th Prev | 20070810 | WAFBT0 | 010008FARGT HHT | FT HOOD | US | FC | VEHICLE DRIVER | 13B10 | 00 | YY |
| 7th Prev | 20070607 | WAF6AA | 010008FARGT AGC TM | FT HOOD | US | FC | INCOMING PERSONNEL | 13B10 | 00 | |
| 8th Prev | 20070445 | WAF6AA | 010008FARGT | FT HOOD | US | FC | INCOMING PERSONNEL | 13B10 | 00 | YY |
| 9th Prev | 20070217 | WACVYA | 030001IN BDE REPL | FT HOOD | US | FC | INCOMING PERSONNEL | 13B10 | 00 | YY |
| 10th Prev | 20070103 | WS4T3B | BTRY C 1BN 22FA TC | FT SILL | US | BA | RA TRAINEE | 13B10 | 1 | YY |
| 11th Prev | 20061117 | WSCJA1 | WARRIOR TRAINING COURS | WHITE SAN | US | TC | RA TRAINEE | 13B10 | 1 | YY |
| 12th Prev | 20061109 | W34T9A | 95 AG BN RECEPTION ES | FT SILL | US | AP | | 13B10 | 1 | YY |
| 13th Prev | | W173ES | MEPS COLUMBUS | COLUMBUS | US | | | | | |
| 14th Prev | | | | | | | | | | |
| 15th Prev | | | | | | | | | | |
| 16th Prev | | | | | | | | | | |
| 17th Prev | | | | | | | | | | |
| 18th Prev | | | | | | | | | | |
| 19th Prev | | | | | | | | | | |
| 20th Prev | | | | | | | | | | |
| 21st Prev | | | | | | | | | | |
| 22nd Prev | | | | | | | | | | |
| 23rd Prev | | | | | | | | | | |
| 24th Prev | | | | | | | | | | |

## SECTION III – Service Data

| BASD | 20080203 | PEBD | 19991108 | BESD | |
|---|---|---|---|---|---|
| ETS | 20110310 | DIEMS | 19991108 | Reenl Elig/Prohib | eH |
| # Days Lost | | AGCM Dt 20080523 | AGCM Elig Dt 20120203 |
| DOR | | PVT | PV2 | PFC | SPC - CPL |
| | | | | | 20081108 |
| DOR | | SGT | SSG | SFC | MSG - 1SG |
| | 20080101 | | | | |
| DOR | | SGM - CSM | | | |

## SECTION VII – CIVILIAN Education

| Level Completed 4 YR HS | | Yr |
|---|---|---|
| DERG TEST-BASED EQUIV DIPLOMA | | |
| Institution | | Yr |
| Discipline | | |
| Institution | | Yr |
| Discipline | | |
| Number Of Semester Hours Completed | 0 |

### Technical Certification

| Course Name | | Dt Certified | Dt Expires |
|---|---|---|---|

## SECTION VIII – Awards and Decorations

| ARCOM | |
| AGCM | |
| ASDM | |
| NDSM | |
| AGR-3 | |
| GWOTSM | |
| NPDR | |
| OIR | |
| MOVM/AUL | |

| Date of Last NCOER | 20091251 |
|---|---|

## SECTION IV – Personal/Family Data

| Date of Birth | Redacted PII | Birthplace | Redacted PII |
|---|---|---|---|
| Country of Citz | US | Sex/Race | MALE / CAUCAS |
| No of Dependent Adults/Children | | Religion | NO PREF RECD |
| 1/1 | | Spouse Birthplace/Citz | / |
| Marital Status | MARRIED | | |
| PULHES | 133113 | Height/Weight | 72/173 |
| MRC/3B | MIN DR | #Cmd Sponsored | 0 |
| EFMP Dt | | APFT Dt P/F Score | 201104/PASSED/276 |
| Physical Category | F | MWR Result/Dt | 20101012 |
| Last Physical Exam | | | |
| Home of Record | | | OH |
| NORWOOD | | | |
| Mailing Address | | Redacted PII | |

| Mil Spouse SSN/NPC | |
| Svc Comp / DoD | |
| Emergency Data Verified Date | 20090714 |
| HIV YRMO | 200907 |
| RGMT AFL CORPOD | |
| Date Last Photo | |

| TRCINDS | | DPORGD | TRCUAD | FYCAL |
|---|---|---|---|---|

### SECTION X - Remarks

Redacted PII

Ireland ACH

**PDA**

MAY 0 2 2011

PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS
For use of this form, see AR 635-40; the proponent agency is USAPDA

| 1. NAME (Last, First, Middle Initial)<br>Berry, Joshua A. | 2. RANK<br>SGT | 3. PEBD:<br>98.11.08 | BASD:<br>06.05.29 |
|---|---|---|---|

| 4. SOCIAL SECURITY NUMBER<br>Redacted PII | 5. PMOS<br>13B20 | 6. BRANCH / COMPONENT<br>Active Duty Regular Army |
|---|---|---|

c. Intentional misconduct, willful neglect or unauthorized absence

**7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT A**

| DATE CONVENED<br>11.04.25 | AT (Location including ZIP Code)<br>Washington PEB, Washington DC 20307-5001 |
|---|---|

d. While entitled to basic pay (Incurred or aggravated)
e. In LD in the time of national emergency or after 14 SEP 78 (Incurred or aggravated)
f. Proximate result of performing duty

**8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS. EACH DISABILITY IS LISTED BELOW in descending order of significance**

g. Recommended disability percentage

| VA CODE<br>a | DISABILITY DESCRIPTION<br>b | c | d | e | f | g |
|---|---|---|---|---|---|---|
| 9411 | Posttraumatic stress disorder (PTSD) and major depression, moderate and recurrent. This is not a battle injury, was caused by an instrumentality of war and did not occur in a combat theater (10A/C/D-No). Soldier deployed from 30 June 2008-25 June 2009 to Afghanistan. Upon redeployment he began experiencing irritability, poor sleep, anergia, tearfulness, and anhedonia. During the Fort Hood, TX terrorist attack on 5 November 2009, the Soldier locked a door and jumped behind a desk. Three shots were fired at him. Since that time, his condition has worsened. He was an inpatient at a PTSD program, a VA partial hospitalization and an inpatient admission on a locked ward in October 2010 after becoming suicidal. Neighbors pulled guns on him after he was found walking around the neighborhood with full combat gear. He continues to have recurrent nightmares about OEF every other night, short-term memory problems, and reduced capacity to attend and concentrate. He gets lost while driving in familiar places. He is irritable, easily frustrated, and depressed. His affect is constricted. He has passive SI without intent or plan on a daily basis. Condition is unfitting as Soldier cannot carry and fire his weapon and his medical condition represents a decided medical risk to the health of the Soldier or other Soldiers were he to remain on active duty (DoDI 1332.38, E3.P3. 2.2.1). Condition is not yet stable for final rating. Soldier is competent to participate in board proceedings. Rated for occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking or mood due to SI, near continuous depression, spatial disorientation, difficulty adapting to stressful circumstances, inability to establish and maintain effective relationships. Rated IAW VASRD para 4.129; Soldier will be re-evaluated within 6 to 9 months of separation from service to determine if a change in rating is warranted.<br>(MEB Dx 1-2; NARSUM; psych NARSUM; DA Form 3349) | N | Y | Y | Y | 70% |
| 5201 | Arm, limitation of motion listed as left shoulder pain chronic, post dislocation/a Hills-Sachs lesion and chronic disabling pain. This is not battle injury and was not caused by an instrumentality of war and did not occur in a combat theater (10A/C/D-No). Soldier dislocated his left (non-dominant) shoulder diving for cover while being shot at during the Fort Hood attack on 5 November 2009. Shoulder dislocation was reduced without surgery. Pain remains 2/10 - 4-5/10, depending on activity. Pain is aggravated by reaching behind, dressing upper body. He cannot lift over 10 pounds. Examination reveals substantial tenderness along medial scapular border, anterior acromial area and AC joint. Range of motion (ROM) showed shoulder flexion to 88 degrees, and abduction to 53 degrees. There was pain with all motions. Condition is unfitting as he cannot carry and fire his weapon, evade fire, wear IBA an LBE 12 hours a day, and wear MOPP. He is unable to perform the MOS duties of a cannon crew member as he cannot lift more than 20 pounds (DoDI 1332.38, E3.P3.4.1.1). Condition is stable for rating. Rated for loss of motion, midway between side and shoulder. IAW VASRD 4.10, 4.40, 4.45 and 4.59, the rating includes consideration of functional loss due to factors such as pain on repeated use and painful motion, fatigability, incoordination, weakness with repetitive use and flare-ups.<br>(MEB Dx 3; NARSUM; ortho; DA Form 3349) | N | Y | Y | Y | 20% |
| 5242 | Degenerative arthritis lumbar spine listed as degenerative disc disease w/ chronic pain. This is not a battle injury and was not caused by an | N | Y | Y | Y | 20% |

DA FORM 199, JUN. 97

Joshua A. Berry, SGT   `Redacted PII`                    Continued...

instrumentality of war but did occur in a combat theater (10A/C-No;
10/D-Yes).  Soldier injured his back in a MVA in November 2007, and
re-aggravated it when he fell during a rocket attack in 2008.  The pain is
constant, located in the central lumbar area with occasional right lower
extremity radiculopathy.  Pain is aggravated by prolonged weight bearing,
running, lifting more than 20 pounds.  MRI March 2010 showed mild
spondylopathy at L5-S1 with mild broad based disc bulge.  LE strength was
normal.  Gait was normal.  ROM showed forward flexion of 35 degrees and a
total of 139 degrees in all planes.  Condition is unfitting as he cannot
perform cannon crew member duties as he cannot lift more than 20 pounds,
cannot carry and fire his weapon, evade fire, wear IBA an LBE 12 hours a day
or wear MOPP  (DoDI 1332.38, E3.P3.4.1.1).  Condition is stable for rating.
Rated for thoracolumbar flexion greater than 30 degrees but not greater than
60 degrees. IAW VASRD 4.10, 4.40, 4.45 and 4.59, the rating includes
consideration of functional loss due to factors such as pain on repeated use
and painful motion, fatigability, incoordination, weakness with repetitive
use and flare-ups.
(MEB Dx 4; NARSUM; ortho; DA Form 3349)

The ratings were combined IAW VASRD para 4.25.

** 70 + 20 = 76 + 20 = 81 = 80% **

Based on a review of the medical evidence of record, the PEB concludes that
your medical condition prevents satisfactory performance of duty in your
grade and specialty. This condition has not stabilized to the point that a
permanent degree of severity can be determined. You are therefore placed on
the Temporary Disability Retired List (TDRL).

While on the TDRL you will be scheduled for periodic medical reexaminations
and reevaluations.  To assist in future evaluations, the PEB may request
information from you concerning your medical treatment while on the TDRL.

IAW 38 CFR Part 4.129, your TDRL re-evaluation will occur within six months
of your separation from service.  The date listed in Block 9 is an estimate
only; your actual re-evaluation date will be determined by HQ, USAPDA,
contingent on your actual date of separation.

When you report for your TDRL periodic medical reexamination you must
provide the examining physician copies of all medical records (civilian,
military or Department of Veterans Affairs), including pharmacy records,
documenting all treatment since placement on the TDRL.  Failure to comply
with this requirement may result in termination of disability retired pay.

You must keep the U.S. Army Physical Disability Agency informed of your
current mailing address.  Address changes must be reported to: Commander,
U.S. Army Physical Disability Agency, ATTN: TAPD-PDB (TDRL Section),
Building 7, Walter Reed Army Medical Center, Washington, DC 20307-5001.

Failure to report for a scheduled exam or to notify the Physical Disability
Agency of an address change will result in the suspension of retired pay.

If your disability is rated at 50% or less, you will actually receive 50% of
your retired pay base per month while on the TDRL, unless entitled to more
based on length of service. If your rating is more than 50%, you will
receive that percentage of your retired pay base up to a maximum of 75%.

Since you have service-connected medical conditions, you should contact a
Department of Veterans Affairs counselor to learn about available benefits
such as disability compensation, rehabilitation programs, insurance,
employment assistance, home loans and medical care benefits.

Disability was incurred in a combat zone or incurred during the performance
of duty in combat-related operations as designated by the Secretary of
Defense (10 USC 1212 -- NDAA 2008 Sec 1646).

You are advised that a member of an armed force may not be required
to sign a statement relating to the origin, incurrence, or aggravation
of a disease or injury that he/she has.

DAVID M. TURBAN
CHIEF, OPERATIONS DIVISION

MAY 0 3 2011

APPROVED FOR THE
SECRETARY OF THE ARMY

DA FORM 199, JUN. 97

Joshua A. Berry, SGT  ▮Redacted PII▮                    Continued...

9. THE BOARD FINDS THE SOLDIER IS PHYSICALLY UNFIT AND RECOMMENDS A COMBINED RATING OF:  80%

   AND THAT THE SOLDIER'S DISPOSITION BE: Placed on temporary disability retired list with reexamination during JAN, 2012

10. IF RETIRED BECAUSE OF DISABILITY, THE BOARD MAKES THE RECOMMENDED FINDING THAT:

   A. THE SOLDIER'S RETIREMENT IS NOT BASED ON DISABILITY FROM INJURY OR DISEASE RECEIVED IN THE LINE OF DUTY AS A DIRECT
      RESULT OF ARMED CONFLICT OR CAUSED BY AN INSTRUMENTALITY OF WAR AND INCURRING IN LINE OF DUTY DURING A PERIOD OF WAR
      AS DEFINED BY LAW.

   B. EVIDENCE OF RECORD REFLECTS THE SOLDIER WAS NOT A MEMBER OR OBLIGATED TO BECOME A MEMBER OF AN ARMED FORCE OR
      RESERVE THEREOF, OR THE NOAA OR THE USPHS ON 24 SEPTEMBER 1975.

   C. DISABILITY DID NOT RESULT FROM A COMBAT RELATED INJURY AS DEFINED IN 26 U.S.C. 104 AND FOR PURPOSES OF 10 U.S.C. 10216(G).

11. EXHIBITS (identify each)
    A. Appointing Orders        E. Commander's Statement    I. NCOER
    B. Medical Board Proceedings F. LOD                     J. Transmittal
    C. Narsum                   G. ERB                      K. Health Record
    D. Profile                  H. LES

| 12. TYPED NAME, GRADE, BRANCH OF PRESIDENT | SIGNATURE | DATE |
| --- | --- | --- |
| CARL M. JOHNSON, COL, AG  President | | 11.04.25 |

DA FORM 199, JUN. 97

04/28/2011 13:20 FAX   502620    4          IACH MEDICAL BOARDS         → DCPEB          ☑002/005
04/28/2011 10:51 FAX   20270   19           DC PEB                      → IRELAND        ☑004/004

Joshua A. Berry, SGT  [Redacted PII]                                    Continued...

| 13. ELECTION OF SOLDIER |
|---|
| TO: President, Physical Evaluation Board |

I HAVE BEEN ADVISED OF THE FINDINGS AND RECOMMENDATIONS OF THE PHYSICAL EVALUATION BOARD, AND HAVE RECEIVED A FULL EXPLANATION OF THE RESULTS OF THE FINDINGS AND RECOMMENDATIONS AND LEGAL RIGHTS PERTAINING THERETO AND

FOR INFORMAL PROCEEDINGS ON SOLDIERS DETERMINED FIT (EXCEPT MEMBERS ON THE TDRL)

_____ I CONCUR.

_____ I DO NOT CONCUR. MY WRITTEN APPEAL _____ IS ATTACHED _____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

FOR ALL OTHER INFORMAL PROCEEDINGS

__JB__ I CONCUR AND WAIVE A FORMAL HEARING OF MY CASE.

_____ I DO NOT CONCUR BUT WAIVE A FORMAL HEARING. MY WRITTEN APPEAL _____ IS ATTACHED _____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

_____ I DO NOT CONCUR AND DEMAND A FORMAL HEARING _____ WITH PERSONAL APPEARANCE _____ WITHOUT PERSONAL APPEARANCE. MY STATEMENT IDENTIFYING MY ISSUES OF DISAGREEMENT WITH THE INFORMAL PEB _____ IS ATTACHED _____ IS NOT ATTACHED.

_____ I REQUEST A REGULARLY APPOINTED COUNSEL TO REPRESENT ME.

_____ I WILL HAVE COUNSEL OF MY CHOICE AT NO EXPENSE TO THE GOVERNMENT. I UNDERSTAND THAT I MUST NOTIFY MY COUNSEL AT THIS TIME OF THE PENDING HEARING. I FURTHER UNDERSTAND THAT A DELAY WILL NOT BE GRANTED MERELY BECAUSE I DID NOT CONTACT MY COUNSEL IN SUFFICIENT TIME FOR HIM OR HER TO PROPERLY PREPARE. I WILL INFORM MY COUNSEL THAT HE OR SHE SHOULD IMMEDIATELY CONTACT THE PEB TO COORDINATE FURTHER ACTIONS IN MY CASE.

| TYPED NAME & GRADE OF SOLDIER | SIGNATURE | DATE |
|---|---|---|
| Joshua A. Berry, SGT [Redacted PII] | John A Berry | 28 April 11 |

| 14. COUNSELOR'S STATEMENT |
|---|

I have informed the soldier of the findings and recommendations of the Physical Evaluation Board and explained to his/her the result of the findings and recommendations and his/her legal rights pertaining thereto. The soldier has made the election(s) shown above.

| TYPE NAME AND GRADE OF COUNSELOR | SIGNATURE | DATE |
|---|---|---|
| MIKKI TERRY GS09 | | 28 Apr 11 |

DA FORM 199, JUN. 97

Current Address: _____

Work phone number: _____

Home phone number: _____

Cell phone number: _____

Fax number: _____

Unit phone number: (Commander/1SG) _____

Army Knowledge Online (AKO) e-mail address: _____@us.army.mil

Other e-mail address: (unit, hotmail, yahoo, etc): _____

** TRANSITION / SEPARATION POINT: _____

** (Indicate this information on all elections involving separation from service, even if the soldier concurs and waives a formal hearing.)

If overseas, indicate the number one would have to dial in CONUS; e.g. 011-49-etc.
List DSN and Commercial Phone Numbers

Please read the instructions before completing this form.

# Servicemembers' Group Life Insurance Election and Certificate

| Use this form to: (check all that apply)<br>☑ Name or update your beneficiary<br>☐ Reduce the amount of your insurance coverage<br>☐ Decline insurance coverage | **Important:** This form is for use by Active Duty and Reserve members. This form does not apply to and cannot be used for any other Government Life Insurance. |
|---|---|

| Last name      First name      Middle name<br>BERRY, JOSHUA ALAN | Rank, title or grade<br>SGT/E-5 | Social Security Number<br>Redacted PII |
|---|---|---|

| Branch of Service (Do not abbreviate)<br>ARMY | Current Duty Location<br>A CO. WTB FORT KNOX, KY |
|---|---|

## Amount of Insurance

By law, you are automatically insured for $400,000. *If you want $400,000 of insurance, skip to Beneficiary(ies) and Payment Options. If you want less than $400,000* of insurance, please check the appropriate block below and write the amount desired and your initials. Coverage is available in increments of $50,000. *If you do not want any insurance\**, check the appropriate block below and write (in your own handwriting), "I do not want insurance at this time."

**Declining SGLI coverage also cancels all family coverage and traumatic injury protection under the SGLI program.**

☐ I want coverage in the amount of $_____     Your initials_____

☐ _____

(Write "I do not want insurance at this time.")

*\*Note: Reduced or refused insurance can only be restored by completing form SGLV 8285 with proof of good health and compliance with other requirements. Reduced or refused insurance will also affect the amount of Veterans' Group Life Insurance you can convert to upon separation from service.*

## Beneficiary(ies) and Payment Options

I designate the following beneficiary(ies) to receive payment of my insurance proceeds. I understand that the principal beneficiary(ies) will receive payment upon my death. If all principal beneficiaries predecease me, the insurance will be paid to the contingent beneficiary(ies).

| Complete Name (first, middle, last) and Address of each beneficiary | Social Security Number (if known) | Relationship to you | Share to each beneficiary (Use % $ amounts or fractions) | Payment Option (Lump sum or 36 equal monthly payments) |
|---|---|---|---|---|
| **Principal** | | | | |
| 1. Redacted PII | | CHILD | 100% | Lump sum |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| ☐ Additional Principals on page 4 (check if applicable) | | | | |
| **Contingent** | | | | |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| ☐ Additional Contingents on page 4 (check if applicable) | | | | |

**I HAVE READ AND UNDERSTAND** the instructions on pages 2 and 3 of this form. **I ALSO UNDERSTAND** that:
- *This form cancels any prior beneficiary or payment instructions.*
- The proceeds will be paid to beneficiaries as stated in #6 on page 3 of this form, unless otherwise stated above.
- If I have legal questions about this form, I may consult with a military attorney at no expense to me.
- I cannot have combined SGLI and VGLI coverages at the same time for more than $400,000.
- If I am married or if I get married after completing this form, *my spouse is automatically covered under Family SGLI for which premiums will be deducted from my pay,* unless I decline Family SGLI coverage by completing SGLV 8286A. For Family SGLI premium deductions, my spouse **MUST** be registered in DEERS. *Failure to do so will result in debts owed for unpaid premiums.*

| SIGN HERE IN INK ➤ *John Berry* | Date: *20 Apr 2011* |
|---|---|
| (Your signature. Do not print.) | |

Do not write in space below. For official use only.

| RECEIVED BY:<br>*Pesis, Bryan* | RANK, TITLE OR GRADE<br>SGT | ORGANIZATION<br>A CO. WTB | DATE RECEIVED<br>*20 Apr 2011* |
|---|---|---|---|

SGLV 8286, December 2007

000099

## RECORD OF EMERGENCY DATA

### PRIVACY ACT STATEMENT

**AUTHORITY:** 5 USC 552, 10 USC 655, 1475 to 1480 and 2771, 38 USC 1970, 44 USC 3101, and EO 9397 (SSN).

**PRINCIPAL PURPOSES:** This form is used by military personnel and Department of Defense civilian and contractor personnel, collectively referred to as civilians, when applicable. For military personnel, it is used to designate beneficiaries for certain benefits in the event of the Service member's death. It is also a guide for disposition of that member's pay and allowances if captured, missing or interned. It also shows names and addresses of the person(s) the Service member desires to be notified in case of emergency or death. For civilian personnel, it is used to expedite the notification process in the event of an emergency and/or the death of the member. The purpose of soliciting the SSN is to provide positive identification. All items may not be applicable.

**ROUTINE USES:** None.

**DISCLOSURE:** Voluntary; however, failure to provide accurate personal identifier information and other solicited information will delay notification and the processing of benefits to designated beneficiaries if applicable.

| INSTRUCTIONS TO SERVICE MEMBER | INSTRUCTIONS TO CIVILIANS |
|---|---|
| This extremely important form is to be used by you to show the names and addresses of your spouse, children, parents, and any other person(s) you would like notified if you become a casualty (other family members or fiance), and, to designate beneficiaries for certain benefits if you die. IT IS YOUR RESPONSIBILITY to keep your Record of Emergency Data up to date to show your desires as to beneficiaries to receive certain death payments, and to show changes in your family or other personnel listed, for example, as a result of marriage, civil court action, death, or address change. | This extremely important form is to be used by you to show the names and addresses of your spouse, children, parents, and any other person(s) you would like notified if you become a casualty. Not every item on this form is applicable to you. This form is used by the Department of Defense (DoD) to expedite notification in the case of emergencies or death. It does not have a legal impact on other forms you may have completed with the DoD or your employer. |

**IMPORTANT:** This form is divided into two sections: Section 1 - Emergency Contact Information and Section 2 - Benefits Related Information. READ THE INSTRUCTIONS ON PAGES 3 AND 4 BEFORE COMPLETING THIS FORM.

### SECTION 1 - EMERGENCY CONTACT INFORMATION

**1. NAME** *(Last, First, Middle Initial)*

BERRY, JOSHUA A

**2. SSN**  Redacted PII

**3a. SERVICE/CIVILIAN CATEGORY**

[X] ARMY  [ ] NAVY  [ ] MARINE CORPS  [ ] AIR FORCE  [ ] DoD  [ ] CIVILIAN  [ ] CONTRACTOR

**b. REPORTING UNIT CODE/DUTY STATION**

A Co, WTB, Fort Knox, KY

**4a. SPOUSE NAME** *(If applicable) (Last, First, Middle Initial)*

Redacted PII

[ ] SINGLE  [ ] DIVORCED  [ ] WIDOWED

**b. ADDRESS** *(Include ZIP Code)* **AND TELEPHONE NUMBER**

Redacted PII

**5. CHILDREN**

| a. NAME *(Last, First, Middle Initial)* | b. RELATIONSHIP | c. DATE OF BIRTH *(YYYYMMDD)* | d. ADDRESS *(Include ZIP Code)* AND TELEPHONE NUMBER |
|---|---|---|---|
| Redacted PII | Redacted PII | Redacted PII | Redacted PII |
| | | | |
| | | | |
| | | | |
| | | | |

**6a. FATHER NAME** *(Last, First, Middle Initial)*

Redacted PII

**b. ADDRESS** *(Include ZIP Code)* **AND TELEPHONE NUMBER**

Redacted PII

**7a. MOTHER NAME** *(Last, First, Middle Initial)*

Redacted PII

**b. ADDRESS** *(Include ZIP Code)* **AND TELEPHONE NUMBER**

UNKNOWN

**8a. DO NOT NOTIFY DUE TO ILL HEALTH**

**b. NOTIFY INSTEAD**

**9a. DESIGNATED PERSON(S)** *(Military only)*

**b. ADDRESS** *(Include ZIP Code)* **AND TELEPHONE NUMBER**

**10. CONTRACTING AGENCY AND TELEPHONE NUMBER** *(Contractors only)*

**DD FORM 93, JAN 2008**          PREVIOUS EDITION IS OBSOLETE.          APD PE v2.00ES

| SECTION 2 - BENEFITS RELATED INFORMATION | | | |
|---|---|---|---|
| **11a. BENEFICIARY(IES) FOR DEATH GRATUITY** *(Military only)* | **b. RELATIONSHIP** | **c. ADDRESS** *(Include ZIP Code)* **AND TELEPHONE NUMBER** | **d. PERCENTAGE** |
| Redacted PII | DAUGHTER | Redacted PII<br>Redacted PII | 100 % |
| | | | % |
| | | | % |
| | | | % |
| | | | % |
| | | | % |
| | | | % |
| | | | % |
| | | | % |
| | | | % |

| **12a. BENEFICIARY(IES) FOR UNPAID PAY/ALLOWANCES** *(Military only)* **NAME AND RELATIONSHIP** | **b. ADDRESS** *(Include ZIP Code)* **AND TELEPHONE NUMBER** | **c. PERCENTAGE** |
|---|---|---|
| Redacted PII | Redacted PII<br>Redacted PII | 100 % |
| | | % |

| **13a. PERSON AUTHORIZED TO DIRECT DISPOSITION (PADD)** *(Military only)* **NAME AND RELATIONSHIP** | **b. ADDRESS** *(Include ZIP Code)* **AND TELEPHONE NUMBER** |
|---|---|
| Redacted PII | Redacted PII<br>Redacted PII |

**14. CONTINUATION/REMARKS**

| **15. SIGNATURE OF SERVICE MEMBER/CIVILIAN** *(Include rank, rate, or grade if applicable)* | **16. SIGNATURE OF WITNESS** *(Include rank, rate, or grade as appropriate)* | **17. DATE SIGNED** *(YYYYMMDD)* |
|---|---|---|
| *[signature]* SGT E-5 | SGT *[signature]* | 20110419 |

DD FORM 93 (BACK), JAN 2008

APD PE v2.00ES



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, US ARMY GARRISON COMMAND, FORT KNOX
127 6TH AVENUE, SUITE 202
FORT KNOX, KENTUCKY 40121-5719

REPLY TO
ATTENTION OF:

1 5 NOV 2010

IMSE-KNX-HRMP

MEMORANDUM FOR Commander, Company A, Warrior Transition Battalion, Fort Knox, KY 40121

SUBJECT:  Application for Retention – SGT Joshua A. Berry

1.  Under provisions of AR 635-200, Active Duty Enlisted Administrative Separations, paragraph 1-24, 6 June 2005, the application for retention is approved. SGT Berry will be retained 90 days past his current ETS date of 30 January 2011.

2.  SGT Berry's new ETS date is 30 April 2011.

3.  Point of contact is Mr. Gradick at (502) 624-5270.

FOR THE COMMANDER:

3 Encls
1. Memo, MCXM-PAP, 4 November 2010
2. Affidavit, 4 November 2010
3. ERB

MARK A. BEARD
Assistant Adjutant General

CF:
Post Retention
DFAS, Ft Knox
IMSE-KNX-HRMP-C
IMSE-KNX-HRMP-M
IMSE-KNX-HRMP-S
IMSE-KNX-HRMP-A

# ENLISTED RECORD BRIEF

| BRIEF DATE | NAME | | RANK-DOR | | PMOS | SSN | COMPONENT |
|---|---|---|---|---|---|---|---|
| 20101110 | BERRY, JOSHUA ALAN | | SGT  20080101 | | 13B | Redacted PII | REGULAR |

## SECTION I – Assignment Information

| OS/Deployment Combat Duty | | | | | PSI Status  secret | FID Det PS Stat  NONE | | SECTION IV – Personal/Family Data |
|---|---|---|---|---|---|---|---|---|

| Start-End Date | CT MOTS TI | #S | | PSI Invest UNIT | 20061017 | BASD 20060529 | PEBD 19931106 | BESD | Date of Birth Redacted PII | Birthplace Redacted PII |
|---|---|---|---|---|---|---|---|---|---|---|
| 20090430-20090625 | AF 12 3 C | 0 | 12 | PSI Invest Comp | 20070206 | ETS 20110130 | DIEMS 19931106 | Reenl Elig/Prohib | MarffGrade | MALE/ CAUCAS |
| | O 0 | 0 | 12 | | | # Days Left | AGCM Dt 20090303 | AGCM Elig Dt 20120523 | Religion | NO PREF RECD |
| | R 1 | 12 | | | | | | SPC – CPL 20061108 | No of Dependent 1/1 | |
| | | | | | | DOR SGT SSG | SFC | MSG – 1SG | Marital Status  MARRIED | Spouse BirthplaceCitz |
| | | | | | | | | | Height/Weight 73/173 |

### SECTION V – Foreign Language

| PMOS | 13B | SQI | O | Language | Read | Listen | Speak | DOR | | PVT | PFC | DUI-RES | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| SMOS | 91B | POSI/YRMO | | | | | | DOR  20080101 | SGT | SSG | SFC | Marital Status |
| Bonus MOS | | ASI | / | | | | | DOR  20060101 | | | MSG – 1SG | |

### SECTION VI – Military Education

| Bonus Enlist Elig Dt | | | 00 | Course | | | | SGM – CSM | Home of Record  NORWOOD   OH | |
|---|---|---|---|---|---|---|---|---|---|---|

| Promotion Points/YRMO | | | | COMBAT LIFE SAVERS CRS | | Year | Dt Certified | Dt Expires | Mailing Address  Redacted PII |
| Prev Promotion Points/YRMO | | | | WARRIOR LEADER CRS | | 2007 | | | |

### SECTION VII – CIVILIAN Education

| Month – Days  16 Mo 24 Days | | DROS | | DLAB | | Level Completed 4 YRS HS | YF | EFMP Dt | APFT DtFP Score  20070 9APASSED/276 |
|---|---|---|---|---|---|---|---|---|---|
| Date Dependents Arrived OS | | | | MELMES  WARRIOR UGSGRADUATED | | DESG TEST-BASED EQUIV/DIPLOMA | YF | Physical Category D | |

| Dwell Time | | DEROS | | Institution | | YF | Last Physical Exam | |
| Start  20090625 | | | | Discipline | | Number Of Semester Hours Completed | | Home of Record  20101012 | Marital Race/Cz |

### SECTION VII – Awards and Decorations

| Prev Promotion Points/YRMO | | | | Course Name | | Technical Certification | Dt Certified | Dt Expires | |
|---|---|---|---|---|---|---|---|---|---|

| Prom Seq# | | From Select Dt | | | | | | | |

| Promotion MOS | | Test #/Dt | | | | | | MIl Spouse SSN/MPC | |
|---|---|---|---|---|---|---|---|---|---|
| ASVAB 103 | | ASVAB 10 / 20030301 | | | | | | Svc Comp/ DoD | |
| GT 103 | ELEC 103 | FOOD 102 | TECH 103 | | | | | Emergency Data Verified Date 20090714 | |
| ADMIN 103 | FA 102 | COMM 102 | | | | | | HIV/YRMO 200907 | |
| CMBT 103 | MECH 102 | MAINT 102 | | | | | | RGMT AFL CORPOD | |
| | | | | | | | | Date Last Photo | |

### SECTION IX – Assignment Information

| Debn Separation Reason | | | | BMG 2007/063A0A FORM 3286-R(M16)/37 | | | | | |
|---|---|---|---|---|---|---|---|---|---|

| AEA / Dt | | | | | CAB  DMB-DMV | | | | |

| Flag Code | | Flag Start Dt | Flag Expiration Dt | | | | | | |

### SECTION X – Remarks

| Date of Loss | Flag Start Dt | Date of Last PCS | ORGANIZATION | STATION | LOC | COMD | DUTY TITLE | Date of Last NCOER | DMOS ASI LANG |
|---|---|---|---|---|---|---|---|---|---|
| 20041215 | | 20091206 | | | | | | 20091231 | |

| ASGT | FROM | MO | UNIT NO | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| PROJ | 20100115 | | W2LAZ2 | WT CO A WARRIORS FT KN | FT KNOX | US | MC | INCOMING PERSONNEL | 13B2O 00  Y |
| Current 20100518 | | | W4F6AG | 0100G5ARGT BTRY A | FT KNOX | US | AAS | AMMUNITION SERGEANT | 13B2O 00  Y |
| 1st Prev 20091208 | | | WAF6AG | IN2D BDE REPL | FT KNOX | US | FCC | INCOMING PERSONNEL | 13B2O 00 |
| 2nd Prev 20090918 | | | WAF6T0 | IN2D BDE REAR | FT HOOD | US | FCC | INCOMING PERSONNEL | 13B2O 00 |
| 3rd Prev 20090718 | | | WAF6T0 | 0100G5ARGT HHT | FT HOOD | US | FCC | INCOMING PERSONNEL | 13B2O 00 |
| 4th Prev 20090404 | | | WAF6T0 | 0100G5ARGT BTRY A | FT HOOD | US | FCC | INCOMING PERSONNEL | 13B2O 00  Y |
| 5th Prev 20090410 | | | WAF6T0 | 0100G5ARGT HHT | FT HOOD | US | FCC | VEHICLE DRIVER | 13B1O 00 |
| 6th Prev 20070910 | | | WAF6T1 | 0100G5ATGT ACDTM | FT HOOD | US | FCC | INCOMING PERSONNEL | 13B1O 00 |
| 7th Prev 20070805 | | | WAF6F1 | 0100G5ARGT BTRY A | FT HOOD | US | FCC | INCOMING PERSONNEL | 13B1O 00 |
| 8th Prev 20070415 | | | WACV1A | 0100G5ARGT HHT | FT HOOD | US | FCC | INCOMING PERSONNEL | 13B1O 00 |
| 9th Prev 20070415 | | | WACV1A | 030001IN2D BDE REPL | WHITE SAN | US | TC | INCOMING PERSONNEL | 13B1O 00  Y |
| 10th Prev 20070103 | | | W34T3B | BTRY B 1 EN 22FA TR | FT SILL | US | BA | RA TRAINEE | 13B1O 00  Y |
| 11th Prev 20061211 | | | W34T3B | WARRIOR TRAINING COURS | FT SILL | US | BA | RA TRAINEE | 13B1O 00  Y |
| 12th Prev 20061109 | | | W34T9A | 95 AG BN RECEPTION ES | WHITE SAN | US | AP | RA TRAINEE | 13B1O 00  Y |
| 13th Prev | | | W1T3ES | MEPS COLUMBUS | COLUMBUS | | | | |
| 14th Prev | | | | | | | | |
| 15th Prev | | | | | | | | |
| 16th Prev | | | | | | | | |
| 17th Prev | | | | | | | | |
| 18th Prev | | | | | | | | |
| 19th Prev | | | | | | | | |
| 20th Prev | | | | | | | | |
| 21st Prev | | | | | | | | |
| 22nd Prev | | | | | | | | |
| 23rd Prev | | | | | | | | |
| 24th Prev | | | | | | | | |



**DEPARTMENT OF THE ARMY**
HEADQUARTERS U S ARMY MEDICAL DEPARTMENT ACTIVITY
FORT KNOX KY 40121-5520

REPLY TO
ATTENTION OF

MCXM-PAP                                                              4 November 2010

MEMORANDUM FOR Cdr, A WTU, Fort Knox, KY 40121

FOR Commander, USAARMC, ATTN: IMSE-KNX-HRMP, Ft Knox, KY 40121

SUBJECT  Application for Retention

1.  Request SGT JOSHUA A. BERRY, Redacted PII A WTU, Fort Knox, Kentucky be retained on active duty for 90 days past his current ETS date of 30 January 2011, making his new ETS date 30 April 2011.

2   He is pending an MEB/PEB for PTSD & Depressive Disorder.

3.  POC:  Miss Terry, 502-624-9052.

FOR THE COMMANDER:

Encl
Affidavit

AARON R. ANDERSON
CPT, MS
Chief, Patient Administration Division

MCXM-PAP                                                    4 November 2010

### WITH THE ARMY OF THE UNITED STATES
### SS AFFIDAVIT

At Ireland Army Community Hospital, Fort Knox, KY personally appeared before me, the undersigned, authorized by law to administer oaths pursuant to the Uniform Code of Military Justice, Article 136, one SGT JOSHUA A. BERRY, [Redacted PII] after advised by me of the scheduled date of release for the purpose of completion of hospital care and/or physical disability evaluation under the provisions of Chapter 61, Title 10, USC, and after being duly sworn, deposes and says.

I, SGT JOSHUA A. BERRY, [Redacted PII] been fully advised by the undersigned officer of the rights and advantages that may accrue to me by voluntarily remaining on active duty in the Army beyond the scheduled date of my release for the purpose of completing hospital care and/or physical disability evaluation under the provisions of Chapter 61, Title 10, USC, and have been further fully advised that if I elect to be discharged or released from active duty as scheduled I will not, after such discharge or release from active duty, be eligible for separation or retirement for physical disability. Wherefore, in consideration of the above, I (Do) (Do Not) desire retention on active duty in the Army beyond the scheduled date of expiration of my term of service.

_____
Signature of Soldier

**AARON R. ANDERSON**
**CPT, MS**
**CHIEF, PATIENT ADMINISTRATON DIV**
**IRELAND ARMY COMMUNITY HOSPITAL**
**FORT KNOX, KY 40121**

_____
(Signature of Official Administering Oath)

04634403

**NCO EVALUATION REPORT**
For use of this form, see AR 623-3 ; the proponent agency is DCS, G-1.

FOR OFFICIAL USE ONLY (FOUO)
SEE PRIVACY ACT STATEMENT
IN AR 623-3.

## PART I - ADMINISTRATIVE DATA

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK | d. DATE OF RANK | e. PMOSC |
|---|---|---|---|---|
| BERRY, JOSHUA A. | Redacted PII | SGT ( ) | 20080101 | 13B2O |

| f.1. UNIT    ORG.    STATION    ZIP CODE OR APO,    MAJOR COMMAND | f.2. STATUS CODE | g. REASON FOR SUBMISSION |
|---|---|---|
| A Battery, 1-6 Field Artillery, 3rd BCT, 1ID, Fort Knox, KY  40121 FORSCOM | 02 | Annual |

| h. PERIOD COVERED | | i. RATED MONTHS | j. NON-RATED CODES | k. NO. OF ENCL | l. RATED NCO'S EMAIL ADDRESS (.gov. or .mil) | m. UIC | n. CMD CODE | o. PSB CODE |
|---|---|---|---|---|---|---|---|---|
| FROM | THRU | | | | | | | |
| YEAR MONTH DAY | YEAR MONTH DAY | 12 | | | Redacted PII | WAF6A0 | FC | UB18 |
| 20090101 | 20091231 | | | | | | | |

## PART II - AUTHENTICATION

| a. NAME OF RATER (Last, First, Middle Initial) | SSN | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|---|
| SALAZAR, JUAN JR. | Redacted PII | SALAZAR JUAN JR JR Redacted PII | 20100222 |

| RANK | PMOSC/BRANCH | ORGANIZATION | DUTY ASSIGNMENT | RATER'S AKO EMAIL ADDRESS (.gov. or .mil) |
|---|---|---|---|---|
| SSG | 13B3O | A Battery 1-6 Field Artillery | Section Chief | Redacted PII |

| b. NAME OF SENIOR RATER (Last, First, Middle Initial) | SSN | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|---|
| NORWOOD, RAYMOND | Redacted PII | NORWOOD RAYMOND Redacted PII | 20100222 |

| RANK | PMOSC/BRANCH | ORGANIZATION | DUTY ASSIGNMENT | SENIOR RATER'S AKO EMAIL ADDRESS (.gov. or .mil) |
|---|---|---|---|---|
| SFC | 13B4X | A Battery 1-6 Field Artillery | Platoon Sergeant | Redacted PII |

| c. NAME OF REVIEWER (Last, First, Middle Initial) | SSN | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|---|
| CHEN, ADRIAN M. | Redacted PII | CHEN ADRIAN M Redacted PII | 20100222 |

| RANK | PMOSC/BRANCH | ORGANIZATION | DUTY ASSIGNMENT | REVIEWER'S AKO EMAIL ADDRESS (.gov. or .mil) |
|---|---|---|---|---|
| CPT | FA | A Battery 1-6 Field Artillery | Battery Commander | Redacted PII |

d. ☒ CONCUR WITH RATER AND SENIOR RATER EVALUATIONS  ☐ NONCONCUR WITH RATER AND/OR SENIOR RATER EVAL (See attached comments)

| e. RATED NCO: I understand my signature does not constitute agreement or disagreement with the evaluations of the rater and senior rater. I further understand that my signature verifies that the administrative data in Part I, the rating officials in Part II, the duty description to include the counseling dates in Part III, and the APFT and height/weight entries in Part IVc are correct. I have seen the completed report. I am aware of the appeals process of AR 623-3. | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|
| | BERRY, JOSHUA, ALAN Redacted PII | 20100223 |

## PART III - DUTY DESCRIPTION (Rater)

| a. PRINCIPAL DUTY TITLE | b. DUTY MOSC |
|---|---|
| Gunner | 13B2O |

c. DAILY DUTIES AND SCOPE (To include, as appropriate, people, equipment, facilities and dollars)

Gunner in a two gun, 155mm, forward deployed direct support field artillery platoon conducting combat operations in support of TF Centaur/TF Bayonet, 1-6 FA, 3rd Brigade, 1st Infantry Division, charged with training, readiness and welfare of five soldiers; supervised emplacement, firing and displacement of the howitzer; responsible for maintaining section firing equipment; ensured adherence to safety procedures involving live firing of over 200 rounds; supervised the operator maintenance of over $1,000,000 worth of equipment.

d. AREAS OF SPECIAL EMPHASIS

Weapons Qualifications; Sling Load Operations; Preparation for Redeployment; Gun Raid Operations; APFT; Warrior Task Training Certifications

e. APPOINTED DUTIES

Battalion Color Guard NCOIC; Battalion Commander's Driver; Safety NCOIC

| f. COUNSELING DATES | INITIAL | LATER | LATER | LATER |
|---|---|---|---|---|
| | 20090102 | 20090401 | 20090701 | |

## PART IV - ARMY VALUES/ATTRIBUTES/SKILLS/ACTIONS (Rater)

a. ARMY VALUES. Check either "YES" or "NO". (Bullet Comments are mandatory. Substantive bullet comments are required for "NO" entries.)

| | | | YES | NO |
|---|---|---|---|---|
| **V** | Loyalty | 1. LOYALTY: Bears true faith and allegiance to the U. S. Constitution, the Army, the unit, and other Soldiers. | ☒ | |
| **A** | Duty | 2. DUTY: Fulfills their obligations. | ☒ | |
| **L** | Respect | 3. RESPECT/EO/EEO: Treats people as they should be treated. | ☒ | |
| **U** | Selfless-Service | 4. SELFLESS-SERVICE: Puts the welfare of the nation, the Army, and subordinates before their own. | ☒ | |
| **E** | | 5. HONOR: Lives up to all the Army values. | ☒ | |
| **S** | Honor | 6. INTEGRITY: Does what is right - legally and morally. | ☒ | |
| | Integrity | 7. PERSONAL COURAGE: Faces fear, danger, or adversity  (physical and moral). | ☒ | |
| | Personal Courage | | | |

Bullet comments
o dedicated to mission accomplishment

o always placed unit mission and welfare of Soldiers above self

o competent NCO that is loyal to the Army values

DA FORM 2166-8, MAR 2006     PREVIOUS EDITIONS ARE OBSOLETE.     Page 1 of 2
APD PE v6.00ES

000106

| RATED NCO'S NAME (Last, First, Middle Initial) | | | | THRU DATE |
|---|---|---|---|---|
| BERRY, JOSHUA A. | | | Redacted PII | 20091231 |

**PART IV (Rater) - VALUES/NCO RESPONSIBILITIES**  *Bullet comments are mandatory. Substantive bullet comments are required for 'EXCELLENCE' or 'NEEDS IMPROVEMENT'*

**b. COMPETENCE**
- Duty proficiency; MOS competency
- Technical & tactical; knowledge, skills, and abilities
- Sound judgment
- Seeking self-improvement; always learning
- Accomplishing tasks to the fullest capacity; committed to excellence

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| | ☒ | | |

o made sound judgment ensuring complete mission accomplishment

o diligently trained Soldiers on Warrior Task Training resulting in 100% First Time GO's

o his technical expertise of Sling Load Operations resulted in the successful execution of over 100 Air Movement Operations during OEF IX

**c. PHYSICAL FITNESS & MILITARY BEARING**
- Mental and physical toughness
- Endurance and stamina to go the distance
- Displaying confidence and enthusiasm; looks like a Soldier

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| | ☒ | | |

| APFT | PASS | 20090404 | HEIGHT/WEIGHT | 72 / 170 | YES |
|---|---|---|---|---|---|

o always found a way to accomplish very tough missions; achieved outstanding results when confronted with limited resources

o maintained high standard of personal appearance for himself and his Soldiers

o worked to overcome physical limitations despite serious back injury and pass APFT

**d. LEADERSHIP**
- Mission first
- Genuine concern for Soldiers
- Instilling the spirit to achieve and win
- Setting the example; Be, Know, Do

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| | ☒ | | |

o consistently sacrificed personal time after duty to ensure that his Soldiers and their families were well taken care of during deployment

o developed a warrior ethos mentality in his Soldiers producing competent, tough and aggressive small-unit leaders

o displayed a can-do, duty first attitude and ensured objectives were met on time

**e. TRAINING**
- Individual and team
- Mission focused; performance oriented
- Teaching Soldiers how; common tasks, duty-related skills
- Sharing knowledge and experience to fight, survive and win

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| ☒ | | | |

o assisted in training the section on the M198 resulting in safe and accurate firing of over 200 rounds during combat operations

o extended knowledge of weapons; helped to train and qualify the entire section with 100% first-time GO's

o as a result of his training his Soldiers assumed the next position without faults

**f. RESPONSIBILITY & ACCOUNTABILITY**
- Care and maintenance of equipment/facilities
- Soldier and equipment safety
- Conservation of supplies and funds
- Encouraging Soldiers to learn and grow
- Responsible for good, bad, right & wrong

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| | ☒ | | |

o maintained and serviced over $1,000,000 worth of equipment without loss or damage throughout the deployment

o demanded the highest standards of maintenance on all individual and section equipment

o his expert knowledge of ammunition and supply reconciliation reduced risk as per HAZMAT SOP

**PART V - OVERALL PERFORMANCE AND POTENTIAL**

**a. RATER.** Overall potential for promotion and/or service in positions of greater responsibility.

| AMONG THE BEST | FULLY CAPABLE | MARGINAL |
|---|---|---|
| | ☒ | |

**b. RATER.** List 3 positions in which the rated NCO could best serve the Army at his/her current or next higher grade.

Howitzer Section Chief

AIT Instructor

WLC Instructor

**e. SENIOR RATER BULLET COMMENTS**

o promote to Staff Sergeant with peers

o send to ALC immediately

o assign tasks of greater responsibility

o a true asset to the unit and the Army

**c. SENIOR RATER.** Overall performance

| 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|
| | ☒ | | | |
| | Successful | | Fair | Poor |

**d. SENIOR RATER.** Overall potential for promotion and/or service in positions of greater responsibility.

| 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|
| | ☒ | | | |
| | Superior | | Fair | Poor |

DA FORM 2166-8, MAR 2006

Page 2 of 2
APD PE v6.00ES

000107



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U. S. Army Garrison
Installation Management Command
FORT HOOD, TEXAS 76544-5016

REPLY TO
ATTENTION OF

IMWE-HOD-HR-CAC-LOD   (600-8-4)

DEC   7 2009

MEMORANDUM FOR Commander, United States Army Enlisted Records and
Evaluation Center, Fort Benjamin Harrison, Indiana 46249-5301

SUBJECT:  Line of Duty Investigation – INJURY – BERRY, Joshua A.,
Redacted PII  SGT

APPROVED FOR A DISLOCATION OF THE LEFT SHOULDER ONLY

Reviewed for completeness:  IN LINE OF DUTY.

BY AUTHORITY OF THE SECRETARY OF THE ARMY  (AR 600-8-4):

Encl

MARLEAN C. DRUCE
Installation Adjutant General

CF:
Cdr, 3/1 Inf
Cdr, HHB, 1-6 FA
SGT Joshua Berry
CRDAMC, PAD/Casualty

**000108**



## STATEMENT OF MEDICAL EXAMINATION AND DUTY STATUS
For use of this form, see AR 600-8-4, the proponent agency is DCS, G-1.

| THRU: (Include ZIP Code) | TO: (Include ZIP Code) | FROM: (Include ZIP Code) |
|---|---|---|
| COMMANDER | COMMANDER | COMMANDER |
| HHB 1-6 FA, 1ST ID | HQ, USAG, IMCOM BLDG 126 | CARL R. DARNALL ARMY MED CEN |
| FT HOOD, TX 76544 | FT HOOD, TX 76544 | FT HOOD, TX 76544 |

| 1. NAME OF INDIVIDUAL EXAMINED (Last, First, and Middle Initial) | | 2. SSN | 3. GRADE |
|---|---|---|---|
| BERRY, JOSHUA A. | | Redacted PII | SGT |

| 4. ORGANIZATION AND STATION | 5. | ACCIDENT INFORMATION | |
|---|---|---|---|
| HHB 1-6 FA, 1ST ID | a. DATE | b. PLACE (City and State) | |
| FT HOOD, TX 76544 | 05 NOV 09 | FT HOOD, TX | |

### SECTION I - TO BE COMPLETED BY ATTENDING PHYSICIAN OR HOSPITAL PATIENT ADMINISTRATOR

| 6. INDIVIDUAL WAS ☐ OUT PATIENT ☒ ADMITTED ☐ DEAD ON ARRIVAL | 7. NAME OF HOSPITAL OR TREATMENT FACILITY CRDAMC | ☐ CIVILIAN ☒ MILITARY |
|---|---|---|

| 8. HOUR AND DATE ADMITTED | 9. HOUR AND DATE EXAMINED |
|---|---|
| 05 NOV 09 @ 1500 | |

**10. NATURE AND EXTENT OF**   ☒ INJURY   ☐ DISEASE     RESULTING IN DEATH (Explain)

LEFT SHOULDER DISLOCATION

**11. MEDICAL OPINION:**

a. INDIVIDUAL ☐ WAS ☐ WAS NOT UNDER THE INFLUENCE OF ☐ ALCOHOL ☐ DRUGS (Specify):

b. INDIVIDUAL ☐ WAS ☐ WAS NOT MENTALLY SOUND   (Attach Psychiatric evaluation if appropriate).

c. INJURY ☐ IS ☐ IS NOT LIKELY TO RESULT IN A CLAIM AGAINST THE GOVERNMENT FOR FUTURE MEDICAL CARE.

d. INJURY ☐ WAS ☐ WAS NOT INCURRED IN LINE OF DUTY.   BASIS FOR OPINION:

ITEMS A-D WAS UNKNOWN WHEN THIS REPORT WAS INITIATED.

| 12. THE FOLLOWING DISABILITY MAY RESULT ☒ TEMPORARY ☐ PERMANENT PARTIAL ☐ PERMANENT TOTAL | 13. BLOOD ALCOHOL TEST MADE ☐ YES ☒ NO | 14. NO. OF MG ALCOHOL/100 ML BLOOD |
|---|---|---|

**15. DETAILS OF ACCIDENT OR HISTORY OF DISEASE** (how, where, when)

SM's INJURY OCCURRED DURING A MASS SHOOTING AT THE SRP SITE. SM WAS EVALUATED AND ADMITTED TO ? EAST FOR FURTHER CARE.

| 16. DATE | 17. TYPED OR PRINTED NAME OF ATTENDING PHYSICIAN OR PATIENT ADMINISTRATOR | 18. SIGNATURE |
|---|---|---|
| 06 NOV 09 | CAROL D. LEWIS, CASUALTY ASST., PAD | Carol D Lewis |

### SECTION II - TO BE COMPLETED BY UNIT COMMANDER OR UNIT ADVISER

| 19. DUTY STATION ☒ PRESENT FOR DUTY ☐ ABSENT WITHOUT AUTHORITY ☐ ABSENT WITH AUTHORITY: ☐ ON PASS ☐ ON LEAVE | 20. HOUR AND DATE OF ABSENCE | |
|---|---|---|
| | a. FROM | b. TO |

**21. ABSENCE WITHOUT AUTHORITY MATERIALLY INTERFERRED WITH THE PERFORMANCE OF MILITARY DUTY** (Explain in item 30 type of duty missed, hours of duty, and how it did or did not interfere with performance)   ☐ YES ☐ NO.

| 22. INDIVIDUAL WAS ON ☒ ACTIVE DUTY ☐ ACTIVE DUTY FOR TRAINING ☐ INACTIVE DUTY TRAINING | 23. HOUR AND DATE TRAINING | |
|---|---|---|
| | a. BEGAN | b. ENDED |

| 24. RESERVIST DIED OF INJURIES RECEIVED PROCEEDING | ☐ DIRECTLY TO TRAINING | ☐ DIRECTLY FROM TRAINING |
|---|---|---|

| 25. MODE OF TRANSPORTATION | 26. HOUR BEGINNING TRAVEL | 27. DISTANCE INVOLVED | 28. NORMAL TIME FOR TRAVEL |
|---|---|---|---|

**29. DUTY STATUS AT TIME OF DEATH IF DIFFERENT FROM TIME OF INJURY OR CONTRACTION OF DISEASE**   ☐ PRESENT FOR DUTY ☐ ABSENT WITH AUTHORITY ☐ ABSENT WITHOUT AUTHORITY

**30. DETAILS OF ACCIDENT - REMARKS** (If additional space is needed, continue on reverse) (Attach inclosures as necessary)

SGT Berry was the victim of a mass shooting at the Soldier Readiness Processing Center at Fort Hood, Texas on 5 November 2009.

| 31. FORMAL LINE OF DUTY INVESTIGATION REQUIRED ☒ YES ☐ NO | 32. INJURY IS CONSIDERED TO HAVE BEEN INCURRED IN LINE OF DUTY (Not applicable on deaths) ☒ YES ☐ NO | |
|---|---|---|

| 33. DATE | 34. TYPED NAME AND GRADE OF UNIT COMMANDER OR UNIT ADVISER | 35. SIGNATURE |
|---|---|---|
| 30 Nov 2009 | McCaughern David C. MAJ | David C. McCaughern |

DA FORM 2173, OCT 1972     REPLACES DA FORM 2173, 1 JUN 66, WHICH IS OBSOLETE.     APD PE v2.01ES

# ENLISTED RECORD BRIEF

| BRIEF DATE | NAME | RANK - DOR | PMOS | SSN | COMPONENT |
|---|---|---|---|---|---|
| 20091103 | BERRY, JOSHUA ALAN | SGT 20080101 | 13B | Redacted PII | REGULAR |

## SECTION I -- Assignment Information

| | | | |
|---|---|---|---|
| OS/Deployment Combat Duty | Start-End Date | | |
| 20080305-20090625 | AF 112 | | |

Dwell Time TOT: 24

Start 20080625

Month - Days  4 Mo 17 Days  DEROS

Date Dependents Arrived OS

PMOS 13B
SMOS 91B
Bonus MOS
Bonus Enlist Elig Dt
Promotion MOS
Promotion Points/YRMO
Prev Promotion Points/YRMO
Prom Seq#
Promotion MOS
ASVAB   Test # / Dt
GT 103  ELEC 102
ADMIN 103  FA
CMBT 103  MECH 102
A&A / Dt
Flag Code

Date of Loss 20091215
ASG'T | FROM | MQ UNIT NO

## SECTION II -- Security Data

| PSI Status | PSI Invest Comp | PSI Invest Init | # Days Lost |
|---|---|---|---|
| | | 20081007 | |

## SECTION III -- Service Data

| BASD 20080325 | PEBD 19991104 | BESD |
|---|---|---|
| ETS 20110130 | DIEMS 19991104 | Basd Elig/Prohib |
| DOR | AGCM Dt | AGCM Elig Dt |
| PVT | PV2 | PFC |
| SGT | SSG | SFC |
| DOR 20080101 | MSG - 1SG | |
| | SGM - CSM | |

## SECTION IV -- Personal/Family Data

| Date of Birth | |
|---|---|
| Country of Citz | MALE / CAUCAS |
| Religion | NO PREF RECD |
| Marital Status | MARRIED |
| Height/Weight | 73/172 |
| #Cmd Sponsored 0 | |
| APFT Dt/PF Score | 20073SPASSED/275 |
| Last Physical Exam | MAR08 Results/D |

## SECTION V -- Foreign Language

| Language | Read | Listen | Speak |
|---|---|---|---|

## SECTION VI -- Military Education

| Course | Year |
|---|---|
| WARRIOR LEADER CRS | 2008 |
| COMBAT LIFE SAVERS CRS | |

## SECTION VII -- CIVILIAN Education

| Level Completed 4 YRS HS | Yr |
|---|---|
| Dt PRE-BASED EQUIV DIPLOMA | |
| Number Of Semester Hours Completed | 0 |

## Technical Certification

| Course Name | Dt Certified | Dt Expires |
|---|---|---|

## SECTION VIII -- Awards and Decorations

ARCOM
ARCAM
ARCAM
AGCM
ACM-CS
NDSM
NDPDR
ASR
OSR
NATO/MDL
CAB
DMB-DWV

## SECTION IX -- Assignment Information

| ASG'T | FROM | ORGANIZATION | STATION | LOC'T | COMD'T | DUTY TITLE | Date of Last NCOER |
|---|---|---|---|---|---|---|---|
| Current 20091006 | | D3000INHHC REAR | FT HOOD | US | FC | INCOMING PERSONNEL | 20091231/ |

Correspondence CRS Total # Hrs 338

Date of Last PCS 20072217

## SECTION X -- Remarks

Redacted PII

Svc Comp / DoD
Emergency Data Verified Date 20090714
HIV/YRMO 200907
RGMT AFL CORPOD
Date Last Photo

**Rodriguez, Joan Ms CIV USA IMCOM**

| | |
|---|---|
| **From:** | HOOD DHR IAG CASUALTY |
| **Sent:** | Friday, November 06, 2009 7:28 AM |
| **To:** | Bell, Jaime MAJ MIL USA; Chase, David LTC MIL USA; Miranda-gonzalez, Luis G SGM MIL USA TRADOC; Morrison, Aaron CPT MIL USA; Pence, Aida CPT MIL USA FORSCOM; Whiteside, Elizabeth MSG MIL USA; Adams, Michael L Dr CIV USA MEDCOM CRDAMC; Anderson, Carol Ms CIV USA IMCOM; Barton, Jeanie A Mrs CIV USA IMCOM; Berry, Michael CIV USA IMCOM; Bird, Donald A Mr CIV USA IMCOM; Bourget, Nancy A Ms CIV USA IMCOM; Broadway, Tyler CIV USA FORSCOM; Brown, Luisa F SGT MIL USA FORSCOM; Burns, Paula Mrs CIV USA IMCOM; Clifton, Theadora SFC MIL USA MEDCOM CRDAMC; Cook, David N SA MIL USA USACIDC; Cowell, Jacquelyn Ms CIV USA IMCOM; Diggs, Natalie CIV USA IMCOM; Druce, Marlean LTC MIL USA; Eberhart, Tom E LTC RES USAR; Elzie, James CIV USA; Fair, Ida Mrs CIV USA IMCOM; Falger, Katherine E SFC MIL USA TRADOC; Fearns, Kent Mr CIV USA IMCOM; Ferere, Primerose N Mrs CIV USA; FORSCOM G1 CASUALTY; Foster, Regina Ms CIV USA MEDCOM CRDAMC; Green, Charles E Mr CIV USA IMCOM; Hill, William V COL MIL USA IMCOM; HOOD III CORPS COC; HOOD III CORPS G1 CASUALTY; HOOD VA Thomas Edmundson; Hopkins, Larry CIV USA IMCOM; Jenkins, Angela J Ms CIV USA MEDCOM CRDAMC; Kennedy, Mark A Mr CIV USA MEDCOM CRDAMC; Lewis, Carol D Ms CIV USA MEDCOM CRDAMC; Lopez, Janeth CIV USA FORSCOM; Maloney, Leslie D LTC RES USAR; Manning, Cora CIV USA IMCOM; McCray, Edward B Mr CIV USA IMCOM; Mcgriff, Charles Mr CIV USA; Mcpherson, James MAJ MIL USA FORSCOM; Pena, Jeannette CIV USA FORSCOM; Penn, Gary D CIV USA; Perry, Chondra USA; Phillips, Ben K LTC MIL USA MEDCOM CRDAMC; Price, Lee CIV USA IMCOM; Rodriguez, Joan Ms CIV USA IMCOM; Rucker, Judith USA; Shipman, Willie Mr CIV USA IMCOM; Smith, Philip LTC MIL USA; Waller, Beth CIV USA IMCOM; Ware, Janie Mrs CIV USA IMCOM; Whaley, Robert COL MIL USA; Whitaker, Jay A COL NG NG; Whitten, Margaret CIV USA IMCOM; Williams, Elizabeth Mrs CIV USA IMCOM; Williamsriley, Dionne M SFC MIL USA; Wilma, Mcgahee J CIV USA; Wray, Lucile CIV USA IMCOM; Wright, Linda SFC MIL USA USARCENT; Wright, Robert LTC MIL USA FORSCOM; Zetzsche, Michael SA MIL USA USACIDC |
| **Cc:** | Ware, Janie Mrs CIV USA IMCOM; Fearns, Kent Mr CIV USA IMCOM |
| **Subject:** | Initial/Hostile/SI/Regular/AD███████████/US Army/1ID, Fort Hood, TX |

FOR OFFICIAL USE ONLY

INFORMATION MUST BE PROTECTED UNDER THE PRIVACY ACT AND DOD 5400.11-R.

Field Report Type: INIT

Casualty Type: Hostile

Casualty Status: SI ill/injury

Field Report Number: 09-01153

Multi Casualty Code: 12227

Personnel Type: Regular

Personnel Affiliation: Active Duty

Personnel Category: Obligated/Voluntary Service

SSN: Redacted PII

Last Name: Berry

1

First Name: Joshua

Middle Name: Alan

Birth Date: [Redacted PII]

Military Rank: Sergeant

Service: United States Army

Military Unit of Assignment: HHB, 1-16 FA, 1ID, Ft Hood, TX  76544

In Support of Other Service: United States Army

Date/time of Incident: 20091105 15:28:00

Incident City: Fort Hood

Incident State: Texas

Incident Country: United States

Circumstances: DES reported that there are twelve KIA, (includes one Soldier shooter) and 31 wounded.  Shooting SRP site, more information to follow upon receipt of SIR.

Inflicting Force: Unknown

Diagnosis: Left Shoulder dislocation.

Remarks: DD 93 & SGLV sent to DA, Ms Cox with heads-up info. This is a hasty report, as more information becomes available a supp will follow.  This report was prepared by Mrs. Ross @ Hood CAC 254-287-5211.

FOR OFFICIAL USE ONLY

2

**000112**



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, III CORPS AND FORT HOOD
1001 761ST TANK BATTALION AVENUE
FORT HOOD, TEXAS  76544-5000

REPLY TO
ATTENTION OF

IMSW-HOD-HRM  (600-8-4)

2 5 FEB 2005

MEMORANDUM FOR  Adjutant General, III Corps and Fort Hood,
Fort Hood, Texas  76544-5016

SUBJECT: Delegation of Authority, Line of Duty Investigations

1.  In accordance with AR 600-8-4, Line of Duty Policy, Procedures, and Investigations,
dated 15 Apr 04, paragraph 1-10.

2.  The following officials are delegated authority to approve, disapprove, or otherwise
appropriately dispose of Line of Duty Investigations:

    a.  Adjutant General

    b.  Deputy Adjutant General

3.  Further delegation of this authority is prohibited.

JAMES E. SIMMONS
Major General, USA
Commanding

Please read the instructions before completing this form.

# Servicemembers' Group Life Insurance Election and Certificate

| Use this form to:  (check all that apply) ☑ Name or update your beneficiary ☐ Reduce the amount of your insurance coverage ☐ Decline insurance coverage | **Important:** This form is for use by Active Duty and Reserve members. This form does not apply to and cannot be used for any other Government Life Insurance. |
|---|---|

| Last name | First name | Middle name | Rank, title or grade | Social Security Number Redacted PII |
|---|---|---|---|---|
| BERRY | JOSHUA | A | SGT | |

| Branch of Service (Do not abbreviate) ARMY | Current Duty Location WACV1A FORT KNOX KY |
|---|---|

## Amount of Insurance

By law, you are automatically insured for $400,000. *If you want $400,000 of insurance*, skip to *Beneficiary(ies) and Payment Options*. *If you want less than $400,000* of insurance, please check the appropriate block below and write the amount desired and your initials. Coverage is available in increments of $50,000. *If you do not want any insurance*\*, check the appropriate block below and write (in your own handwriting), "I do not want insurance at this time."

Declining SGLI coverage also cancels all family coverage and traumatic injury protection under the SGLI program.

☐ I want coverage in the amount of $_____          Your initials_____

☐ _____

(Write "I do not want insurance at this time.")

\*Note: Reduced or refused insurance can *only* be restored by completing form SGLV 8285 with proof of good health and compliance with other requirements. Reduced or refused insurance will also affect the amount of Veterans' Group Life Insurance you can convert to upon separation from service.

## Beneficiary(ies) and Payment Options

I designate the following beneficiary(ies) to receive payment of my insurance proceeds. I understand that the principal beneficiary(ies) will receive payment upon my death. If all principal beneficiaries predecease me, the insurance will be paid to the contingent beneficiary(ies).

| Complete Name (first, middle, last) and Address of each beneficiary | Social Security Number (if known) | Relationship to you | Share to each beneficiary (Use %, $ amounts or fractions) | Payment Option (Lump sum or 36 equal monthly payments) |
|---|---|---|---|---|
| **Principal** | | | | |
| 1. Redacted PII | | SPOUSE | 100% | LUMP SUM |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

☐ Additional Principals on page 5 (check if applicable)

| | | | | |
|---|---|---|---|---|
| **Contingent** | | | | |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

☐ Additional Contingents on page 5 (check if applicable)

I HAVE READ AND UNDERSTAND the instructions on pages 2 and 3 of this form. I ALSO UNDERSTAND that:
- *This form cancels any prior beneficiary or payment instructions.*
- The proceeds will be paid to beneficiaries as stated in #6 on page 3 of this form, unless otherwise stated above.
- If I have legal questions about this form, I may consult with a military attorney at no expense to me.
- I cannot have combined SGLI and VGLI coverages at the same time for more than $400,000.

SIGN HERE IN INK ➤ _John a Berry_          Date: _4 Dec 2009_
(Your signature. Do not print.)

| Do not write in space below. For official use only. | | | |
|---|---|---|---|
| RECEIVED BY: | RANK, TITLE OR GRADE MD | ORGANIZATION | DATE RECEIVED |

SGLV 8286, September 2007

p. 2
Copy 1 = Member's Official Personnel File
Copy 2 - To Member
Copy 3 - To Active or Reserve Component of Uniformed Service

000114

FSGLI Information Window

Sponsor Lookup

## Sponsor and Spousal Information

### Sponsor

| | |
|---|---|
| SSN: | Redacted PII |
| Name: | Berry, Joshua Alan |
| Component: | Army Active Duty |
| Coverage: | $400,000 |
| Effective Date: | Nov-01-2006 |

### Spouse

| | |
|---|---|
| Name: | Redacted PII |
| Date of Birth: | Redacted PII |
| Coverage: | $100,000 |
| Effective Date: | Feb-01-2009 |

◉ Modify Coverage for the Spouse:  [ Submit ]

I understand that I currently have Family Coverage
under SGLI for my spouse in the amount of
$100,000. To terminate coverage I must complete
SGLV-8286A at my local PSB/PSC/MPD. Soldiers
should ensure data has been correctly reported to
DEERS.  Additional information may be found on the
following web site
http://www.insurance.va.gov/SgliSite/FSGLI/sglifam.
htm

PRINTED NAME AND RANK
_Berry  Joshua A    SGT_
SOLDIERS PAYROLL
SIGNATURE _Joshua a Berry_
WITNESS _[signature]_
DATE _4 Dec 2009_

04021692

**NCO ___LUATION REPORT**
For use of this form, see AR 623-3; the proponent agency is DCS, G-1.

FOR OFFICIAL USE ONLY (FOUO)
SEE PRIVACY ACT STATEMENT
IN AR 623-3.

## PART I - ADMINISTRATIVE DATA

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK | d. DATE OF RANK | e. PMOSC |
|---|---|---|---|---|
| BERRY, JOSHUA A. | Redacted PII | SGT  (   ) | 20080101 | 13B2O |

| f.1. UNIT      ORG.      STATION      ZIP CODE OR APO,    MAJOR COMMAND | f.2. STATUS CODE | g. REASON FOR SUBMISSION |
|---|---|---|
| HHB, 1-6 FA, FOB Kalagush, Afghanistan, APO AE 09354, CENTCOM | 03 | Change of Rater |

| h. PERIOD COVERED | | i. RATED MONTHS | j. NON-RATED CODES | k. NO. OF ENCL | l. RATED NCO'S EMAIL ADDRESS (.gov or .mil) | m. UIC | n. CMD CODE | o. PSB CODE |
|---|---|---|---|---|---|---|---|---|
| FROM | THRU | | | | | | | |
| YEAR MONTH DAY | YEAR MONTH DAY | | | | Redacted PII | | | |
| 20080101 | 20081231 | 12 | | | | WAF6T0 | FC | UB18 |

## PART II - AUTHENTICATION

| a. NAME OF RATER (Last, First, Middle Initial) | SSN | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|---|
| HENDRICKS, DARIN J. | Redacted PII | HENDRICKS.DARIN.JOHN Redacted PII | 20090106 |

| RANK | PMOSC/BRANCH | ORGANIZATION | DUTY ASSIGNMENT | RATER'S AKO EMAIL ADDRESS (.gov. or .mil) |
|---|---|---|---|---|
| SFC | 13R4O | HHB, 1-6 Field Artillery | Platoon Sergeant | Redacted PII |

| b. NAME OF SENIOR RATER (Last, First, Middle Initial) | SSN | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|---|
| BALLARTA, DASHIELL M. | Redacted PII | BALLARTA.DASHIELL.MICHAE Redacted PII | 20090106 |

| RANK | PMOSC/BRANCH | ORGANIZATION | DUTY ASSIGNMENT | SENIOR RATER'S AKO EMAIL ADDRESS (.gov. or .mil) |
|---|---|---|---|---|
| 1LT | FA | HHB, 1-6 Field Artillery | Platoon Leader | Redacted PII |

| c. NAME OF REVIEWER (Last, First, Middle Initial) | SSN | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|---|
| GONZALES, FAUSTINO L. | Redacted PII | GONZALES.FAUSTINO.L.JR Redacted PII | 20090106 |

| RANK | PMOSC/BRANCH | ORGANIZATION | DUTY ASSIGNMENT | REVIEWER'S AKO EMAIL ADDRESS (.gov. or .mil) |
|---|---|---|---|---|
| CPT | FA | HHB, 1-6 Field Artillery | Battery Commander | Redacted PII |

d. ☒ CONCUR WITH RATER AND SENIOR RATER EVALUATIONS    ☐ NONCONCUR WITH RATER AND/OR SENIOR RATER EVAL (See attached comments)

| e. RATED NCO: I understand my signature does not constitute agreement or disagreement with the evaluations of the rater and senior rater. I further understand my signature verifies that the administrative data in Part I, the rating officials in Part II, the duty description to include the counseling dates in Part III, and the APFT and height/weight entries in Part IVc are correct. I have seen the completed report. I am aware of the appeals process of AR 623-3. | SIGNATURE | DATE (YYYYMMDD) |
|---|---|---|
| | BERRY.JOSHUA.ALAN. Redacted PII | 20090106 |

## PART III - DUTY DESCRIPTION (Rater)

| a. PRINCIPAL DUTY TITLE | b. DUTY MOSC |
|---|---|
| Maneuver Team Leader | 13B2O |

c. DAILY DUTIES AND SCOPE (To include, as appropriate, people, equipment, facilities and dollars)
Leads a maneuver team of four combat support MOS Soldiers conducting infantry missions as part of 1-6 Field Artillery, 3rd Brigade, 1st Infantry Division, Nuristan Province, Afghanistan; ensures accountability and maintenance of over $200,000 in assigned equipment; conducts training on infantry battle drills, small arms and crew served weapons marksmanship and the physical conditioning of his team in order to conduct dismounted patrols throughout rigorous and hostile terrain; employs all organic weapons and employment of supporting assets; assumes the duties of squad leader in his absence.

d. AREAS OF SPECIAL EMPHASIS
NTC Rotation 08-03; Weapons Qualification; Convoy Operations; Observation Post (OP) Operations; APFT; FTXs; Preparation for Deployment.

e. APPOINTED DUTIES
Battalion Color Guard NCOIC; Battalion Commander's Driver

| f. COUNSELING DATES | INITIAL | LATER | LATER | LATER |
|---|---|---|---|---|
| | 20080505 | 20080801 | 20081101 | |

## PART IV - ARMY VALUES/ATTRIBUTES/SKILLS/ACTIONS (Rater)

a. ARMY VALUES. Check either "YES" or "NO" (Bullet Comments are mandatory. Substantive bullet comments are required for "NO" entries.)

| | | YES | NO |
|---|---|---|---|
| Loyalty | 1. LOYALTY: Bears true faith and allegiance to the U. S. Constitution, the Army, the unit, and other Soldiers. | ☒ | |
| Duty | 2. DUTY: Fulfills their obligations. | ☒ | |
| Respect | 3. RESPECT/EO/EEO: Treats people as they should be treated. | ☒ | |
| Selfless-Service | 4. SELFLESS-SERVICE: Puts the welfare of the nation, the Army, and subordinates before their own. | ☒ | |
| | 5. HONOR: Lives up to all the Army values. | ☒ | |
| | 6. INTEGRITY: Does what is right - legally and morally. | ☒ | |
| Honor / Integrity / Personal Courage | 7. PERSONAL COURAGE: Faces fear, danger, or adversity (physical and moral) | ☒ | |

**V A L U E S**

Bullet comments
o strong commitment to the welfare of Soldiers and accomplishment of the mission

o displayed the highest degree of professionalism and expected the same from others

o unquestionable integrity, honesty, and moral courage

DA FORM 2166-8, MAR 2006        PREVIOUS EDITIONS ARE OBSOLETE.        Page 1 of 2
APD PE v6.00ES

000116

| RATED NCO'S NAME (Last, First, Middle Initial) | | Redacted PII | THRU DATE |
|---|---|---|---|
| BERRY, JOSHUA A. | | | 20081231 |

| PART IV (Rater) – VALUES/NCO RESPONSIBILITIES | Bullet comments are mandatory. Substantive bullet comments are required for "EXCELLENCE" or "NEEDS IMPROVEMENT" |
|---|---|

**b. COMPETENCE**
- o Duty proficiency; MOS competency
- o Technical & tactical; knowledge, skills, and abilities
- o Sound judgment
- o Seeking self-improvement; always learning
- o Accomplishing tasks to the fullest capacity; committed to excellence

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ |

o as NCOIC of Battalion Color Guard, demonstrated superb honor and integrity while holding Battalion Colors during ceremonies, on occasion for long periods of time

o displayed the technical and tactical knowledge to work as a gunner and driver on over 30 missions in the Nuristan province of Afghanistan

o completed over 550 hours of Army correspondence courses

**c. PHYSICAL FITNESS & MILITARY BEARING**
- o Mental and physical toughness
- o Endurance and stamina to go the distance
- o Displaying confidence and enthusiasm; looks like a Soldier

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ |

| APFT | PASS | 20081205 | HEIGHT/WEIGHT | 71 / 170 | YES |
|---|---|---|---|---|---|

o standard of appearance is a model for his peers and subordinates

o projected self-confidence, authority and enthusiasm

o always maintained the highest standards of military bearing and deportment

**d. LEADERSHIP**
- o Mission first
- o Genuine concern for Soldiers
- o Instilling the spirit to achieve and win
- o Setting the example; Be, Know, Do

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ |

o selected by the Battalion Command Sergeant Major to be NCOIC of all Command Group drivers, and personally drive the Battalion Commander

o demonstrated a strong commitment to all of the Army Values when assigned as Battle NCO during field exercises at Fort Hood and NTC rotation

o solid leader, genuinely cared for Soldiers; motivated them to accomplish all missions

**e. TRAINING**
- o Individual and team
- o Mission focused; performance oriented
- o Teaching Soldiers how; common tasks, duty-related skills
- o Sharing knowledge and experience to fight, survive and win

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ |

o qualified expert with his M4 weapon on several different occasions

o led training on the proper technique on rigging and hooking up of designated sling loads for Air Assault operations

o as a lane safety and instructor at several M16A4 and M4 ranges, he helped zero and qualify 90% of the Battalion

**f. RESPONSIBILITY & ACCOUNTABILITY**
- o Care and maintenance of equipment/facilities
- o Soldier and equipment safety
- o Conservation of supplies and funds
- o Encouraging Soldiers to learn and grow
- o Responsible for the good, bad, right & wrong

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) | (Much) |
|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ |

o zero safety violations or accidents during tactical operations that included day and night operations while conducting convoy missions and sling operations to OP Loyalty

o led and maintained three Command vehicles along with all BII

o closely supervised all operations by enforcing and evaluating the battalion's training standards across the brigade using published policy and commander's guidance

| PART V - OVERALL PERFORMANCE AND POTENTIAL | |
|---|---|

**a. RATER.** Overall potential for promotion and/or service in positions of greater responsibility.

| AMONG THE BEST | FULLY CAPABLE | MARGINAL |
|---|---|---|
| ☒ | ☐ | ☐ |

**b. RATER.** List 3 positions in which the rated NCO could best serve the Army at his/her current or next higher grade.

Howitzer Section Chief

WLC Instructor

Drill Sergeant

**e. SENIOR RATER BULLET COMMENTS**
o promote to Staff Sergeant ahead of peers

o send to ALC immediately

o unlimited potential for positions of increased responsibility

o a dependable NCO who leads from the front and develops all Soldiers to perform to their best

o place in positions of increased leadership; he is a stalwart performer and will continue to thrive in demanding positions

| c. SENIOR RATER. Overall performance | 1 ☒ | 2 ☐ | 3 ☐ Successful | 4 ☐ Fair | 5 ☐ Poor | d. SENIOR RATER. Overall potential for promotion and/or service in positions of greater responsibility. | 1 ☒ | 2 ☐ | 3 ☐ Superior | 4 ☐ Fair | 5 ☐ Poor |
|---|---|---|---|---|---|---|---|---|---|---|---|

DA FORM 2166-8, MAR 2006

Page 2 of 2
APD PE v6.00ES

**000117**

RECORD OF EMERGENCY    .TA

Page 1 of 2

**Redacted PII**

## RECORD OF EMERGENCY DATA

### PRIVACY ACT STATEMENT

**AUTHORITY:** 5 USC 552, 10 USC 655, 1475 to 1480 and 2771, 38 USC 1970, 44 USC 3101, and EO 9397 (SSN).
**PRINCIPAL PURPOSES:** This form is used by military personnel and Department of Defense civilian and contractor personnel, collectively referred to as civilians, when applicable. For military personnel, it is used to designate beneficiaries for certain benefits in the event of the Service member's death. It is also a guide for disposition of that member's pay and allowances if captured, missing or interned. It also shows names and addresses of the person(s) the Service member desires to be notified in case of emergency or death. For civilian personnel, it is used to expedite the notification process in the event of an emergency and/or death of the member. The purpose of soliciting the SSN is to provide positive identification. All items may not be applicable.
**ROUTINE USES:** None.
**DISCLOSURE:** Voluntary; however, failure to provide accurate personal identifier information and other solicited information will delay notification and the processing of benefits to designated beneficiaries if applicable.

| INSTRUCTIONS TO SERVICE MEMBER | INSTRUCTIONS TO CIVILIANS |
|---|---|
| This extremely important form is to be used by you to show the names and addresses of your spouse, children, parents, and any other person(s) you would like notified if you become a casualty (other family members or fiancé), and, to designate beneficiaries for certain benefits if you die. IT IS YOUR RESPONSIBILITY to keep your Record of Emergency Data up to date to show your desires as to beneficiaries to receive certain death payments, and to show changes in your family or other personnel listed, for example, as a result of marriage, civil court action, death, or address change. | This extremely important form is to be used by you to show the names and addresses of your spouse, children, parents, and any other person(s) you would like notified if you become a casualty. Not every item on this form is applicable to you. This form is used by the Department of Defense (DoD) to expedite notification in the case of emergencies or death. It does not have a legal impact on other forms you may have completed with the DoD or your employer. |

**IMPORTANT: This form is divided into two sections: Section 1 - Emergency Contact Information and Section 2 - Benefits Related Information. READ THE INSTRUCTIONS ON PAGES 3 AND 4 BEFORE COMPLETING THIS FORM.**

### SECTION 1 - EMERGENCY CONTACT INFORMATION

**1. NAME** *(Last, First, Middle Initial)*
BERRY, JOSHUA ALAN

**2. SSN**   Redacted PII

**3a. SERVICE/CIVILIAN CATEGORY**
[✓] ARMY [ ] NAVY [ ] MARINE CORPS [ ] AIR FORCE [ ] DoD [ ] CIVILIAN [ ] CONTRACTOR

**b. REPORTING UNIT CODE/DUTY STATION**
WAF6T0 / FT HOOD

**4a. SPOUSE NAME** *(if applicable) (Last, First, Middle Initial)*
SINGLE

**b. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER

**5. CHILDREN**
**a. NAME** *(Last, First, Middle Initial)*
None.

**b. RELATIONSHIP**

**c. DATE OF BIRTH** *(YYYYMMDD)*

**d. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER

**6a. FATHER NAME** *(Last, First, Middle Initial)*
Redacted PII

**b. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER
Redacted PII

**7a. MOTHER NAME** *(Last, First, Middle Initial)*
Redacted PII

**b. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER

**8a. DO NOT NOTIFY DUE TO ILL HEALTH**
None.

**b. NOTIFY INSTEAD**

**9a. DESIGNATED PERSON(S)** *(Military Only)*
None.

**b. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER

**10. CONTRACTING AGENCY AND TELEPHONE NUMBER** *(Contractors only)*

**DD FORM 93 (E), JAN 2008**      PREVIOUS EDITION IS OBSOLETE

### SECTION 2 - BENEFITS RELATED INFORMATION

**11a. BENEFICIARY(IES) FOR DEATH GRATUITY** *(Military only)*
None.

**b. RELATIONSHIP**

**c. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER

**d. PERCENTAGE**

**12a. BENEFICIARY(IES) FOR UNPAID PAY/ALLOWANCES** *(Military only)* NAME AND RELATIONSHIP
Redacted PII

**b. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER
Redacted PII

**c. PERCENTAGE**
100

**13a. PERSON AUTHORIZED TO DIRECT DISPOSITION (PADD)** *(Military only)* NAME AND RELATIONSHIP

**b. ADDRESS** *(Include ZIP Code)* AND TELEPHONE NUMBER

RECORD OF EMERGENCY   .TA                                      Page 2 of 2

| Redacted PII | | Redacted PII | |
|---|---|---|---|

**14. CONTINUATION/REMARKS**

Location of Will/Valuable Papers: NONE

DOR/NMA:FATHER ▬▬▬▬▬▬▬▬▬ Redacted PII ▬▬▬▬▬▬▬▬▬

| **15. SIGNATURE OF SERVICE MEMBER/CIVILIAN** (include rank, rate, or grade if applicable) | **16. SIGNATURE OF WITNESS** (include rank, rate or grade as appropriate) | **17. DATE SIGNED** (YYYYMMDD) |
|---|---|---|
| John C. Denny   E-5 | SPC B. Bl... | 20081203 |

DD FORM 93 (E) (BACK), JAN 2008

**000119**



**REPLY TO
ATTENTION OF:**

**DEPARTMENT OF THE ARMY**
HEADQUARTERS, 3D BRIGADE COMBAT TEAM
1ST INFANTRY DIVISION
FORT HOOD, TX 76544

ORDERS 362-04

28 December 2007

The Secretary of the Army has reposed special trust and confidence in the patriotism, valor, fidelity, and professional excellence of JOSHUA A. BERRY. In view of these qualities and demonstrated leadership potential and dedicated service to the U.S. Army, soldier is therefore, promoted from CORPRAL to SERGEANT. MOS of 13B2O00YY is awarded as the new primary MOS effective 01 January 2008. Promotion is effective 01 January 2008 with the date of rank of 01 January 2008. The promotion is not valid and this order will be revoked if the soldier is not in a promotable status on the effective date of promotion. The authority for this promotion is ALARACT Message 146/2003, U.S. Army Human Resources Command Letter; AHRC-MSP-E dated, Subject: DA Promotion Point Cut-off Scores for 26 December 2007 and AR 600-8-19, Chapter 3. Other MOS actions are withdrawal of PMOS 13B1O00YY.

Additional Instructions: You are required to obtain a new Department of Defense Form 2A (United States Armed Forces Identification Card) within 5 days following receipt of this order. A new card may be obtained by reporting to the 3D BCT ID Card Facility, Room 7, Bldg. 29027 with one copy of this order.

Format: 302

FOR THE COMMANDER:

JOSHUA J. REYES
WO1, AG
BCT Human Resource Technician

DISTRIBUTION:
AFID-S1 362-04 (1)
Cdr, USAEREC, ATTN: PCRE-FS, Indianapolis IN 46249-5006 (1)
Cdr, 2-2 INF (1)
SERGEANT BERRY, Redacted PII

Inquiries concerning this order should be directed to the BCT, Human Resource Technician, 3D Brigade Combat Team, Fort Hood, Texas 76544.  COMM: 254-618-8648

| SERVICE SCHOOL ACADEMIC EVALUATION REPORT | | DATE (YYYYMMDD) |
|---|---|---|
| For use of this form, see AR 623-3; the proponent agency is DCS, G-1. | | 20070921 |

| 1. LAST NAME - FIRST NAME - MIDDLE INITIAL | 2. SSN | 3. GRADE | 4. BR | 5. SPECIALTY/MOSC |
|---|---|---|---|---|
| BERRY, JOSHUA A. | Redacted PII | CPL | | 13B1O |

| 6. COURSE TITLE | 7. NAME OF SCHOOL | 8. COMP |
|---|---|---|
| 600-WLC (MOD), CLASS 15-07 | U.S. Army NCO Academy, FT Campbell KY, 42223 | RA |

| 9. THIS IS A REFERRED REPORT, DO YOU WISH TO MAKE COMMENTS? | 10. DURATION OF COURSE (YYYYMMDD) |
|---|---|
| ☐ YES ☐ NO | From: 20070906    Thru: 20070921 |

**11. PERFORMANCE SUMMARY**

*a. EXCEEDED COURSE STANDARDS ☒
  (Limited to 20% of class enrollment)

b. ☒ ACHIEVED COURSE STANDARDS

*c. MARGINALLY ACHIEVED COURSE STANDARDS

*d. FAILED TO ACHIEVE COURSE STANDARDS

*Rating must be supported by comments in ITEM 14.

**12. DEMONSTRATED ABILITIES**

a. WRITTEN COMMUNICATION
  ☒ NOT EVALUATED ☐ UNSAT ☐ SAT ☐ SUPERIOR

b. ORAL COMMUNICATION
  ☐ NOT EVALUATED ☐ UNSAT ☐ SAT ☒ SUPERIOR

c. LEADERSHIP SKILLS
  ☐ NOT EVALUATED ☐ UNSAT ☒ SAT ☐ SUPERIOR

d. CONTRIBUTION TO GROUP WORK
  ☐ NOT EVALUATED ☐ UNSAT ☐ SAT ☒ SUPERIOR

e. EVALUATION OF STUDENT'S RESEARCH ABILITY
  ☒ NOT EVALUATED ☐ UNSAT ☐ SAT ☐ SUPERIOR

(SUPERIOR/UNSAT rating must be supported by comments in ITEM 14

| 13. HAS THE STUDENT DEMONSTRATED THE ACADEMIC POTENTIAL FOR SELECTION TO HIGHER LEVEL SCHOOLING/TRAINING? |
|---|
| ☒ YES ☐ NO ☐ N/A   (A "NO" response must be supported by comments in ITEM 14) |

**14. COMMENTS** *(This item is intended to obtain a word picture of each student that will accurately and completely portray academic performance, intellectual qualities, and communication skills and abilities. The narrative should also discuss broader aspects of the student's potential, leadership capabilities, moral and overall professional qualities. In particular, comments should be made if the student failed to respond to recommendations for improving academic or personal affairs.)*

12b  Superior ability to present views logically

Soldier participated in the classroom when called upon

12d  Established a solid working rapport with group members to gain outstanding results in all situations

FS24

"PASS 20070907" "73/173 YES"

**15. AUTHENTICATION**

| a. TYPED NAME, GRADE, BRANCH, AND TITLE OF RATER | DATE (YYYYMMDD) | SIGNATURE |
|---|---|---|
| DANIEL E. FLEISCHER, SSG, Small Group Leader | 20070921 | |

| b. TYPED NAME, GRADE, BRANCH, AND TITLE OF REVIEWING OFFICER | DATE (YYYYMMDD) | SIGNATURE |
|---|---|---|
| JEFFREY S. MEADOWS, CSM, USA, Commandant | 20070921 | |

| c. DATE (YYYYMMDD) | SIGNATURE OF RATED SOLDIER |
|---|---|
| 20070921 | |

DA FORM 1059, MAR 2006          PREVIOUS EDITIONS ARE OBSOLETE.          APD PE v1.00ES



# DEPARTMENT OF THE ARMY

THIS IS TO CERTIFY THAT THE SECRETARY OF THE ARMY HAS AWARDED

## THE ARMY COMMENDATION MEDAL

TO

**SPECIALIST JOSHUA A. BERRY**
HEADQUARTERS AND HEADQUARTERS COMPANY
3RD BRIGADE, 1ST INFANTRY DIVISION

FOR MERITORIOUS ACHIEVEMENT AS THE ACTING 3RD BRIGADE, 1ST INFANTRY DIVISION LEADERSHIP.
HIS INITIATIVE, LEADERSHIP, JUDGEMENT, AND WORK ETHIC WERE INSTRUMENTAL IN THE EARLY
SUCCESS OF THE BRIGADE. HIS ACTIONS REFLECT GREAT CREDIT UPON HIMSELF, THE DUKE
BRIGADE, THE 1ST INFANTRY DIVISION, AND THE UNITED STATES ARMY.

FROM:   1 MARCH 2007        TO:   31 MARCH 2007



JOHN M. SPISZER
COL, IN
Commanding

PERMANENT ORDERS #110-015
HQ, 3RD BDE, 1ST ID
FORT HOOD, TX

DA FORM 4980-14, NOV 87

Redacted PII

**000122**



## ENLISTMENT/REENLISTMENT DOCUMENT
## ARMED FORCES OF THE UNITED STATES

### PRIVACY ACT STATEMENT

**AUTHORITY:** 5 USC 3331; 32 USC 708, 44 USC 708 and 3101; 10 USC 133, 265, 275, 504, 508, 510, 591, 672(d), 678, 837, 1007, 1071 through 1087, 1168, 1169, 1475 through 1480, 1553, 2107, 2122, 3012, 5031, 8012, 8033, 9496, and 9411; 14 USC 351 and 632; and Executive Order 9397, November 1943 (SSN).

**PRINCIPAL PURPOSE(S):** To record enlistment or reenlistment into the U.S. Armed Forces. This information becomes a part of the subject's military personnel records which are used to document promotion, reassignment, training, medical support, and other personnel management actions. The purpose of soliciting the SSN is for positive identification.

**ROUTINE USE(S):** This form becomes a part of the Service's Enlisted Master File and Field Personnel File. All uses of the form are internal to the relevant Service.

**DISCLOSURE:** Voluntary; however, failure to furnish personal identification information may negate the enlistment/reenlistment application.

### A. ENLISTEE/REENLISTEE IDENTIFICATION DATA

| 1. NAME (Last, First, Middle) BERRY JOSHUA ALAN | 2. SOCIAL SECURITY NUMBER Redacted PII |
|---|---|
| 3. HOME OF RECORD (Street, City, State, ZIP Code) Redacted PII | 4. PLACE OF ENLISTMENT/REENLISTMENT (Mil. Installation, City, State) COLUMBUS MEPS GAHANNA, OH 43230-6203 |

| 5. DATE OF ENLISTMENT/ REENLISTMENT (YYYYMMDD) 20061108 | 6. DATE OF BIRTH (YYYYMMDD) Redacted PII | 7. PREV MIL SVC UPON ENL/REENLIST | YEARS | MONTHS | DAYS |
|---|---|---|---|---|---|
| | | a. TOTAL ACTIVE MILITARY SERVICE | | | |
| | | b. TOTAL INACTIVE MILITARY SERVICE | | | |

### B. AGREEMENTS

8. I am enlisting/reenlisting in the United States *(list branch of service)* ARMY
this date for __4__ years and __12__ weeks beginning in pay grade __E-4__
The additional details of my enlistment/reenlistment are in Section C and Annex(es)
__A__

a. FOR ENLISTMENT IN A DELAYED ENTRY/ENLISTMENT PROGRAM (DEP):

I understand that I will be ordered to active duty as a Reservist unless I report to the place shown in item 4 above by *(list date (YYYYMMDD))* _____ for enlistment in the Regular component of the United States *(list branch of service)* _____ for not less than _____ years and _____ weeks. My enlistment in the DEP is in a nonpay status. I understand my period of time in the DEP is NOT creditable for pay purposes upon entry into a pay status. However, I also understand that this time is counted toward fulfillment of my military service obligation or commitment. I must maintain my current qualifications and keep my recruiter informed of any changes in my physical or dependency status, moral qualifications, and mailing address.

b. REMARKS: *(if none, so state.)*   NONE ✗ JAB

c. The agreements in this section and attached annex(es) are all the promises made to me by the Government. **ANYTHING ELSE ANYONE HAS PROMISED ME IS NOT VALID AND WILL NOT BE HONORED.**

*(Initials of Enlistee/Reenlistee)* ✗ JAB

(Continued on reverse side.)

DD FORM 4/1, JAN 2001      PREVIOUS EDITION MAY BE USED.

000123

| NAME OF ENLISTEE/REENLISTEE (Last, First, Middle) | SOCIAL SECURITY NO OF ENLISTEE/REENLISTEE |
|---|---|
| BERRY JOSHUA ALAN | Redacted PII |

## D. CERTIFICATION AND ACCEPTANCE

13a.  My acceptance for enlistment is based on the information I have given in my application for enlistment.  If any of that information is false or incorrect, this enlistment may be voided or terminated administratively by the Government or I may be tried by a Federal, civilian, or military court and, if found guilty, may be punished.

I CERTIFY THAT I HAVE CAREFULLY READ THIS DOCUMENT. ANY QUESTIONS I HAD WERE EXPLAINED TO MY SATISFACTION. I FULLY UNDERSTAND THAT ONLY THOSE AGREEMENTS IN SECTION B OF THIS DOCUMENT OR RECORDED ON THE ATTACHED ANNEX(ES) WILL BE HONORED.  ANY OTHER PROMISES OR GUARANTEES MADE TO ME BY ANYONE ARE WRITTEN BELOW: (If none, X "NONE" and initial.)   ☐ NONE (Initials of enlistee/reenlistee)

| b. SIGNATURE OF ENLISTEE/REENLISTEE | c. DATE SIGNED (YYYYMMDD) |
|---|---|
| X *Joshua Alan Berry* | 20061108 |

## 14. SERVICE REPRESENTATIVE CERTIFICATION

a. On behalf of the United States (list branch of service)   ARMY
I accept this applicant for enlistment.  I have witnessed the signature in item 13b to this document. I certify that I have explained that only those agreements in Section B of this form and in the attached Annex(es) will be honored, and any other promises made by any person are not effective and will not be honored.

| b. NAME (Last, First, Middle) | c. PAY GRADE | d. UNIT/COMMAND NAME |
|---|---|---|
| SEARS DAVID A | E-8 | USA RECRUITING BATTALION |
| e. SIGNATURE | f. DATE SIGNED (YYYYMMDD) | g. UNIT/COMMAND ADDRESS (City, State, Zip Code) |
| | 20061108 | COLUMBUS OH 43215-2483 |

## E. CONFIRMATION OF ENLISTMENT OR REENLISTMENT

### 15. IN THE ARMED FORCES EXCEPT THE NATIONAL GUARD (ARMY OR AIR):

I, JOSHUA ALAN BERRY _____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the orders of the officers appointed over me, according to regulations and the Uniform Code of Military Justice. So help me God.

### 16. IN THE NATIONAL GUARD (ARMY OR AIR):

I, _____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the State of _____ against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the Governor of _____ and the orders of the officers appointed over me, according to law and regulations.  So help me God.

### 17. IN THE NATIONAL GUARD (ARMY OR AIR):

I do hereby acknowledge to have voluntarily enlisted/reenlisted this _____ day of _____ in the _____ National Guard and as a Reserve of the United States (list branch of service) _____ with membership in the _____ National Guard of the United States for a period of _____ years, _____ months, _____ days, under the conditions prescribed by law, unless sooner discharged by proper authority.e

| 18a. SIGNATURE OF ENLISTEE/REENLISTEE | b. DATE SIGNED (YYYYMMDD) |
|---|---|
| *John A. Berry* | 20061108 |

## 19. ENLISTMENT/REENLISTMENT OFFICER CERTIFICATION

a. The above oath was administered, subscribed, and duly sworn to (or affirmed) before me this date.

| b. NAME (Last, First, Middle) | c. PAY GRADE | d. UNIT/COMMAND NAME |
|---|---|---|
| BJORKMAN CHRISTOPHER S | O-5 | COLUMBUS MEPS |
| e. SIGNATURE | f. DATE SIGNED (YYYYMMDD) | g. UNIT/COMMAND ADDRESS (City, State, Zip Code) |
| | 20061108 | GAHANNA OH 43230-6203 |

DD Form 4/2, JAN 2001                PREVIOUS EDITION MAY BE USED.

**000124**

| NAME: Berry, Joshua Alan | SSN: Redacted PII |
|---|---|

**STATEMENT FOR ENLISTMENT**
**UNITED STATES ARMY ENLISTMENT PROGRAM**
For use of this form, see AR 601–210: the proponent agency is ODCSPER
(For instructions using this form see USAREC Reg 601–96)

**DATA REQUIRED BY THE PRIVACY ACT OF 1974**

**AUTHORITY:** Title 10, United States Code. Section 275 Executive Order 9397.

**PRINCIPAL PURPOSE:** Basic form used to record contractual obligations to enlistees. Guarantees and annexes enlistment contract.

**ROUTINE USES:** This form becomes a part of the Enlisted Master File and Field Personnel File. All uses of this form are internal to the United States Army.

**DISCLOSURE:** Disclosure of the Social Security Number; (SSN) and other personal information is voluntary. However failure to provide the required information may result in denial of enlistment or reenlistment.

1. ACKNOWLEDGMENT:  In connection with my enlistment in the Regular Army. I hereby acknowledge that:

  a. I am enlisting for the following program (s):

| PROGRAM | TITLE | REQUEST OPTION |
|---|---|---|
| 9A | United States ARMY Training Enlistment Program(UNCM) | 03 |
| 9C | United States ARMY Incentive Enlistment Program(US ARMY CASH BONUS, 4 YR ENL) | 174 |

  b. My enlistment for this program assures me that, provided I meet required prerequisites, I will receive training in the following Military Occupational Specialty (MOS) or Career Management Field (CMF)

**MOS:** 13B CANNON CREWMEMBER
**Skill Level:** 1
**SQI:** O NO SPECIAL QUALIFICATIONS
**ASI:** 00 DEFAULT CODE
**Language:** YY NONE

  c. I certify that I have read or have viewed the Job Description for the MOS I am enlisting for and further acknowledge that I understand the general nature of the training I will receive.

  d. I understand that I must satisfactorily complete basic combat training in order to receive the training indicated above. Further, I understand that if I should be relieved from training for academic deficiency, disciplinary reasons, failure to receive any required security clearance because of information withheld by me or any misconduct, I will be trained in accordance with the needs of the Army and required to complete the term of my enlistment.

NAME: Berry, Joshua Alan                    SSN: Redacted PII

e. I further state and understand that I have been given no guarantee of assignment nor have I been assured that I will  or will not
be assigned to an overseas location. I understand that upon successful completion of my training I will  be assigned in
accordance with the needs of the Army and no guarantee of a specific job has been made.

f. My term of enlistment in the Regular Army is  4 Years  12 weeks.

2.  ASSOCIATED OPTIONS:   In connection with my enlistment into the Regular Army, I hereby acknowledge and understand

a. The incentive above is the U. S. ARMY CASH BONUS, I understand   that the BONUS AMOUNT IS $**11000** authorized by
HQDA, DAPE–MPA, Enlisted Incentive Program Effective 01 Oct 2006 and will be paid in accordance with DA instruction.

b. The following is used for finance and accounting purposes, Soldier, please retain this document in a safe place:   Fund cite: 21
6 2010 0000 6 01–1100 2G2010 1199 PAID P522 S12120.

c. I certify that I have read viewed and understand the Information for applicants Table 9–1 of AR 601–210 for the enlistment
Programs I am enlisting for.

3.  APPLICABLE TO ALL APPLICANTS ENLISTING UNDER THIS PROGRAM:

a. I have provided complete, detailed, and accurate background information in regards to my controlled drug and alcohol use,
financial, moral, and physical history. This information will be used to determine my eligibility for the necessary security
clearance if required by an MOS, option, or duty assignment in connection with my enlistment. I understand that if it is
determined that I have knowingly failed to reveal information at the time of my enlistment, or I have significant derogatory
information, which results in my inability to receive an interim or final security clearance within 120 days from the
submission date of my request for a clearance, I may be reclassified based on the needs of the Army or processed for
discharge.

b. I understand that if my enlistment contract cannot be fulfilled through no fault of my own, the alternatives available to me will
be provided in Army Regulation 635–200. I understand that I will have a period of thirty days from the time I am notified,
become aware or reasonably should have become aware that my selected training (above) cannot become fulfilled, to elect an
alternative training program for which I am qualified and a vacancy exists, or request a separation. This thirty day period may
be extended by the general courts martial convening authority when necessary to determine the availability of my selected
alternative. If I make no election within the thirty day period, my claim will be deemed to have been waived. I understand
that if I have enlisted for training in a military occupational specialty (MOS) under the variable enlistment length (VEL)
option. I understand I am required to complete all training and term of service (TOS) associated with the MOS.  If MOS or
training length changes, I will be required to meet the minimum years of service obligation associated with the MOS upon
completion of training.

c. If I fail, through my own fault, to meet any of these established prerequisites for the Nuclear Security Programs or the required
security clearances or fail to meet or maintain required medical, physical, professional, or other suitability standards for
training or retention in accordance with my enlistment contract, I will be trained and assigned in accordance with the needs
of the Army and required to complete my term of enlistment. I further acknowledge that if I become disqualified for this
enlistment program because of personal conduct, withholding of information that I have within my knowledge that precludes
access to special intelligence information, I will be retrained and required to complete my term of enlistment in accordance
with the needs of the Army.

4.  STATEMENT AND CONDITIONS which apply to ALL incentive programs above:

a. I further acknowledge and understand that my incentive is subject to the following conditions:

(1) Should I fail to satisfactorily complete the Advanced Individual Training or One Station Unit Training, I will be trained
in another MOS or CMF and required to complete my term of enlistment based upon the needs of the Army, forfeiting
any entitlement of the Cash Bonus, LRP, or Army College Fund

NAME: Berry, Joshua Alan                                SSN: Redacted

(2) I will lose entitlement to the incentive above if I fail to successfully complete training *(including academic failure)* and awarded the MOS I have enlisted for.

(3) I must stay qualified in my incentive MOS for the duration of my initial enlistment, unless otherwise directed by Headquarters, Department of the Army. Change of MOS due to normal career progression is authorized.

(4) If I fail to complete my term of enlistment and separation or discharge **was** at the convenience of the government, I must have completed at least 20 months if my initial term was less than 3 years and at least 30 months if 3 or more years. This applies to the MGIB and the ACF only.

(5) If I receive a commission in the Armed Forces either by graduating from the U. S. Military, **Naval**, Air Force, or Coast Guard Academy, or by completing a program of educational assistance under the Reserve Officer Training Corps (ROTC) Scholarship program, I will lose my eligibility for the MGIB and the ACF.
, Air Force, or Coast Guard Academy, or by completing a program of educational assistance under the Reserve Officer Training Corps (ROTC) Scholarship program, I will lose my eligibility for the MGIB and the ACF.

## 5. ARMY KNOWLEDGE ONLINE:

a. You must register for an AKO email account prior to your Initial Orientation with your recruiter which will occur 1–10 days from today's date. You must register for your account at: http://www.futuresoldiers.com/html/registration.jsp. You are required to enter your Social Security Number, Date of Birth and Pay Entry Basic Date. Your Pay Entry Basic Date is: **16 Oct 2006**.

b. If I am a current drilling member of the Army Reserves or Army National Guard or have been separated from an Army component (Active, Reserves, or National Guard) less than 90 days upon entry onto active duty I understand that I must have in my possession my initial military clothing issue upon arrival at my first duty station or training installation, if re–training is required. If I do not have my initial issue in my possession, I will be required to acquire my initial issue at the installation Military Clothing Store at my own expense and at no cost to the government.

## 6. SURE PAY:

a. As part of my enlistment contract, I hereby acknowledge and agree that I have the duty and responsibility, to establish and maintain an account with a United States financial institution such as a bank, savings and loan, or credit union for the direct deposit/receipt of my Army net pay and allowances. I will have in my possession a completed direct deposit form from a financial institution, an ATM Card and or checks prior to shipping to access funds during training.

b. I understand that prior to reporting on Active Duty, I am required to establish an account with the U. S. financial institution for direct deposit/receipt of my Army net pay and allowances, and execute the appropriate forms prior to or immediately to ensure my Army net pay and allowances are deposited directly into my account. I understand I may freely choose or change U. S. financial institutions to satisfy this requirement. I understand that I will continue to have the duty and responsibility to maintain such an account for direct deposit/receipt of my Army net pay allowances so long as I remain in service, unless I receive a specific exemption from this requirement from the Army. I understand that failure to establish and maintain an account as described above, in the absence of a specific exemption, may subject me to administrative action and/or disciplinary action under the Uniform Code of Military Justice or state military code.

## 7. ALCOHOL AND DRUG ABUSE:

a. I understand that the Army's policy on alcohol and drug abuse is that the Army must prevent alcohol and drug abuse in order to perform its mission to defend the United States, to ensure its combat readiness, and to protect the health and welfare of its soldiers. I understand that service in the United States Army places me in a position of special trust and responsibility. Any drug abuse by soldiers of the United States Army is against the law, violates Army standards of behavior and duty performance, and will not be tolerated. Alcohol abuse involving criminal acts or conduct detrimental to the Army or good order and discipline will also not be tolerated. The illegal use of narcotics, or prescription drugs, or any use of marijuana or other illegal substances by soldiers can lead to criminal prosecution and/or discharge under other than honorable conditions.

| NAME: Berry, Joshua Alan | SSN: Redacted PII |
|---|---|

If I am identified for either alcohol or drug abuse, including the use or possession of marijuana, appropriate disciplinary and/or administrative action may be taken against me. This may include trial by court–martial or administrative separation from the Army.

b. I understand that certain Military Occupational Specialties (MOS) in the Army cannot be performed by persons who have used marijuana or other drugs. If it is established that I have used drugs or marijuana and that usage disqualifies me for the MOS for which I entered the ARMY or have been awarded, I may be reclassified into another MOS based on the needs of the Army.

## 8. RELIGIOUS PRACTICE ACCOMMODATION:

a. I understand the Department of the Army's policy on accommodation of religious practices is to accommodate religious practices when accommodation will not have an adverse impact on military readiness, unit cohesion, standards, health, safety, or discipline. The Army places a high value on the rights of its soldiers to observe the tenants of their respective religions. Unit commanders are authorized to initially approve or deny requests for accommodation of religious practices. Conditions of accommodation may change based on military need. Policy guidelines are contained in AR 600–20 and AR 165–1 which my guidance counselor has available for me to read. I understand that the Army cannot guarantee accommodation of religious practices.

b. I further state that I have been given the opportunity to read or I have read the policy in AR 600–20 and AR 165–1.

## 9. FITNESS TRAINING UNIT:

a. I understand that all recruits reporting for Basic Combat Training (BCT) and One Station Unit Training (OSUT) will be assessed on their physical fitness during processing at the Reception Battalion.

b. The new soldiers not meeting the minimum standards listed below will enter the Fitness Training Unit. Those who meet or exceed the standards will proceed on to BCT/OSUT. The minimum standards are:

| | |
|---|---|
| Push–up: | 13 repetitions |
| Sit–up: | 17 repetitions |
| 1 Mile Run: | 8 min 30 sec. |

## 10. SEXUAL HARASSMENT:

a. U.S. Army will not condone any person who violates the rights of; or discriminates against; any person because of their gender. Further, I understand that:

(1) Sexual harassment is a form of gender discrimination that involves unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when submission to or rejection of such conduct is made either explicitly or implicitly a term or condition of a person's job, pay, or career;

(2) Submission to or rejection of such conduct by a person is used as a basis for career or employment decisions affecting that person; or such conduct interferes with an individual's performance or creates an intimidating, hostile, or offensive environment.

(3) Any soldier or civilian employee in a supervisory or command position who uses or condones implicit or explicit sexual behavior to control, influence, or affect the career, pay, or job of another soldier or civilian employee is engaging in sexual harassment. Who makes deliberate or repeated unwelcome verbal comments, gestures, or physical contact of a sexual nature is engaging in sexual harassment. Sexual harassment is not limited to the workplace, can occur at almost any place, and violates acceptable standards of integrity and impartiality required of all Army personnel. It interferes

**000128**

NAME: Berry, Joshua Alan                    SSN: ~~Redacted PII~~

with mission accomplishment and unit cohesion. Such behavior by soldiers or Army civilians will not be tolerated.

(4) I fully acknowledge that I have the duty and responsibility to report immediately any violation of the above stated policy. In addition, I acknowledge that I am aware of the Army policy stated above and any violation could be grounds for adverse action or criminal charges under the Uniform Code of Military Justice. If a violation of the above policy occurs while I am a member of the Delayed Entry/Training Program, I may contact the U.S. Army Recruiting Battalion Executive Officer or Commander at  (614) 469–2331 .

b. U.S. Army has zero tolerance for conduct or behavior that violates the policy stated above.

c. The Army policy stated above may be found in Army Regulation 600–20, Army Command Policy.

## 11. PARTICIPATION IN EXTREMIST ORGANIZATIONS OR ACTIVITIES:

a. I have been advised that participation in extremist organizations or activities is inconsistent with the treatment for all soldiers without regard to race, color, religion, sex, or national origin. Enforcement of responsibilities of military service. It is the policy of the U.S. Army to provide equal opportunity and the Army's equal opportunity policy is a responsibility of command, is vitally important to unit cohesion and morale, and is essential to the Army's ability to accomplish its mission. It is the commander's responsibility to maintain good order and discipline in the unit. Every commander has the inherent authority to take appropriate actions to accomplish this goal. This paragraph identifies prohibited actions by soldiers involving extremist organizations or activities, discusses the authority of the commander to establish other prohibitions, and establishes that violation of the prohibitions contained in this paragraph or those established by a commander may result in prosecution under various provisions of the Uniform Code of Military Justice (UCMJ).

(1) Participation. Military personnel must reject participation in extremist organizations and activities. Extremist organizations and activities are ones that advocate racial, gender, or ethnic hatred or intolerance; advocate, create, or engage in illegal discrimination based on race, color, sex, religion, or national origin; advocate the use of or use force or violence or unlawful means to deprive individuals of their rights under the United States Constitution or the laws of the United States or any State; or advocate or seek to overthrow the Government of the United States, or any State by unlawful means.

(2) Prohibitions. Soldiers are prohibited from the following actions in support of extremist organizations or activities. Penalties for violation of these prohibitions include the full range of statutory and regulatory sanctions, both criminal (UCMJ) and administrative.

(3) Participating in a public demonstration or rally.

(4) Attending a meeting or activity with knowledge that the meeting or activity involves an extremist cause when on duty, when in uniform, when in a foreign country (whether on– or off–duty or in uniform), when it constitutes a breach of law and order, when violence is likely to result, or when in violation of off–limits sanctions or a commander's order;

(5) Fund–raising:

(6) Recruiting or training members (including encouraging other soldiers to join);

(7) Creating, organizing, or taking a visible leadership role in such an organization or activity; or

(8) Distributing literature on or off a military installation the primary purpose and content of which concerns advocacy or support of extremist causes, organizations, or activities and it appears that the literature presents a clear danger to the loyalty, discipline, or morale of military personnel, or if the distribution would materially interfere with the accomplishment of a military mission.

b. I acknowledge that I have read and fully understand the Army's policy regarding a soldier's participation in extremist organizations or activities. If I request, a complete copy of AR 600–20, paragraph 4–12, will be provided to me.

NAME: Berry, Joshua Alan                    SSN: ▮Redacted PII▮

## 12. UNIFORM AND APPEARANCE:

a. I acknowledge that I have been informed of the U.S. Army uniform and appearance policy. I understand that:

   (1) AR 670-1 (Wear and Appearance of Army Uniforms and Insignia) contains personal appearance policies which I will be required to comply with. Soldiers are expected to maintain good daily hygiene and wear their uniform so as not to detract from an overall military appearance.

   (2) I have been informed that provisions of AR 670-1 as it applies to personal appearance include specific policy with regard to body markings.

   (3) The current policy is as follows:

   (a. ) Any person with a tattoo on the head, neck, scalp, or face will not be accepted. Furthermore, regardless of a tattoo's location, any tattoo deemed offensive, racist, profane, and/or linked to a criminal activity or extremist group may be denied enlistment.

   (b. ) TATTOOING in areas of the body (i.e., face, legs, hands, fingers, etc.,) that would cause the tattoo to be exposed in a Class A Uniform would detract from a soldierly appearance.

   (c. ) Any person who is not in compliance with AR 670-1 as it applies to tattoos will not be accepted for enlistment in the U.S. Army.

b. I have been advised that while a member of the U.S. Army, to include the Delayed Entry Program, I may not violate the above policy. I will refrain from obtaining any body markings or I may be denied entry for violation of the above expressed policy.

c. I hereby state that I have revealed the existence of all tattoos during my medical examination. I have further revealed to my recruiter, or guidance counselor that I have markings (tattoos).

I DO HAVE TATTOOS.

## 13. MILITARY SERVICE OBLIGATION UNDERSTANDING:

I understand that an original enlistment in the US Armed Forces obligates me to an eight (8) year Military Service Obligation. My term of enlistment in the Regular Army is creditable towards that obligation, as was any enlistment in the Delayed Entry Program. In the event that the Secretary of the Army determines that military necessity of a national scope requires that soldiers be available for assignment/reassignment or training, any or all guarantees contained in this agreement may be terminated. Under these conditions I may be trained, assigned or reassigned according to the needs of the Army.

**AUTHENTICATION**

14. I have read and understand the statements above and that these statements are intended to constitute ALL promises and guarantees whatsoever concerning my enlistment. No other (verbal or otherwise) promise or representation not annexed to my enlistment contract is valid or will be honored. I hereby state that I have NOT been promised anything other than what is written on this form and hereby waive any claim based upon any promise or representation not annexed to my contract. I further state that I have provided my recruiter and guidance counselor all information concerning my qualifications and that no official in the U.S. Army or any other agency has advised me to conceal, nor have I concealed information in connection with my enlistment.

I certify that I have not received any additional law violations, and remain morally qualified for the enlistment options I have chosen.

All additional documentation/information necessary for my MOS / Options have been provided IAW AR 601-210.

NAME:  Berry, Joshua Alan                          SSN: Redacted PII

| TYPED NAME AND SSN OF APPLICANT | SIGNATURE OF APPLICANT | DATE |
|---|---|---|
| Joshua Alan Berry<br>Redacted PII | *[signature]* | 20061108 |

| TYPED NAME AND GRADE OF COUNSELOR | SIGNATURE OF GUIDANCE COUNSELOR | DATE |
|---|---|---|
| Mr Raymond D Wilcox | *[signature]* | 20061108 |

## RECORD OF MILITARY PROCESSING - ARMED FORCES OF THE UNITED STATES
*(Read Privacy Act Statement and Instructions on back before completing this form.)*

Form Approved
OMB No. 0704-0173
Expires Oct 31, 2006

The public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports (0704-0173), 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.
**PLEASE DO NOT RETURN YOUR FORM TO THE ABOVE ADDRESS.**

| A. SERVICE PROCESSING FOR | B. PRIOR SERVICE: | C. SELECTIVE SERVICE CLASSIFICATION | D. SELECTIVE SERVICE REGISTRATION NO. |
|---|---|---|---|
| D A R | X YES   NO<br>NUMBER OF DAYS: 0 | NONE | NONE |

### SECTION I - PERSONAL DATA

| 1. SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle Name (and Maiden, if any), Jr., Sr., etc.) |
|---|---|
| Redacted PII | Berry, Joshua Alan |

| 3. CURRENT ADDRESS *(Street, City, County, State, Country, ZIP Code)* | 4. HOME OF RECORD ADDRESS *(Street, City, County, State, Country, ZIP Code)* |
|---|---|
| Redacted PII | Redacted PII |

**5. CITIZENSHIP** (X one)

| | |
|---|---|
| X | a. U.S. AT BIRTH *(If this box is marked, also X (1) or (2))* |
| | X (1) NATIVE BORN    (2) BORN ABROAD OF U.S. PARENT(S) |
| | b. U.S. NATURALIZED   ALIEN REGISTRATION NUMBER *(If issued)* |
| | c. U.S. NON-CITIZEN NATIONAL |
| | d. IMMIGRANT ALIEN *(Specify)* |
| | e. NON-IMMIGRANT FOREIGN NATIONAL *(Specify)* |

**6. SEX** (X one)

| | |
|---|---|
| X | a. MALE |
| | b. FEMALE |

**7.a. RACIAL CATEGORY** (X one or more)

| | |
|---|---|
| | (1) AMERICAN INDIAN/ALASKA NATIVE |
| | (2) ASIAN |
| | (3) BLACK OR AFRICAN AMERICAN |
| | (4) NATIVE HAWAIIAN OR OTHER PACIFIC ISLANDER |
| X | (5) WHITE |

**7.b. ETHNIC CATEGORY**

| | |
|---|---|
| | (1) HISPANIC OR LATINO |
| X | (2) NOT HISPANIC OR LATINO |

| 8. MARITAL STATUS (Specify) | 9. NUMBER OF DEPENDENTS |
|---|---|
| NEVER MARRIED | 0 |

| 10. DATE OF BIRTH *(YYYYMMDD)* | 11. RELIGIOUS PREFERENCE *(Optional)* | 12. EDUCATION *(Yrs/Highest Ed Gr Completed)* | 13. PROFICIENT IN FOREIGN LANGUAGE *(If Yes, specify. If No, enter NONE.)* | 1st | 2nd |
|---|---|---|---|---|---|
| Redacted PII | NONE | 11 / E | NONE | Y | Y |

| 14. VALID DRIVER'S LICENSE (X one) *(If Yes, list State, number, and expiration date)* | 15. PLACE OF BIRTH (City, State and Country) |
|---|---|
| X YES   NO   Redacted PII | Redacted PII |

### SECTION II - EXAMINATION AND ENTRANCE DATA PROCESSING CODES
*(FOR OFFICE USE ONLY - DO NOT WRITE IN THIS SECTION - Go on to Page 2, Question 20.)*

**16. APTITUDE TEST RESULTS**

| a. TEST ID | b. TEST SCORES | | GS | AR | WK | PC | MK | EI | AS | MC | AO | VE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 6 A | 2003/03/27 | AFQT PERCENTILE   5 4 | | | | | | | | | | |

**17. DEP ENLISTMENT DATA**

| a. DATE OF DEP ENLISTMENT (YYYYMMDD) | b. PROJ ACTIVE DUTY DATE (YYYYMMDD) | c. ES | d. RECRUITER IDENTIFICATION | e. PROGRAM ENLISTED FOR |
|---|---|---|---|---|
| | | | | |
| f. T-E MOS/AFS | g. WAIVER (2)  (3)  (4)  (5)  (6) | | h. PAY GRADE | |

**18. ACCESSION DATA**

| a. ENLISTMENT DATE (YYYYMMDD) | b. ACTIVE DUTY SERVICE DATE (YYYYMMDD) | c. PAY ENTRY DATE (YYYYMMDD) | d. TOE |
|---|---|---|---|
| 2 0 0 6 1 1 0 8 | 2 0 0 6 0 5 2 9 | 1 9 9 8 1 1 0 8 | 4 |

| e. WAIVER (2)  (3)  (4)  (5)  (6) | f. PAY GRADE | g. DATE OF GRADE (YYYYMMDD) | h. ES | I. YRS/HIGHEST ED GR COMPL |
|---|---|---|---|---|
| D E B | E 0 4 | 2 0 0 6 1 1 0 8 | 1 | 1 1 E |

| J. RECRUITER IDENTIFICATION | k. PROGRAM ENLISTED FOR | l. T-E MOS/AFS | m. PMOS/AFS | n. YOUTH | o. OA | p. TRANSFER TO (UIC) |
|---|---|---|---|---|---|---|
| 5 5 D 7 V 2 4 1 4 | C A H T B | 1 3 B 1 O | 1 3 B 1 O | Y Y 0 N | N | W 3 4 T 9 A |

**19. SERVICE REQUIRED CODES**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | S | P | C | M | 7 | | T | D | B | H | J | V | 1 | 2 | A | 0 | 0 | 5 | D | 7 | V | | | | |
| | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 |
| | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 |
| | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | 96 | 97 | 98 | 99 | 100 | 101 | 102 | 103 | 104 | 105 | 106 | 107 | 108 | 109 | 110 |
| 111 | 112 | 113 | 114 | 115 | 116 | 117 | 118 | 119 | 120 | 121 | 122 | 123 | 124 | 125 | 126 | 127 | 128 | 129 | 130 | 131 | 132 | 133 | 134 | 135 | 136 | 137 | 138 | 139 | 140 |

**19a. DEP/ACCESSION RECORD (TO BE COMPLETED BY MEPS PERSONNEL)**

| WRK AND STATUS CODE | DATE OF ACTION | Q/C | WRK AND STATUS CODE | DATE OF ACTION | Q/C |
|---|---|---|---|---|---|
| | | | | | |

**DD FORM 1966/1 (ADP), OCT 2005**    PREVIOUS EDITION IS OBSOLETE.

000132

---

**MONTGOMERY GI BILL ACT OF 1984 (MGIB)**

*(Chapter 30, Title 38, U.S. Code)*

BASIC ENROLLMENT

---

**PRIVACY ACT STATEMENT**

**AUTHORITY:** Chapter 30, Title 38, U.S. Code, Sections 3011, 3012, 3018A, and 3018B; and EO 9397.

**PRINCIPAL PURPOSE(S):** To document the understanding of members about their eligibility or lack of eligibility for benefits under the Montgomery GI Bill Act of 1984 (MGIB) and document a member's election to decline enrollment for benefits under the MGIB.

**ROUTINE USE(S):** To the Department of Veterans' Affairs to ascertain an individual's eligibility to claim benefits under the MGIB.

**DISCLOSURE:** Voluntary; however, failure to provide the requested information will result in the individual being automatically enrolled in the MGIB program.

---

**1. SERVICE MEMBER DATA**

**a. NAME** *(LAST, First, Middle Initial)*          **b. SOCIAL SECURITY NUMBER (SSN)**

Berry, Joshua Alan                                    Redacted PII

---

**2. STATEMENT OF UNDERSTANDING FOR INELIGIBLE MEMBERS**

I am **NOT** eligible for the MGIB because (a) I am a service academy graduate, or (b) I am an ROTC scholarship graduate who received more than the current minimum amount allowed for enrollment in MGIB, or (c) I am a prior service member who disenrolled during my previous term of active duty.

---

**a. SERVICE MEMBER SIGNATURE**          **b. RANK/GRADE    c. DATE SIGNED** *(YYYYMMDD)*

---

**3. STATEMENT OF UNDERSTANDING FOR ALL ELIGIBLE MEMBERS**

1. I am automatically enrolled unless I exercise the option to **DISENROLL** by signing Item 5 below.

2. I understand that **UNLESS I DISENROLL** from the MGIB my basic pay will be reduced $100 per month or the current monthly rate until $1200 has been deducted; this basic pay reduction **CANNOT** be **REFUNDED, SUSPENDED OR STOPPED** this is an **IRREVOCABLE DECISION.**

3. I must complete 36 months of active duty service (24 months if my enlistment is for less than 36 months) before I am entitled to the current rate of monthly benefits. The MGIB provides benefits for a period of 36 months.

4. I understand I am eligible for an increased monthly benefit by contributing an additional amount, not to exceed $600 while on active duty. Once I separate, I cannot contribute.

5. I must receive an **HONORABLE** discharge for service establishing entitlement to the MGIB. This **DOES NOT** include 'under honorable conditions'.

6. I must complete the requirements of a secondary school diploma or equivalency certification, or successfully complete the equivalent of 12 semester hours in a program of education leading to a standard college degree before applying for benefits with the Department of Veterans' Affairs.

7. I have 10 years from date of last discharge from active duty to use MGIB benefits.

8. If I die while on active duty, or within one year after discharge or release from active duty if service related, my designated beneficiary(ies) will receive the unused balance of the money reduced from my basic pay for the MGIB. This death benefit will be paid by the Department of Veterans' Affairs (DVA).

9. I cannot receive any combination of DVA educational benefits in excess of 48 months.

10. I must complete at least **24** months of a 3 year active duty service obligation and if my obligation is 2 years I may join and serve honorably in the Selected Reserve for a minimum of 48 months to qualify for the current active duty benefit rate. A (one) period of service **CANNOT** qualify me for both active and reserve MGIB benefits.

| a. SERVICE MEMBER SIGNATURE | b. RANK/GRADE | c. DATE SIGNED *(YYYYMMDD)* |
|---|---|---|
| *Joshua A Berry* | E02 | 20061016 |

## 4. SERVICE UNIQUE EDUCATION ASSISTANCE OPTIONS

Term of Enlistment: 3 Years,   12 Weeks,   MOS: 13B

## 5. STATEMENT OF DISENROLLMENT

**I DO NOT** desire to participate in MGIB. I understand the benefits of the MGIB program and that **I WILL NOT** be able to enroll at a later date.

| a. DATE SIGNED *(YYYYMMDD)* | b. RANK/GRADE | c. SERVICE MEMBER SIGNATURE |
|---|---|---|
| | | |

## 6. CERTIFYING OFFICIAL

| a. TYPED OR PRINTED NAME *(LAST, First, Middle Initial)* | b. RANK/GRADE | c. SIGNATURE | d. DATE SIGNED *(YYYYMMDD)* |
|---|---|---|---|
| Jones , Robert | | | 20061016 |

**DD FORM 2366, JUN 2002**        PREVIOUS EDITION IS OBSOLETE.

NAME: Berry, Joshua Alan                                    SSN: Redacted

## STATEMENT OF UNDERSTANDING

### REGULAR ARMY ENLISTMENT DELAY FOR APPLICANTS
### WITH PRIOR SERVICE OR AN EXISTING MILITARY SERVICE OBLIGATION
For use of this form, see AR 601–210; the proponent agency is ODCSPER
(For instructions using this form see USAREC Reg 601–96)

### DATA REQUIRED BY THE PRIVACY ACT OF 1974

| | |
|---|---|
| **AUTHORITY:** | Title 10, United States Code. Section 275 Executive Order 9397 |
| **PRINCIPAL PURPOSE:** | Basic form used to record contractual obligations to enlistees. Guarantees and annexes enlistment contract. |
| **ROUTINE USES:** | This *form* becomes a part of the Enlisted Master File and Field Personnel File.  All uses of the form are internal to the United States Army. |
| **DISCLOSURE:** | Disclosure of the Social Security Number: (SSN) and other personal information is voluntary.  However failure to provide the required information may result in *denial of enlistment or reenlistment.* |

1. I hereby acknowledge my application for enlistment into the Regular Army has been accepted under the following terms and conditions.

   a. I must remain fully qualified for enlistment into the Regular Army which is scheduled for 08 Nov 2006 . I will report to Columbus MEPS not later than 08 Nov 2006 . 0600 hours.  My enlistment into the Regular Army will be   3 Years  12 weeks and my entry grade as determined in accordance with AR 601 −210 will be E02

2. I understand that I have reserved the following enlistment option(s):

| PROGRAM | TITLE | REQUEST OPTION |
|---|---|---|
| 9A | United States ARMY Training Enlistment Program(UNCM) | 03 |
| 9C | United States ARMY Incentive Enlistment Program(US ARMY CASH BONUS, 3 YR ENL) | 173 |

School course, I have been assured of attending the School course for:

**MOS:** 13B CANNON CREWMEMBER
**Skill Level:** 1
**SQI:** O NO SPECIAL QUALIFICATIONS
**ASI:** 00 DEFAULT CODE
**Language:** YY NONE

   a. I have provided complete, detailed, and accurate background information in regards to my controlled drug and alcohol use, financial, moral, and physical history.  This information will be used to determine my eligibility for the necessary security clearance if required by an MOS, option, or duty assignment in connection with my enlistment.  I understand that if it is determined that I have knowingly failed to reveal information at the time of my enlistment, or I have significant derogatory information, which results in my inability to receive an interim or final security clearance within 120 days from the submission date of my request for a clearance, I may be reclassified based on the needs of the Army or processed for discharge.

| | | |
|---|---|---|
| 2006101622:03 | DA form 3286, April 2005 (Annex A) | Page  1  of  6 |

**000136**

NAME:  Berry, Joshua Alan                                    SSN: Redacted PII

b. I understand that I have enlisted in an MOS that is taught in the OSUT mode.  I may be required to complete all or a portion of Basic Training, regardless of the period of my break in service.

c. I also acknowledge that I am qualified and enlisting for an MOS or CMF that has a Cash Bonus, that the bonus amount authorized on my enlistment into the Regular Army will be the amount authorized upon my entry into the Delayed entry Program.  Further I understand that the Bonus for my CMF or MOS on this date is $6000 authorized by HQDA, DAPE–MPA, Enlisted Incentive Program Effective 01 Oct 2006 and will be paid in accordance with DA instruction.

d. I have provided my recruiter or and Guidance Counselor all information required on my application for enlistment.  I certify that I have read and fully understand the contents of this form and that no one has told me to conceal any information.  I further state that all of the documents such as my birth certificate, high school or college transcripts, diplomas, social security card, or other documents in my enlistment or appointment packet are mine and were not falsified.  It is prohibited to have anyone assist me in taking the Armed Services Vocational Aptitude Battery (ASVAB).  I certify that no one has given me any answers to the test questions and that the scores I achieved were through my own efforts and I received no assistance taking the ASVAB.

    (1) I am aware that I must reveal all criminal offenses, cases, and arrests to include juvenile and those charges that have been expunged, dismissed, set aside, or not prosecuted.  I must reveal all responsibilities I have with respect to children or spouse. I must reveal all prior military service.

    (2) I have not concealed any medical information and I further state that If anyone has told me to conceal, omit from my application, or falsify any information I must report any misconduct on anyone's part that is involved with my recruiting process immediately to the recruiting battalion executive officer.

    (3) That no person has advised me to conceal any information with respect to my enlistment.

e. Failure to report on date specified above will result in cancellation of my Regular Army enlistment reservation without notification. Willful failure to report may result in denial for enlistment for up to 2 years.  If the option, MOS, or assignment provided above is canceled, changed, or becomes unavailable before I enlist in the Regular Army, I will be given the opportunity to select another option.

*f. (Applies only to members of USAR, ARNG, or a unit of another Reserve Component.)*

g. My current military service obligation is not changed by this agreement. If I am currently participating or assigned to a unit of the USAR, ARNG, or a unit of another Reserve Component, I understand that this agreement does NOT relieve me of any requirement to satisfactorily participate, attend drill, annual raining, or other duties in association with my Reserve commitment up to 7 days prior to my scheduled reporting date as reflected above.

h. I further acknowledge my responsibility to notify my unit of the date I am scheduled to enter active duty with the Regular Army.

i. I am further required to clear and complete all required outprocessing by my unit.

j. I understand that, on my active duty date, I must have in my possession, my initial military clothing issue and a copy of my clothing record or proof from my unit that the clothing was turned In.

k. Failure to enter the Regular Army will mean that I will still be required to satisfactorily participate and  drill with my Reserve Component unit in accordance with my enlistment contract for that component.

l. NOTE: Upon entry into the Regular Army your unit will be provided a copy of your enlistment contract.

3. Pre–Basic Combat Training (BCT) Physical Training (PT) Program

    a. I understand and acknowledge that all recruits reporting for Active Duty/Active Duty for Training will be required to meet a

| NAME: Berry, Joshua Alan | SSN: Redacted |
|---|---|

physical assessment standard in order to enter on active duty. At a minimum, I must be able to demonstrate my ability to successfully perform 13 pushups for males, 3 pushups for females, 17 sit–up for males and females and a one mile run in 8: 30 minutes for males and 10:30 minutes for females. In addition, Prior Service applicants not requiring basic training will be required to successfully achieve a minimum of 60 points in each event on the Army Physical Fitness Test (APFT).

b. Based upon my initial assessment, my recruiter will enroll me in a self–paced Pre–Basic Combat Training (BCT) Physical Training (PT) Program. I understand and acknowledge that as a member of the Army or Army Reserves, my participation in the PT program is voluntary; however, I will be required to meet a physical assessment standard in order for me to enter on active duty. Failure to meet these standards will prevent me from shipping.

## 4. ARMY KNOWLEDGE ONLINE:

a. You must register for an AKO email account prior to your Initial Orientation with your recruiter which will occur 1–10 days from today's date. You must register for your account at: http://www.futuresoldiers.com/html/registration.jsp. You are required to enter your Social Security Number, Date of Birth and Pay Entry Basic Date. Your Pay Entry Basic Date is: **16 Oct 2006**.

## 5. SURE PAY:

a. As part of my enlistment contract, I hereby acknowledge and agree that I have the duty and responsibility, to establish and maintain an account with a United States financial institution such as a bank, savings and loan, or credit union for the direct deposit/receipt of my Army net pay and allowances. I will have in my possession a completed direct deposit form from a financial institution, an ATM Card and or checks prior to shipping to access funds during training.

b. I understand that prior to reporting on Active Duty, I am required to establish an account with the U. S. financial institution for direct deposit/receipt of my Army net pay and allowances, and execute the appropriate forms prior to or immediately to ensure my Army net pay and allowances are deposited directly into my account. I understand I may freely choose or change U. S. financial institutions to satisfy this requirement. I understand that I will continue to have the duty and responsibility to maintain such an account for direct deposit/receipt of my Army net pay allowances so long as I remain in service, unless I receive a specific exemption from this requirement from the Army. I understand that failure to establish and maintain an account as described above, in the absence of a specific exemption, may subject me to administrative action and/or disciplinary action under the Uniform Code of Military Justice or state military code.

## 6. ALCOHOL AND DRUG ABUSE:

a. I understand that the Army's policy on alcohol and drug abuse is that the Army must prevent alcohol and drug abuse in order to perform its mission to defend the United States, to ensure its combat readiness, and to protect the health and welfare of its soldiers. I understand that service in the United States Army places me in a position of special trust and responsibility. Any drug abuse by soldiers of the United States Army is against the law, violates Army standards of behavior and duty performance, and will not be tolerated. Alcohol abuse involving criminal acts or conduct detrimental to the Army or good order and discipline will also not be tolerated. The illegal use of narcotics, or prescription drugs, or any use of marijuana or other illegal substances by soldiers can lead to criminal prosecution and/or discharge under other than honorable conditions. If I am identified for either alcohol or drug abuse, including the use or possession of marijuana, appropriate disciplinary and/or administrative action may be taken against me. This may include trial by court–martial or administrative separation from the Army.

b. I understand that certain Military Occupational Specialties (MOS) in the Army cannot be performed by persons who have used marijuana or other drugs. If it is established that I have used drugs or marijuana and that usage disqualifies me for the MOS for which I entered the ARMY or have been awarded, I may be reclassified into another MOS based on the needs of the Army.

## 7. RELIGIOUS PRACTICE ACCOMMODATION:

a. I understand the Department of the Army's policy on accommodation of religious practices is to accommodate religious

NAME: Berry, Joshua Alan                          SSN: Redacted PII

practices when accommodation will not have an adverse impact on military readiness, unit cohesion, standards, health, safety, or discipline. The Army places a high value on the rights of its soldiers to observe the tenants of their respective religions. Unit commanders are authorized to initially approve or deny requests for accommodation of religious practices. Conditions of accommodation may change based on military need. Policy guidelines are contained in AR 600–20 and AR 165–1 which my guidance counselor has available for me to read. I understand that the Army cannot guarantee accommodation of religious practices.

b. I further state that I have been given the opportunity to read or I have read the policy in AR 600–20 and AR 165–1.

## 8. FITNESS TRAINING UNIT:

a. I understand that all recruits reporting for Basic Combat Training (BCT) and One Station Unit Training (OSUT) will be assessed on their physical fitness during processing at the Reception Battalion.

b. The new soldiers not meeting the minimum standards listed below will enter the Fitness Training Unit. Those who meet or exceed the standards will proceed on to BCT/OSUT. The minimum standards are:

| | |
|---|---|
| Push–up: | 13 repetitions |
| Sit–up: | 17 repetitions |
| 1 Mile Run: | 8 min 30 sec. |

## 9. SEXUAL HARASSMENT:

a. The U.S. Army will not condone any person who violates the rights of; or discriminates against; any person because of their gender. Further, I understand that:

(1) Sexual harassment is a form of gender discrimination that involves unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when submission to or rejection of such conduct is made either explicitly or implicitly a term or condition of a person's job, pay, or career;

(2) Submission to or rejection of such conduct by a person is used as a basis for career or employment decisions affecting that person; or such conduct interferes with an individual's performance or creates an intimidating, hostile, or offensive environment.

(3) Any soldier or civilian employee in a supervisory or command position who uses or condones implicit or explicit sexual behavior to control, influence, or affect the career, pay, or job of another soldier or civilian employee is engaging in sexual harassment. Who makes deliberate or repeated unwelcome verbal comments, gestures, or physical contact of a sexual nature is engaging in sexual harassment. Sexual harassment is not limited to the workplace, can occur at almost any place, and violates acceptable standards of integrity and impartiality required of all Army personnel. It interferes with mission accomplishment and unit cohesion. Such behavior by soldiers or Army civilians will not be tolerated.

(4) I fully acknowledge that I have the duty and responsibility to report immediately any violation of the above stated policy. In addition, I acknowledge that I am aware of the Army policy stated above and any violation could be grounds for adverse action or criminal charges under the Uniform Code of Military Justice. If a violation of the above policy occurs while I am a member of the Delayed Entry/Training Program, I may contact the U.S. Army Recruiting Battalion Executive Officer or Commander at  Bn XO Phone number

b. The U.S. Army has zero tolerance for conduct or behavior that violates the policy stated above.

c. The Army policy stated above may be found in Army Regulation 600–20, Army Command Policy.

NAME: Berry, Joshua Alan                                    SSN: Redacted PII

## 10. PARTICIPATION IN EXTREMIST ORGANIZATIONS OR ACTIVITIES:

a. I have been advised that participation in extremist organizations or activities is inconsistent with the treatment for all soldiers without regard to race, color, religion, sex, or national origin. Enforcement of responsibilities of military service. It is the policy of the U.S. Army to provide equal opportunity and the Army's equal opportunity policy is a responsibility of command, is vitally important to unit cohesion and morale, and is essential to the Army's ability to accomplish its mission. It is the commander's responsibility to maintain good order and discipline in the unit. Every commander has the inherent authority to take appropriate actions to accomplish this goal. This paragraph identifies prohibited actions by soldiers involving extremist organizations or activities, discusses the authority of the commander to establish other prohibitions, and establishes that violation of the prohibitions contained in this paragraph or those established by a commander may result in prosecution under various provisions of the Uniform Code of Military Justice (UCMJ).

(1) Participation. Military personnel must reject participation in extremist organizations and activities. Extremist organizations and activities are ones that advocate racial, gender, or ethnic hatred or intolerance; advocate, create, or engage in illegal discrimination based on race, color, sex, religion, or national origin; advocate the use of or use force or violence or unlawful means to deprive individuals of their rights under the United States Constitution or the laws of the United States or any State; or advocate or seek to overthrow the Government of the United States, or any State by unlawful means.

(2) Prohibitions. Soldiers are prohibited from the following actions in support of extremist organizations or activities. Penalties for violation of these prohibitions include the full range of statutory and regulatory sanctions, both criminal (UCMJ) and administrative.

(3) Participating in a public demonstration or rally.

(4) Attending a meeting or activity with knowledge that the meeting or activity involves an extremist cause when on duty, when in uniform, when in a foreign country (whether on– or off–duty or in uniform), when it constitutes a breach of law and order, when violence is likely to result, or when in violation of off–limits sanctions or a commander's order;

(5) Fund–raising;

(6) Recruiting or training members (including encouraging other soldiers to join);

(7) Creating, organizing, or taking a visible leadership role in such an organization or activity; or

(8) Distributing literature on or off a military installation the primary purpose and content of which concerns advocacy or support of extremist causes, organizations, or activities and it appears that the literature presents a clear danger to the loyalty, discipline, or morale of military personnel, or if the distribution would materially interfere with the accomplishment of a military mission.

b. I acknowledge that I have read and fully understand the Army's policy regarding a soldier's participation in extremist organizations or activities. If I request, a complete copy of AR 600–20, paragraph 4–12, will be provided to me.

## 11. UNIFORM AND APPEARANCE:

a. I acknowledge that I have been informed of the U.S. Army uniform and appearance policy. I understand that:

(1) AR 670–1 (Wear and Appearance of Army Uniforms and Insignia) contains personal appearance policies which I will be required to comply with. Soldiers are expected to maintain good daily hygiene and wear their uniform so as not to detract from an overall military appearance.

(2) I have been informed that provisions of AR 670–1 as it applies to personal appearance include specific policy with regard to body markings.

2006101622:03                     DA form 3286, April 2005 (Annex A)          Page  5  of  6

000140

| NAME: Berry, Joshua Alan | SSN: Redacted PII |
|---|---|

(3) The current policy is as follows:

    (a.) Any person with a tattoo on the head, neck, scalp, or face will not be accepted. Furthermore, regardless of a tattoo's location, any tattoo deemed offensive, racist, profane, and/or linked to a criminal activity or extremist group may be denied enlistment.

    (b.) TATTOOING in areas of the body (i.e., face, legs, hands, fingers, etc.,) that would cause the tattoo to be exposed in a Class A Uniform would detract from a soldierly appearance.

    (c.) Any person who is not in compliance with AR 670-1 as it applies to tattoos will not be accepted for enlistment in the U.S. Army.

b. I have been advised that while a member of the U.S. Army, to include the Delayed Entry Program, I may not violate the above policy. I will refrain from obtaining any body markings or I may be denied entry for violation of the above expressed policy.

c. I hereby state that I have revealed the existence of all tattoos during my medical examination. I have further revealed to my recruiter, or guidance counselor that I have markings (tattoos).

I DO HAVE TATTOOS.

12. I have read and understand the statements above and that these statements are intended to constitute ALL promises and guarantees whatsoever concerning my enlistment. No other (verbal or otherwise) promise or representation not annexed to my enlistment contract is valid or will be honored. I hereby state that I have NOT been promised anything other than what is written on this form and hereby waive any claim based upon any promise or representation not annexed to my contract. I further state that I have provided my recruiter and guidance counselor all information concerning my qualifications and that no official in the U.S. Army or any other agency has advised me to conceal, nor have I concealed information in connection with my enlistment.

| TYPED NAME AND SSN OF APPLICANT | SIGNATURE OF APPLICANT | DATE |
|---|---|---|
| Joshua Alan Berry<br>Redacted PII | *Joshua A. Berry* | 20061016 |

Guidance counselor:

I have reviewed this applicant's records and found (based upon the information provided) him/her qualified for enlistment into the Regular Army. I have made a reservation for the option(s) indicated and for the Regular Army enlistment date indicated. ALL MEPS PROCESSING HAS BEEN COMPLETED EXCEPT EXECUTION OF A DD FORM 4.

| TYPED NAME AND GRADE OF COUNSELOR | SIGNATURE OF GUIDANCE COUNSELOR | DATE |
|---|---|---|
| Mr Robert Jones | *[signature]* | 20061016 |

| 2006101622:03 | DA form 3286, April 2005 (Annex A) | Page 6 of 6 |
|---|---|---|

### PRIVACY ACT STATEMENT

**AUTHORITY:** Title 10 USC Sections 504, 505, 508, 12102, 520a; Title 14 USC Sections 351 and 632; Title 50 USC Appendix 451; and EO 9397.

**PRINCIPAL PURPOSE(S):** DD Form 1966 is the basic form used by all the Military Services and the Coast Guard for obtaining data used in determining eligibility of applicants and for establishing records for those applicants who are accepted.

**ROUTINE USE(S):** None.

**DISCLOSURE:** Voluntary; however, failure to answer all questions on this form, except questions labeled as "Optional," may result in denial of your enlistment application.

### WARNING

Information provided by you on this form is FOR OFFICIAL USE ONLY and will be maintained and used in strict compliance with Federal laws and regulations. The information provided by you becomes the property of the United States Government, and it may be consulted throughout your military service career, particularly whenever either favorable or adverse administrative or disciplinary actions related to you are involved.

**YOU CAN BE PUNISHED BY FINE, IMPRISONMENT OR BOTH IF YOU ARE FOUND GUILTY OF MAKING A KNOWING AND WILLFUL FALSE STATEMENT ON THIS DOCUMENT.**

### INSTRUCTIONS

*(Read carefully BEFORE filling out this form.)*

1. Read Privacy Act Statement above before completing form.

2. Type or print LEGIBLY all answers.  If the answer is "None" or "Not Applicable," so state.  "Optional" questions may be left blank.

3. Unless otherwise specified, write all dates as 8 digits (with no spaces or marks) in YYYYMMDD fashion.  June 1, 2000 is written 20000601.

| 20. NAME (Last, First, Middle Initial) | 21. SOCIAL SECURITY NUMBER |
|---|---|
| Berry, Joshua A | Redacted PII |

## SECTION III - OTHER PERSONAL DATA

**22. EDUCATION**

a. List all high schools and colleges attended. *(List dates in YYYYMM format.)*

| (1) FROM | (2) TO | (3) NAME OF SCHOOL | (4) LOCATION | (5) GRADUATE YES | NO |
|---|---|---|---|---|---|
| 199408 | 199411 | LAKOTA WEST HIGH SCHOOL | 8940 Union Centre Blvd West Chester, OH | | X |
| 199108 | 199305 | NORWOOD HIGH SCHOOL | 2020 SHERMAN AVE CINCINNATI, OH | | X |
| | | | | | |
| | | | | | |
| | | | | | |

| | YES | NO |
|---|---|---|
| b. Have you ever been enrolled in ROTC, Junior ROTC, Sea Cadet Program or Civil Air Patrol? | | X |

**23. MARITAL/DEPENDENCY STATUS AND FAMILY DATA**
*(If "Yes," explain in Section VI, "Remarks.")*

| | YES | NO |
|---|---|---|
| a. Is anyone dependent upon you for support? | | X |
| b. Is there any court order or judgment in effect that directs you to provide alimony or support for children? | | X |
| c. Do you have an immediate relative (father, mother, brother, or sister) who: (1) is now a prisoner of war or is missing in action (MIA); or (2) died or became 100% permanently disabled while serving in the Armed Services? | | X |
| d. Are you the only living child in your immediate family? | | X |

**24. PREVIOUS MILITARY SERVICE OR EMPLOYMENT WITH THE U.S. GOVERNMENT**
*(If "Yes," explain in Section VI, "Remarks.")*

| | YES | NO |
|---|---|---|
| a. Are you now or have you ever been in any regular or reserve branch of the Armed Forces or in the Army National Guard or Air National Guard? | X | |
| b. Have you ever been rejected for enlistment, reenlistment, or induction by any branch of the Armed Forces of the United States? | | X |
| c. Are you now or have you ever been a deserter from any branch of the Armed Forces of the United States? | | X |
| d. Have you ever been employed by the United States Government? | | X |
| e. Are you now drawing, or do you have an application pending, or approval for: retired pay, disability allowance, severance pay, or a pension from any agency of the government of the United States? | | X |

**25. ABILITY TO PERFORM MILITARY DUTIES**
*(If "Yes," explain in Section VI, "Remarks.")*

| | YES | NO |
|---|---|---|
| a. Are you now or have you ever been a conscientious objector? (That is, do you have, or have you ever had, a firm, fixed, and sincere objection to participation in war in any form or to the bearing of arms because of religious belief or training?) | | X |
| b. Have you ever been discharged by any branch of the Armed Forces of the United States for reasons pertaining to being a conscientious objector? | | X |
| c. Is there anything which would preclude you from performing military duties or participating in military activities whenever necessary (i.e., do you have any personal restrictions or religious practices which would restrict your availability)? | | X |

**26. DRUG USE AND ABUSE** *(If "Yes," explain in Section VI, "Remarks.")*
Have you ever tried, used, sold, supplied, or possessed any narcotic (to include heroin or cocaine), depressant (to include quaaludes), stimulant, hallucinogen (to include LSD or PCP), or cannabis (to include marijuana or hashish), or any mind-altering substance (to include glue or paint), or anabolic steroid, except as prescribed by a licenced physician?

| | YES | NO |
|---|---|---|
| | | X |

**DD FORM 1966/2, OCT 2005**

Page 2

| 27. NAME (Last, First, Middle Initial) | 28. SOCIAL SECURITY NUMBER |
|---|---|
| Berry, Joshua A | Redacted PII |

## SECTION IV - CERTIFICATION

**29. CERTIFICATION OF APPLICANT** *(Your signature in this block must be witnessed by your recruiter.)*

a. I certify that the information given by me in this document is true, complete, and correct to the best of my knowledge and belief. I understand that I am being accepted for enlistment based on the information provided by me in this document; that if any of the information is knowingly false or incorrect, I could be tried in a civilian or military court and could receive a less than honorable discharge which could affect my future employment opportunities.

| b. TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | c. SIGNATURE | b. DATE SIGNED (YYYYMMDD) |
|---|---|---|
| Berry, Joshua A | *Joshua A. Berry* | 20061016 |

**30. DATA VERIFICATION BY RECRUITER** *(Enter description of the actual documents used to verify the following items.)*

| a. NAME (X one) | | b. AGE (X one) | | c. CITIZENSHIP (X one) | |
|---|---|---|---|---|---|
| X | (1) BIRTH CERTIFICATE | X | (1) BIRTH CERTIFICATE | X | (1) BIRTH CERTIFICATE |
| | (2) OTHER (Explain) | | (2) OTHER (Explain) | | (2) OTHER (Explain) |
| **d. SOCIAL SECURITY NUMBER (SSN) (X one)** | | **e. EDUCATION (X one)** | | **f. OTHER DOCUMENTS USED** | |
| X | (1) SSN CARD | | (1) DIPLOMA | | |
| | (2) OTHER (Explain) | X | (2) OTHER (Explain) GED | | |

**31. CERTIFICATION OF WITNESS**

a. I certify that I have witnessed the applicant's signature above and that I have verified the data in the documents required as prescribed by my directives. I further certify that I have not made any promises or guarantees other than those listed and signed by me. I understand my liability to trial by courts-martial under the Uniform Code of Military Justice should I effect or cause to be effected the enlistment of anyone known by me to be ineligible for enlistment.

| b. TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | c. PAY GRADE | d. RECRUITER I.D. | e. SIGNATURE | f. DATE SIGNED *(YYYYMMDD)* |
|---|---|---|---|---|
| Jones, Robert | | 5DB579875 | | 20061016 |

**32. SPECIFIC OPTION/PROGRAM ENLISTED FOR, MILITARY SKILL, OR ASSIGNMENT TO A GEOGRAPHICAL AREA GUARANTEES**

a. SPECIFIC OPTION/PROGRAM ENLISTED FOR (Completed by Guidance Counselor, MEPS Liaison NCO, etc., as specified by sponsoring service.)   (Use clear IAW AR601-210, Chapter 9, table 9-1 Program 9A United States ARMY Training Enlistment Program, , Req. OPT 03AND 9C United States ARMY Incentive Enlistment ProgramReq. OPT 173, MOS 13B1C00YY 3 years 12 weeks  UNCM

b. I fully understand that I will not be guaranteed any specific military skill or assignment to a geographic area except as shown in Item 32.a. above and annexes attached to my Enlistment/Reenlistment Document (DD Form 4).   *JAB*

**33. CERTIFICATION OF RECRUITER OR ACCEPTOR**

a. I certify that I have reviewed all information contained in this document and, to the best of my judgment and belief, the applicant fulfills all legal policy requirements for enlistment. I accept him/her for enlistment on behalf of the United States *(Enter Branch of Service)*

Army   and certify that I have not made any promises or guarantees other than those listed in Item 32.a.

above. I further certify that service regulations governing such enlistments have been strictly complied with and any waivers required to effect applicant's enlistment have been secured and are attached to this document.

| b. TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | c. PAY GRADE | d. RECRUITER ID OR ORGANIZATION | e. SIGNATURE | f. DATE SIGNED *(YYYYMMDD)* |
|---|---|---|---|---|
| Jones, Robert | | 5DB579875 | | 20061016 |

## SECTION V - RECERTIFICATION

**34. RECERTIFICATION BY APPLICANT AND CORRECTION OF DATA AT THE TIME OF ACTIVE DUTY ENTRY**

a. I have reviewed all information contained in this document this date. That information is still correct and true to the best of my knowledge and belief. If changes were required, the original entry has been marked "See Item 34" and the correct information is provided below.

| b. ITEM NUMBER | c. CHANGE REQUIRED |
|---|---|
| | |
| | |
| | |
| | |
| | |

| d. APPLICANT | | e. WITNESS | | |
|---|---|---|---|---|
| (1) SIGNATURE | (2) DATE *(YYYYMMDD)* | (1) TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | (2) RANK/ GRADE | (3) SIGNATURE |
| *Joshua A. Berry* | 20061108 | Wilcox, Raymond D | | |

**DD FORM 1966/3, OCT 2005**

Page 3

| 35. NAME (Last, First, Middle Initial) Berry, Joshua A | 36. SOCIAL SECURITY NUMBER Redacted PII |
|---|---|

## SECTION VI - REMARKS
*(Specify item(s) being continued by item number.  Continue on separate pages if necessary.)*

26. Have you ever used marijuana? N
Statement Remarks:
  I have read/viewed and understand the military occupational specialty (13B) description for
CANNON CREWMEMBER.
  Moral waiver approved for Serious criminal misconduct by ORREJE on 16 October, 2006.
  My date of rank will be adjusted at my first duty station IAW AR 600-20.
  Enlistment grade is E-4 IAW AR 601-210 paragraph 3-17b(1)
  unable to locate Immunization records

ako accountjoshua.a.berry@us.army.mil   US.army.44

ACC Pay Grade Authority: 317A3

Waiver Information:
A(n) MORAL WAIVER APPROVED by DCG ( DEPUTY COMMANDING GENERAL) BG Joseph E Orr, 20061016 -
Control # 4d00b6fb805b3c7c

NACLAC Only - No Clearance Required submitted on 20061017
National Agency Check with Law and Credit Accepted on 20061026

| | DD FORM 1966/5 ATTACHED? (X one) | YES NO |
|---|---|---|

## SECTION VII - STATEMENT OF NAME FOR OFFICIAL MILITARY RECORDS

**37. NAME CHANGE.**
If the preferred enlistment name (name given in item 2) is not the same as on your birth certificate, and it has not been changed by legal procedure prescribed by state law, and it is the same as on your social security number card, complete the following:

| a. NAME AS SHOWN ON BIRTH CERTIFICATE | b. NAME AS SHOWN ON SOCIAL SECURITY NUMBER CARD |
|---|---|
| | |

c. I hereby state that I have not changed my name through any court or other legal procedure; that I prefer to use the name of

_____ by which I am known in the community as a matter of convenience

and with no criminal intent.  I further state that I am the same person as the person whose name is shown in item 2.

| d.  APPLICANT | |
|---|---|
| (1) SIGNATURE | (2) DATE SIGNED   (YYYYMMDD) |

| e.  WITNESS | | |
|---|---|---|
| (1) TYPED OR PRINTED NAME (Last, First, Middle Initial) | (2) PAY GRADE | (3) SIGNATURE |

**DD FORM 1966/4, OCT 2005**

Page 4

| 38. NAME (Last, First, Middle Initial) | 39. SOCIAL SECURITY NUMBER |
|---|---|
| Berry, Joshua A | Redacted PII |

USE THIS DD FORM 1966 PAGE ONLY IF EITHER SECTION APPLIES TO THE APPLICANT'S RECORD OF MILITARY PROCESSING.

## SECTION VIII - PARENTAL/GUARDIAN CONSENT FOR ENLISTMENT

**40. PARENT/GUARDIAN STATEMENT(S)** *(Line out portions not applicable)*

a. I/we certify that *(Enter name of applicant)* Joshua A. Berry

has no other legal guardian other than me/us and I/we consent to his/her enlistment in the United States *(Enter Branch of Service)*

REGULAR ARMY

I/we acknowledge/understand that he/she may be required upon order to serve in combat or other hazardous situations. I/we certify that <u>no promises of any kind</u> have been made to me/us concerning assignment to duty, training, or promotion during his/her enlistment <u>as an inducement</u> to me/us to sign this consent. I/we hereby authorize the Armed Forces representatives concerned to perform medical examinations, other examinations required, and to conduct records checks to determine his/her eligibility. I/we relinquish all claim to his/her service and to any wage or compensation for such service. I/we authorize him/her to be transported unsupervised to/from the Military Entrance Processing Station via public conveyance and to stay unsupervised at a government contracted hotel facility.

**b. FOR ENLISTMENT IN A RESERVE COMPONENT.**

I/we understand that, as a member of a reserve component, he/she must serve minimum periods of active duty for training unless excused by competent authority. In the event he/she fails to fulfill the obligations of his/her reserve enlistment, he/she may be recalled to active duty as prescribed by law. I/we further understand that while he/she is in the ready reserve, he/she may be ordered to extended active duty in time of war or national emergency declared by the Congress or the President or when otherwise authorized by law, and may be required upon order to serve in combat or other hazardous situations.

| c. PARENT | | |
|---|---|---|
| (1) TYPED OR PRINTED NAME (Last, First, Middle Initial) | (2) SIGNATURE | (3) DATE SIGNED (YYYYMMDD) |
| d. WITNESS | | |
| (1) TYPED OR PRINTED NAME (Last, First, Middle Initial) | (2) SIGNATURE | (3) DATE SIGNED (YYYYMMDD) |
| e. PARENT | | |
| (1) TYPED OR PRINTED NAME (Last, First, Middle Initial) | (2) SIGNATURE | (3) DATE SIGNED (YYYYMMDD) |
| f. WITNESS | | |
| (1) TYPED OR PRINTED NAME (Last, First, Middle Initial) | (2) SIGNATURE | (3) DATE SIGNED (YYYYMMDD) |

**41. VERIFICATION OF SINGLE SIGNATURE CONSENT**

**DD FORM 1966/5, OCT 2005**

Page 5

| 42. NAME (Last, First, Middle Initial) | 43. SOCIAL SECURITY NUMBER |
|---|---|
| Berry, Joshua A | Redacted PII |

## SECTION VI - REMARKS CONTINUATION
(Specify item(s) being continued by item number.  Continue on separate pages if necessary.)

**DD FORM 1966/6, OCT 2005**

000147

10/10/06  14:04 FAX 614 577 9477                                 OPNS                    @008/011

| REPORT OF MEDICAL EXAMINATION | 1. DATE OF EXAMINATION (YYYYMMDD) 2006 06 28 | 2. SOCIAL SECURITY NUMBER Redacted PII |
|---|---|---|

**PRIVACY ACT STATEMENT**

AUTHORITY: 10 USC 504, 505, 507, 532, 978, 1201, 1202, and 4346; and E.O. 9397.
PRINCIPAL PURPOSE(S): To obtain medical data for determination of medical fitness for enlistment, induction, appointment and retention for applicants and members of the Armed Forces. The information will also be used for medical boards and separation of Service members from the Armed Forces.
ROUTINE USE(S): None.
DISCLOSURE: Voluntary; however, failure by an applicant to provide the information may result in delay or possible rejection of the individual's application to enter the Armed Forces. For an Armed Forces member, failure to provide the information may result in the individual being placed in a non-deployable status.

| 5. LAST NAME - FIRST NAME - MIDDLE NAME (Suffix) BERRY JOSHUA ALAN | 6. HOME ADDRESS (Street, Apartment Number, City, State and ZIP Code) Redacted PII | 9. HOME TELEPHONE NUMBER (Include Area Code) Redacted PII |
|---|---|---|

| 6. GRADE CIVILIAN | 7. DATE OF BIRTH (YYYYMMDD) Redacted PII | 8. AGE (29) | 9. SEX X Male / Female | 10.a. RACIAL CATEGORY (X one or more) | b. ETHNIC CATEGORY |
|---|---|---|---|---|---|

| 11. TOTAL YEARS GOVERNMENT SERVICE a. MILITARY b. CIVILIAN 6/13   NONE | 12. AGENCY (Non-Service Members Only) DA | 13. ORGANIZATION UNIT AND UIC/CODE |
|---|---|---|

| 14.a. RATING OR SPECIALTY (Aviators Only) N/A | b. TOTAL FLYING TIME | c. LAST SIX MONTHS |
|---|---|---|

| 15.a. SERVICE X Army / Coast Guard / Navy / Marine Corps / Air Force | b. COMPONENT X Active Duty / Reserve / National Guard | c. PURPOSE OF EXAMINATION Enlistment / Commission / Retention / Separation / Medical Board / Retirement / U.S. Service Academy / ROTC Scholarship Program / Other | 16. NAME OF EXAMINING LOCATION, AND ADDRESS (Include ZIP Code) COLUMBUS MEPS 775 Taylor Road Gahanna, OH 43230-6203 |
|---|---|---|---|

| CLINICAL EVALUATION (Check each item in appropriate column. Enter "NE" if not evaluated.) | Normal | Abnormal | 44. NOTES: Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary.) |
|---|---|---|---|
| 17. Head, face, neck, and scalp | ✓ | | |
| 18. Nose | ✓ | | |
| 19. Sinuses | ✓ | | |
| 20. Mouth and throat | ✓ | | |
| 21. Ears - General (Int. and ext. canals)/Auditory acuity (under Item 71) | ✓ | | |
| 22. Drums (Perforation) | ✓ | | |
| 23. Eyes - General (Visual acuity and refraction under Items 61 - 63) | ✓ | | |
| 24. Ophthalmoscopic | ✓ | | |
| 25. Pupils (Equality and reaction) | ✓ | | |
| 26. Ocular motility (Associated parallel movements, nystagmus) | ✓ | | |
| 27. Heart (Thrust, size, rhythm, sounds) | ✓ | | |
| 28. Lungs and chest (Include breasts) | ✓ | | |
| 29. Vascular system (Varicosities, etc.) | ✓ | | |
| 30. Anus and rectum (Hemorrhoids, Fistulae) (Prostate if indicated) | | ✓ | |
| 31. Abdomen and viscera (Include hernia) | ✓ | | |
| 32. External genitalia (Genitourinary) | ✓ | | |
| 33. Upper extremities | ✓ | | |
| 34. Lower extremities (Except feet) | ✓ | | |
| 35. Feet (See Item 35 Continued) | ✓ | | |
| 36. Spine, other musculoskeletal | ✓ | | |
| 37. Identifying body (marks, scars, tattoos) | ✓ | | |
| 38. Skin, lymphatics | ✓ | | |
| 39. Neurologic | ✓ | | |
| 40. Psychiatric (Specify any personality deviation) | | ✓ | |
| 41. Pelvic (Females only) | | | |
| 42. Endocrine | | | |

43. DENTAL DEFECTS AND DISEASE (Please explain. Use dental form if completed by dentist. If abnormality noted, explain in item 44.)
✓ Acceptable
  Not Acceptable — Class ____

| 35. FEET (Continued) (Circle category) |
|---|
| A) Normal Arch   B) Pes Cavus   C) Pes Planus | 1 - Mild / 2 - Moderate / 3 - Severe | A) Asymptomatic   S) Symptomatic |

*(Notes in item 44, handwritten, partially legible:)*
37  Rt Arm - LK 74.94
       "    "  - Bearcat
     Rt Shoulder - dog
     Lt Arm - tribal x 2
     Pierced Smiles - Crouch Inn

DD FORM 2808, OCT 2005                                                                Page 1 of 4 Pages

000148

10/10/06  14:02 FAX 614 877 9477                                  OPNS                        @003/011

| LAST NAME - FIRST NAME - MIDDLE NAME (SUFFIX) | | DAV | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| BERRY, JOSHUA ALAN | | | Redacted PII |

**LABORATORY FINDINGS**

| 45. URINALYSIS | a. Albumin | NY | 46. URINE HCG | 47. HIV | 48. BLOOD TYPE |
|---|---|---|---|---|---|
| | b. Sugar | NY | | | |

| TESTS | RESULTS | | | | SECOND SPECIMEN ID LABEL |
|---|---|---|---|---|---|
| | FIRST TEST | CODE | SECOND TEST | CODE | |
| 49. HIV | NEG | 5B | | | Redacted PII |
| 50. DRUGS | NEGATIVE | N | | | |
| 51. ALCOHOL | Ng | N | | | DAT |
| 52. OTHER | | | | | |
| a. PAP SMEAR | | | | | |
| b. EKG | | | | | |
| c. CXR | | | | | |

**MEASUREMENTS AND OTHER...**

| 53. HEIGHT | 54. WEIGHT | 55. g. MIN WGT - MAX WGT | | 55.b. ACTUAL BF % - MAX BF % | 56. TEMPERATURE | 57. PULSE |
|---|---|---|---|---|---|---|
| 72 | 143 lbs | | 200 | | | 84 |

| 58. BLOOD PRESSURE | | | 59. RED/GREEN (Unity Gym) | | 60. OTHER VISION TEST: | |
|---|---|---|---|---|---|---|
| a. 1ST | b. 2ND | c. 3RD | | | a. COLOR HAIR | b. COLOR EYES |
| SYS. 123 | SYS. | SYS. | | | Brown | Right: Green Left: Green |
| DIAS. 79 | DIAS. | DIAS. | | | | |

| 61. DISTANT VISION | PH | | 62. REFRACTION BY AUTOREFRACTION OR MANIFEST | | 63. NEAR VISION | |
|---|---|---|---|---|---|---|
| Right 20/ 25 | Corr. to 20/ 20 | By | S | CX | Right 20/ 20 | Corr. to 20/ | By |
| Left 20/ 25 | Corr. to 20/ 20 | By | S | CX | Left 20/ 20 | Corr. to 20/ | By |

| 64. HETEROPHORIA (Specify distance) | | | | | | | |
|---|---|---|---|---|---|---|---|
| E.S. | E.X.P. | R.H. | L.H. | Prism div. | Prism Conv. CT. | Hor. | PD |

| 65. ACCOMMODATION | | 66. COLOR VISION (Test used and result) | | 67. DEPTH PERCEPTION (Test used and score) ABNT | | |
|---|---|---|---|---|---|---|
| Right | Left | PIP | PASS | ITA | Uncorrected | Corrected |
| | | | | | O.D. | O.D. |

| 68. RED & GR VISION | | 69. NIGHT VISION (Test used and score) | | | 70. INTRAOCULAR TENSION | |
|---|---|---|---|---|---|---|
| | | | | | O.D. | O.S. |

| 71a. AUDIOMETER Unit Serial Number 042459 | | | | | 71b. Unit Serial Number | | | | 72a. READING ALOUD TEST | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date Calibrated (YYYYMMDD) 20060401 | | | | | Date Calibrated (YYYYMMDD) | | | | | |
| HZ | 500 | 1000 | 2000 | 3000 | 4000 | 6000 | HZ | 500 | 1000 | 2000 | 3000 | 4000 | 6000 | SAT | UNSAT |
| Right | 05 | 00 | 00 | 00 | 20 | 15 | Right | | | | | | | 72b. VALSALVA | |
| Left | 00 | 05 | 00 | 05 | 30 | 20 | Left | | | | | | | V SAT | UNSAT |

73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY (Use additional sheets if necessary.)

DD FORM 2808, OCT 2005

DESIGNED USING PURE, UNASPCORN, DUROFAST, OVERPRINT EXCEPTION APPROVED, MAY 7, 200
Page 2 of 4 Pag...

10/10/06  14:05 FAX 614 577 9477                          OPNS                    004/011

| LAST NAME - FIRST NAME - MIDDLE NAME (SUFFIX) | | DAV | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| BERRY, JOSHUA ALAN | | | Redacted PII |

**34.a. EXAMINEE/APPLICANT** (check one)
IS QUALIFIED FOR SERVICE IN BPF   DAV
IS NOT QUALIFIED FOR SERVICE

**7B.** I have been advised of my disqualifying condition. I have been advised to see my private medical care provider within 72 to 72 hours/30 days / Routine Following (circle one) for further evaluation and/or treatment.
a. SIGNATURE OF EXAMINEE                    b. DATE (YYYYMMDD)

**b. PHYSICAL PROFILE**

| P | U | L | H | E | S | X | PROFILER INITIALS | DATE (YYYYMMDD) |
|---|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |  | 20060628 |

**76. SIGNIFICANT OR DISQUALIFYING DEFECTS**

| ITEM NO. | MEDICAL CONDITION/DIAGNOSIS | ICD CODE | PROFILE SERIAL | REU DATE (YYYYMMDD) | QUAL FIED | DIS QUAL FIED | EXAMINER INITIALS | WAIVER RECEIVED | |
|---|---|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   | SERVICE | DATE (YYYYMMDD) |
|   |   |   |   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |   |   |   |

**77. SUMMARY OF DEFECTS AND DIAGNOSES** (List diagnoses with item numbers)(Use additional sheets if necessary)

**78. RECOMMENDATIONS - FURTHER SPECIALIST EXAMINATIONS INDICATED** (Specify) (Use additional sheets if necessary)

Air Borne Qualified
YES / NO

**79. MEPS WORKLOAD** (For MEPS use only)

| WKID | ST | DATE (YYYYMMDD) | INITIAL | WKID | ST | DATE (YYYYMMDD) | INITIAL |
|---|---|---|---|---|---|---|---|
| 1 | P | 20060628 |  |  |  |  |  |

**80. MEDICAL INSPECTION DATE**

| | HT | WT | %BF | MAX WT | HCG | QUAL | DISQ | PHYSICIAN'S SIGNATURE |
|---|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |   |

**81.a. TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER**   b. SIGNATURE
W. PAUL MD

**82.a. TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER**   b. SIGNATURE
T. LAWSON DO

**83.a. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN** (Indicate which)   b. SIGNATURE

**84.a. TYPED OR PRINTED NAME OF REVIEWING OFFICER/APPROVING AUTHORITY**   b. SIGNATURE
T. LAWSON DO

**85. This examination has been administratively reviewed for completeness and accuracy.**
a. SIGNATURE                                    b. DATE    c. DATE (YYYYMMDD)
R. Halley                                        85-4       20060628

**86. WAIVER GRANTED** (If yes, name and by whom)
YES
NO

**87. NUMBER OF ATTACHED SHEETS**

**DD FORM 2808, OCT 2005**

DESIGNED USING MARS, USAPPDOM / OUSDP&R
GOVERNMENT EXCEPTION APPROVED, MAY 7, 20
Page 3 of 4 Pa(

000150



Redacted PII

DD FORM 2808, OCT 2005

10/10/06  14:03 FAX 614 577 9477                          OFNS                    Ø003/011

# REPORT OF MEDICAL HISTORY

(This information is for official and medically confidential use only and will not be released to unauthorized persons.)

Form Approved
OMB No. 0704-0413
Expires Oct 31, 2008

**PRIVACY ACT STATEMENT**

PLEASE DO NOT RETURN YOUR FORM TO THE ABOVE ADDRESS. RETURN COMPLETED FORM AS INDICATED ON PAGE 2.

AUTHORITY: 10 USC 504, 505, 507, 532, 978, 1201, 1202, and 4345; and E.O. 9397.

| 1. LAST NAME, FIRST NAME, MIDDLE NAME (SUFFIX) | 2. SOCIAL SECURITY NUMBER | 3. TODAY'S DATE (YYYYMMDD) |
|---|---|---|
| **BERRY** JOSHUA ALAN | Redacted PII | 2006 0628 |

| 4. a. HOME ADDRESS (Street, Apartment No., City, State, ZIP Code) | 5. EXAMINING LOCATION AND ADDRESS (Include ZIP Code) |
|---|---|
| Redacted PII | Columbus Maps 776 Taylor Road Gahanna, OH 43230-6203 |
| b. HOME TELEPHONE (Include Area Code) Redacted PII | |

| X ALL APPLICABLE BOXES: | | | | 7. a. POSITION (Title, Grade, Component) |
|---|---|---|---|---|
| 8. a. SERVICE | b. COMPONENT AUS | c. PURPOSE OF EXAMINATION | | CIVILIAN |
| X Army / Coast Guard | X Active Duty | X Enlistment / Medical Board / Other (Specify) | | b. USUAL OCCUPATION |
| Navy | Reserve | Commission / Retirement | | Lab Tech |
| Marine Corps | National Guard | Retention / U.S. Service Academy | | |
| Air Force | | Separation / ROTC Scholarship Program | | |

| 8. CURRENT MEDICATIONS (Prescription and Over-the-counter) | 9. ALLERGIES (Including insect bites/stings, foods, medicine or other substances) |
|---|---|
| NONE gat 2006 0628 / cadmium methadone vitamin c | NONE |

Mark each item "YES" or "NO"

| HAVE YOU EVER HAD OR DO YOU NOW HAVE: | YES | NO | 12. (Continued) | YES | NO |
|---|---|---|---|---|---|
| 10. a. Tuberculosis | O | ✓ | f. Foot trouble (e.g., pain, corns, bunions, etc.) | O | ✓ |
| b. Lived with someone who had tuberculosis | O | ✓ | g. Impaired use of arms, legs, hands, or feet | O | ✓ |
| c. Coughed up blood | O | ✓ | h. Swollen or painful joint(s) | O | ✓ |
| d. Asthma or any breathing problems related to exercise, weather, pollens, etc. | O | ✓ | i. Knee trouble (e.g., locking, giving out, pain or ligament injury, etc.) | O | ✓ |
| e. Shortness of breath | O | ✓ | j. Any knee or foot surgery including arthroscopy or the use of a cane, crutches, brace, etc. | O | ✓ |
| f. Bronchitis | O | ✓ | k. Any need to use corrective devices such as prosthetic devices, hearing aid, false teeth, contacts, etc. | O | ✓ |
| g. Wheezing or problems with wheezing | O | ✓ | l. Bone, joint, or other deformity | O | ✓ |
| h. Been prescribed or used an inhaler | O | ✓ | m. Plate(s), screw(s), rod(s) or pin(s) in any bone | O | ✓ |
| i. A chronic cough or cough at night | O | ✓ | n. Broken bone(s) (cracked or fractured) | O | ✓ |
| j. Sinusitis | O | ✓ | 13. a. Frequent indigestion or heartburn | O | ✓ |
| k. Hay fever | O | ✓ | b. Stomach, liver, intestinal trouble, or ulcer | O | ✓ |
| l. Chronic or frequent colds | O | ✓ | c. Gall bladder trouble or gallstones | O | ✓ |
| 11. a. Severe tooth or gum trouble | O | ✓ | d. Jaundice or hepatitis (liver disease) | O | ✓ |
| b. Thyroid trouble or goiter | O | ✓ | e. Rupture/hernia | O | ✓ |
| c. Eye disorder or trouble | O | ✓ | f. Rectal disease, hemorrhoids or blood from the rectum | O | ✓ |
| d. Ear, nose, or throat trouble | O | ✓ | g. Skin diseases (e.g., acne, eczema, psoriasis, etc.) | O | ✓ |
| e. Loss of vision in either eye | O | ✓ | h. Frequent or painful urination | O | ✓ |
| f. Worn contact lenses or glasses | O | ✓ | i. High or low blood sugar | O | ✓ |
| g. A hearing loss or wear a hearing aid | O | ✓ | j. Excess sugar or blood in urine | O | ✓ |
| h. Surgery to correct vision (RK, PRK, LASIK, etc.) | O | ✓ | k. Sugar or protein in urine | O | ✓ |
| 12. a. Painful shoulder, elbow or wrist (e.g., pain, dislocation, etc.) | O | ✓ | l. Sexually transmitted disease (syphilis, gonorrhea, chlamydia, genital herpes, herpes, etc.) | O | ✓ |
| b. Arthritis, rheumatism, or bursitis | O | ✓ | 14. a. Adverse reaction to serum, food, insect stings or medicine | O | ✓ |
| c. Recurrent back pain or any back problem | O | ✓ | b. Recent unexplained gain or loss of weight | O | ✓ |
| d. Numbness or tingling | O | ✓ | c. Currently in good health (If no, explain in item 29 on page 2) | ✓ | O |
| e. Loss of finger or toe | O | ✓ | d. Tumor, growth, cyst, or cancer | O | ✓ |

DD FORM 2807-1, OCT 2003

Page 1 of 4 Pa

10/10/08  14:04 FAX 614 577 9477 · OPNS  Ø010/011

| LAST NAME, FIRST NAME, MIDDLE NAME (SUFFIX) | SOCIAL SECURITY NUMBER |
|---|---|
| BERRY, JOSHUA ALAN | Redacted PII |

Mark each item "YES" or "NO".  Mark each item "YES" or "NO". For items 19 - 29, every item marked "YES" must be fully explained in item 29 below.

| HAVE YOU EVER HAD OR DO YOU NOW HAVE: | YES | NO | HAVE YOU EVER HAD OR DO YOU NOW HAVE: | YES | NO |
|---|---|---|---|---|---|
| 16. a. Dizziness or fainting spells | ○ | ✓ | 19. Have you been refused employment or been unable to hold a job or stay in school because of: | | |
| b. Frequent or severe headache | ○ | ✓ | a. Sensitivity to chemicals, dust, sunlight, etc. | ○ | ✓ |
| c. A head injury, memory loss of amnesia | ○ | ✓ | b. Inability to perform certain motions | ○ | ✓ |
| d. Paralysis | ○ | ✓ | c. Inability to stand, sit, kneel, lie down, etc. | ○ | ✓ |
| e. Seizures, convulsions, epilepsy or fits | ○ | ✓ | d. Other medical reasons (If yes, give reasons.) | ○ | ✓ |
| f. Car, train, sea, or air sickness | ○ | ✓ | 20. Have you ever been treated in an Emergency Room? (If yes, for what?) | ○ | ✓ |
| g. A period of unconsciousness or concussion | ○ | ✓ | | | |
| h. Meningitis, encephalitis, or other neurological problems | ○ | ✓ | 21. Have you ever been a patient in any type of hospital? (If yes, specify when, where, why, and name of doctor and complete address of hospital.) | ✓ | ○ |
| 16. a. Rheumatic fever | ○ | ✓ | | | |
| b. Prolonged bleeding (as after an injury or tooth extraction, etc.) | ○ | ✓ | 22. Have you ever had, or have you been advised to have any operation or surgery? (If yes, describe and give age at which occurred.) | ✓ | ○ |
| c. Pain or pressure in the chest | ○ | ✓ | | | |
| d. Palpitation, pounding heart or abnormal heartbeat | ○ | ✓ | 23. Have you ever had any illness or injury other than those already noted? (If yes, specify when, where, and give details.) | [handwritten] | |
| e. Heart trouble or murmur | ○ | ✓ | | | |
| f. High or low blood pressure | ○ | ✓ | 24. Have you consulted or been treated by clinics, physicians, healers, or other practitioners within the past 5 years for other than minor illnesses? (If yes, give complete address of doctor, hospital, clinic, and details.) | ○ | ✓ |
| 17. a. Nervous trouble of any sort (anxiety or panic attacks) | ○ | ✓ | | | |
| b. Habitual stammering or stuttering | ○ | ✓ | | | |
| c. Loss of memory or amnesia, or neurological symptoms | ○ | ✓ | 25. Have you ever been rejected for military service for any reason? (If yes, give date and reason for rejection.) | ○ | ✓ |
| d. Frequent trouble sleeping | ○ | ✓ | | | |
| e. Received counseling of any type | ✓ | ○ | 26. Have you ever been discharged from military service for any reason? (If yes, give date, reason, and type of discharge, whether honorable, other than honorable, for unfitness or unsuitability.) | ✓ | ○ |
| f. Depression or excessive worry | ○ | ✓ | | | |
| g. Been evaluated or treated for a mental condition (If yes, fully explain in item 29 below.) | ○ | ✓ | | | |
| h. Attempted suicide | ○ | ✓ | 27. Have you ever received, is there pending, or have you ever applied for pension or compensation for any disability or injury? (If yes, specify what kind, granted by whom, and what amount, when, why.) | ○ | ✓ |
| i. Used illegal drugs or abused prescription drugs | ○ | ✓ | | | |
| 18. FEMALES ONLY. Have you ever had or do you now have: | | | | | |
| a. Treatment for a gynecological (female) disorder | ○ | ○ | 28. Have you ever been denied life insurance? | ○ | ✓ |
| b. A change of menstrual pattern | ○ | ○ | | | |
| c. Any abnormal PAP smears | ○ | ○ | | | |
| d. First day of last menstrual period (YYYYMMDD) | | | | | |
| e. Date of last PAP smear (YYYYMM) | | | | | |

29. EXPLANATION OF "YES" ANSWERS (circle answers), give details of problem, name of doctor(s) and/or hospital(s), treatment given and current medical status.

21. Nerve damage to lip  8 years old

23. Chicken Pox  11 years old

26. Honorable Discharge

N.O.K.  Redacted PII

Girlfriend  Redacted PII

NOTE: HAND TO THE DOCTOR OR NURSE, OR IF MAILED, MARK ENVELOPE "TO BE OPENED BY MEDICAL PERSONNEL ONLY."

**DD FORM 2807-1, OCT 2003**  DoD exception to SF 93 approved by ICMR, August 2, 2000.  Page 2 of 4 Pages

DESIGNED USING PERFORM PRO, WHSDIOR, OCT 1999
OVERPRINT EXCEPTION APPROVED, MAY 7, 2001

10/10/06  14:03 FAX 614 577 8477                    OPNS                    006/011

| LAST NAME, FIRST NAME, MIDDLE NAME (SUFFIX) | SOCIAL SECURITY NUMBER |
| --- | --- |
| BERRY, JOSHUA ALAN | Redacted PII |

**30. EXAMINER'S SUMMARY AND ELABORATION OF ALL PERTINENT DATA** *(Physician/practitioner shall comment on all positive answers in questions 6 - 21. Physician/practitioner may develop by interview any additional medical history deemed important, and record any significant findings here.)*

a. COMMENTS

8. *[illegible] into NKD*

*17e - No counseling*

*21 - minor lac  NKD*

*23 - C Pox NKD*

*26. Hern [illegible]*

"Applicant denies any significant medical or psychiatric history."

Provider initials: _____

| QUESTIONING REVEALS | YES | NO | DETAILS |
| --- | --- | --- | --- |
| MARIJUANA USE | ✓ | | x 1      '91 |
| OTHER DRUG ABUSE | | ✓ | |
| ALCOHOL ABUSE | ✓ | | '99 - 2ui  x 1 |

(7 )

EXAMINEE. I certify the information on this form is true and complete to the best of my knowledge and belief, and no person has advised me to conceal or falsify any information about my physical and mental history.  I further understand that I may be requested to provide medical documentation regarding issues within my medical history. I authorize any of the doctors, hospitals, clinics or insurance company(ies) to furnish the Department of Defense medical authority a complete transcript of my medical record for purposes of processing my application for military service.

X _____ EXAMINEE SIGNATURE       X _2006-06-28_ DATE

| b. TYPED OR PRINTED NAME OF EXAMINER | c. SIGNATURE | d. DATE SIGNED (YYYYMMDD) |
| --- | --- | --- |
| W. PAUL  M D | | 2006-06-28 |

DD FORM 2807-1, OCT 2003          DD overwrite to JF 93 approved by ESAS, August 3, 2000.

Page 3 of 4 Pages

DESIGNED USING PerForm PRO, LHSEPCOM, OUSD
GOVERNMENT EXCEPTION APPROVED, MAY.



LAST NAME, FIRST NAME, MIDDLE NAME (SUFFIX)                                      SOCIAL SECURITY NUMBER
BERRY, JOSHUA ALAN                                                               Redacted PII

31. ADDITIONAL REMARKS. (Extension of blocks 29 or 30)

DD FORM 2807-1, OCT 2003                                                         Page 4 of 4 Pages

Sent By: HP LaserJet 3100;     0;

POLICE RECORDS CHECK

BERRY, JEROME ALAN

Redacted PII     Redacted PII

Redacted PII     Redacted PII     Redacted PII     Redacted PII

HALL, John J.          CPD

CINCINNATI POLICE DEPARTMENT
800 SYCAMORE AVE.
RM. 180
CINCINNATI, OH 45202

U.S. ARMY RECRUITING
8964 MARYLAND AVE.
CINCINNATI, OH 45215

DEPARTMENT OF THE ARMY
U.S. ARMY RESERVE PERSONNEL COMMAND
1 RESERVE WAY
ST. LOUIS, MO 63132-5200

ARPC-PSV-A-E000
ORDERS  C-03-108806

28 MAR 2001

BERRY JOSHUA ALAN
Redacted PII

PSV-A-E000      PV2   63B1   Redacted PII
USAR CONTROL GROUP (AT)

YOU ARE REASSIGNED IN THE RESERVE AS INDICATED BELOW.

RELEASED FROM: USAR CONTROL GROUP (AT)
REASON: VOLUNTARY
ASSIGNED TO: 478 EN BN HHC CBT CO   WRJ8TO   0113 008 3280
   75 CARMEL MANOR DR FT THOMAS KY 41075 2393
EFFECTIVE DATE: 26 MAR 2001      VOCO: 26 MAR 2001
EXPIRATION TERM OF SERVICE: 28 MAR 2003      SEX: M
ADDITIONAL INSTRUCTIONS: SEC CLR: NOT RECORDED
   DOB: Redacted PII DORRES: 19951221  PEBD: 19950329
   CURRENT 'HIV' TEST REQUIRED.

AUTHORITY: AR 140-10
FORMAT:  450

***************
* AR-PERSCOM *
*  OFFICIAL  *
***************

W. BRUCE PITTMAN
COL, EN
COMMANDING

DISTRIBUTION: G3
1 478 EN BN HHC CBT CO 75 CARMEL MANOR DR FT THOMAS KY 41075 2393
1 81ST REGIONAL SPT CENTER 255 WEST OXMOOR RD BIRMINGHAM AL 35209 6383

COMMANDER
 478 EN BN      HHC CBT CO
75 CARMEL MANOR DR
FT THOMAS      KY  41075 2393

DEPARTMENT OF THE ARMY
U.S. ARMY RESERVE PERSONNEL COMMAND
1 RESERVE WAY
ST. LOUIS, MO 63132-5200

ARPC-PRR-05-E000                                        07 SEP 99
ORDERS  C-09-929251

BERRY JOSHUA ALAN          PRR-05-E000      PV2    83B1   Redacted PII
Redacted PII                                 ···   USAR CONTROL GROUP (AT)


YOU ARE REASSIGNED IN THE RESERVE AS INDICATED BELOW.


RELEASED FROM: USAR CONTROL GROUP (AT)
REASON: VOLUNTARY
ASSIGNED TO: 558 SC CO CABLE & WI   WSV6AA   0101 014 2400
  6195 STRIKER RD, BLDG KINGS MILLS OH 45034 0914
EFFECTIVE DATE: 07 SEP 99
EXPIRATION TERM OF SERVICE: 28 MAR 03      SEX: M
ADDITIONAL INSTRUCTIONS: PEBD: 950329  SEC CLR: NOT RECORDED
  CURRENT 'HIV' TEST REQUIRED. .


AUTHORITY: AR 140-10
FORMAT:  450


***************
*  AR-PERSCOM  *            TIMOTHY W. CANNON
*  OFFICIAL    *            COL, MP
***************              COMMANDING

DISTRIBUTION: G3
1 558 SC CO CABLE & WI 6195 STRIKER RD, BLDG KINGS MILLS OH 45034 0914
1 88TH REGIONAL SPT CENTER 506 ROEDER CIRCLE FT SNELLING MN 55111 4066


COMMANDER
  558 SC CO     CABLE & WI
6195 STRIKER RD, BLDG
KINGS MILLS       OH  45034 0914

Please read the instructions on the back before completing this form.

# Servicemembers' Group Life Insurance Election and Certificate

| Use this form to: (check all that apply) | Important: This form is for use by Active Duty and Reserve members. This form does not apply to and cannot be used for any other Government Life Insurance. |
|---|---|
| ☒ Name, change or update your beneficiary<br>☐ Reduce the amount of your insurance coverage<br>☐ Decline insurance coverage | |

| Last name | First name | Middle name | Rank, title, or grade | Social Security Number |
|---|---|---|---|---|
| Berry | Joshua | Alan | PV2/E-2 | Redacted PII |

| Branch of Service (Do not abbreviate) | Current Duty Location |
|---|---|
| United States Army | 558th Signal Company Kings Mills OH 45034 |

## Amount of Insurance

By law, you are automatically insured for $200,000. *If you want $200,000 of insurance*, skip to *Beneficiary(ies) and Payment Options. If you want less than $200,000 of insurance*, please check the appropriate block below and write the amount desired and your initials. Coverage is available in the following amounts: $190,000, $180,000, $170,000, $160,000, $150,000, $140,000, $130,000, $120,000, $110,000, $100,000, $90,000, $80,000, $70,000, $60,000, $50,000, $40,000, $30,000, $20,000, $10,000. *If you do not want any insurance*, check the appropriate block below and write (in your own handwriting), "I do not want insurance at this time."

☐ I want coverage in the amount of $ _____ Your initials _____

☐ _____ (Write "I do not want insurance at this time.")

Note: Reduced or refused insurance can be restored only by written request with proof of good health and compliance with other requirements.

## Beneficiary(ies) and Payment Options

I designate the following beneficiary(ies) to receive payment of my insurance proceeds. I understand that the principal beneficiary(ies) will receive payment upon my death. If all principal beneficiaries predecease me, the insurance will be paid to the contingent beneficiary(ies).

| Complete Name *(first, middle, last)* and Address of each beneficiary | Social Security Number (if known) | Relationship to you | Share to each beneficiary (Use %, $ amounts or fractions) | Payment Option (Lump sum or 36 equal monthly payments) |
|---|---|---|---|---|
| **Principal** | | | | |
| Redacted PII | | Brother | 100% | LUMP |
| 2. | | | | |
| **Contingent** | | | | |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

I HAVE READ AND UNDERSTAND the instructions on the front and back of this form. I ALSO UNDERSTAND that:

- This form cancels any prior beneficiary or payment instructions
- The proceeds will be paid to beneficiaries as stated in #6 on the back of this form, unless otherwise stated above
- If I have legal questions about this form, I may consult with a military attorney at no expense to me
- I cannot have combined SGLI and VGLI coverages at the same time for more than $200,000

SIGN HERE IN INK ▶ *Joshua A. Berry* Date: 09/21/99
(Your signature. Do not print.)

Do not write in space below - For official use only.

| WITNESSED AND RECEIVED BY: | RANK, TITLE, OR GRADE | ORGANIZATION | DATE RECEIVED |
|---|---|---|---|
| *Linda C. Weltz* | | 558th Sig Co Kings Mills OH | 09/21/99 |

SGLV-8286, April 1996   Supersedes SGLV 8286, March 1994 Which Will Not Be Used   LOCAL REPRODUCTION AUTHORIZED

MEMBER'S OFFICIAL PERSONNEL FILE 1
TO MEMBER (Certificate of Coverage) 2
UNIFORMED SERVICE COPY 3
USAPPC V1.00

000159

DEPARTMENT OF THE ARMY
Headquarters, 88th Regional Support Command
506 Roeder Circle
Fort Snelling, Minnesota 55111-4009

ORDERS 98-34-032

3 FEBRUARY 1998

BERRY, JOSHUA ALAN


Redacted PII PV2
611TH ENGR CO  WRYMAA
SHARONVILLE, OH  45241-1587

You are reassigned in the Reserve as shown below:

Released from:  Current Assignment
Reason:  Unsatisfactory Participation
Assigned to:  ARPERCEN (Annual Training) (WONJAA), 9700 Page Blvd, St Louis, MO  63132-5200
Effective Date:  5 FEB 98
Additional Instructions:  Address future inquiries and address changes to Commander, ARPERCEN, ATTN:
    ARPC-EP, 9700 Page Blvd, St Louis, MO  63132-5200. Loss Code:  JE

FOR ARMY USE
Auth:  AR 140-10, para 4-15
Asgd to mgt dsg:  63B10
Basic br:  NA
Con br:  NA
Con specialty:  NA
Proj specialty:  NA
Format:  450

FOR THE COMMANDER:

********************
*     RSC     *
*   OFFICIAL    *
********************
ALAN R BERTELRUD
LTC, AG, USAR
ADJUTANT

DISTRIBUTION:
SIDPERS (1)
Record Set (1)
Reference Set (1)
MPRJ (1)
PV2 BERRY, JOSHUA ALAN (1)
CDR, ARPERCEN, ATTN: ARPC-PRA-RS (2)
CDR, 611TH ENGR CO (2)
CDR, 718 (1)
CDR, 5025 (1)

ctrl: 0137

**000160**

DEPARTMENT OF THE ARMY
HEADQUARTERS, 81ST REGIONAL SUPPORT COMMAND
255 WEST OXMOOR ROAD
BIRMINGHAM, ALABAMA  35209-6383

ORDERS 351-9                                    16 December 1996

BERRY  JOSHUA


Redacted PII
HHC, 478TH ENG BN ( WRJ9T0 )
FT. THOMAS KY 41075-2393

You are reassigned in the reserve as shown below.

Released From: HHC, 478TH ENG BN ( WRJ9T0 )
               75 CARMEL MANOR DRIVE
               FT. THOMAS KY  41075-2393

Reason:        Relocation - Trf to another MUSARC
Assigned To:   611TH EN CO (WRYMAA)
               11880 MOSTELLER RD
               SHARONVILLE OH  45241-1587

Effective Date: 16 September 1996
Additional instructions: POSN 0745 PARA 105  LINE 09  DMOS 62E1O DMOSQ Q
N/A

FOR ARMY USE:
Auth: AR 140-10 para 2-7b(2) L1
Asgd to mgt dsg: NA
Basic Br:  NA
Con Br:  NA
Con speciality:  NA
Prog specialty:  NA
Format:  450

FOR THE COMMANDER:

                    ***************************
                    *        OFFICIAL         *
                    *        81ST RSC         *
                    ***************************

                         MARK A. TOWNE
                         CPT, AG
                         ASSISTANT ADJUTANT GENERAL

DISTRIBUTION:
IND  (3)
AFRC-CAL-PRR  (1)
MSC  (1)
LOSING UNIT  (1)
GAINING UNIT  (1)
MPRJ  (1)

**000161**

Top ① Side 

| ARMY RESERVE<br>**RECORD OF INDIVIDUAL PERFORMANCE OF RESERVE DUTY TRAINING**<br>Per use of this form see AR 140-185; the proponent agency is OCAR | 1. DATE<br>15 DEC 96 |
|---|---|
| 2. FROM: *(Reporting Agency) (Include ZIP Code)*<br>611th Engineer Company (Light), 11880 Mosteller Road, Sharonville, Ohio 45241-13876 | 3. RETIREMENT YEAR ENDING DATE |

4. TO: *(Custodian of reservists' Fold 201 file) (Include ZIP Code)*

```
Commander
HHC, 478th ENGR BN
75 Carmel Manor Drive
Ft Thomas, Ky 41075-2393
```

| 5. LAST NAME - FIRST NAME - MIDDLE INITIAL<br>BERRY, JOSHUA A. | 6. GRADE<br>E-3/PFC | 7. SOCIAL SECURITY NO.<br>Redacted PII | 8. BRANCH |
|---|---|---|---|

9. INDIVIDUAL'S ASSIGNED ORGANIZATION *(If different from office of address)*
AME AS ITEM #4

10. THE ABOVE NAMED RESERVIST PERFORMED ☐ EQUIVALENT ☐ APPROPRIATE ☐ SUITABLE ☐ OTHER

*(Check applicable box)* DUTIES, TRAINING OR INSTRUCTION ON THE DATES AND FOR THE HOURS INDICATED AS AUTHORIZED BY *(Cite authorization)*:

| a. DATE | | | HOURS<br>b | RETIREMENT<br>POINTS<br>c | NATURE OF DUTIES, TRAINING OR INSTRUCTION<br>d |
|---|---|---|---|---|---|
| DAY | MONTH | YEAR | | | |
| 14 | DEC | 96 | 8 | 2 | SUPPORT UNIT ACTIVITIES |
| 15 | DEC | 96 | 8 | 2 | SUPPORT UNIT ACTIVITIES |

| 11. TYPED NAME, GRADE AND POSITION OF OFFICER HAVING<br>KNOWLEDGE OF DUTIES PERFORMED<br>JOSEPH A. WALLACE, 1LT, QM, Commanding | 12. SIGNATURE OF OFFICER *(Item 11)* |
|---|---|

| 13. FOR CUSTODIAN OF INDIVIDUAL RESERVIST'S RECORDS | | | |
|---|---|---|---|
| ☐ REPORTED TO SERVICING DATA PROCESSING UNIT. | PAY DATA | ☐ EXTRACTED | ☐ NOT APPLICABLE |

DA FORM 1380, FEB 75          PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE.          USAFPC V1.00

000162



# Headquarters Joint Task Force 926



## CERTIFICATE OF ACHIEVEMENT
### AWARDED TO

JOSHUA A. BERRY

FOR

YOUR OUTSTANDING DEDICATION AND CONTINUOUS SUPPORT TO
JOINT TASK FORCE 926 FROM JANUARY TO AUGUST 1996 DURING
NUEVOS HORIZONTES '96 IN THE REPUBLIC OF HONDURAS

RAYMOND C. ZIMMERMAN
COL, FA
COMMANDING

Redacted PII

000163

## PERSONNEL ACTION

For use of this form, see DA PAM 600-8 and AR 680-1; the proponent agency is MILPERCEN.

### DATA REQUIRED BY THE PRIVACY ACT

Authority: Title 5, section 3012; Title 10, U.S.C. E.O. 9397. Principal Purpose: Use by service member in accordance with DA Pamphlet 600-8 when requesting a personnel action on his/her own behalf *(Section III)*. Routine Uses: To initiate the processing of a personnel action being requested by the service member. Disclosure: Voluntary. Failure to provide Social Security Number may result in a delay or error in processing of the request for personnel action.

| THRU: *(Include ZIP Code)* | TO: *(Include ZIP Code)* | FROM: *(Include ZIP Code)* |
|---|---|---|
| | | COMMANDER HHC 478TH ENGR BN<br>75 CARMEL MANOR DRIVE<br>FT. THOMAS, KY. 41075-2393 |

### SECTION I - PERSONAL IDENTIFICATION

| NAME *(Last, first, MI)* | GRADE OR RANK/PMOS *(Enl only)* | SOCIAL SECURITY NUMBER |
|---|---|---|
| BERRY, JOSHUA A. | E-1/PV1 | Redacted PII |

### SECTION II - DUTY STATUS CHANGE *(Proc 9-1, DA Pam 600-8)*

The above member's duty status is changed from _____

_____ to _____

_____ effective _____ hours _____ 19____

### SECTION III - REQUEST FOR PERSONNEL ACTION

I request the following action:

| TYPE OF ACTION | Procedure | | TYPE OF ACTION | Procedure |
|---|---|---|---|---|
| Service School *(Enl only)* | | | Reassignment Married Army Couples | |
| ROTC or Reserve Component Duty | | | Reclassification | |
| Volunteering For Oversea Service | | | Officer Candidate School | |
| Ranger Training | | | Assgmt of Pers with Exceptional Family Members | |
| Reasgmt Extreme Family Problems | | | Identification Card | |
| Exchange Reassignment *(Enl only)* | | | Identification Tags | |
| Airborne Training | | | Separate Rations | |
| Special Forces Training/Assignment | | | Leave - Excess/Advance/Outside CONUS | |
| On-the-Job Training *(Enl only)* | | | Change of Name/SSN/DOB | |
| Retesting in Army Personnel Tests | | X | Other *(Specify)*    ADVANCEMENT TO PV2/E-2 | |

SIGNATURE OF MEMBER *(When required)*               DATE

### SECTION IV - REMARKS *(Applies to Sections II, III, and V) (Continue on separate sheet)*

ADVANCED TO: PV2
AUTHORITY: AR 140-158, PARA 3-6
DATE OF RANK: 951221
EFFECTIVE DATE: 951221
ADDITIONAL INSTRUCTIONS: NA

### SECTION V - CERTIFICATION/APPROVAL/DISAPPROVAL

I certify that the duty status change *(Section II)* or that the request for personnel action *(Section III)* contained herein -

| ☐ HAS BEEN VERIFIED | ☐ RECOMMEND APPROVAL | ☐ RECOMMEND DISAPPROVAL |
|---|---|---|
| ☒ IS APPROVED | ☐ IS DISAPPROVED | |

| COMMANDER/AUTHORIZED REPRESENTATIVE | SIGNATURE | DATE |
|---|---|---|
| DAVID C. THOMAS CPT, EN, COMDR | | 951221 |

DA FORM 4187 DEC 82          EDITION OF FEB 81 WILL BE USED.          COPY 1

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD. SAFEGUARD IT.

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| BERRY, JOSHUA ALAN | ARMY/USAR | Redacted PII |

| 4.a GRADE, RATE, OR RANK | 4.b PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIG. TERM. DATE |
|---|---|---|---|
| PV1 | E1 | Redacted PII | Year 2003 Month 03 Day 28 |

| 7.a PLACE OF ENTRY INTO ACTIVE DUTY | 7.b HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| COLUMBUS, OH | Redacted PII |

| 8.a LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b STATION WHERE SEPARATED |
|---|---|
| W0G4 CO A 187 ORD BN TR TC | FT JACKSON, SC  29207-5000 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE      None |
|---|---|
| 478 EN BN HHC CBT CO BROOKS LAWLER USARC FT THOMAS KY 41075 | Amount: $ 200,000.00 |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| 63B1O 00 LIGHT WVEH MECH--0 YRS-0 MOS //NOTHING FOLLOWS | a. Date entered AD This Period | 1995 | 05 | 12 |
| | b. Separation Date This Period | 1995 | 10 | 20 |
| | c. Net Active Service This Period | 0000 | 05 | 09 |
| | d. Total Prior Active Service | 0000 | 00 | 00 |
| | e. Total Prior Inactive Service | 0000 | 01 | 13 |
| | f. Foreign Service | 0000 | 00 | 00 |
| | g. Sea Service | 0000 | 00 | 00 |
| | h. Effective Date of Pay Grade | 1995 | 03 | 29 |

**13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)**

ARMY SERVICE RIBBON//EXPERT MARKSMANSHIP QUALIFICATION BADGE WITH RIFLE BAR//NOTHING FOLLOWS

**14. MILITARY EDUCATION (Course title, number of weeks and month and year completed)**

LIGHT WHEEL VEHICLE MACHANIC, 13 WEEKS, OCT 1995//NOTHING FOLLOWS

| 15.a MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERAN'S EDUCATIONAL ASSISTANCE PROGRAM | Yes | No X | 15.b HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No X | 16. DAYS ACCRUED LEAVE PAID  NONE |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED A COMPLETE DENTAL EXAM AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | X No |
|---|---|---|

**18. REMARKS**

DATA HEREIN SUBJECT TO COMPUTER MATCHING WITHIN DOD OR WITH OTHER AGENCIES FOR VERIFICATION PURPOSES AND DETERMINING ELIGIBILITY OR COMPLIANCE FOR FEDERAL BENEFITS//MEMBER HAS NOT COMPLETED FIRST FULL TERM OF SERVICE//NOTHING FOLLOWS

| 19.a MAILING ADDRESS AFTER SEPARATION (include Zip Code) | 19.b NEAREST RELATIVE (Name and address - include Zip Code) |
|---|---|
| Redacted PII | Redacted PII |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (State) OH DIR OF VET. AFFAIRS | X Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title) |
|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | | | SCOTT K HAYS, CPT, AG, COMMANDING |

| SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only) | |
|---|---|
| **23. TYPE OF SEPARATION** | **24. CHARACTER OF SERVICE (Include upgrades)** |
| RELEASE FROM ACTIVE DUTY TRAINING | UNCHARACTERIZED |
| **25. SEPARATION AUTHORITY** | **26. SEPARATION CODE** | **27. REENTRY CODE** |
| AR 635-200, CHAP 4 | MBK | NA |
| **28. NARRATIVE REASON FOR SEPARATION** | |
| COMPLETION OF REQUIRED ACTIVE SERVICE | |
| **29. DATES OF TIME LOST DURING THIS PERIOD** | **30. MEMBER REQUESTS COPY 4** (Initials) |
| NONE | |

DD Form 214-AUTOMATED, NOV 88        Previous editions are obsolete.        SERVICE - 2

DEPARTMENT OF THE ARMY
Headquarters, United States Army Training Center and Fort Jackson
Fort Jackson, South Carolina  29207-5000

ORDERS 209-240                                    28 July 1995

BERRY, JOSHUA A. ▓Redacted PII▓ PV1 Co A 187th Ord Bn 4th Tng Bde (W0841P) Ft
Jackson SC 29207-5000

The following MOS action is directed.

Awarded:  PMOS 63B100000
Withdrawn:  None
Effective date:  Upon successful completion of 63B Course
Reclassification control number:  None
Additional instructions:  None
Format:  310

FOR THE COMMANDER:

DISTRIBUTION:
E

R. D. ALLEN
Major, AG
Adjutant General

SECTION I — IDENTIFICATION DATA

1. NAME

2. S.S.N.  
Redacted PII

SECTION II — CLASSIFICATION AND ASSIGNMENT DATA (Continued)

6. MOSC

| | TITLE | DATE |
|---|---|---|
| 638 | Light Wheel Veh Mech | 29 July 95 |

SECTION II — CLASSIFICATION AND ASSIGNMENT DATA

MILITARY OCCUPATIONAL SPECIALTIES

☐ CONT

SECTION II — CLASSIFICATION AND ASSIGNMENT DATA

② 

MOS EVALUATION SCORES

| MOSC | YR & MO | SCORE | YR & MO | SCORE | YR & MO | SCORE | ☐ CONT |
|---|---|---|---|---|---|---|---|

③ 

4. ASSIGNMENT CONSIDERATIONS   ☐ CONT

5. OVERSEA SERVICE

| FROM | THRU | AREA AND COUNTRY | MO | TYPE | CONT NTC | DEPN ARR OS |
|---|---|---|---|---|---|---|

7. AVIATION ASI & GUNNERY QUALIFICATION   ☐ CONT

| AIRCRAFT | | INSTR PILOT | | GUNNERY SYSTEM | |
|---|---|---|---|---|---|
| F/W | R/W | F/W | R/W | TNG | INSTR |

8. APTITUDE AREA SCORES   ☐ CONT

| AREA | SCORE | AREA | SCORE | ☐ CONT |
|---|---|---|---|---|

9. AWARDS, DECORATIONS & CAMPAIGNS   ☐ CONT

10. OTHER TESTS   ☐ CONT

| TEST | DATE | SCORE |
|---|---|---|
| MDB- | | |
| OCT | | |
| DLAT | | |
| OGI-1 | | |
| FAST- | | |
| OB | | |
| WOCB | | |

DATE  
PLACE

11. AMERICAN BOARD CERTIFICATION & LICENSES OR CERTIFICATES HELD   ☐ CONT

12. LANGUAGE PROFICIENCY

DA FORM 330 SUBMITTED     DATE

PERSONNEL QUALIFICATION RECORD — PART II

DA FORM 2-1   1 JAN 73

000167

| 35. EFFECTIVE DATE | DUTY MOSC | PRINCIPAL DUTY | ORGANIZATION AND STATION OR OVERSEA COUNTRY | NON-RATED DUTY DAYS BP YR/MO | EP YR/MO | TYPE REPORT |
|---|---|---|---|---|---|---|
| 950329 | | Enlistment | 4TH En Bo, 4HLC Ft Thomas s KY | | | |
| 950512 | | ORD To 24 WEEKS IADT ORD #634H MEPS Columbus OH DTD 950329 RPTD 950512 | | | | |
| 950514 | 63600 | BASIC TRAINING | Co C 120TH AG BN(REC), FJSC | | | |
| 950719 | 63600 | ADM UNOW TNG | CO D 4TH BN 13TH INF REGT 1ST BT BDE FT. JACKSON, SC (ATCH) | | | |
| 951021 | 63010 | LT WH VCH MECHANIC (USAR-Cond'Y) | CO A 187TH ORDNANCE BN 83RD TNG BDE FS JACKSON, SC | | | |
| 960116 | 62E50 | Hvy Const Equip Op (USAR-2 DAYS) | 611TH Eng, Co, Shaman lle, OH | | | |

SECTION VII — CURRENT AND PREVIOUS ASSIGNMENTS
RECORD OF ASSIGNMENTS

— Fold Here —

**000168**

SECTION II — CLASSIFICATION AND ASSIGNMENT DATA (Continued)

| 13. | PILOT RATINGS | | |
|---|---|---|---|
| | ORIGINAL | DATE | CURRENT | DATE |

| 14. | FLYING STATUS | | CONT |
|---|---|---|---|

| 15. | INTERNSHIPS, RESIDENCIES AND FELLOWSHIPS | | CONT |
|---|---|---|---|
| | HOSPITAL | TYPE OR SERVICE | MONTHS | YEAR |

INSTRUMENT CERTIFICATION

| 16. | HOSPITAL/TEACHING APPOINTMENTS AND PRIVATE PRACTICE | | CONT |
|---|---|---|---|
| FROM | THRU | INSTITUTION/LOCATION | TYPE | DURAT |

| 17. | CIVILIAN EDUCATION AND MILITARY SCHOOLS | | CONT |
|---|---|---|---|
| SCHOOL | MAJOR/COURSE/MOSC | DURAT | COMP | YEAR |
| STATE DEPT OFED | ... MED | ... | YES | 95 |
| USPHE RVSC | US INTREL JURIST CNSL TRLS | YES | 95 |

SECTION III — SERVICE, TRAINING AND OTHER DATES

| 18. | APPOINTMENTS AND REDUCTIONS | | | 19. SPECIALIZED TRAINING | CONT |
|---|---|---|---|---|---|
| | GRADE | COMP | EFFECTIVE DATE | DATE OF GRADE/RANK | SUBJECT | DATE |
| | US702 | USPHR | 9103.. | | ATP 21-114 (8CT) | 950713 |
| | USAR | 951221 | | Geneva-Hague Conventions | 950530 |

| | | Military Justice | |
| | Benefits of Honorable Discharge | |

SECTION IV — PERSONAL AND FAMILY DATA

| 20. BASIC ENLISTED SERVICE | | TIME LOST Sec. 972, Title 10, USC) | CONT |
|---|---|---|---|
| 21. DATE (BESD) | | | |
| FROM | THRU | DAYS | REASON |

| 22. | PHYSICAL STATUS | | | 23. PLACE OF BIRTH AND CITIZENSHIP |
|---|---|---|---|---|
| HEIGHT | WEIGHT | GLASSES ☐ YES ☐ NO | | |

| 24. DATE OF EXAM | | | |
|---|---|---|---|

| 24. NUMBER OF DEPENDENTS | | 25. HOME OF RECORD/ADDRESS |
|---|---|---|
| ADULT | CHILDREN | |

CITIZENSHIP OF SPOUSE

| 23. | SELF | SPOUSE |
|---|---|---|
| | Redacted PII | |

| 26. | | CIVILIAN OCCUPATION |
|---|---|---|
| JOB TITLE: | | |
| DOT CODE | CRITICAL OCCUPATION ☐ YES ☐ NO | NO. MONTHS EMPLOYED | MOSC |
| DUTIES PERFORMED | | |
| EMPLOYER | | |

— Fold Here —

000169

**27. REMARKS**

**SECTION V — MISCELLANEOUS**

| 28. ITEM NO. | ITEM CONTINUATION | DATA |
|---|---|---|

**SECTION IX — RESERVE COMPONENT DATA**

32a. READY RESERVE OBLIGATION EXPIRATION DATE:

b. DA FORM 3726 OR 3726-1 AGREEMENT EXPIRATION DATE:

c. SERVICE OBLIGATION EXPIRATION DATE:

d. MANDATORY REMOVAL FROM ACTIVE STATUS:

e. RETIREMENT YEAR ENDING DATE:

| 33. | PREPARED | REVIEWED |
|---|---|---|
| DATE | 950516 | |

34. SIGNATURE

*John a. Berry*

(29) DATE DA FORM 20B PREPARED:

(30) DATE DUPLICATE DA FORM 2-1 SUBMITTED:

(31) REPORT OF CHANGES

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 |
| 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 |
| 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 |

DEPARTMENT OF THE ARMY
HEADQUARTERS US ARMY TRAINING CENTER AND FORT JACKSON
FORT JACKSON  SC  29207

ORDERS  139-903

*63B*

19 MAY 1995

| NAME | SSN | GRADE | ROSTER | LINE | SERV COMP |
|------|-----|-------|--------|------|-----------|
| Redacted PII | | PV2 | 1355124 | 096 | V |
| | | PV1 | 1325123 | 031 | G |
| | | PFC | 1365105 | 288 | V |
| BERRY JOSHUA ALAN | Redacted PII | PV1 | 1325123 | 023 | V |
| Redacted PII | | PV1 | 1325123 | 054 | G |
| | | PFC | 1355103 | 178 | G |
| | | PV2 | 1355124 | 119 | G |
| | | PFC | 1365114 | 137 | V |
| | | PV1 | 1365114 | 152 | V |
| | | PV1 | 1365105 | 255 | V |
| | | PFC | 1325123 | 042 | V |
| | | PV1 | 1365114 | 128 | V |
| | | PV2 | 1325123 | 041 | V |
| | | PFC | 1355124 | 107 | V |
| | | PV1 | 1355103 | 170 | V |
| | | PV2 | 1325103 | 130 | V |
| | | PV1 | 1325124 | 062 | G |
| | | PV1 | 1355124 | 090 | G |
| | | PV1 | 1355103 | 165 | G |
| | | PV1 | 1325123 | 059 | V |
| | | PV1 | 1365114 | 148 | V |
| | | PFC | 1355114 | 121 | V |
| | | PV2 | 1325123 | 024 | V |
| | | PV1 | 1355124 | 120 | G |
| | | PFC | 1325103 | 124 | V |
| | | PFC | 1355124 | 103 | V |
| | | PV1 | 1355124 | 101 | G |
| | | PV1 | 1355124 | 088 | G |
| | | PV2 | 1325124 | 076 | V |
| | | PV1 | 1355124 | 100 | G |
| | | PV1 | 1355124 | 118 | V |
| | | PV2 | 1325123 | 029 | V |
| | | PV2 | 1355124 | 094 | G |
| | | PV2 | 1355124 | 108 | V |
| | | PV1 | 1325103 | 155 | G |
| | | PV1 | 1365114 | 125 | V |
| | | PV2 | 1355124 | 093 | V |
| | | PV1 | 1355124 | 089 | G |
| | | SP4 | 1355103 | 173 | G |
| | | PV1 | 1365105 | 267 | V |
| | | PV2 | 1325103 | 136 | V |
| | | PV2 | 1355105 | 242 | G |
| | | PV1 | 1365114 | 126 | G |
| | | PV1 | 1325103 | 137 | V |
| | | PFC | 1325123 | 048 | G |

INTRA-INSTALLATION AIT ASSIGNMENT AUTHORITY

Assigned/Attached to: *B187*

Gaining UIC: *W0G42A*

Reporting date: *14 July 95*

Authentication: *Stewart*

HEADQUARTERS
OFFICIAL
FT. JACKSON, S.C.

000171

DEPARTMENT OF THE ARMY
HEADQUARTERS US ARMY TRAINING CENTER AND FORT JACKSON
FORT JACKSON  SC  29207

ORDERS  139-903                                          19 MAY 1995



| | | | |
|---|---|---|---|
| PFC | 1325123 | 055 | G |
| PV1 | 1325103 | 138 | G |
| PV1 | 1355124 | 109 | V |
| PFC | 1355103 | 167 | G |
| PV1 | 1365114 | 130 | G |
| PV1 | 1325124 | 069 | G |
| PV1 | 1355124 | 104 | V |
| PV1 | 1365105 | 272 | G |
| PV2 | 1355124 | 102 | V |
| PV1 | 1325103 | 131 | V |
| PV1 | 1325103 | 148 | V |
| PV2 | 1365105 | 266 | V |
| PV1 | 1325124 | 068 | G |
| PFC | 1365105 | 254 | V |
| PV2 | 1325123 | 039 | V |
| SP4 | 1355124 | 116 | V |
| SP4 | 1365105 | 270 | V |
| PFC | 1365114 | 123 | G |
| PV2 | 1325123 | 052 | V |
| PFC | 1325124 | 078 | G |
| PV1 | 1355124 | 112 | G |
| PV2 | 1325123 | 043 | G |
| PV2 | 1365114 | 136 | V |
| PV2 | 1325123 | 057 | V |
| PV1 | 1355124 | 087 | V |

YOU ARE ATTACHED OR RELEASED FROM ATTACHMENT AS SHOWN.

ACTION: YOU ARE RELEASED FROM ATTACHMENT TO
        HQ 120TH AG BN (RECEPTION)(WOU67A) FT JACKSON SC 29207
        YOU ARE ATTACHED TO   WOGR CO D 4BN 13 INF TR        (WOGR1S)
    FORT JACKSON  SC  29207

EFFECTIVE DATE:  19 MAY 1995
PERIOD:  APPROXIMATELY 12 WEEKS
PURPOSE:  TO UNDERGO BASIC COMBAT TRAINING
          OR ADVANCED INDIVIDUAL TRAINING AS APPLICABLE
ACCOUNTING CLASSIFICATION:  NOT APPLICABLE
ADDITIONAL INSTRUCTIONS: NOT APPLICABLE

FORMAT: 440

FOR THE COMMANDER:

O
EA INDIV INDIC (2)

R. D. ALLEN
MAJOR, AG
ADJUTANT GENERAL

000172

SERVICEMEN'S GROUP LIFE INSURANCE ELECTION AND CERTIFICATE

NAME: BERRY JOSHUA ALAN                          RANK: PV1        SSN: [Redacted PII]
BRANCH OF SERVICE: UNITED STATES ARMY    CURRENT DUTY LOCATION: 120TH AG BN (REC)
                                                                 FORT JACKSON SC 29207

AMOUNT OF INSURANCE - By law, you are automatically insured for $100,000. An additional $100,000 of coverage is available for you to select and would provide you with a maximum coverage of $200,000. Should you wish to be covered for the full $200,000 of insurance please initial the appropriate line below. If you want to elect an alternate amount of insurance please fill in the amount desired on the "Amount of Insurance" line and initial it. The following amounts are available: $190,000, $180,000, $170,000, $160,000, $150,000, $140,000, $130,000, $120,000, $110,000, $100,000, $90,000, $80,000, $70,000, $60,000, $50,000, $40,000, $30,000, $20,000, $10,000. If you do not want any insurance write in your own handwriting "I want no insurance". Reduced or refused insurance can be restored only by written request with proof of good health and compliance with other requirements.

_____ $200,000                _____        $ _____
(Initial)                       (Initial)       (Amount of Insurance)

BENEFICIARY(IES) AND PAYMENT TO BENEFICIARY(IES)
a. Name the primary and contingent beneficiaries below. There are no restrictions on the number of principal and contingent beneficiaries you may name. In some family situations, such as if you are a step-child or step-parent, or if you were abandoned by a parent or adopted, or if you are separated from your spouse, you will, by naming specific beneficiaries, include or exclude certain persons, as you desire.
b. A named beneficiary will NOT be changed automatically by any event occurring after you complete this form (e.g. divorce, annulment). To change a beneficiary you must complete a new SGLV 8286.
c. A last will and testament, a power of attorney, or any other document will NOT and CANNOT change or cancel any beneficiary on this form. You must complete a new SGLV 8286 to change a beneficiary.
d. If you want to name a minor child or minor children as beneficiaries, it is very important that you read the instructions on the reverse side of this form.

I DESIGNATE THE FOLLOWING BENEFICIARIES TO RECEIVE PAYMENT OF MY INSURANCE PROCEEDS AS SHOWN BELOW:

| NAME AND ADDRESS: | SSN | RELATIONSHIP | SHARES | PAYMENTS |
|---|---|---|---|---|
| PRINCIPAL BENEFICIARY(IES): [Redacted PII] | | MOTHER | ALL | |
| CONTINGENT BENEFICIARY(IES): [Redacted PII] | | FATHER | ALL | |

NOTE: If more than one principal beneficiary is named, the share of any such beneficiary who dies before me shall be distributed equally among the surviving principal beneficiaries (For another option, see 1.C. on the back). If there is no surviving principal beneficiary the proceeds shall be distributed equally to the surviving contingent beneficiaries. This Designation of Beneficiary shall be void if none of the designated beneficiaries is living at my death. If after completion of this form my insurance is increased, this beneficiary designation shall apply to the full amount in force unless a new designation is made.

I HAVE READ AND UNDERSTAND THE INSTRUCTIONS ON THE FRONT AND REVERSE OF THIS FORM. I UNDERSTAND THAT THIS FORM CANCELS ANY PRIOR BENEFICIARY OR PAYMENT INSTRUCTIONS. I UNDERSTAND THAT IF I HAVE LEGAL QUESTIONS ABOUT THIS FORM I MAY CONSULT WITH A MILITARY ATTORNEY AT NO EXPENSE TO ME.

I UNDERSTAND that I cannot have combined SGLI and VGLI coverages at the same time for more than $200,000.

SIGNATURE OF SERVICE MEMBER:    _Joshua Alan Berry_  ( JAB  951210)    DATE COMPLETED: 950517

WITNESSED AND RECEIVED BY:    _____    DATE RECEIVED: 950517
                             RANK:                          ORGANIZATION:
                             GS4, MILITARY PERSONNEL CLERK  120TH AG BN (REC)
                                                            FORT JACKSON SC 29207

000173

RECORD OF MILITARY PROCESSING – ARMED FORCES OF THE UNITED STATES

Form Approved
OMB No. 0704-0173
Exp Date: Jun 30, 1991

Before completing this form, read Privacy Act Statement, Warning, and Instructions.

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0173), Washington, DC 20503.

| 1A. SERVICE PROCESSING FOR DAY | 1B. NO. DAYS PRIOR SERVICE (Complete (1),(2),or (3)) X NONE 365 ¢365 | (1) DIEUS (YYMMDD) (2) DIERF (YYMMDD) (3) DIERC (YYMMDD) | 1C. SELECTIVE SERVICE CLASSIFICATION | 1D. SELECTIVE SERVICE REGISTRATION NO. |
|---|---|---|---|---|

SECTION I – PERSONAL DATA

1. SOCIAL SECURITY NUMBER: Redacted PII  2. NAME: BERRY JOSHUA ALAN  3. ALIASES:

| 4. CURRENT ADDRESS (Street, City, County, State, Country, ZIP Code) Redacted PII | 5. HOME OF RECORD ADDRESS (Street, City, County, State, Country, ZIP Code) Redacted PII |
|---|---|

6. CITIZENSHIP (X one): CA
X a. U.S. AT BIRTH
  X (1) NATIVE BORN
  ___ (2) BORN ABROAD OF U.S. PARENT(S)
___ b. U.S. NATURALIZED
___ c. U.S. DERIVED THROUGH NATURALIZATION OF PARENT(S)
___ d. U.S. NON-CITIZEN NATIONAL
___ e. IMMIGRANT ALIEN (Specify)
___ f. NON-IMMIGRANT FOREIGN NATIONAL (Specify)

7. SEX: M
  X a. MALE
  ___ b. FEMALE

9. ETHNIC GROUP (Specify): Y
NONE

10. MARITAL STATUS (Specify): S  11. NUMBER OF DEPENDENTS: 0
SINGLE

8. POPULATION GROUP: C
  X a. WHITE
  ___ b. BLACK
  ___ c. ASIAN
  ___ d. AMERICAN INDIAN
  ___ e. OTHER (Specify)

| 12. DATE OF BIRTH (YYMMDD): Redacted PII | 13. RELIGIOUS PREFERENCE (Optional): NRP | 14. EDUCATION: 11E | 15. PROFICIENT IN FOREIGN LANGUAGE: N |
|---|---|---|---|

| 16. VALID DRIVERS LICENSE: Y (If yes, list state, number and exp date) Redacted PII | 17. PLACE OF BIRTH: (City, State and Country) Redacted PII |
|---|---|

SECTION II – EXAMINATION AND ENTRANCE DATA PROCESSING CODES
For office use only – Do not write in this section – Go on to page 2, question 23

18. APTITUDE TEST RESULTS

| a. TEST ID: 20A | b. TEST SCORES: | GS | AR | WK | PC | NO | CS | AS | MK | MC | EI | VE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AFQT PERCENTILE: 61 | | 23 | 18 | 28 | 13 | 32 | 38 | 12 | 21 | 15 | 12 | 41 |

19. DEP ENLISTMENT DATA

a. DATE OF DEP ENL(YYMMDD)  b. PROJ AD DATE(YYMMDD)  c. ES  d. RECRUITER IDENT  e. PROG ENL FOR  f. T-E MOS/AFS  g. WAIVER

20. ACCESSION DATA

| a. ENL DATE | b. AD SVC DATE | c. PAY ENT DATE | d. TOE | e. WAIVER | f. PAY GRD | g. DATE OF GRD | h. ES | i. ED GRD COMPL |
|---|---|---|---|---|---|---|---|---|
| 95/03/29 | 95/05/12 | 95/03/29 | 8 | YYY | E01 | 95/03/29 | 0 | 11E |

| j. RECRUITER IDENT Redacted PII | k. PROG ENLIST FOR PPN16 | l. T-E MOS/AFS 63810 | m. PMOS/AFS 638000 | n. YOUTH YYO | o. OA YY | p. TRANSFER TO (UIC) FTJACK |
|---|---|---|---|---|---|---|

21. SERVICE RQ COS 1¶2  1¶J  2¶R  3¶J  4¶¶9  5¶T  6¶0  7¶  8¶¶P  9¶0 10¶9 11¶5 12¶¶1 13¶0 14¶1 15¶¶5 16¶¶0 17¶0 18¶H 19¶2 20¶¶
21¶6 22¶3 23¶B 24¶¶1 25¶0 26¶A 27¶5 28¶¶0 29¶8 30¶J 31¶5 32¶¶0 33¶2 34¶6 35¶2 36¶¶3 37¶9 38¶  39¶8 40¶¶R 41¶E 42¶C 43¶K 44¶¶
1E 45¶N 46¶R 47¶I 48¶¶9 49¶G 50¶E 51¶  52¶¶L 53¶A 54¶N 55¶E 56¶¶H 57¶A 58¶H 59¶I 60¶¶L 61¶T 62¶0 63¶N 64¶¶1  65¶  66¶  67¶  68¶¶
10 69¶0 70¶  71¶  72¶¶1  73¶  74¶  75¶  76¶¶1  77¶  78¶  79¶  80¶¶1  81¶  82¶  83¶  84¶¶1  85¶  86¶  87¶  88¶¶1  89¶  90¶  91¶  92¶¶
1 93¶  94¶  95¶  96¶¶1  97¶  98¶  99¶ 100¶¶1 101¶ 102¶ 103¶ 104¶¶1 105¶ 106¶ 107¶ 108¶¶1 109¶ 110¶ 111¶ 112¶¶1 113¶ 114¶ 115¶ 116¶¶
1 117¶ 118¶ 119¶ 120¶¶1 121¶ 122¶ 123¶ 124¶¶1 125¶ 126¶ 127¶ 128¶¶1 129¶ 130¶ 131¶ 132¶¶1 133¶ 134¶ 135¶ 136¶¶1 137¶ 138¶ 139¶ 140¶¶

22. DEP/ACCESSION RECORD (to be completed by MEPS personnel)

| WRK AND STATUS CODE | DATE OF ACTION | Q/C | WRK AND STATUS CODE | DATE OF ACTION | Q/C |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

DD Form 1966/1(ADP), JAN 89   Previous editions are obsolete.   THIS PAGE FOR MEPS USE ONLY   DATE: 950329  TIME: 110536  PAGE 1

000174

**NAME** *(Last, First, Middle Initial)*
BERRY, JOSHUA A.

**SOCIAL SECURITY NUMBER**
Redacted PII

## SECTION III - OTHER PERSONAL DATA

### 23. EDUCATION

a. List all high schools and colleges attended.

| (1) FROM (YYMM) | (2) TO (YYMM) | (3) NAME OF SCHOOL | (4) LOCATION | (5) GRADUATE |  |
|---|---|---|---|---|---|
|  |  |  |  | YES | NO |
| 9308 | 9406 | LAKOTA HS | West Chester  OH |  | JB |
| 9108 | 9306 | Norwood HS | Norwood   OH |  | JB |

|  |  | YES | NO |
|---|---|---|---|
| b. Have you ever been enrolled in ROTC, Junior ROTC, Sea Cadet Program or the Civil Air Patrol? |  |  | JB |

### 24. MARITAL / DEPENDENCY STATUS AND FAMILY DATA (If "Yes," explain in Section VI, "Remarks.")

| | YES | NO |
|---|---|---|
| a. Is anyone dependent upon you for support? |  | JB |
| b. Are you now or have you ever been divorced or legally separated? |  | JB |
| c. Is any court order of judgment in effect that directs you to provide alimony or support for children? |  | JB |

### 25. PREVIOUS MILITARY SERVICE OR EMPLOYMENT WITH THE US GOVERNMENT (If "Yes," explain in Section VI, "Remarks.")

| | YES | NO |
|---|---|---|
| a. Are you now or have you ever been in any regular or reserve branch of the Armed Forces or in the Army National Guard or Air National Guard? |  | JB |
| b. Have you ever been rejected for enlistment, reenlistment, or induction by any branch of the Armed Forces of the United States? |  | JB |
| c. Are you now or have you ever been a deserter from any branch of the Armed Forces of the United States? |  | JB |
| d. Have you ever been employed by the United States Government? |  | JB |
| e. Are you now drawing, or do you have an application pending, or approval for: retired pay, disability allowance, severance pay, or a pension from any agency of the government of the United States? |  | JB |

### 26. RELIGIOUS BELIEFS (If "Yes," explain in Section VI, "Remarks.")

| | YES | NO |
|---|---|---|
| Are you a conscientious objector? (That is, do you have, or have you ever had, a firm, fixed, and sincere objection to participation in war in any form, or to the bearing of arms because of religious belief or training?) |  | JB |

### 27. CHARACTER AND SOCIAL ADJUSTMENT (If "Yes," explain in Section VI, "Remarks.")

a. Are you a homosexual or a bisexual? ("Homosexual" is defined as: sexual desire or behavior directed at (a) person(s) of one's own sex. "Bisexual" is defined as: a person sexually responsive to both sexes.)

b. Do you intend to engage in homosexual acts (sexual relations with another person of the same sex)?

## SECTION IV - CERTIFICATION

### 28. CERTIFICATION OF APPLICANT (Your signature in this block must be witnessed by your recruiter.)

a. I certify that the information given by me in this document is true, complete, and correct to the best of my knowledge and belief. I understand that I am being accepted for enlistment based on the information provided by me in this document: that if any of the information is knowingly false or incorrect, I could be tried in a civilian or military court and could receive a less than honorable discharge which could affect my future employment opportunities.

| b. TYPED OR PRINTED NAME (Last, First, Middle Initial) | c. SIGNATURE | d. DATE SIGNED (YYMMDD) |
|---|---|---|
| BERRY, JOSHUA  A | *Joshua A. Berry* |  |

### 29. DATA VERIFICATION BY RECRUITER (Enter description of the actual documents used to verify the following items.)

| a. NAME (X one) | b. AGE (X one) | c. CITIZENSHIP (X one) |
|---|---|---|
| [X] (1) BIRTH CERTIFICATE | [X] (1) BIRTH CERTIFICATE | [X] (1) BIRTH CERTIFICATE |
| (2) OTHER (Explain) | (2) OTHER (Explain) | (2) OTHER (Explain) |
| **d. SOCIAL SECURITY NUMBER (X one)** | **e. EDUCATION (X one)** | **f. OTHER DOCUMENTS USED** |
| [X] (1) SSN CARD | (1) DIPLOMA |  |
| (2) OTHER (Explain) | [X] (2) OTHER (Explain) G.E.D | Drivers License |

### 30. CERTIFICATION OF WITNESS

a. I certify that I have witnessed the applicant's signature above and that I have verified the data in the documents required as prescribed by my directives. I further certify that I have not made any promises or guarantees other than those listed and signed by me. I understand my liability to trial by courts-martial under the Uniform Code of Military Justice should I effect or cause to be effected the enlistment of anyone known by me to be ineligible for enlistment.

| b. TYPED OR PRINTED NAME (Last, First, Middle Initial) | c. PAY GRADE | d. RECRUITER I.D. | e. SIGNATURE | f. DATE SIGNED (YYMMDD) |
|---|---|---|---|---|
| AMOURY, RICHARD C. | E-6 | Redacted PII | *Richard C. Amoury* | 950329 |

### 31. SPECIFIC OPTION / PROGRAM ENLISTED FOR, MILITARY SKILL, OR ASSIGNMENT TO A GEOGRAPHICAL AREA GUARANTEES

a. SPECIFIC OPTION / PROGRAM ENLISTED FOR, (Completed by Guidance Counselor, MEPS Liaison NCO, etc., as specified by sponsoring service - use clear text English.) IAW AR 601-210   MOS   98F for   BN   Branch lawyer USARC

STD TRNG Program   FT Thomas KY 41075

6 X 2   6SD

E-1

| c. APPLICANT'S INITIALS |
|---|
| JAB |

b. I fully understand that I will not be guaranteed any specific military skill or assignment to a geographic area except as shown in Item 31.a. above and annexes attached to my Enlistment/ Reenlistment Document (DD Form 4).

**DD Form 1966/2, JAN 89**
1447/010

*Previous editions are obsolete.*

Page 2

**000175**

NAME (Last, First, Middle Initial)
BERRY, JOSHUA A.

SOCIAL SECURITY NUMBER
Redacted PII

## 32. CERTIFICATION OF RECRUITER OR ACCEPTOR

a. I certify that I have reviewed all information contained in this document and, to the best of my judgment and belief, the applicant fulfills all legal policy requirements for enlistment. I accept him/her for enlistment on behalf of the United States (Enter Branch of Service) Army Reserve and certify that I have not made any promises or guarantees other than those listed in Item 31 above. I further certify that service regulations governing such enlistments have been strictly complied with and any waivers required to effect applicant's enlistment have been secured and are attached to this document.

| b. TYPED OR PRINTED NAME (Last, First, Middle Initial) | c. PAY GRADE | d. RECRUITER I.D. OR | e. SIGNATURE | f. DATE SIGNED (YYMMDD) |
|---|---|---|---|---|
| Riemon, Andrew J | E6 | Redacted PII | | 950324 |

## SECTION V - RECERTIFICATION

## 33. RECERTIFICATION BY APPLICANT AND CORRECTION OF DATA AT THE TIME OF ACTIVE DUTY ENTRY

a. I have reviewed all information contained in this document this date. That information is still correct and true to the best of my knowledge and belief. If changes were required, the original entry has been marked "See Item 33" and the correct information is provided below.

| b. ITEM NUMBER | c. CHANGE REQUIRED |
|---|---|
| NA | NA |

| d. WITNESS | | | e. APPLICANT | |
|---|---|---|---|---|
| (1) TYPED OR PRINTED NAME | (2) PAY GRADE | (3) SIGNATURE | (1) SIGNATURE | (2) DATE SIGNED (YYMMDD) |
| NA | NA | NA | NA | NA |

## SECTION VI - REMARKS (Specify item(s) being continued by item number. Continue on separate pages if necessary.)

REPORT BACK TO MEPS ON  950512  AT  0600 .
                              (DATE)              (TIME)

REC STA  FT JACKSON      REPORTING DATE  950516 .

BASIC TRNG STA  Jackson      REPORTING DATE  950512 .

AIT STA  Jackson       REPORTING DATE  950714 .

CNN  092 4204 .


The applicant Joshua A. Berry was applying for Regular Army and tested
for SSG Carman, Larry D., Redacted PII at the Middletown MET site on
The applicant now desires to enlist for the Army Reserves and was interviewed
by SSG Richard C. Amoury  Redacted PII


The Recruiter of credit transfer from SSG Carman, Larry D. Redacted PII
to SSG Amoury, Richard C.  Redacted PII is authorized by CPT Wilson

SSG Amoury
950328

| | | YES | |
|---|---|---|---|
| DD FORM 1966/4 ATTACHED (X one) | | NO | |

000176



CERTIFIED TRUE COPY OF THE ORIGINAL DOCUMENT
MAR 29 1995
SSG ANDREW J. RIEMAN — USAR GUIDANCE COUNSELOR

PRINT POOR QUALITY



000178

# ENLISTMENT / REENLISTMENT DOCUMENT
## ARMED FORCES OF THE UNITED STATES

### Privacy Act Statement

| | |
|---|---|
| **AUTHORITY:** | 5 USC 3331; 32 USC 708; 44 USC 708 and 3101  10 USC 133, 265, 275, 504, 508, 510, 591, 672(d), 678, 837, 1007, 1071 through 1087, 1168, 1169, 1475 through 1480, 1553, 2107, 2122, 3012, 5031, 8012, 8033, 8496, and 9411; 14 USC 351 and 632; and Executive Order 9397, November 1943 (SSN). |
| **PRINCIPAL PURPOSES:** | To record enlistment or reenlistment into the U.S. Armed Forces.  This information becomes a part of the subject's military personnel records which are used to document promotion, reassignment, training, medical support, and other personnel management actions. The purpose of soliciting the SSN is for positive identification |
| **ROUTINE USES:** | This form becomes a part of the Service's Enlisted Master File and Field Personnel File. All uses of the form are internal to the relevant Service. |
| **DISCLOSURE:** | Voluntary; however, failure to furnish personal identification information may negate the enlistment/reenlistment application. |

### A. ENLISTEE / REENLISTEE IDENTIFICATION DATA

| 1. NAME (Last, First, Middle) | 2. SOCIAL SECURITY NUMBER |
|---|---|
| BERRY  JOSHUA ALAN | Redacted PII |

| 3. HOME OF RECORD (Street, City, State, ZIP Code) | 4. PLACE OF ENLISTMENT / REENLISTMENT (Mil. Installation, City, State) |
|---|---|
| Redacted PII | COLUMBUS MEPS<br>COLUMBUS OH 43214-4193 |

| 5. DATE OF ENLISTMENT / REENLISTMENT (YYMMDD) | 6. DATE OF BIRTH (YYMMDD) | 7. PREV MIL SVC UPON ENL / REENLIST | YEARS | MONTHS | DAYS |
|---|---|---|---|---|---|
| 95 MAR 29 | Redacted PII | a. Total Active Military Service | | | |
| | | b. Total Inactive Military Service | | | |

### B. AGREEMENTS

8.  I am enlisting/reenlisting in the United States (list branch of service) **ARMY RESERVE**
_____ this date for _____ **8** _____ years and _____ weeks beginning in pay grade __**E-1**__.  The additional details of my enlistment / reenlistment are in Section C and Annex(es) __**NONE**__.

   **a. FOR ENLISTMENT IN A DELAYED ENTRY / ENLISTMENT PROGRAM (DEP):**
   I understand that I will be ordered to active duty as a Reservist unless I report to the place shown in item 4 above by (list date (YYMMDD)) _____ for enlistment in the Regular component of the United States (list branch of service) _____ for not less than _____ years and _____ weeks.  My enlistment in the DEP is in a nonpay status.  I understand my period of time in the DEP is NOT creditable for pay purposes upon entry into a pay status.  However, I also understand that this time is counted toward fulfillment of my military service obligation or commitment.  I must maintain my current qualifications and keep my recruiter informed of any changes in my physical or dependency status, moral qualifications, and mailing address.

   b. Remarks: (If none, so state.)    NONE ✗ JAB

   c. The agreements in this section and attached annex(es) are all the promises made to me by the Government. **ANYTHING ELSE ANYONE HAS PROMISED ME IS NOT VALID AND WILL NOT BE HONORED.**

(Initials of Enlistee/Reenlistee) ✗ JAB .

(Continued on reverse side.)

**DD Form 4/1, MAY 88**          Previous editions may be used.          2099/146

こ

## C. PARTIAL STATEMENT OF EXISTING UNITED STATES LAWS

**9. FOR ALL ENLISTEES OR REENLISTEES:** Many laws, regulations, and military customs will govern my conduct and require me to do things a civilian does not have to do. The following statements are not promises or guarantees of any kind. They explain some of the present laws affecting the Armed Forces which I cannot change but which Congress can change at any time.

a. My enlistment is more than an employment agreement. As a member of the Armed Forces of the United States, I will be:

(1) Required to obey all lawful orders and perform all assigned duties.

(2) Subject to separation during or at the end of my enlistment. If my behavior fails to meet acceptable military standards, I may be discharged and given a certificate for less than honorable service, which may hurt my future job opportunities and my claim for veteran's benefits.

(3) Subject to the military justice system, which means, among other things, that I may be tried by military courts-martial.

(4) Required upon order to serve in combat or other hazardous situations.

(5) Entitled to receive pay, allowances, and other benefits as provided by law and regulation.

b. Laws and regulations that govern military personnel may change without notice to me. Such changes may affect my status, pay, allowances, benefits, and responsibilities as a member of the Armed Forces REGARDLESS of the provisions of this enlistment / reenlistment document.

c. In the event of war, my enlistment in the Armed Forces continues until six (6) months after the war ends, unless my enlistment is ended sooner by the President of the United States.

**10. MILITARY SERVICE OBLIGATION FOR ALL MEMBERS OF THE ACTIVE AND RESERVE COMPONENTS, INCLUDING THE NATIONAL GUARD.**

a. **FOR ALL ENLISTEES:** If this is my initial enlistment, I must serve a total of eight (8) years. Any part of that service not served on active duty must be served in a Reserve Component unless I am sooner discharged.

b. If I am a member of a Reserve Component of an Armed Force at the beginning of a period of war or national emergency declared by Congress, or if I become a member during that period, my military service may be extended without my consent until six (6) months after the end of that period of war.

c. As a member of a Reserve Component, in time of war or national emergency declared by the Congress, I may be required to serve on active duty (other than for training) for the entire period of the war or emergency and for six (6) months after its end.

d. As a member of the Ready Reserve I may be required to perform active duty or active duty for training without my consent (other than as provided in item 8 of this document) as follows:

(1) In time of national emergency declared by the President of the United States, I may be ordered to active duty (other than for training) for not more than 24 consecutive months.

(2) I may be ordered to active duty for 24 months, and my enlistment may be extended so I can complete 24 months of active duty, if:

(a) I am not assigned to, or participating satisfactorily in, a unit of the Ready Reserve; and

(b) I have not met my Reserve obligation; and

(c) I have not served on active duty for a total of 24 months.

(3) I may be ordered to perform additional active duty training for not more than 45 days if I have not fulfilled my military service obligation and fail in any year to perform the required training duty satisfactorily. If the failure occurs during the last year of my required membership in the Ready Reserve, my enlistment may be extended until I perform that additional duty, but not for more than six months.

(4) When determined by the President that it is necessary to support any operational mission, I may be ordered to active duty for not more than 90 days if I am a member of the Selected Reserve.

**11. FOR ENLISTEES / REENLISTEES IN THE NAVY, MARINE CORPS, OR COAST GUARD:** I understand that if I am serving on a naval vessel in foreign waters, and my enlistment expires, I will be returned to the United States for discharge as soon as possible consistent with my desires. However, if essential to the public interest, I understand that I may be retained on active duty until the vessel returns to the United States. If I am retained under these circumstances, I understand I will be discharged not later than 30 days after my return to the United States; and, that except in time of war, I will be entitled to an increase in basic pay of 25 percent from the date my enlistment expires to the date of my discharge.

**12. FOR ALL MALE APPLICANTS:** Completion of this form constitutes registration with the Selective Service System in accordance with the Military Selective Service Act. Incident thereto the Department of Defense may transmit my name, permanent address, military address, Social Security Number, and birthdate to the Selective Service System for recording as evidence of the registration.

| NAME OF ENLISTEE / REENLISTEE *(Last, First, Middle)* | SOCIAL SECURITY NO. OF ENLISTEE / REENLISTEE |
|---|---|
| BERRY JOSHUA ALAN | Redacted PII |

## D. CERTIFICATION AND ACCEPTANCE

**13a.** My acceptance for enlistment is based on the information I have given in my application for enlistment. If any of that information is false or incorrect, this enlistment may be voided or terminated administratively by the Government or I may be tried by a Federal, civilian, or military court and, if found guilty, may be punished.

I CERTIFY THAT I HAVE CAREFULLY READ THIS DOCUMENT. ANY QUESTIONS I HAD WERE EXPLAINED TO MY SATISFACTION. I FULLY UNDERSTAND THAT ONLY THOSE AGREEMENTS IN SECTION B OF THIS DOCUMENT OR RECORDED ON THE ATTACHED ANNEX(ES) WILL BE HONORED. ANY OTHER PROMISES OR GUARANTEES MADE TO ME BY ANYONE ARE WRITTEN BELOW: *(If none, X "NONE" and initial.)*   ☒ NONE JAB *(Initials of enlistee/reenlistee)*

| b. SIGNATURE OF ENLISTEE / REENLISTEE | c. DATE SIGNED *(YYMMDD)* |
|---|---|
| *Joshua Alan Berry* | 95 MAR 29 |

**14. SERVICE REPRESENTATIVE CERTIFICATION**
a. On behalf of the United States *(list branch of service)* ____ ARMY ____

I accept this applicant for enlistment. I have witnessed the signature in item 13b to this document. I certify that I have explained that only those agreements in Section B of this form and in the attached Annex(es) will be honored, and any other promises made by any person are not effective and will not be honored.

| b. NAME *(Last, First, Middle)* | c. PAY GRADE | d. UNIT/COMMAND NAME |
|---|---|---|
| MCWILLIAMS JAMES C | E- 8 | USA RECRUITING BATTALION |
| e. SIGNATURE | f. DATE SIGNED *(YYMMDD)* | g. UNIT/COMMAND ADDRESS *(City, State, ZIP Code)* |
| *556* | 95 MAR 29 | COLUMBUS OH 43215 |

## E. CONFIRMATION OF ENLISTMENT OR REENLISTMENT

**15. IN THE ARMED FORCES EXCEPT THE NATIONAL GUARD (ARMY OR AIR):**
I, JOSHUA ALAN BERRY _____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the orders of the officers appointed over me, according to regulations and the Uniform Code of Military Justice. So help me God.

**16. IN THE NATIONAL GUARD (ARMY OR AIR):**
I, _____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the State of _____ against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the Governor of _____ and the orders of the officers appointed over me, according to law and regulations. So help me God

**17. IN THE NATIONAL GUARD (ARMY OR AIR):**
I do hereby acknowledge to have voluntarily enlisted/reenlisted this _____ day of _____
19 _____ in the _____ National Guard and as a Reserve of the United
States *(list branch of service)* _____ with membership in the
_____ National Guard of the United States for a period of _____ years, _____ months,
_____ days, under the conditions prescribed by law, unless sooner discharged by proper authority.

| 18a. SIGNATURE OF ENLISTEE / REENLISTEE | b. DATE SIGNED *(YYMMDD)* |
|---|---|
| *Joshua Alan Berry* | 95 MAR 29 |

**19. ENLISTMENT/REENLISTMENT OFFICER CERTIFICATION**
a. The above oath was administered, subscribed, and duly sworn to (or affirmed) before me this date.

| b. NAME *(Last, First, Middle)* | c. PAY GRADE | d. UNIT/COMMAND NAME |
|---|---|---|
| FERNANDEZ PABLO A | O-2 | COLUMBUS MEPS |
| e. SIGNATURE | f. DATE SIGNED *(YYMMDD)* | g. UNIT/COMMAND ADDRESS *(City, State, ZIP Code)* |
| *Pablo A Fernandez* | 95 MAR 29 | COLUMBUS OH 43244-4193 |

**DD Form 4/2, MAY 88**          *Previous editions may be used.*

**000181**

Berry

Redacted PII

## CERTIFICATE AND ACKNOWLEDGEMENT OF SERVICE REQUIREMENTS FOR INDIVIDUALS ENLISTING, REENLISTING, OR TRANSFERRING, INTO TROOP PROGRAM UNITS OF THE US ARMY RESERVE

For use of this form, see AR 601-210, AR 135-91 and AR 140-111; the proponent agency is DCSPER.

### DATA REQUIRED BY THE PRIVACY ACT OF 1974

**AUTHORITY:** Title 10, USC Section 270, 10 USC 511, 10 USC 673a & Executive Order 9397, 22 November 1943.

**PRINCIPAL PURPOSE:** To explain obligation and participation requirements and to insure that your agreement to these conditions is a matter of record.

**ROUTINE USES:** Confirmation of obligation and participation requirements; occasionally as a basis for non-participation action if requirements are not met.

**DISCLOSURE:** Disclosure of your SSN is voluntary, however, if not provided you will not be enlisted.

### SECTION I – APPLICABILITY

This certificate and acknowledgement of service requirements will be completed by all individuals enlisting, reenlisting, or transferring, into troop program units of the US Army Reserve under the provisions of AR 135-91, AR 140-111 and AR 601-210. It is not applicable to personnel enrolling in the ROTC program in accordance with AR 145-1.

### SECTION II – INSTRUCTIONS

For individuals *enlisting or reenlisting* in the US Army Reserve: the guidance counselor, or the officer administering the Oath of Enlistment, is responsible to read and explain the service requirements set forth below. Following the reading, explanation, affixing of proper signatures, and the administration of the Oath of Enlistment, a copy of this signed form will be stapled to each copy of the signed enlistment agreement.

For individuals *transferred or reassigned* to a troop program unit of the US Army Reserve: the unit commander, or his designated representative, is responsible to read and explain the service requirements set forth below. Following the reading, explanation and affixing of proper signatures, a copy will be provided to the individual, a copy will be filed in the member's MPRJ, and the original copy will be forwarded to Commander, RCPAC, ATTN: DARC-RMR-R, 9700 Page Blvd., St. Louis, MO 63132, for inclusion in the member's OMPF.

### SECTION III – EXPLANATION TO APPLICANT/MEMBER

In connection with membership in the US Army Reserve, it is my duty and responsibility to explain the service and participation requirements that are applicable. If, during the course of this explanation, you have any questions, or want further clarification, advise me and I will explain all matters to your satisfaction and understanding before proceeding. Following the administration of the Oath of Enlistment, *if you are enlisting or reenlisting*, you will be furnished an Enlistment Document *(DD Form 4/1 through 4/4)* which you will be required to sign. An exact copy of this explanation with your signature will be attached to all copies of your Enlistment Document. *If you are being transferred or reassigned* to a troop program unit of the US Army Reserve, an exact copy of this explanation will be inserted in your military records. In either case I will furnish you a copy of this signed statement.

This certificate is required by regulation when you have voluntarily elected one of the following option: *(Individual will initial next to the checked transaction.)*

1. ☐ *TRANSFER OR REASSIGNMENT TO A TROOP PROGRAM UNIT OF THE US ARMY RESERVE.* This requires that you continue training with your assigned unit and continue satisfactory participation in the Ready Reserve for the remaining period of service on your current statutory or contractual obligation.

2. ☐ *IMMEDIATE REENLISTMENT.* As a current member of the US Army Reserve I am reenlisting for continued service in a troop program unit and satisfactory participation in the Ready Reserve for the entire period of service stipulated on the enlistment document to which this is attached.

3. ☐ *ENLISTMENT/REENLISTMENT OF PRIOR SERVICE MEMBER HAVING NO REMAINING STATUTORY MILITARY SERVICE OBLIGATION.* I am currently not a member of the US Army Reserve, but I have had previous military service in the Armed Forces of the United States and I have no remaining statutory military

ANNEX A

**DA FORM 3540/1** JUN 84     EDITION OF OCT 80 IS OBSOLETE.     PAGE 1

Berry

Redacted PII

**SECTION III -- EXPLANATION TO APPLICANT/MEMBER** *(Continued from page 1)*

service obligation. This enlistment will require that I commence training with a troop program unit immediately. I will be required to maintain satisfactory participation in the Ready Reserve for the entire period of service stipulated in the Enlistment Document to which this is attached.

4. ☐  *ENLISTMENT/REENLISTMENT OF A PRIOR SERVICE MEMBER WITH A REMAINING STATUTORY MILITARY SERVICE OBLIGATION.* I am currently a member of another Armed Force of the United States, or a member of the Army National Guard, and I have been granted a conditional release to permit enlistment in the US Army Reserve. I incurred an eight-year military service obligation upon entry into the military service and I have not completed that obligation; therefore, this enlistment into the US Army Reserve is, at least, for the minimum period of service remaining of my statutory obligation. This enlistment will require that I commence training with a troop program unit immediately. I will be required to maintain satisfactory participation in the Ready Reserve for the entire period of service stipulated on the Enlistment Document to which this is attached.

5. ☐  *ENLISTMENT/REENLISTMENT OF A FORMER MEMBER OF THE ARMED FORCES WHO WAS DISCHARGED PRIOR TO COMPLETION OF AN INCURRED EIGHT-YEAR MILITARY SERVICE OBLIGATION.* I am currently not a member of the Armed Forces of the United States. During my last previous military service I incurred a statutory military service obligation of six years and when last discharged I had not completed the full six years. Therefore, this enlistment into the US Army Reserve is for a term of service that will equal, or exceed, the period of service that is required to complete the remaining portion of the eight-year obligation. This enlistment requires that I commence training with a troop program unit immediately. I will be required to maintain satisfactory participation in the Ready Reserve for the entire period of service stipulated on the Enlistment Document to which this is attached.

6. ☒  *INITIAL ENLISTMENT AS A NON-PRIOR SERVICE APPLICANT.* I have had no previous military service on active duty, or active duty for training, in the Armed Forces of the United States and upon executing this enlistment I will incur a statutory military service obligation of eight years. The enlistment option that I have selected provides that I will be a member of a troop program unit for a period of ___6___ years and a member of the Individual Ready Reserve *(IRR)* for the balance of my eight-year service obligation unless I elect to remain with the troop program unit, or unless I am discharged from this enlistment agreement as a result of appointment as a commissioned officer, or warrant officer. I also understand that I will be further required:

   a.  Unless otherwise stipulated on an Addendum attached to this certificate *(see Section V below)*, to enter and satisfactorily complete an initial period of active duty for training *(IADT)* to become qualified in a military occupational speciality *(MOS)* as soon as a training space is available. Training spaces are normally available within 180 days following enlistment although additional delay may be necessary for military reasons.

   b.  If for any reason beyond my control I am unable to complete the training during the period for which I was initially ordered to active duty for training *(IADT)* I agree to:

      *(1)*  Remain on active duty for training for such additional period as is required to complete my training, *or*

      *(2)*  Accept training in an alternate military occupational speciality *(MOS)* if offered, and remain on active duty for training for such additional training as is required to complete such training.

   c.  If I enlist for assignment to a position requiring airborne training and I refuse to undergo, or fail to complete, such training for reasons within my control, or after receiving a parachutist rating I refuse to participate in airborne training, I will be assigned to a unit vacancy for which I am, or can be, qualified, or if such assignment is not available I will be subject to transfer to the Individual Ready Reserve.

   d.  If I qualify for enlistment under a training/pay category that authorizes me to be in a paid training status, I will commence training with my unit while I am awaiting entry on initial active duty for training *(IADT)*. If I am not authorized to be in a paid training status upon enlistment I may voluntarily attend scheduled drills with my unit until such time as I am authorized to be paid and then I will commence training with my unit.

   e.  I will be required to perform satisfactory participation in the Ready Reserve for a period of eight years.

ANNEX A

**DA** FORM JUN 84 **3540/2**          EDITION OF OCT 80 IS OBSOLETE.          PAGE 2

000183





## SECTION IV — SATISFACTORY PARTICIPATION

I understand that I must participate satisfactorily during the entire period of my enlistment or assignment to the Ready Reserve in accordance with the rules and regulations now in effect, or which may be hereafter placed into effect, by the proper authority.  Satisfactory participation in the Ready Reserve currently is defined as follows:

1.   After completing your active duty for training *(if required)* you will serve the remaining period of your enlistment with your assigned unit unless the option you selected provided for transfer to the Individual Ready Reserve after a period of time in your unit.

2.   You will be required to attend all scheduled unit training assemblies *(at least 48 per year)* unless you are excused by proper authority.  If you accrue 9 or more unexcused absences during any continuous 365-day period you may be declared an unsatisfactory participant.  A member who attends a scheduled unit training assembly must be in the prescribed uniform, present a neat soldierly appearance, and perform his/her duties in a satisfactory manner to receive credit for attendance.  In the event you do not receive credit for attendance for any of the reasons I have explained you will be charged with an unexcused absence.

3.   As a member of a unit you will be required to satisfactorily complete one period of annual active duty for training of not less than 14 days per year, exclusive of travel time unless excused therefrom by proper authority.

4.   If through reasons beyond your control, you lose your unit assignment and are assigned by proper authority to the Individual Ready Reserve *(IRR)*, you may be required to complete a period of not more than 30 days active duty for training each year.

5.   If you change residence to a location too distant to permit continued participation with your unit, you will be authorized a period of not more than 90 days of excused absence from training.  During this 90-day period you must locate and join another Reserve Component unit.

6.   You will be responsible for keeping your commander advised of your current mailing address at which you will receive official correspondence.

7.   You will be responsible for replying to and complying with all official orders and correspondence which you may receive.

8.   If you fail to participate satisfactorily for any of the reasons I have explained or which may be placed into effect hereafter by proper authority, you may be declared an unsatisfactory participant and may be subject to removal from the unit and transfer to the Individual Ready Reserve *(IRR)* under other than honorable conditions.

9.   During the entire period of this enlistment, while you are a member of the Ready Reserve, you may at any time be ordered to active duty involuntarily as a member of a unit or as an individual if not assigned to a unit, in the event of a war or national emergency declared by the Congress of the President of the United States or under any other conditions authorized by law in effect at the time of your enlistment or which may hereafter be enacted into law.

## SECTION V — ADDITIONS OR CHANGES TO THIS CERTIFICATE

☐   A check in this block indicates that an Addendum has been completed, *signed by the applicant*, and attached hereto.  This Addendum is to be considered an integral part of this certificate and it may add, alter, or delete, certain portions of this certificate.  Only Addendums that have been authorized by HQDA publications may be used for this purpose.

## SECTION VI — STATEMENT OF ACKNOWLEDGEMENT AND UNDERSTANDING OF ENLISTMENT, REENLISTMENT, OR UNIT ASSIGNMENT, OBLIGATIONS

I, the undersigned, having voluntarily elected to become a member of a troop program unit of the US Army Reserve, acknowledge that all of the conditions of such membership as outlined on this certificate, were read and explained to me by the officer, or guidance counselor, whose signature appears below.  I have been advised

*ANNEX A*

**DA** FORM JUN 84 **3540/3**     EDITION OF OCT 80 IS OBSOLETE.     PAGE 3

**SECTION VI — STATEMENT OF·ACKNOWLEDGEMENT AND UNDERSTANDING OF ENLISTMENT, REENLISTMENT, OR UNIT ASSIGNMENT, OBLIGATION** *(Continued from page 3)*

of my responsibilities with respect to satisfactory participation in the Ready Reserve and I understand them.

| TYPED NAME | SOCIAL SECURITY NUMBER |
|---|---|
| Berry   Joshua  ALAN | Redacted PII |
| SIGNATURE | DATE SIGNED |
| *Joshua Alan Berry* | 950329 |

**SECTION VII – CERTIFICATION BY OFFICER OR GUIDANCE COUNSELOR**

I certify that I have read and explained all of the conditions and stipulations concerning the specific program set forth above under which the individual is, or will become, a member of a troop program unit of the US Army Reserve.  Following this reading and explanation, a copy of this certificate was furnished the above named individual.

| TYPED NAME AND RANK | TITLE |
|---|---|
| Rieman Andrew  J    SSG | USAR   Guidance   Counselor |

| SIGNATURE | DATE SIGNED |
|---|---|
| *Andrew J. Rieman* | 950329 |

REMARKS

I have Read & understand the Job description of mos 63B   light wheeled Vehicle mech

*Joshua Alan Berry*                                   950329

*ANNEX A*

**DA** FORM OCT 80 **3540/4**   DA FORM 3540/1 THRU 4, OCT 80, REPLACES DA FORM 3540, MAR 7B, WHICH IS OBSOLETE.   PAGE 4

## RESTRICTIONS ON PERSONAL CONDUCT IN THE ARMED FORCES

For use of this form, see USMEPCOM Reg 601-23

### FOR OFFICIAL USE ONLY

1.  Military life is fundamentally different from civilian life.  The military has its own laws, rules, customs, and traditions, including numerous restrictions on personal behavior, that would not be acceptable in civilian society.  These are necessary because military units and personnel must maintain the high standards of morale, good order and discipline, and unit cohesion that are essential for combat effectiveness.

2.  The Armed Forces must be ready at all times for worldwide deployment. Military law and regulations, including the Uniform Code of Military Justice, apply to Service members at all times, both on base or off base, from the time the member enters the Service until the member is discharged or otherwise separated from the Armed Forces.

3.  Members of the Armed Forces may be involuntarily separated before their term of service ends for various reasons established by law and military regulations, such as:

   a.  A member may be separated for a pattern of disciplinary infractions, a pattern of misconduct, commission of a serious offense, or civilian conviction.

   b.  A member who has been referred to a rehabilitation program for personal drug and alcohol abuse may be separated for failure through inability or refusal to participate in, cooperate in, or successfully complete such a program.

   c.  A member may be discharged by reason of parenthood if it is determined the member, because of parental responsibilities, is unable to perform his or her duties satisfactorily or is unavailable for worldwide assignment or deployment.

   d.  A member may be separated for violation of laws or regulations regarding sexual conduct of members of the Armed Forces, for example, engaging or attempting to engage in a homosexual act or soliciting another to engage in such an act; for stating that he or she is a homosexual or bisexual, or words to that effect; or for marrying or attempting to marry an individual of the same sex.  See reverse.

   e.  A member may be separated for failure to meet Service weight control standards.

   f.  A member may be separated for harassment or violence against any Service member.

USMEPCOM Form 601-23-4, 1 Mar 94                    Previous editions of this form are obsolete

A member of the Armed Forces shall be separated from the Armed Forces under regulations prescribed by the Secretary of Defense if one or more of the following findings is made and approved in accordance with procedures set forth in such regulations:

a. That the member has engaged in, attempted to engage in, or solicited another to engage in a homosexual act or acts unless there are further findings, made and approved in accordance with procedures set forth in such regulations, that the member has demonstrated that--

(1) such conduct is a departure from the member's usual and customary behavior;

(2) such conduct, under all circumstances, is unlikely to recur;

(3) such conduct was not accomplished by use of force, coercion, or intimidation;

(4) under the particular circumstances of the case, the member's continued presence in the Armed Forces is consistent with the interests of the Armed Forces in proper discipline, good order, and morale; and

(5) the member does not have a propensity or intent to engage in homosexual acts.

b. That the member has stated that he or she is a homosexual or bisexual, or words to that effect, unless there is a further finding, made and approved in accordance with procedures set forth in the regulations, that the member has demonstrated that he or she is not a person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.

c. That the member has married or attempted to marry a person known to be of the same biological sex.

**FOR OFFICIAL USE ONLY**

## STATEMENT OF UNDERSTANDING
### (ARMY POLICY)
For use of this form, see AR 601-210; the proponent agency is ODCSPER

| | DATA REQUIRED BY THE PRIVACY ACT OF 1974 |
|---|---|
| Authority | Title 10, United States Code, section 275; Executive Order 9397. |
| Principal Purpose | Basic form used to record contractual obligations to enlistees, guarantees and annexes enlistment contract. |
| Routine Uses | This form becomes a part of the Enlisted Master File and Field Personnel File.  All uses of the form are internal to the United States Army. |
| Disclosure | Disclosure of the Social Security Number *(SSN)* and other personal information is voluntary.   However, failure to provide the required information may result *in denial of enlistment or reenlistment.* |

1.  SURE PAY: _JAB_

a.  As part of my enlistment contract, I hereby acknowledge and agree that I have the duty and responsibility, as explained below, to establish and maintain an account with a United States financial institution *(such as a bank, savings and loan, or credit union)* for the direct deposit/receipt of my Army net pay and allowances.

b.  I understand that   PRIOR TO TRAINING _JAB_   as applicable, I am required to establish an account with the U. S. financial institution for direct deposit/receipt of my Army net pay and allowances, and execute the appropriate forms at my PAC or unit finance office to ensure that my Army net pay and allowances are deposited directly into my account.  I understand I may freely choose or change U. S. financial institutions to satisfy this requirement.  I understand that I will continue to have the duty and responsibility to maintain such an account for direct deposit/receipt of my Army net pay allowances so long as I remain in service, unless I receive a specific exemption from this requirement from the Army.  I understand that failure to establish and maintain an account as described above, in the absence of a specific exemption, may subject me to administrative action and/or disciplinary action under the Uniform Code of Military Justice or state military code *(ARNG).*

2.  ALCOHOL AND DRUG ABUSE. _JAB_

a.  I understand that the Army's policy on alcohol and drug abuse is that the Army must prevent alcohol and drug abuse in order to perform its mission to defend the United States, to ensure its combat readiness, and to protect the health and welfare of its soldiers.  I understand that service in the United States Army places me in a position of special trust and responsibility.  Any drug abuse by soldiers of the United States Army is against the law, violates Army standards of behavior and duty performance, and will not be tolerated.  Alcohol abuse involving criminal acts or conduct detrimental to the Army or good order and discipline will also not be tolerated.  The illegal use of narcotics, or prescription drugs, or any use of marijuana or other illegal substances by soldiers can lead to criminal prosecution and/or discharge under other than honorable conditions.  If I am identified for either alcohol or drug abuse, including the use or possession of marijuana, appropriate disciplinary and or administrative action may be taken against me.  This may include trial by court-martial or administrative separation from the Army.

b.  I understand that certain Military Occupational Specialties *(MOS)* in the Army cannot be performed by persons who have used marijuana or other drugs.  If it is established that I have used drugs or marijuana and that my usage disqualifies me for the MOS for which I entered the Army or have been awarded I may be reclassified into another MOS.

3.  RELIGIOUS PRACTICE ACCOMMODATION: _JAB_

a.  I understand the Department of the Army's policy on accommodation of religious practices is to accommodate religious practices when accommodation will not have an adverse impact on military readiness, unit cohesion, standards, health, safety, or discipline.  The Army places a high value on the rights of its soldiers to observe the tenets of their respective religions.  Unit commanders are authorized to initially approve or deny requests for accommodation of religious practices.  Conditions of accommodation may change based on military need.  Policy guidelines are contained in AR 600-20 and AR 165-20 which my guidance counselor has available for me to read.  I understand that the Army cannot guarantee accommodation of religious practices

b.  I further state that I have been given the opportunity to read or I have read the policy in AR 600-20 and AR 165-20

**DA FORM 3286-67, JUN 91**      REPLACES DA FORM 3286-67, NOV 89, WHICH IS OBSOLETE

4.   I have read the following statement(s) of understanding:

a.   USAR COMMISSIONED/WARRANT OFFICERS:   I understand that I will automatically vacate my reserve commission/warrant, if I enlist in the Delayed Entry Program.

b.   ESL ENLISTEE:   I understand that I am enlisting into the Regular Army unassigned.  I have been accepted under the conditions described below:

(1)   I will be required to attend the English Language Training Program.

(2)   I will be administered the English Language Comprehension Test *(ECLT)* upon completion of training.  If my score is 70 or greater, I will be required to take the Armed Services Vocational Aptitude Battery *(ASVAB)*.

(3)   The resulting scores from my retest will be the scores of record from which my qualifications and options will be determined.  If I do not score at least a 21 on the ASVAB retest, with at least one qualifying aptitude area score, I will be assigned an enlistment program/option and MOS based upon my initial ASVAB scores.  If neither my ASVAB retest nor my initial ASVAB scores qualify me for an enlistment program/option and MOS, I will be separated from the Army.

(4)   If I fail to attain the required score of 70 on the ECLT, I will be separated from the Army, regardless of my AFQT and aptitude area scores.

(5)   I have not been guaranteed any assignment, job, or training skill, and fully understand the nature of this enlistment.

(6)   My term of enlistment is four (4) years.

c.   PRIOR SERVICE ENLISTEE:   I understand that if I have enlisted for an MOS that is taught in the OSUT mode, I may be required to complete all or a portion of Basic Training, regardless of the period of my break in service.

d.   FITNESS TRAINING UNIT:   I understand that I will be given a Pre-Basic Training Physical Fitness test during my first 3 days at the Reception Station.  Should I fail to meet the minimum requirements, I will be placed in a Fitness Training Unit *(FTU)*, until I can attain the minimum physical standards to enter Basic Training.

FEMALES 1 PUSHUP                    MALES 13 pushups

5.   I have enlisted for the following Educational Incentive Programs *(initial under the appropriate column for each program)*:

|  | YES | NO |
|---|---|---|
| Montgomery GI Bill *(MGIB)* |  |  |
| Army College Fund *(ACF)* |  |  |
| Loan Repayment Program *(LRP)* |  |  |

**AUTHENTICATION**

| TYPED NAME AND SSN OF APPLICANT | SIGNATURE OF APPLICANT | DATE |
|---|---|---|
| Berry  Joshua  ALAN  *Redacted PII* | *Joshua Alan Berry* | 950329 |
| TYPED NAME, GRADE AND SSN OF COUNSELOR  RIEMAN ANDREW JAMES  *Redacted PII* | *Andy Rieme* | 950329 |

*RESERVE*, DA FORM 3286-67, JUN 91                   *U.S. Government Printing Office: 1991 — 281-485/40327

# STATEMENT OF UNDERSTANDING
## THE SELECTED RESERVE MONTGOMERY GI BILL (10 USC CHAPTER 106)

For use of this form, see AR 135-7; the proponent agency is DCSPER.

### PRIVACY ACT STATEMENT

**AUTHORITY:** Title 10 USC, chapter 106 and section 552a, title 10, USC.

**PRINCIPAL PURPOSE:** To explain obligation and eligibility requirements for entitlement under the Selected Reserve Montgomery GI Bill (10 USC Chap 106) and to ensure that your understanding of these conditions is a matter of record.

**ROUTINE USES:** Information on eligibility and entitlement under the Montgomery GI Bill.

**DISCLOSURE:** Disclosure of your SSN is voluntary.

### SECTION I – APPLICABILITY

This Statement of Understanding will be completed by all soldiers on assignment to, or serving in, the Selected Reserve of the U.S. Army, regardless of Selected Reserve Montgomery GI Bill eligibility status.

### SECTION II – INSTRUCTIONS

The service representative is responsible for explaining the Montgomery GI Bill requirements and benefits outlined on this form. Following the reading, explanation, and affixing of proper signatures, a copy of this form will be filed in the soldier's official military personnel file (OMPF).

### SECTION III – QUALIFICATIONS

1. Effective 1 July 1985, the Selected Reserve Montgomery GI Bill (SEL RES MGIB) prescribed by AR 135-7, chapter 8, and codified in law (10 USC Chap 106), provides financial assistance for the pursuit of educational programs approved by the Department of Veterans Affairs (DVA) to qualified officers, warrant officers, and enlisted soldiers serving in the Selected Reserve. To qualify for entitlement under the SEL RES MGIB, I understand that on or after 1 July 1985 a soldier must:

   a. Contract to serve at least 6 years in the Selected Reserve by enlisting, reenlisting, or extending an enlistment or reenlistment, in the Army National Guard or the U.S. Army Reserve with concurrent assignment to the Selected Reserve. An officer or warrant officer must agree to serve in the Selected Reserve for 6 years in addition to any other Selected Reserve obligation.

   b. Be a high school diploma graduate or alternate. An enlisted soldier with no previous military service must be a high school diploma graduate or alternate before completion of initial active duty for training (IADT).

   c. Complete, or have completed, initial active duty for training (IADT) or the equivalent. IADT or the equivalent, which is required for all accessions, includes basic military and technical skill training.

   d. Not -

      (1) Be an unsatisfactory participant; or

      (2) Be qualified for the Montgomery GI Bill for active duty service (38 USC Chap 30); or

      (3) Be receiving financial (scholarship) assistance as a member of the Reserve Officers Training Corps; or

      (4) Be pursuing graduate studies or a course of education leading to a degree above a baccalaureate; or

      (5) Be serving in an Active Guard Reserve status.

2. Prior to 1 October 1990, soldiers who had received a baccalaureate degree, or equivalent, or completed a course of instruction required for award of same, could not qualify for, or were terminated from, educational assistance under the SEL RES MGIB. Since that date, a soldier who has received a baccalaureate degree and qualifies under paragraph 1 above, can receive assistance in pursuing additional undergraduate courses approved by the Department of Veterans Affairs by contracting for an additional 6 years of Selected Reserve service.

3. Effective 1 October 1990, a soldier who qualifies under paragraph 1 above and contracts for 6 years of Selected Reserve service; or a soldier who is currently under the SEL RES MGIB and contracts for an additional 6 years of Selected Reserve service; may receive assistance in pursuing vocational, technical, or flight training programs, approved by the DVA.

### SECTION IV – ENTITLEMENT

I understand that:

1. The date of my basic entitlement to educational assistance under the SEL RES MGIB will be established the day I meet all of the qualifications specified in section III, paragraph 1, above. I will be eligible to utilize the SEL RES MGIB benefits only when my basic date of entitlement has been established.

2. When entitlement is established, I will be required to sign a Notice of Basic Eligibility (NOBE) which will fully explain satisfactory participation, monthly entitlements, authorized nonparticipation, expiration of entitlements, and prohibited duplication of educational benefits. The NOBE will be provided to me by supporting personnel officials in my command.

3. Any additional Selected Reserve contractual service incurred under section III, paragraphs 2 or 3 above, will not change my basic date of entitlement established under paragraph 1 above.

DA FORM 5435-R, FEB 92          DA FORM 5435-R, JUN 86 IS OBSOLETE

PRINT POOR QUALITY

NAME Berry    JOSHUA  A        SSN **Redacted PII**

## SECTION V - BENEFITS

1. If qualified, I will be entitled to educational assistance to pursue a program of education approved by the Department of Veterans Affairs at the following rates:

   a. $170 per month for each month as a full-time student.

   b. $128 per month for each month as a 3/4-time student.

   c. $85 per month for each month as a 1/2-time student.

   d. An appropriate reduced rate as determined by the Department of Veterans Affairs for less than 1/2-time pursuit of a program of education.

2. The maximum benefit period is 36 months based on full-time status, or 48 months based on 3/4-time status, or 72 months based on 1/2-time status, or the number of months determined by the Department of Veterans Affairs based on less than 1/2-time status, or any combination with a maximum benefit of $6,120.

## SECTION VI - CAUTION

I understand that

1. I may be qualified for the SEL RES MGIB and for a bonus under the Selected Reserve Incentive Program (SRIP), or other incentives such as loan repayments, at the time of my enlistment, reenlistment, or extension in the Army National Guard or the U.S. Army Reserve; and

2. I am authorized to reenlist or extend at any time during a current enlistment or reenlistment agreement to qualify for the SEL RES MGIB; and

3. Regulations governing eligibility for a bonus under the SRIP may specify that the reenlistment or extension must be accomplished within a certain specified period prior to the expiration of term of service (ETS); and

4. If I reenlist or extend to qualify for the SEL RES MGIB when I am not within the specified period prior to my ETS date, I will be ineligible for a SRIP bonus.

## SECTION VII - UNDERSTANDING

I have read and understand each of the sections above, have had my questions answered satisfactorily, and understand the Selected Reserve Montgomery GI Bill eligibility requirements, benefits, entitlement procedures, and caution.

| 950329 | _John Alen Berry_ |
|---|---|
| Date Signed | Applicant's Signature |
| **Redacted PII** | Berry  JOSHUA  ACAN  PV/ |
| Social Security Number | Typed or Printed Name and Rank |

## SECTION VIII - CERTIFICATION BY SERVICE REPRESENTATIVE

I certify that I have witnessed the reading and signing of the above agreement and the signature appearing above is that of the applicant.

| 950329 | _signature_ |
|---|---|
| Date Signed | Signature of service representative |
| GUIDANCE COUNSELOR | ANDREW J RIEMAN - SSG |
| Title | Typed or Printed Name and Rank |

DA FORM 5435-R, FEB 92                    2

STATEMENT OF UNDERSTANDING
UNITED STATES ARMY RESERVE
USAREC POLICY ADDENDUM
(For use of this form see USAREC Reg 621-1)

1.   ACKNOWLEDGMENT: I have been advised and understand should I later apply for enlistment into the Regular Army, that current Army policy states USAR members are not offered the following incentives that I might otherwise be eligible for had I not joined the Army Reserve:

    a.   Enlistment Cash Bonus - Regular Army.

    b.   Loan Repayment Program - Regular Army.

    c.   Army College Fund - Regular Army.

2.   Montgomery GI Bill (MGIB): I understand that the amounts of the MGIB listed on DA Form 5345-R, have been increased. Effective 1 April 1993 the MGIB increased to ████████. The current amount of monthly benefits are: $████ per month for 36 months as a full-time student; $████ per month as a 3/4-time student for 48 months; and $████ month as a 1/2-time student for 72 months.

3.   Alternate Training Program: I am enlisting under the Alternate Training Program and have been advised and fully understand that school attendance or employment will not be a sufficient reason for failure to ship on my scheduled ship date. I understand that the current course length for the military occupational specialty I am to be trained in is approximately _____ weeks.

4.   Student Loan Repayment Program: I have enlisted for a military occupational specialty that is authorized the student loan repayment option. I hereby acknowledge that I have read and understand the statements below which are in addition to the basic qualifications and understanding for my enlistment:

    a.   The following loans qualify for repayment. However, these loans must have incurred after 1 October 1975.

    (1)   Stafford Loan Program (formerly Guaranteed Student Loans (GSL)).

    (2)   Federally Insured Student Loans (FISL).

    (3)   Perkins Loan (formerly National Defense Student Loan and National Direct Student Loans (NDSL)).

    (4)   Auxiliary Loans to Assist Students (ALAS)

    (5)   Parents Loans for Undergraduate Students (PLUS).

    (6)   Supplemental Loans to Students (SLS).

    (7)   Consolidation Loan Program (CLP).

    b.   I understand that in qualifying for a loan listed above parental income may be a factor.

    c.   I understand that I must provide the necessary loan promissory note(s) to my unit commander for processing.

5.   I have read and understand the statements above, and understand that these statements are intended to constitute all promises and guarantees whatsoever concerning my enlistment. No other (verbal or otherwise) promise or representation not annexed to my enlistment contract is valid or will be honored. I hereby state that I have NOT been promised anything other than what is written on this form and hereby waive any claim based upon any promise or representation not annexed to my contract.

| AUTHENTICATION | | |
|---|---|---|
| SIGNATURE OF GUIDANCE COUNSELOR | TYPED NAME, GRADE, AND SSN  HEMAN, ANDREW  E-6  Redacted PII | DATE  950329 |
| SIGNATURE OF APPLICANT | TYPED NAME AND SSN  Berry Joshua A  Redacted PII | DATE  9583 29 |

USAREC Fm 1043, Rev 1 Dec 93 (Previous editions are obsolete)

Standard Form 93
REV. OCTOBER 1974
GSA / FPMR 101-11.8

Approved
Office of Management and Budget No. 0704-0337
Approval expires 3-31-95

## REPORT OF MEDICAL HISTORY
(THIS INFORMATION IS FOR OFFICIAL AND MEDICALLY-CONFIDENTIAL USE ONLY AND WILL NOT BE RELEASED TO UNAUTHORIZED PERSONS.)

1. LAST NAME - FIRST NAME - MIDDLE NAME
Berry   Josh   Alan

2. SOCIAL SECURITY OR IDENTIFICATION NO.
Redacted PII

3. HOME ADDRESS (No., Street or RFD, City or Town, State, and ZIP Code)
Redacted PII

4. POSITION (Title, Grade, Component)
CIVILIAN

5. PURPOSE OF EXAMINATION
ENLISTMENT   COMMISSION
ARMY   NAVY   AIR FORCE   MARINE CORPS
COAST GUARD   RESERVE   NATIONAL GUARD

6. DATE OF EXAMINATION
23 FEB 95

7. EXAMINING FACILITY OR EXAMINER, AND ADDRESS (Include ZIP Code)
COLUMBUS MEPS
3333 INDIANOLA AVE.
COLUMBUS, OH 43214-4193

8. STATEMENT OF EXAMINEE'S PRESENT HEALTH AND MEDICATIONS CURRENTLY USED (Follow by description of past history, if complaint exists.)

PRESENT HEALTH: Good

CURRENT MEDICATIONS: NONE

ALLERGIES (INCLUDING TO INSECT BITES / cats
STINGS AND TO COMMON FOODS):

### 9. HAVE YOU EVER (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| | X | Lived with anyone who had tuberculosis |
| | X | Coughed up blood |
| | X | Bled excessively after injury or tooth extraction |
| | X | Attempted suicide |
| | X | Been a sleepwalker |

### 10. DO YOU (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| | X | Wear glasses or contact lenses |
| X | | Have vision in both eyes |
| | X | Wear a hearing aid |
| | X | Stutter or stammer habitually |
| | X | Wear a brace or back support |

### 11. HAVE YOU EVER HAD OR HAVE YOU NOW (Please check at left of each item)

| YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | X | | Scarlet fever, erysipelas | | X | | Cramps in your legs | | X | | "Trick" or locked knee |
| | X | | Rheumatic fever | | X | | Frequent indigestion | | X | | Foot trouble |
| | X | | Swollen or painful joints | | X | | Stomach, liver, or intestinal trouble | | X | | Neuritis |
| | X | | Frequent or severe headache | | X | | Gall bladder trouble or gallstones | | X | | Paralysis (include infantile) |
| | X | | Dizziness or fainting spells | | X | | Jaundice or hepatitis | | X | | Epilepsy or fits |
| | X | | Eye trouble | | X | | Adverse reaction to serum, drug or medicine | | X | | Car, train, sea or air sickness |
| | X | | Ear, nose, or throat trouble | | X | | | | X | | Frequent trouble sleeping |
| | X | | Hearing loss | | X | | Broken bones | | X | | Depression or excessive worry |
| | X | | Chronic or frequent colds | | X | | Tumor, growth, cyst, cancer | | X | | Loss of memory or amnesia |
| | X | | Severe tooth or gum trouble | | X | | Rupture / hernia | | X | | Nervous trouble of any sort |
| | X | | Sinusitis | | X | | Piles or rectal diseases | | X | | Periods of unconsciousness |
| | X | | Hay Fever | | X | | Frequent or painful urination | | | | |
| | X | | Head injury | | X | | Bed wetting since age 12 | | | | |
| | X | | Skin diseases | | X | | Kidney stone or blood in urine | | | | |
| | X | | Thyroid trouble or goiter | | X | | Sugar or albumin in urine | | | | |
| | X | | Tuberculosis | | X | | VD - Syphilis, gonorrhea, etc. | | | | |
| | X | | Asthma | | X | | Recent gain or loss of weight | | | | |
| | X | | Shortness of breath | | X | | Arthritis, Rheumatism, or Bursitis | | | | |
| | X | | Pain or pressure in chest | | X | | Bone, joint or other deformity | | | | |
| | X | | Chronic cough | | X | | Lameness | | | | |
| | X | | Palpitation or pounding heart | | X | | Loss of finger or toe | 12. FEMALES ONLY: HAVE YOU EVER | | | |
| | X | | Heart trouble or murmur | | X | | Painful or "trick" shoulder or elbow | | | | Been treated for a female disorder |
| | X | | High or low blood pressure | | X | | Recurrent back pain | | | | Had a change in menstrual pattern |
| | | | | | | | DATE OF LMP | | | | |
| | | | | | | | DATE OF LMP | | | | |

13. WHAT IS YOUR USUAL OCCUPATION?
Cook, register

14. ARE YOU (Check one)
X Right handed    Left Handed

EXCEPTION TO SF 93
APPROVED BY GSA/IRMS 4-92

**000193**

| YES | NO | CHECK EACH ITEM YES OR NO. EVERY ITEM CHECKED YES MUST BE FULLY EXPLAINED IN BLANK SPACE ON RIGHT. | |
|---|---|---|---|
| | | 15. Have you been refused employment or been unable to hold a job or stay in school because of: | |
| | X | a. Sensitivity to chemicals, dust, sunlight, etc. | |
| | X | b. Inability to perform certain motions. | |
| | X | c. Inability to assume certain positions. | |
| | X | d. Other medical reasons (If yes, give reasons.) | |
| | X | 16. Have you ever been treated for a mental condition? (If yes, specify when, where, and give details.) | |
| | X | 17. Have you ever been denied life insurance? (If yes, state reason and give details.) | |
| X | | 18. Have you had, or have you been advised to have, any operations? (If yes, describe and give age at which occurred.) | 18- 7 years old had minor surgery to upper left lip cause of nerve complications. Cincinnati, OH |
| X | | 19. Have you ever been a patient in any type of hospitals? (If yes, specify when, where, why, and name of doctor and complete address of hospital.) | |
| X | | 20. Have you ever had any illness or injury other than those already noted? (If yes, specify when, where, and give details.) | 20- normal childhood illnesses |
| | X | 21. Have you consulted or been treated by clinics, physicians, healers, or other practitioners within the past 5 years for other than minor illnesses: (If yes, give complete address of doctor, hospital, clinic, and details.) | |
| | X | 22. Have you ever been rejected for military service because of physical, mental, or other reasons? (If yes, give date and reason for rejection.) | |
| | X | 23. Have you ever been discharged from military service because of physical, mental, or other reasons? (If yes, give date, reason, and type of discharge: whether honorable, other than honorable, for unfitness or unsuitability.) | |
| | X | 24. Have you ever received, is there pending, or have you applied for pension or compensation for existing disability? (If yes, specify what kind, granted by whom, and what amount, when, why.) | |

I certify that I have reviewed the foregoing information supplied by me and that it is true and complete to the best of my knowledge. I authorize any of the doctors, hospitals, or clinics mentioned above to furnish the Government a complete transcript of my medical record for purposes of processing my application for this employment or service.

| TYPED OR PRINTED NAME OF EXAMINEE Josh Berry | SIGNATURE Josh Berry |
|---|---|

NOTE: HAND TO THE DOCTOR OR NURSE, OR IF MAILED MARK ENVELOPE "TO BE OPENED BY MEDICAL OFFICER ONLY."

25. PHYSICIAN'S SUMMARY AND ELABORATION OF ALL PERTINENT DATA (Physician shall comment on all positive answers in item 9 through 24. Physician may develop by interview any additional medical history he deems important, and record any significant findings here.)

*(handwritten notes)*

| QUESTIONING REVEALS | YES | NO | DETAILS |
|---|---|---|---|
| MARIJUANA USE | ✓ | | L-1993 (x2) |
| OTHER DRUG ABUSE | | | |
| ALCOHOL ABUSE | ✓ | X | Disorderly conduct intoxication 1993 |

| TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER CARY DENUTH MD | DATE 23 FEB 1995 | SIGNATURE | NUMBER OF ATTACHED SHEETS |

REVERSE OF STANDARD FORM 93

000194

Standard Form 88
Revised 3-89
General Services Administration
Interagency Comm. on Medical Records
FIRMR (41 CFR) 201-45.505

# REPORT OF MEDICAL EXAMINATION

| 1. LAST NAME - FIRST NAME - MIDDLE NAME | 2. GRADE AND COMPONENT OR POSITION | 3. IDENTIFICATION NO. |
|---|---|---|
| Berry  Josh  Alen | CIVILIAN | Redacted PII |

| 4. HOME ADDRESS (Number, street or RFD, city or town, State and Zip Code) | 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION |
|---|---|---|
| Redacted PII | ENLISTMENT ☐ COMMISSION ☐<br>ARMY ☐ NAVY ☐ AIR FORCE ☐ MARINE CORPS ☐<br>COAST GUARD ☐ RESERVE ☐ NATIONAL GUARD ☐ | 23 FEB 95 |

| 7. SEX | 8. RACE (WHITE) (BLACK) (AMERICAN INDIAN) (ASIAN) (OTHER/UNKNOWN) | 9. TOTAL YEARS GOVERNMENT SERVICE | 10. AGENCY | 11. ORGANIZATION UNIT |
|---|---|---|---|---|
| Male | White | MILITARY NONE   CIVILIAN None | | |

| 12. DATE OF BIRTH   AGE | 13. PLACE OF BIRTH | 14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN |
|---|---|---|
| Redacted PII | Redacted PII | Redacted PII |

| 15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS | COLUMBUS MEPS, 3333 INDIANOLA AVE. COLUMBUS, OH 43214-4193 | 16. OTHER INFORMATION Redacted PII |
|---|---|---|

| 17. RATING OR SPECIALTY | | TIME IN THIS CAPACITY (Total) | LAST SIX MONTHS |
|---|---|---|---|

| CLINICAL EVALUATION | | | | NOTES: (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary) |
|---|---|---|---|---|
| | NOR-MAL | (Check each item in appropriate column; enter "NE" if not evaluated) | ABNOR-MAL | |
| 18. | | HEAD, FACE, NECK AND SCALP | | |
| 19. | ✓ | NOSE | | |
| 20. | | SINUSES | | |
| 21. | ✓ | MOUTH AND THROAT | | |
| 22. | | EARS-GENERAL (Internal & External canals) (Auditory acuity under items 70 and 71) | | |
| 23. | ✓ | DRUMS (Perforation) | | |
| 24. | | EYES - GENERAL (Visual acuity and refraction under items 59, 60 and 67) | | |
| 25. | | OPHTHALMOSCOPIC | | |
| 26. | | PUPILS (Equality and reaction) | | |
| 27. | ✓ | OCULAR MOTILITY (Associated parallel movements, nystagmus) | | |
| 28. | ✓ | LUNGS AND CHEST (Include breasts) | | |
| 29. | | HEART (Thrust, size, rhythm, sounds) | | |
| 30. | | VASCULAR SYSTEM (Varicosities, etc.) | | |
| 31. | | ABDOMEN AND VISCERA (Include hernia) | | |
| 32. | | ANUS AND RECTUM (Hemorrhoids, fistulae) (Prostate, if indicated) | | |
| 33. | | ENDOCRINE SYSTEM | | |
| 34. | | G-U SYSTEM | ✓ | |
| 35. | | UPPER EXTREMITIES (Strength, range of motion) | | |
| 36. | ✓ | FEET | | |
| 37. | ✓ | LOWER EXTREMITIES (Except feet) (Strength, range of motion) | | |
| 38. | ✓ | SPINE, OTHER MUSCULOSKELETAL | | |
| 39. | | IDENTIFYING BODY MARKS, SCARS, TATTOOS | ✓ | |
| 40. | | SKIN, LYMPHATICS | | |
| 41. | ✓ | NEUROLOGIC (Equilibrium tests under item 72) | | |
| 42. | ✓ | PSYCHIATRIC (Specify any personality deviation) | | |
| 43. | | PELVIC (Females only) (Check how done)  ☐ VAGINAL  ☐ RECTAL | (Continue in item 73) | |

Notes (handwritten):
(39) Tattoo — LK ⊗ forearm — Iron Cross — ⊗ upper arm

≈ 36 FEET

NORMAL ARCH
PES CAVUS — mild → asymptomatic
  → moderate
  → severe → symptomatic
PES PLANUS

(34) ⊗ varicocele — asymmetrical

DAT

950223
Redacted PII

| 44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth) | | REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES |
|---|---|---|
| | | ACCEPTABLE  NOT ACCEPTABLE |
| | | (DENTAL EXAMINATION NOT DONE BY DENTAL OFFICER) |

| 50. OTHER TESTS (Cont'd) | | SECOND TEST | |
|---|---|---|---|
| | | RESULTS | CODE |
| HIV | NEG | | |
| DRUGS | NEG | | |
| ALCOHOL | | | |

| | | LABORATORY FINDINGS | |
|---|---|---|---|
| 45. URINALYSIS: A. SPECIFIC GRAVITY | | 46. CHEST X-RAY (Place, date, film number and result) | |
| B. ALBUMIN  REAGENT STRIP | D. MICROSCOPIC | PLACE AS IN ITEM 15 | FILM NO. |
| C. SUGAR  REAGENT STRIP | | DATE | RESULT |
| 47. SEROLOGY (Specify test used and result) | 48. EKG | 49. BLOOD TYPE AND RH FACTOR | 50. OTHER TESTS |
| NON-REACTIVE  RPR | | | URINE HCG: |

EXCEPTION TO SF 88
APPROVED BY GSA/IRMS 4-92

Standard Form 88 (Back)

**NAME:** Berry Josh

Ht 135

265-00 □

**SN:** Redacted PII

## MEASUREMENTS AND OTHER FINDINGS

| 51. HEIGHT 72 | 52. WEIGHT 138 | 53. COLOR HAIR Blond | 54. COLOR EYES Green | 55. BUILD ☑SLENDER ☐MEDIUM ☐HEAVY ☐OBESE | 56. TEMPERATURE HIV AB CODE: |
|---|---|---|---|---|---|

**57.** BLOOD PRESSURE (Arm at heart level)

**58.** PULSE (Arm at heart level)

| A. SITTING SYS. 110 DIAS. 84 | B. RECUM- BENT SYS. DIAS. | C. STANDING (5 min.) SYS. DIAS. | A. SITTING 60 | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN. |
|---|---|---|---|---|---|---|---|

| 59. DISTANT VISION | 60. REFRACTION | A1. NEAR VISION |
|---|---|---|
| RIGHT 20/ 20 CORR. TO 20/ | BY S. CX | 25 CORR. TO 25 BY |
| LEFT 20/ CORR. TO 20/ | BY S. CX | 20 CORR. TO BY |

| 62. HETEROPHORIA (Specify distance) ES* EX* R.H. L.H. PRISM DIV. PRISM CONV. CT | PC | PD |
|---|---|---|

| 63. ACCOMMODATION | 64. COLOR VISION (Test used and result) | 65. DEPTH PERCEPTION (Test used and score) AFVT | UNCORRECTED |
|---|---|---|---|
| RIGHT LEFT | PIP /14 | | CORRECTED |
| 66. FIELD OF VISION | 67. NIGHT VISION (Test used and score) | 68. RED LENS TEST | 69. INTRAOCULAR TENSION |

| 70. HEARING | 71. AUDIOMETER ANSI-69 | 72. PSYCHOLOGICAL AND PSYCHOMOTOR FOR MEPS USE ONLY |
|---|---|---|

| | | 250 258 | 500 512 | 1000 1024 | 2000 2048 | 3000 2896 | 4000 4096 | 6000 6144 | 8000 8192 | WK | ST | DATE | INITIAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT WV /15 SV /15 | RIGHT | 10 | 00 | 00 | 00 | 05 | 15 | | | P2 | FEB 1995 | CR |
| LEFT WV /15 SV /15 | LEFT | 10 | 00 | 00 | 05 | 20 | 20 | | | P2 | 9·MAR 1995 |

| 73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY ITEM 64: RED/GREEN (ARMY ONLY) | PHYSICAL INSPECTION DATE | HT | WT | RPR | HCG | QUAL | DISQ | PHYSICIAN'S SIGNATURE |
|---|---|---|---|---|---|---|---|---|
| | 28·MAR 1995 | 72 | 141 | | | ✓ | | |

Valsalva O K

(Use additional sheets if necessary)

**74. SUMMARY OF DEFECTS AND DIAGNOSES** (List diagnoses with item number)

3# - Small Asymptomatic Osocoele

THIS EXAMINATION HAS BEEN ADMINISTRATIVELY REVIEWED FOR COMPLETENESS AND ACCURACY

SIGNATURE _____ GRADE 2·13 FEB 1995 DATE

**75. RECOMMENDATIONS-FURTHER SPECIALIST EXAMINATIONS INDICATED** (Specify)

| 76. | A. PHYSICAL PROFILE |
|---|---|
| | P | U | L | H | E | S |
| | 1 | 1 | 1 | 1 | 1 | X / |

**77. EXAMINEE.** (Check)
A. ☑ IS QUALIFIED FOR     SERVICE AS IN ITEM 5   RA USAR
B. ☐ IS NOT QUALIFIED FOR

| B. PHYSICAL CATEGORY |
|---|
| A | B | C | E |

**78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER**

| 79. TYPED OR PRINTED NAME OF PHYSICIAN GARY DEWUTH MD | SIGNATURE |
|---|---|
| 80. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
| 81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which) | SIGNATURE |
| 82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY GARY DEWUTH MD | SIGNATURE | NUMBER OF ATTACHED SHEETS |

☆U.S. GPO: 1992—740-468

066554

**PART III. CERTIFICATION BY APPLICANT AND RECRUITER**

WARNING: The information you have given constitutes an official statement. Federal law provides severe penalties (up to 5 years confinement or a $10,000 fine or both), to anyone making a false statement. If you are selected for enlistment based on a false statement, you can be tried by military courts-martial or meet an administrative board for discharge and could receive a less than honorable discharge that would affect your future. WARNING.

| a. Applicant. I certify the information on this form is true and complete to the best of my knowledge and belief, and no person has advised me to conceal or falsify any information about my physical and mental history. | b. Recruiting Representative. I certify all information is complete and true to the best of my knowledge. I have conducted the medical prescreening requirements as directed by service regulations. |
|---|---|
| APPLICANT'S SIGNATURE<br><br>x _Ash Berry_ | NAME OF RECRUITING REP. (Last, First, M.I.)<br>_Carman Lacey O_<br>PAY GRADE OF RECRUITING REP.<br>E-6 |
| DATE SIGNED (YYMMDD)<br>950222 | SIGNATURE OF RECRUITING REP. | DATE SIGNED (YYMMDD)<br>950222 |

**PART IV. MEDICAL PROCESSING INSTRUCTIONS TO APPLICANT** (Rctg Rep Check Blocks – Applicant Initials)

The Armed Forces Examining and Entrance Station (AFEES) or other military medical facility will conduct a thorough medical examination. You should provide any medical records or documents regarding illness, hospitalization, injuries, treatment, or surgery which may be required/requested by the examining physician. The items below apply specifically to you and represent requirements of the medical staff. Please initial each checked item in the blank provided to indicate that you understand.

### PREPARATION FOR MEDICAL EXAMINATION

#### INSTRUCTIONS

☐ 1. Take medical documents as discussed. ____

☐ 2. Take eye glasses. ____

☐ 3. Wear contact lenses. Also take your eye glasses with you or a statement from the optometrist/opthalmologist of visual acuity and eye glass refractive error. Statement must be less than one year old. ____

☐ 4. Bring a statement from your orthodontist saying that the braces you are wearing will be removed at your expense and active treatment ended before your active duty date. ____

☑ 5. Males wear undershorts; females wear bra and panties for medical examination. ☑

#### ACKNOWLEDGMENTS

☐ 1. I understand that I will undergo a pelvic/rectal examination. (females only) ____

☑ 2. My medical examination may take more than 1 day if tests are required. ☑

☑ 3. I've been briefed on the processing procedures and I understand them. ☑

☐ 4. I must lose ____ lbs. before further processing can take place. ____

☐ 5. I appear to be ineligible for further processing for the following reasons:

_____

_____

_____

NOTE: In questionable cases, use DIAL-A-MEDIC procedures to call or forward this form and other documents to the AFEES Chief Medical Officer through the service rep. prior to scheduling a medical examination.

**PART V. MEDICAL OFFICER'S COMMENTS**

Based on information provided, further processing is:

☑ Authorized ☐ Not Justified

☐ Deferred pending review of additional documentation (attach supplemental page for remarks)

| SIGNATURE AFEES MEDICAL OFFICER | DATE SIGNED (YYMMDD)<br>23 FEB 1995 |
|---|---|

DD Form 2246 Reverse, NOV 80

aU.S. Government Printing Office: 1990-261-671/1142

**000197**

## APPLICANT MEDICAL PRESCREENING FORM

Authority: Sections 505, 510, and 3012, Title 10, U.S. Code. Principal purpose: To speed your medical examination processing by identifying possible medical problem areas and to aid the medical staff in determining your eligibility and physical capabilities. To prepare military service applicants for medical processing by identifying documents or medical history required. Disclosure: Voluntary; failure to provide the information requested will stop further processing of your enlistment application.

### PART I. PROCESSING REQUIREMENTS (RECRUITER COMPLETES – VERIFY PERSONAL DATA ENTERED)

**1. a. ARMED SERVICE PROCESSED FOR:**
[X] ARMY   [ ] NAVY   [ ] MARINE CORPS   [ ] AIR FORCE   [ ] COAST GUARD

**b. SERVICE COMPONENT**
[X] REGULAR   [ ] RESERVE   [ ] NATIONAL GUARD

**2. NAME OF APPLICANT (Last, First, Middle)** Berry Joshua Alan

**3. DATE OF BIRTH (YYMMDD)** Redacted PII

**4. SOCIAL SECURITY NUMBER** Redacted PII

**5. HEIGHT (actual) (inches)** 71"

**6. WEIGHT (actual) (lbs)** 160

**7. MAX WT ALLOWED (lbs)** 194

**8. DATE SCREENED (YYMMDD)** 950222

### PART II. MEDICAL HISTORY (APPLICANT) Check each item—explain "yes" and "unsure" answers in item 16.

**9. PHYSICAL IMPAIRMENTS**

| YES | NO | UNSURE | Have you ever had or have you now |
|-----|-----|-----|-----|
| | X | | a. Back trouble |
| X | | | b. Ear trouble or loss of hearing |
| | X | | c. Eye trouble, injury or illness |
| X | | | d. Any deformities of, or missing fingers or toes |
| X | | | e. Any painful or "trick" joints or loss of movement in any joint |
| X | | | f. Impaired use of arms, legs, hands and feet |
| X | | | g. Have loss of vision in either eye |

**11. DISEASES**

| YES | NO | UNSURE | Have you ever had or have you now |
|-----|-----|-----|-----|
| | X | | a. Hepatitis |
| X | | | b. Rheumatic Fever |

**13. TREATMENT OF ILLNESS/INJURY**

| YES | NO | UNSURE | Have you ever |
|-----|-----|-----|-----|
| | X | | a. Taken any medicine |
| | X | | b. Been hospitalized |
| | X | | c. Had bones surgically repaired using pins screws or plates |
| | X | | d. Had or have you now any illness or injury including broken bones which required treatment by a physician/surgeon, hospitalization or a surgical operation. |

**10. CORRECTIVE DEVICES**

| YES | NO | UNSURE | Do you |
|-----|-----|-----|-----|
| X | | | a. Wear braces on your teeth |
| X | | | b. Wear contact lenses or glasses |
| X | | | c. Wear a hearing aid |

**12. FEDERAL GOVERNMENT ACTIONS**

| YES | NO | UNSURE | Have you ever |
|-----|-----|-----|-----|
| | X | | a. Been rejected for military service |
| | X | | b. Been discharged from military service for mental, physical or other reasons. |
| | X | | c. Do you receive or have you applied for disability from any Federal Agency. |

**14. MEDICAL CONDITIONS**

| YES | NO | UNSURE | |
|-----|-----|-----|-----|
| | X | | a. Do you have any difficulty standing for a long time? |
| | X | | Have you ever b. Been treated for a mental condition. |
| | X | | c. Been a Sleepwalker since age 12. |
| | X | | Have you ever had or have you now d. Addiction to drugs or alcohol |
| | X | | e. Allergies |
| | X | | f. Asthma or respiratory problems |
| | X | | g. Bedwetting since age 12. |
| | X | | h. Epilepsy or seizures of any kind. |
| | X | | i. Other medical problems or defects of any kind. |

**15. (FEMALES ONLY) DATE OF LAST MENSTRUAL PERIOD (YYMMDD):**

**16. EXPLANATION OF "YES" AND "UNSURE" ANSWERS:** DESCRIBE PROBLEM. GIVE AGE AT TIME OF PROBLEM, NAME OF DOCTOR AND/OR HOSPITAL WHERE TREATED, AND YOUR CURRENT STATUS REGARDING THAT PROBLEM.

Have you ever used marijuana [X] yes ___ no

Used Marijuana 2 times in 1992 at a party with friends experimental use only.

DD Form 2246, NOV 80

949/042

000198